# EXHIBIT 1

# ERRATA

Plaintiff David M. Kissner hereby submits the following list of errata in support of his Motion for Leave to File Second Amended Complaint ("SAC") to correct errors contained in the First Amended Complaint ("FAC").

| FAC Page:Line | FAC | Proposed SAC Changes |
|---|---|---|
| 3:2 | Kissner was ultimately | he was ultimately |
| 3:4-5 | given given | given |
| 4:11-12 | Incorrect paragraph number | Corrected paragraph number |
| 9:2 | Incorrect paragraph number | Corrected paragraph number |
| 13:19 | I 0 | 10 |
| 13:24 | I | 1 |
| 16:3 | and CT Middle | at CT Middle |
| 17:1 | It's | Its |
| 18:11-12 | The | the |
| 27:5 | "distance itself from any level of participation in the walkout. | "distance itself from any level of participation in the walkout." |
| 27:15 | a | an |
| 28:5 | Unbeknownst to Kissner and contradicting representations made by District officials to Kissner, on or about * THE District launched an investigation into Kissner's opposition to the March 2018 student walkout. | Unbeknownst to Kissner and contradicting representations made by District officials to Kissner, in or about late March 2018 the District launched an investigation into Kissner's opposition to the March 2018 student walkout. |
| 31:21 | March | May |
| 34:16-19 | Despite her pretense of independence and impartiality, | Despite her pretense of independence and impartiality, |

1

| | | | |
|---|---|---|---|
| | | Elliot selectively chose hostile witnesses to interview and ambiguous evidence to find fault with Kissner. She interviewed only the students who left class during the first walkout and their parents but no one who supported Kissner's grading decision or his other actions or anyone who wasn't hostile to Kissner. | Elliot selectively chose hostile witnesses to interview and ambiguous evidence to find fault with Kissner. Except for one favorable witness, she interviewed only the students who left class during the first walkout and their parents but no one who supported Kissner's grading decision or his other actions or anyone who wasn't hostile to Kissner. The favorable witness she interviewed, staff member Ann Harrington, supported Kissner and refuted the claims of the three walkout students.  Yet Elliot deliberately omitted Harrington's interview statements from her report completely. Elliot also took recorded statements from witnesses she interviewed and falsely recorded those statements differently in her report. |
| | 41:1 | Incorrect paragraph number | Corrected paragraph number |
| | 48:15 | ALJ | administrative |
| | 45:24 | Incorrect paragraph number | Corrected paragraph number |
| | 53:18-27 | Grimmet, however, was not an "independent" investigator, and admitted in sworn testimony at a deposition that (1) she relied on hearsay and unspecified "evidence" that was not recorded anywhere, (2) her investigation was influenced by improperly reviewing the dismissal charges (which were provided to her by the District's legal counsel), (3) she was rushed and pressured by the District to conclude her investigation to support their dismissal efforts before her investigation was complete ("They wanted | Grimmet, however, was not an "independent" investigator, and admitted in sworn testimony at a deposition that (1) she relied on hearsay and unspecified "evidence" that was not recorded anywhere, (2) her investigation was influenced by improperly reviewing the dismissal charges (which were provided to her by the District's legal counsel), (3) she was rushed and pressured by the District to conclude her investigation to support their dismissal efforts before her investigation was complete ("They wanted something. They needed something for the board"), (4) |

| | | |
|---|---|---|
| | something. They needed something for the board"), (4) she failed to interview exculpatory witnesses, (5) she asked leading questions of witnesses, and that (6) she failed to explore glaring inconsistencies,. | she failed to interview exculpatory witnesses, (5) she asked leading questions of witnesses, (6) she failed to explore glaring inconsistencies, and (7) she was hired to help with the dismissal. |
| 56:10 | Incorrect paragraph number | Corrected paragraph number |
| 56:12-13 | a request for nominal damages | A request for nominal damages |
| 57:18 | Incorrect paragraph number | Corrected paragraph number |
| 57:20-21 | a request for nominal damages | A request for nominal damages |
| 60:23 | Incorrect paragraph number | Corrected paragraph number |
| 61:19-20 | [T]he California Court of Appeals held that records of complaints or investigations against a public employee can be disclosed only if "the complaint is of a substantial nature and there is reasonable cause to believe the complaint or charge of misconduct is well founded." | [T]he California Court of Appeals held that **records of complaints or investigations against a public employee can be disclosed only if "the complaint is of a substantial nature and there is reasonable cause to believe the complaint or charge of misconduct is well founded**." |
| 62:17 | Incorrect paragraph number | Corrected paragraph number |
| 63:1 | Incorrect paragraph number | Corrected paragraph number |
| 64:18 | not evidence | no evidence |
| 65:11 | Incorrect paragraph number | Corrected paragraph number |
| 66:9 | Incorrect paragraph number | Corrected paragraph number |
| 67:4 | Incorrect paragraph number | Corrected paragraph number |
| 67:18 | Incorrect paragraph number | Corrected paragraph number |
| 69:1-2 | Kissner seeks damages for the emotional distress he has suffered as a result of District Defendants' the conduct of | Kissner seeks damages for the emotional distress he has suffered as a result of the conduct of |

| | | |
|---|---|---|
| | Defendant District and Individual District Defendants . | Defendant District and Individual District Defendants. |
| 72:7 | attorneys" | attorneys' |
| 73:25 | Defendants" | Defendants' |
| 76:5 | Incorrect paragraph number | Corrected paragraph number |
| 80:24 | Kissner | he |
| 81:9 | Kissner | he |
| 86:18 | their | his |
| 88:26 | under color or state law | under color of state law |
| 91:25-26 | Incorrect citation: Art. 6(C) | Art. 7(D) |
| 91:27 | Incorrect citation: Art. 6(C) | Art. 6(A), (C) |
| 91:28 | Incorrect citation: Art. 6(C) | Art. 6(A), (C) |
| 92:7 | Incorrect citation: art. 14(F) | Art. 15(F) |

Date: March 15, 2022        FREEDOM X

       By:   /s/ *William J. Becker, Jr.*
             William J. Becker, Jr., Esq.