UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID M. KISSNER**, an individual, <br><br> vs. <br><br> **LOMA PRIETA JOINT UNION SCHOOL DISTRICT**, a California public agency; et al. <br><br> Defendants. | Case No. 22-CV-00949-VKD <br><br> **[PROPOSED] ORDER** |

## BACKGROUND

On February 16, 2022, Plaintiff David M. Kissner ("Plaintiff") commenced this action for damages and other relief alleging 17 causes of action, including violations of his civil rights, wrongful termination, discrimination, retaliation, and defamation theories of liability. ECF. No. 1. Pursuant to Federal. R. Civ. P. Rule 4, Plaintiff filed a First Amended Complaint ("FAC") on March 8, 2022. ECF No. 8. Plaintiff electronically filed its FAC and electronically served the Defendants on March 8, 2022. All but two Defendants have waived summons. No Defendant has yet responded to the FAC. The Court has not specified a deadline for amending the complaint.

Subsequent to filing the FAC, Plaintiff's counsel noted various irregularities in the pleadings' format, including inadvertently misnumbered paragraphs. Upon further inspection,

1

Plaintiff's counsel discovered additional typographical and grammatical errors as well as three allegations requiring modest factual improvement. Plaintiff now seeks to amend the FAC to correct the formatting errors and improve three allegations.

### DISCUSSION

Federal. R. Civ. P. Rule 15(a) provides that, except in circumstances not present here, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has directed that this policy be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). In ruling upon a motion for leave to amend, a court must consider whether the moving party acted in bad faith or unduly delayed in seeking amendment, whether the opposing party would be prejudiced, whether an amendment would be futile, and whether the movant previously amended the pleading. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "Absent prejudice, or a strong showing of any of the remaining [factors], there exists a presumption under Rule 15(a) in favor of granting leave to amend." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (citation omitted).

Plaintiff has not sought the consent of the other parties because they have not appeared in the action or otherwise have not acknowledged receipt of either the initial or subsequently amended complaint.

The Court finds amendment is permissible. The Court finds there is no indication that Plaintiff's motion to amend is made in bad faith and is being brought within just days of filing the FAC. Nor would a properly worded amendment be futile. Additionally, Plaintiff has not previously moved for leave to amend. Finally, at this early stage in the proceedings, neither undue delay nor prejudice to the Defendants exists by the requested amendment. Plaintiff's motion is granted.

1  **ACCORDINGLY, IT IS HEREBY ORDERED:**

2      Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. \_\_\_\_) is

3  GRANTED.  The Second Amended Complaint is hereby deemed filed as of this date (ECF. No.

4  \_\_\_\_)..

5  Dated:

6

7                         _____

                        United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28