Golnar J. Fozi (Cal. Bar No. 167674)
Daniel S. Modafferi (Cal. Bar No. 294510)
Meyers Fozi & Dwork, LLP
5942 Priestly Drive, Suite 100
Carlsbad, California  92008
Tel: (760) 444-0039; Fax: (760) 444-0130
Email:   gfozi@meyersfozi.com
            dmodafferi@meyersfozi.com

Attorneys for Defendants,
Loma Prieta Joint Union School District, Lisa Fraser,
Kevin Grier, Billy Martin, Deana Arnold,
Ben Abeln, Ron Bourque, Charlotte Khandelwal,
and Erin Asheghian

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER,<br><br>Plaintiff,<br><br>v.<br><br>LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No.:  3:22-cv-00949-CRB<br>Assigned to: Hon. Charles R. Breyer<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:     July 15, 2022<br>Time:    9:00 a.m.<br>Ctrm.:   6<br><br>Case Filed:  February 16, 2022<br>Trial Date:  None Set |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... 3

I.     INTRODUCTION ........................................................................................................ 6

II.    SUMMARY OF RELEVANT FACTS ......................................................................... 6

III.   A MOTION TO DISMISS THE COMPLAINT IS PROPER ..................... 8

IV.    PLAINTIFF DOES NOT OPPOSE DISMISSAL OF THE 12TH CAUSE OF ACTION, FOR CIVIL HARASSMENT ................................. 8

V.     THE DISTRICT IS IMMUNE UNDER THE 11TH AMENDMENT ........ 9

VI.    PLAINTIFF DOES NOT OPPOSE DISMISSAL OF THE 7TH, 8TH, 9TH, 10TH, AND 11TH CAUSES OF ACTION AS AGAINST THE INDIVIDUAL DEFENDANTS ............................................................... 11

VII.   CONSPIRACY IS NOT AN INDEPENDENT BASIS FOR LIABILITY ............................................................................................... 11

VIII.  DEFENDANTS ARE IMMUNE FROM LIABILITY FOR DISCLOSING PUBLIC RECORDS IN ACCORDANCE WITH STATE LAW ............................................................................................. 12

IX.    DEFAMATION IS NOT A CONSTITUTIONAL TORT SEPARATE FROM A PROCEDURAL DUE PROCESS CLAIM ............................. 15

X.     THERE IS NO PRIVATE RIGHT OF ACTION UNDER THE CALIFORNIA CONSTITUTION ............................................................ 16

XI.    PLAINTIFF'S IIED, NIED, AND NEGLIGENCE CAUSES OF ACTION FAIL TO STATE A CLAIM ..................................................... 17

XII.   CONCLUSION ........................................................................................ 20

# TABLE OF AUTHORITIES

**Cases**

*Alabama v. Pugh* (1978) 438 U.S. 781 ................................................................. 10

*Arista v. County of Riverside* (2018) 29 Cal.App.5th 1051 ................................. 17

*Ashcroft v. Iqbal* (2009) 556 U.S. 662 ................................................................... 8

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters* (1983)
    459 U.S. 519 ................................................................................................... 8

*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248 .......... 9

*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544 .................................................... 8

*Cahill v. Liberty Mutual Ins. Co.* (9th Cir. 1996) 80 F.3d 336 ............................... 8

*Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148 ........................... 20

*Comfort v. Town of Pittsfield* (D.Me. 1996) 924 F.Supp. 1219 ........................... 12

*Dean Tarry Corp. v. Friedlander* (S.D.N.Y. 1987) 650 F.Supp. 1544 ................ 12

*Dixon v. City of Lawton, Okl.* (10th Cir. 1990) 898 F.2d 1443 ........................... 11

*Doe v. Stephens* (D.C. Cir. 1988) 851 F.2d 1457 ................................................ 14

*Eaglesmith v. Ward* (9th Cir. 1995) 73 F.3d 857 .................................................. 9

*Edelman v. Jordan* (1974) 415 U.S. 651 ............................................................. 10

*Endy v. County of Los Angeles* (9th Cir. 2020) 975 F.3d 757 ............................. 15

*Frazier v. City of Fresno* (E.D. Cal. 2022) 2022 WL 1128991 ........................... 15

*Friedman v. Merck & Co.* (2003) 107 Cal.App.4th 454 ...................................... 18

*Gates v. Superior Court* (1995) 32 Cal.App.4th 481 .......................................... 17

*Hans v. Louisiana* (1890) 134 U.S. 1 .................................................................... 9

*Hart v. Parks* (9th Cir. 2006) 450 F.3d 1059 ...................................................... 15

*Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55 ............................ 19

*Javor v. Taggart* (2002) 98 Cal.App.4th 795 ...................................................... 17

*Julian v. Mission Community Hospital* (2017) 11 Cal.App.5th 360 ................... 16

*Katzberg v. Regents of the University of California* (2002) 29 Cal.4th 300 ....... 16

*Kentucky v. Graham* (1985) 473 U.S. 159 .......................................................... 10

| | |
|---|---|
| 1 | *Kirton v. SummitMedical Center* (N.D. Cal. 1997) 982 F.Supp. 1381 ................ 20 |
| 2 | *Landrigan v. City of Warwick* (1st Cir. 1980) 628 F.2d 736 ............................... 12 |
| 3 | *Light v. California Department of Parks and Recreation* (2017) 14 Cal.App.5th 75 |
| 4 | ..................................................................................................................... 19 |
| 5 | *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.* (1989) 48 Cal.3d 583 ..... 17 |
| 6 | *McAllister v. Los Angeles Unified Sch. Dist.* (2013) 216 Cal.App.4th 1198....... 16 |
| 7 | *McCoy v. Pacific Maritime Association* (2013) 216 Cal.App.4th 283 ................ 19 |
| 8 | *Miklosy v. Regents of Univ. of Cal.* (2008) 44 Cal.4th 876 ................................. 11 |
| 9 | *Navarro v. Block* (9th Cir. 2001) 250 F.3d 729 ..................................................... 8 |
| 10 | *Olson v. Doe* (2022) 12 Cal.5th 669 ...................................................................... 8 |
| 11 | *Paul v. Davis* (1976) 424 U.S. 693 ..................................................................... 15 |
| 12 | *Pennhurst State Sch. & Hosp. v. Halderman* (1984) 465 U.S. 89 ....................... 10 |
| 13 | *Port Authority Trans-Hudson Corp. v. Feeney* (1990) 495 U.S. 299.................. 10 |
| 14 | *Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965.............................. 18 |
| 15 | *Sato v. Orange Cty. Dept. of Ed.* (9th Cir. 2017) 861 F.3d 923 ............................ 9 |
| 16 | *Savage v. Glendale Union High Sch.* (9th Cir. 2003) 343 F.3d 1036 ................... 9 |
| 17 | *Seminole Tribe of Fla. v. Florida* (1996) 517 U.S. 44........................................... 9 |
| 18 | *Semore v. Pool* (1990) 217 Cal.App.3d 1087 ...................................................... 18 |
| 19 | *Shoemaker v. Myers* (1990) 52 Cal.3d 1 ............................................................. 20 |
| 20 | *Siegert v. Gilley* (1991) 500 U.S. 226 ................................................................. 15 |
| 21 | *Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979 ........................ 8 |
| 22 | *Srouy v. San Diego Unified School District* (2022) 75 Cal.App.5th 548............ 17 |
| 23 | *Thing v. La Chusa* (1989) 48 Cal.3d 644............................................................ 18 |
| 24 | *U.S. ex rel. Lupo v. Quality Assurance Services, Inc.* (S.D. Cal. 2017) 242 F.Supp.3d |
| 25 | 1020................................................................................................................... 11 |
| 26 | *Wooden v. Raveling* (1998) 61 Cal.App.4th 1035 .............................................. 18 |

**Statutes**

28 USC § 2674 ........................................................................................ 14

28 USC § 2680 .................................................................................................... 14

42 USC § 1983 ........................................................................................... 11, 12, 15

Code Civ. Proc., § 527.6 ................................................................................... 8, 9

Gov. Code, § 6252 ............................................................................................. 13

Gov. Code, § 6253 ............................................................................................. 13

Gov. Code, § 815.2 ............................................................................................ 14

Gov. Code, § 820.4 ...................................................................................... 13, 14

Labor Code, § 1101 ........................................................................................... 11

Labor Code, § 1102 ........................................................................................... 11

Labor Code, § 1102.5 ........................................................................................ 11

Labor Code, § 3600 ........................................................................................... 19

Labor Code, § 3601 ........................................................................................... 20

Labor Code, § 98.6 ............................................................................................ 11

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .............................................................. 8

Defendants Loma Prieta Joint Union School District, Lisa Fraser, Kevin Grier, Billy Martin, Deana Arnold, Ben Abeln, Ron Bourque, Charlotte Khandelwal, and Erin Asheghian respectfully submit the following points and authorities in support of their Rule 12(b)(6) motion for an order dismissing portions of the second amended complaint brought by plaintiff David M. Kissner:

## I. INTRODUCTION

In 2021, the District terminated David Kissner from his position as a math teacher at CT English Middle School, after multiple investigations discovered a continuing pattern of inappropriate behavior by Kissner, including furnishing alcohol to minors. Kissner now alleges that the true reason for his termination was the District's desire to retaliate against him because of his political positions on issues such as gun control and special tax measures.

Kissner's operative complaint names the school district, its five elected Board members, the current Superintendent, a former Superintendent, and the Principal of the middle school, as defendants. However, the District is immune from suit under the Eleventh Amendment, and therefore, all claims against the District – under both federal and state law – must be dismissed. Furthermore, many of the causes of action in the operative complaint fail to state a claim on which relief can be granted against the individual District defendants. The District defendants therefore respectfully request that the Court grant their motion to dismiss portions of the second amended complaint, as detailed herein.

## II. SUMMARY OF RELEVANT FACTS

David Kissner was employed by the District as a middle school teacher from 2012 to 2021. (ECF No. 16, ¶ 6.) On March 14, 2018, in response to the high school shooting in Parkland, Florida, students nationwide participated in a walkout from schools to protest in favor of gun control legislation. (ECF No. 16, ¶ 55.) Kissner informed his students that any student who chose to participate in the walkout would be deemed absent without excuse and would not be permitted to make up the

classwork missed. (ECF No. 16, ¶ 66.) Kissner's stance with respect to the walkout led to controversy within the District and the local community, with parents and community members taking sides for and against Kissner. ((ECF No. 16, ¶¶ 67-68.)

On March 20, 2018, the District received an anonymous letter, accusing Kissner of engaging in inappropriate behavior with minors, which the anonymous author of the letter described as "grooming." (ECF No. 16, ¶ 110.) Upon receiving the letter, the District retained outside counsel to conduct an investigation into the allegations of inappropriate behavior by Kissner. (ECF No. 16, ¶ 144.) Through the investigation, the District discovered that Kissner had furnished alcohol to minors. (ECF No. 16, ¶ 115.) After several months of investigation, the District concluded that Kissner's conduct had had a negative impact on students. The District did not discipline Kissner as a result of the investigation (ECF No. 16, ¶ 152), but it warned him that any further instances of inappropriate behavior could result in disciplinary action, up to and including termination.

In 2021, the District received new reports of inappropriate behavior by Kissner – including furnishing alcohol to minors in 2019, *after* the District had warned Kissner about furnishing alcohol to minors. (ECF No. 16, ¶ 223.) The District retained outside counsel to conduct an investigation of the new allegations (ECF No. 16, ¶ 230), which ultimately concluded that the evidence corroborated the allegation that Kissner had furnished alcohol to minors in 2019. The District concluded that Kissner's repeated pattern of inappropriate conduct constituted grounds for termination.

While the 2021 investigation was underway, the District's Budget Advisory Committee identified a budget shortfall and recommended that the District layoff four full-time teachers for the upcoming school year. (ECF No. 16, ¶ 207.) In deciding which teachers to layoff, the District prioritized retaining teachers with multiple subject credentials. (ECF No. 16, ¶¶ 212, 218.) Because plaintiff held only a single subject credential, his position was identified for layoff. (See *id*.)

///

## III. A MOTION TO DISMISS THE COMPLAINT IS PROPER

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the pleading. (FRCP 12(b)(6); *Navarro v. Block* (9th Cir. 2001) 250 F.3d 729, 731.) The court must accept all factual allegations pleaded in the pleading as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. (*Cahill v. Liberty Mutual Ins. Co.* (9th Cir. 1996) 80 F.3d 336, 337-338.) "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." (*Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988.)

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." (*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 570.) A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678 (citing *Bell Atl. Corp. v. Twombly*, *supra*, 550 U.S. at p. 556).) "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" (*Ashcroft v. Iqbal*, *supra*, 556 U.S. at p. 678 (quoting *Bell Atl. Corp. v. Twombly*, *supra*, 550 U.S. at p. 557.) Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the… laws in ways that have not been alleged." (*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters* (1983) 459 U.S. 519, 526.)

## IV. PLAINTIFF DOES NOT OPPOSE DISMISSAL OF THE 12TH CAUSE OF ACTION, FOR CIVIL HARASSMENT

Plaintiff's 12th cause of action alleges civil harassment under Code of Civil Procedure, section 527.6. However, section 527.6 provides only for injunctive relief to prevent threatened future harm. (*Olson v. Doe* (2022) 12 Cal.5th 669, 673.) The

courts have no authority under section 527.6 to redress past wrongs through damages or otherwise. Therefore, plaintiff <u>does not oppose</u> dismissal of the 12th cause of action, in its entirety.

## V. **THE DISTRICT IS IMMUNE UNDER THE 11TH AMENDMENT**

Amendment XI to the Constitution of the United States provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." (*Savage v. Glendale Union High Sch.* (9th Cir. 2003) 343 F.3d 1036, 1040.)

In *Belanger v. Madera Unified School District* (9th Cir. 1992), the Ninth Circuit held that a California school district is a state agency for purposes of the Eleventh Amendment. (963 F.2d 248, 251.) The *Belanger* court's conclusion rested on a number of significant factors, including the fact that California school districts have budgets that are controlled and funded by the state government rather than local districts, as well as the fact that California law treats public schooling as a statewide or central government function. (*Id.* at pp. 251-254.) Subsequently, the *Belanger* court's holding that California public school districts are state agencies for purposes of Eleventh Amendment immunity has been reaffirmed by the Ninth Circuit multiple times. (See *Eaglesmith v. Ward* (9th Cir. 1995) 73 F.3d 857, 860; *Sato v. Orange Cty. Dept. of Ed.* (9th Cir. 2017) 861 F.3d 923, 926 ("School districts...in California remain arms of the state and cannot face suit.").) Loma Prieta Joint Union School District is a California public school district. (ECF No. 16, ¶ 5.) Therefore, it is entitled to Eleventh Amendment immunity.

The Eleventh Amendment bars any suit against a state or state agency absent a valid waiver or abrogation of its sovereign immunity. (*Seminole Tribe of Fla. v. Florida* (1996) 517 U.S. 44, 54; *Hans v. Louisiana* (1890) 134 U.S. 1, 10.)

1  Furthermore, "[w]hile the [Eleventh] Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme] Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." (*Edelman v. Jordan* (1974) 415 U.S. 651, 662-663.)

"Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought." (*Kentucky v. Graham* (1985) 473 U.S. 159, 167, fn.14 (citing *Alabama v. Pugh* (1978) 438 U.S. 781, 781-782).) A state may waive its Eleventh Amendment immunity by legislating its "unequivocal consent" to be sued in federal court. Such waiver will be found, however, "only where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." (*Port Authority Trans-Hudson Corp. v. Feeney* (1990) 495 U.S. 299, 305-306 (alteration in original).) Furthermore, the mere fact that a state has waived its sovereign immunity from suit in its own courts is not a waiver of its Eleventh Amendment immunity in federal court: "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." (*Pennhurst State Sch. & Hosp. v. Halderman* (1984) 465 U.S. 89, 99 (italics in original).)

Plaintiff concedes that the District is immune from suit under Section 1983, on Eleventh Amendment grounds, and therefore, plaintiff <u>does not oppose</u> dismissal of the 3rd and 18th causes of action, as against the District. However, plaintiff contends that Eleventh Amendment immunity does not apply to state law claims, and therefore, he opposes dismissal of the District from the 2nd, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 11th, 13th, 14th, 15th, 16th, 17th, and 19th causes of action. Plaintiff's argument regarding the state law claims is erroneous. Eleventh Amendment immunity also applies to state law claims brought into federal court under pendent jurisdiction. (*Id.* at p.121.) Therefore, as a matter of law, the District is entitled to full dismissal, with

prejudice, of *all* claims.

## VI. PLAINTIFF DOES NOT OPPOSE DISMISSAL OF THE 7TH, 8TH, 9TH, 10TH, AND 11TH CAUSES OF ACTION AS AGAINST THE INDIVIDUAL DEFENDANTS

Plaintiff's 7th cause of action alleges retaliation under Labor Code, sections 98.6 and 1101; the 8th cause of action alleges retaliation under Labor Code, sections 98.6 and 1102; the 9th cause of action alleges wrongful termination; the 10th cause of action alleges wrongful termination in violation of public policy; and the 11th cause of action alleges retaliation under Labor Code, section 1102.5. All five of these claims are alleged against the District, as well as each of the individual District defendants. As a matter of law, however, the individual defendants are not proper parties to any of these claims. (See *U.S. ex rel. Lupo v. Quality Assurance Services, Inc.* (S.D. Cal. 2017) 242 F.Supp.3d 1020, 1030 (no individual liability under §§ 98.6 or 1102.5); Labor Code, § 1101 (on its face applies only to employers); Labor Code, § 1102 (on its face applies only to employers); *Miklosy v. Regents of Univ. of Cal.* (2008) 44 Cal.4th 876, 900-901 (no individual liability for wrongful termination).) Therefore, plaintiff <u>does not oppose</u> dismissal of the 7th, 8th, 9th, 10th, and 11th causes of action, as against the individual defendants.

## VII. CONSPIRACY IS NOT AN INDEPENDENT BASIS FOR LIABILITY

Plaintiff's complaint alleges causes of action against the individual defendants under section 1983, for violations of his rights to free speech (1st cause of action), due process (16th cause of action), and equal protection (17th cause of action). In addition to these claims, however, plaintiff alleges a separate cause of action against the individual defendants for "civil rights conspiracy under 42 USC § 1983" (18th cause of action). "[T]he essence of a § 1983 claim is the deprivation of the right rather than the conspiracy." (*Dixon v. City of Lawton, Okl.* (10th Cir. 1990) 898 F.2d 1443, 1449.) "Conspiracy is merely the mechanism by which to obtain the necessary state action, see, e.g., *Adickes v. Kress & Co.*, 398 U.S. 144, 150-52, 90 S.Ct. 1598, 1604-05, 26

1  L.Ed.2d 142 (1970), or to impose liability on one defendant for the acts of the others performed in pursuance of the conspiracy, see *Nesmith v. Alford*, 318 F.2d 110, 126 (5th Cir. 1963), cert. denied, 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420 (1964)." (*Landrigan v. City of Warwick* (1st Cir. 1980) 628 F.2d 736, 742.) "Conspiracy merely provides the mechanism by which to plead or prove the constitutional or statutory violation." (*Comfort v. Town of Pittsfield* (D.Me. 1996) 924 F.Supp. 1219, 1229.) "There is… no cause of action for conspiracy *per se* under section 1983. … Plaintiff must provide the deprivation of a specifically-protected constitutional right to sustain the conspiracy claim." (*Dean Tarry Corp. v. Friedlander* (S.D.N.Y. 1987) 650 F.Supp. 1544, 1553, fn. 15.)

Plaintiff need not use conspiracy as a mechanism to establish state action on the part of any of the individual District defendants, because all of them are indisputably state actors alleged to have acted in the course and scope of their governmental duties. Furthermore, any claim that the individual District defendants conspired with one another to deprive plaintiff of the right to free speech, due process, and/or equal protection is subsumed within the substantive civil rights claims alleged in the 1st, 16th, and 17th causes of action, respectively. Because plaintiff has already alleged separate causes of action for the deprivation of the specific constitutional rights he alleges defendants violated, the independent cause of action for "civil rights conspiracy" is duplicative and should be dismissed.

## VIII. DEFENDANTS ARE IMMUNE FROM LIABILITY FOR DISCLOSING PUBLIC RECORDS IN ACCORDANCE WITH STATE LAW

On March 20, 2018, the District received an anonymous letter, accusing plaintiff of engaging in inappropriate behavior with minors, which the anonymous author of the letter described as "grooming." (ECF No. 16, ¶ 110.) On April 16, 2021, the District received a request pursuant to the California Public Records Act, for a copy of the anonymous letter. (ECF No. 16, ¶ 277.) The District produced the anonymous letter, as requested. (ECF No. 16, ¶ 278.) Plaintiff now alleges three

causes of action – defamation per se (4th cause of action), false light invasion of privacy (5th cause of action), and public disclosure of private facts (6th cause of action) – all arising from defendants' disclosure of the anonymous letter, in response to the Public Records Act request.

Under the Public Records Act, the term "public record" "includes any writing containing information relating to the conduct of the public's business… retained by any state or local agency regardless of physical form or characteristics." (Gov. Code, § 6252, subd. (e).) "[U]pon a request for a copy of records that reasonably describes an identifiable record or records," a public entity "*shall* make the records promptly available to any person." (Gov. Code, § 6253, subd. (b) (emphasis added).) Because the anonymous letter was a writing "retained by" the District, and the District received a request for a copy of the anonymous letter, the District was statutorily obligated to make the anonymous letter "promptly available" to the party who requested it.

Plaintiff's pleading does not allege which (if any) of the individual District defendants actually participated in – or even had knowledge of – the disclosure of the anonymous letter in response to the Public Records Act request. Even if the Court were to liberally construe plaintiff's pleading as alleging that each of the individual District defendants personally participated in the disclosure, however, the defendants are entitled to absolute immunity for their production of public records in accordance with state law.

Government Code, section 820.4, provides: "A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law." "This immunity, by virtue of Section 815.2, will inure to the benefit of the public entity employing the particular public employee." (4 Cal.L.Rev.Comm. Reports 801 (1963).) The California Legislature adopted section 820.4 in 1963, as part of the California Government Claims Act. The language of section 820.4 was intended to mirror a similar immunity provided under the Federal Tort Claims Act. (*Ibid.*) The Federal Tort Claims Act provides that, unless the government action in question falls

1  within one of the exceptions enumerated by 28 USC section 2680, the government is
2  liable for tort claims "in the same manner and to the same extent as a private individual
3  under like circumstances." (28 USC § 2674.) Like section 820.4 of the California
4  Government Claims Act, section 2680(a) of the Federal Tort Claims Act provides that
5  the government is not liable for "[a]ny claim based upon an act or omission of an
6  employee of the Government, exercising due care, in the execution of a statute or
7  regulation, whether or not such statute or regulation be valid."

8       In *Doe v. Stephens* (D.C. Cir. 1988) 851 F.2d 1457, a psychiatric patient sued
9  the Veterans' Administration for releasing his private medical records without
10 authorization, alleging, among other things, breach of confidentiality, abuse of
11 process, and tortious invasion of privacy by intrusion. (*Id.* at p. 1461.) The VA
12 asserted immunity pursuant to section 2680(a), as the records were produced in
13 response to a grand jury subpoena. The district court dismissed the tort claims, and
14 the D.C. Circuit affirmed, holding that "the 28 U.S.C. § 2680(a) exclusion squarely
15 blocks appellant's claim for damages based upon the actions of the VA." (*Ibid.*) The
16 court explained that VA regulations allowed for the production of otherwise
17 confidential records "'required by process of a United States court to be produced in
18 any suit or proceeding therein pending,' 38 U.S.C. § 3301(b)(2), or 'required by a
19 department or any other agency of the United States Government,' 38 U.S.C.
20 § 3301(b)(3)." (*Id.* at pp. 1461-1462.) Thus, the court held that the VA's disclosure of
21 the records in accordance with the regulations "would seem to fit comfortably within
22 the § 2680(a) exclusion." (*Id.* at p. 1462.)

23      Similarly, in this case, the District produced the anonymous letter in accordance
24 with California law requiring the "prompt" production of public records upon request.
25 Because the anonymous letter was produced "in the execution of [a] law," the
26 individual District defendants have absolute immunity from liability for that
27 disclosure, pursuant to Government Code, section 820.4, and that immunity also
28 inures to the District, pursuant to Government Code, section 815.2. Therefore, the 4th,

5th, and 6th causes of action in plaintiff's second amended complaint must be dismissed, in their entirety.

## IX. DEFAMATION IS NOT A CONSTITUTIONAL TORT SEPARATE FROM A PROCEDURAL DUE PROCESS CLAIM

Plaintiff's 3rd cause of action alleges "civil rights defamation" under section 1983. "Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." (*Siegert v. Gilley* (1991) 500 U.S. 226, 233.) However, if a government official's act of defamation results in a plaintiff being deprived of a previously held constitutionally protected right, a plaintiff may be able to state a claim for defamation under section 1983 on the theory that he or she has been deprived of a constitutionally protected right without the procedural guarantees of the Fourteenth Amendment. (See *Paul v. Davis* (1976) 424 U.S. 693, 708-709.) To state a claim for section 1983 defamation, a plaintiff must demonstrate (1) that he was stigmatized by a defamatory statement, and (2) that, as a result of the defamatory statement, he was deprived of a federally protected interest without due process of law. (*Hart v. Parks* (9th Cir. 2006) 450 F.3d 1059, 1070 (quoting *Paul v. Davis*, *supra*, 424 U.S. at pp. 701-702).) "This is known as the 'stigma-plus' test." (*Id.* at p. 1070.)

"Stigma-plus" defamation is not an independent constitutional tort, however. As described above, the "stigma-plus" test applies only to alleged violations of procedural due process, i.e., state action resulting in stigma *without procedural due process*. (*Frazier v. City of Fresno* (E.D. Cal. 2022) 2022 WL 1128991, *8, fn. 4 (citing *Endy v. County of Los Angeles* (9th Cir. 2020) 975 F.3d 757, 764).) Because plaintiff has already alleged a cause of action for violation of his right to procedural due process under the Fourteenth Amendment (16th cause of action), the separate cause of action for "civil rights defamation" is duplicative and should be dismissed.

///
///
///

## X. THERE IS NO PRIVATE RIGHT OF ACTION UNDER THE CALIFORNIA CONSTITUTION

In addition to his section 1983 claims under the federal constitution, plaintiff alleges claims for violations of the rights to free speech (2nd cause of action), due process (16th cause of action), and equal protection (17th cause of action) under the California Constitution. As a matter of law, however, there is no private right of action to enforce the rights enumerated in the state constitution. (*Julian v. Mission Community Hospital* (2017) 11 Cal.App.5th 360, 391-392.) There is no state analog for section 1983 which would allow a civil lawsuit in response to an alleged deprivation of state constitutional rights. Therefore, plaintiff's state constitutional claims must be dismissed.

Plaintiff <u>does not oppose</u> dismissal of his damages claim under the free speech provision of the state constitution (2nd cause of action). Instead, plaintiff agreed to limit his state free speech claim to a claim for equitable relief, in the form of reinstatement. However, reinstatement is not an available remedy, either. In *McAllister v. Los Angeles Unified Sch. Dist.* (2013) 216 Cal.App.4th 1198, the California Court of Appeal held that the free speech clause of the California Constitution does not support a claim for injunctive relief in the form of reinstatement to employment. The court noted that the allegation in that case (as in this one) was that the defendant school district had terminated the plaintiff employee in retaliation for the employee's exercise of her right to free speech. It then held: "The Constitution, section 2(a) cannot be read to support a cause of action for injunctive relief where an individual is seeking to be rehired by her employer." (*Id.* at p. 1217.) Accordingly, defendants request that the Court dismiss the entirety of plaintiff's free speech claim under the California Constitution – not just the damages portion.

Plaintiff's damages claims under the due process and equal protection provisions of the state constitution must also be dismissed. In *Katzberg v. Regents of the University of California* (2002) 29 Cal.4th 300, the state Supreme Court undertook

an exhaustive analysis of article I, section 7(a), of the California Constitution to determine whether there was a private right of action for damages based on the state constitutional right to due process. The Court concluded that there is not: "[W]e discern no evidence from which to infer within article I, section 7(a), an intent to afford a right to seek damages to remedy the asserted violation of the due process liberty interest alleged in this case. We also find no basis upon which to recognize a constitutional tort action for such damages." (*Id.* at p. 329.)

Similarly, California courts have consistently held that "it is beyond question that a plaintiff is not entitled to damages for a violation of the… equal protection clause of the state Constitution." (*Javor v. Taggart* (2002) 98 Cal.App.4th 795, 807 (citing *Gates v. Superior Court* (1995) 32 Cal.App.4th 481, 516-524).) This rule has been upheld by the California Court of Appeal as recently as February 2022, in S*rouy v. San Diego Unified School District* (2022) 75 Cal.App.5th 548, 573. (Citing *Gates*, *supra*, for the conclusion that "The equal protection clause of the California Constitution does not afford litigants a right to recover individual monetary damages.").) Therefore, as a matter of law, plaintiff is not entitled to recover damages under either the due process or equal protection clauses of the state constitution. The damages portions of his 16th and 17th causes of action must be dismissed.

**XI.    PLAINTIFF'S IIED, NIED, AND NEGLIGENCE CAUSES OF ACTION FAIL TO STATE A CLAIM**

Plaintiff's 13th, 14th, and 15th causes of action allege state common law tort claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and general negligence, respectively. Negligent infliction of emotional distress is not a separate tort. It is a species of negligence. (*Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.* (1989) 48 Cal.3d 583, 588.) Because it is a form of negligence, "[t]he traditional elements of duty, breach of duty, causation, and damages apply." (*Arista v. County of Riverside* (2018) 29 Cal.App.5th 1051, 1062-1063.)

///

As a general rule, "there is no duty to avoid causing emotional distress to another." (*Friedman v. Merck & Co.* (2003) 107 Cal.App.4th 454, 463.) Rather, such a duty is recognized with respect to two specific categories of persons. First, defendants whose negligent conduct breaches some other legal duty to the plaintiff may be liable *if* the breach of the independent duty threatens physical injury and not simply damage to property or financial interests. (*Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 985.) Thus, a defendant whose negligent conduct places the plaintiff personally at risk, causing the plaintiff reasonably to fear for his or her own safety, may be liable for the resulting emotional distress. (*Wooden v. Raveling* (1998) 61 Cal.App.4th 1035, 1045.) Second, defendants who breach a duty of care owed to the plaintiff's family member may be liable for emotional distress caused to the plaintiff, as a bystander. (*Thing v. La Chusa* (1989) 48 Cal.3d 644, 668.) To recover under the bystander theory, however, the plaintiff must have been physically present and aware of the injury to the family member at the time it occurred. (*Ibid*.)

Plaintiff certainly does not fall into the bystander category, as there is no allegation that any of the defendants negligently caused harm to any of plaintiff's family members, in plaintiff's presence. Moreover, plaintiff does not meet the requirements for a direct claim of negligent infliction of emotional distress, because the conduct he is alleging on the part of the defendants was inherently *intentional*, not negligent. An employer's supervisory actions are inherently intentional and cannot support a cause of action for negligent infliction of emotional distress. (*Semore v. Pool* (1990) 217 Cal.App.3d 1087, 1105.) Where the conduct alleged is intentional, it cannot be used as a basis for a negligent infliction of emotional distress claim. (*Ibid*.) Therefore, as a matter of law, plaintiff's causes of action for both negligent infliction of emotional distress and general negligence fail to state a claim.

Furthermore, plaintiff cannot state a claim for intentional infliction of emotional distress. "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if

improper motivation is alleged." (*Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 80.) Expanding on that principle, cases have gone on to hold that even personnel decisions that stem from discriminatory motives are, without more, insufficiently outrageous to satisfy the first element of the IIED tort. In *Light v. California Department of Parks and Recreation* (2017) 14 Cal.App.5th 75, 102, the Court of Appeal described a variety of retaliatory conduct by one of the defendants, Dolinar, that was not sufficiently "outrageous" for IIED purposes even when considered in the aggregate. That conduct included refusing to listen to the plaintiff's complaints about retaliation, encouraging efforts to silence the plaintiff, awarding a commendation to the harasser and participating "in the Department's retaliation against Light (including denying promised training and shifting Light's work location)." (14 Cal.App.5th at 102.) The *Light* court held that even though "a reasonable trier of fact could conclude Dolinar acted improperly, and likely contributed to the Department's violation of FEHA's anti-retaliation provision, her actions are common – though ultimately misguided – supervisory actions." (*Ibid.*) On that basis, the Court of Appeal in *Light* affirmed the summary judgment in favor of that defendant on the plaintiff's IIED claim. As another court articulated: "A 'series of subtle, yet damaging, injuries' is sufficient to constitute retaliation; however, it does not necessarily rise to the 'extreme and outrageous' standard required for an intentional infliction of emotional distress claim." (*McCoy v. Pacific Maritime Association* (2013) 216 Cal.App.4th 283, 295.) Therefore, the 13th cause of action must be dismissed, as well.

Finally, even if plaintiff could otherwise properly allege a claim under any of these common law theories, his tort claims are precluded by the exclusive remedy provision of the California Workers' Compensation Act. (Labor Code, § 3600.) The Workers' Compensation Act, Labor Code, section 3600 et seq., provides the sole and exclusive remedy for any injury sustained by an employee arising out of and in the course of his or her employment. (See *Kirton v. SummitMedical Center* (N.D. Cal.

1997) 982 F.Supp. 1381, 1387, fn. 4.) The exclusive remedy provisions of the Workers' Compensation Act bar an employee's claims for intentional and negligent infliction of emotional distress "when the misconduct attributed to the employer are actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and friction in negotiation as to grievances." (*Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 160.)

Conduct such as improper disciplinary hearings and false accusations of dishonesty (*ibid.*), and disciplinary actions and discharge motivated by intent to harass (*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 25), do not exceed the normal risks of the employment relationship and fall within the Workers' Compensation Act. (*Kirton v. SummitMedical Center*, *supra*, 982 F.Supp. at p. 1387, fn. 4.) Conduct which may be characterized as "intentional, unfair or outrageous" is nevertheless covered by the workers' compensation exclusivity provisions. (*Shoemaker v. Myers*, *supra*, 52 Cal.3d at p. 25.) Furthermore, workers' compensation is "the exclusive remedy for injury or death of an employee against any other employee of the employer," with limited exceptions not applicable here. (Labor Code, § 3601, subd. (a).)

## XII.  CONCLUSION

For all of the foregoing reasons, the District defendants respectfully request that the Court dismiss portions of plaintiff's second amended complaint.

Dated: May 26, 2022               Meyers Fozi & Dwork, LLP


By:   /s/ Daniel S. Modafferi
      Golnar J. Fozi
      Daniel S. Modafferi
      Attorney for Defendants,
      Loma Prieta Joint Union School District,
      Lisa Fraser, Kevin Grier, Billy Martin,
      Deana Arnold, Ben Abeln, Ron Bourque,
      Charlotte Khandelwal, and Erin
      Asheghian