Golnar J. Fozi (Cal. Bar No. 167674)
Daniel S. Modafferi (Cal. Bar No. 294510)
Meyers Fozi & Dwork, LLP
5942 Priestly Drive, Suite 100
Carlsbad, California 92008
Tel: (760) 444-0039; Fax: (760) 444-0130
Email:  gfozi@meyersfozi.com
         dmodafferi@meyersfozi.com

Attorneys for Defendants,
Loma Prieta Joint Union School District, Lisa Fraser,
Kevin Grier, Billy Martin, Deana Arnold,
Ben Abeln, Ron Bourque, Charlotte Khandelwal,
and Erin Asheghian

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER,<br><br>Plaintiff,<br><br>v.<br><br>LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No.: 3:22-cv-00949-CRB<br>Assigned to: Hon. Charles R. Breyer<br><br>**DECLARATION OF DANIEL S. MODAFFERI IN SUPPORT OF SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:   July 15, 2022<br>Time:   9:00 a.m.<br>Ctrm.:  6<br><br>Case Filed: February 16, 2022<br>Trial Date: None Set |

I, Daniel S. Modafferi, declare:

1. I am an attorney at law, duly admitted to practice in the State of California and in the United States District Court for the Northern District of California. I am a partner at Meyers Fozi & Dwork, LLP, counsel of record for Loma Prieta Joint Union School District, Lisa Fraser, Kevin Grier, Billy Martin, Deana Arnold, Ben Abeln, Ron Bourque, Charlotte Khandelwal, and Erin Asheghian, defendants in the above-entitled matter.

2. I have personal knowledge of the facts set forth herein, and if I were called to testify thereto, I could and would do so competently.

3. On May 3, 2022, I met and conferred telephonically with plaintiff's counsel, Bill Becker, as to some of the grounds on which my clients intended to move to dismiss portions of the second amended complaint. I further indicated to Mr. Becker that I would send him a written meet and confer addressing all of the grounds for the contemplated motion to dismiss.

4. On May 17, 2022, I sent Mr. Becker an email listing each of the causes of action that my clients intended to move to dismiss and the grounds for challenging each cause of action. A true and correct copy of my May 17, 2022, email to Mr. Becker is attached hereto as Exhibit A.

5. On May 23, 2022, Mr. Becker responded to my meet and confer in a letter, detailing plaintiff's responses to each of the points raised by my clients as grounds for a motion to dismiss. A true and correct copy of Mr. Becker's May 23, 2022, letter to me is attached hereto as Exhibit B.

6. As a result of the meet and confer, the plaintiff has agreed not to oppose dismissal of several causes of action, or portions thereof. The points and authorities in support of defendants' motion to dismiss specify which portions of the motion are opposed and which are unopposed.

I declare under penalty of perjury, pursuant to the laws of the United States of America and the State of California, that the foregoing is true and correct. Executed on May 26, 2022, in Carlsbad, California.

/s/ Daniel S. Modafferi
Daniel S. Modafferi

# EXHIBIT A

# Daniel Modafferi

| | |
|---|---|
| **From:** | Daniel Modafferi |
| **Sent:** | Tuesday, May 17, 2022 1:31 PM |
| **To:** | Bill Becker |
| **Cc:** | Golnar Fozi; Matt Griffin |
| **Subject:** | Kissner v. LPSD |

Bill:

Although the Local Rules do not require the parties to meet and confer before filing a motion, I am hopeful that the parties can informally resolve a number of issues rather than requiring intervention by the Court. Therefore, I have set forth below a summary of the grounds on which the District defendants intend to move to dismiss each of the causes of action in the operative, second amended complaint. Due to the volume of the complaint (19 causes of action), I have kept my analysis as brief and to the point as possible. If you would like to discuss any of the issues set forth herein in greater detail, please let me know a date and time that you are available for a call.

1. **CoA#1: First Amendment Retaliation** – Plaintiff's decision not to excuse the absences of students who participated in the anti-gun walkout is not protected under the First Amendment and therefore cannot give rise to a claim for First Amendment retaliation against the individual District defendants. (See *Coszalter v. City of Salem* (9th Cir. 2003) 320 F.3d 968, 973 ("speech that deals with individual personnel disputes and grievances… is generally not of public concern.")
2. **CoA#2: Free Speech under Cal. Const. art. 1, § 2** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, there is no private right of action for damages under the free speech provisions of article 1, section 2 of the California Constitution. (*Julian v. Mission Community Hospital* (2017) 11 Cal.App.5th 360, 391-392.)
3. **CoA#3: Civil Rights Defamation under 42 USC § 1983** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, defamation is not actionable under section 1983. (*Gini v. Las Vegas Metropolitan Police Department* (9th Cir. 1994) 40 F.3d 1041, 1045.)
4. **CoA#4: Defamation per Se** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, the individual defendants are entitled to absolute privilege for publications made in the proper discharge of an official duty (i.e., producing records in response to a public records request). (Civ. Code, § 47, subd. (a).)
5. **CoA#5: False Light Invasion of Privacy** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, the individual defendants are entitled to absolute privilege for publications made in the proper discharge of an official duty (i.e., producing records in response to a public records request). (Civ. Code, § 47, subd. (a).)
6. **CoA#6: Public Disclosure of Private Facts** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, the individual defendants are entitled to absolute privilege for publications made in the proper discharge of an official duty (i.e., producing records in response to a public records request). (Civ. Code, § 47, subd. (a).)
7. **CoA#7: Retaliation under Labor Code §§ 98.6 & 1101** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.)

Furthermore, Labor Code, section 1101, on its face, applies to an employer, not to individual non-employers such as the individual defendants. Finally, there is no individual liability under Labor Code, section 98.6. (See *U.S. ex rel. Lupo v. Quality Assurance Services, Inc.* (S.D. Cal. 2017) 242 F.Supp.3d 1020, 1030.)

8. **CoA#8: Retaliation under Labor Code §§ 98.6 & 1102** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, Labor Code, section 1102, on its face, applies to an employer, not to individual non-employers such as the individual defendants. Finally, there is no individual liability under Labor Code, section 98.6. (See *U.S. ex rel. Lupo v. Quality Assurance Services, Inc.* (S.D. Cal. 2017) 242 F.Supp.3d 1020, 1030.)

9. **CoA#9: Wrongful Termination** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, as a matter of law, there can be no individual liability for wrongful termination. (*Miklosy v. Regents of Univ. of Cal.* (2008) 44 Cal.4th 876, 900-901.)

10. **CoA#10: Wrongful Termination in Violation of Public Policy** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, as a matter of law, there can be no individual liability for wrongful termination. (*Miklosy v. Regents of Univ. of Cal.* (2008) 44 Cal.4th 876, 900-901.)

11. **CoA#11: Retaliation under Labor Code § 1102.5** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, there is no individual liability under Labor Code, section 1102.5. (*U.S. ex rel. Lupo v. Quality Assurance Services, Inc.* (S.D. Cal. 2017) 242 F.Supp.3d 1020, 1030.)

12. **CoA#12: Civil Harassment under Code of Civil Procedure § 527.6** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, section 527.6 provides *only* for injunctive relief to prevent threatened *future* harm. (*Olson v. Doe* (2022) 12 Cal.5th 669, 673.) The courts have no authority under section 527.6 to redress past wrongs through damages or otherwise.

13. **CoA#13: Intentional Infliction of Emotional Distress** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, personnel decisions do not meet the outrageousness element of the IIED tort without more. "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." (*Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 80.) Finally, all tort claims against plaintiff's former supervisors and coworkers are barred by the exclusive remedy provisions of the Workers' Compensation Act. (Labor Code, § 3602.)

14. **CoA#14: Negligent Infliction of Emotional Distress** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, NIED is actionable only where the breach of an independent duty threatens *physical injury* to the plaintiff and not merely damage to property or financial interests. (*Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 985.) In addition, an employer's supervisory actions are inherently intentional and cannot support a cause of action for negligent infliction of emotional distress. (*Semore v. Pool* (1990) 217 Cal.App.3d 1087, 1105.) Finally, all tort claims against plaintiff's former supervisors and coworkers are barred by the exclusive remedy provisions of the Workers' Compensation Act. (Labor Code, § 3602.)

15. **CoA#15: Negligence** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, injuries caused by employment termination are not actionable under a negligence theory. (*Hine v. Dittrich* (1991) 228 Cal.App.3d 59, 65.) Finally, all tort claims against plaintiff's former supervisors and coworkers are barred by the exclusive remedy provisions of the Workers' Compensation Act. (Labor Code, § 3602.)

16. **CoA#16: Due Process under 42 USC § 1983 & Cal. Const. art. 1, § 7** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963

F.2d 248, 254.) Furthermore, there is no private right of action for damages under the due process provisions of article 1, section 7 of the California Constitution. (*Julian v. Mission Community Hospital* (2017) 11 Cal.App.5th 360, 391-392.) Finally, plaintiff cannot state a claim under the due process clause, because he received notice, a hearing, and the right to appeal.

17. **CoA#17: Equal Protection under 42 USC § 1983 & Cal. Const. art. 1, § 7** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, there is no private right of action for damages under the equal protection provisions of article 1, section 7 of the California Constitution. (*Julian v. Mission Community Hospital* (2017) 11 Cal.App.5th 360, 391-392.)

18. **CoA#18: Civil Rights Conspiracy under 42 USC § 1983** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, this claim is inappropriate against the individual District defendants, as they are alleged to have acted under color of state law and within the course and scope of their duties as school district officials. Conspiracy is a means for alleging section 1983 claims against non-state actors. "A private individual may be liable under § 1983 if she conspired or entered joint action with a state actor." (*Franklin v. Fox* (9th Cir. 2002) 312 F.3d 423, 441.) However, because all of the individual District defendants are alleged to have been state actors, the conspiracy claim is improper as against them.

19. **CoA#19: Breach of Contract** – The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.)

Please advise which of the claims plaintiff will agree to dismiss voluntarily.

Danny

Daniel S. Modafferi
Meyers Fozi & Dwork LLP
5942 Priestly Drive, Suite 100
Carlsbad, CA 92008
P: (760) 858-2286
F: (760) 444-0130

www.meyersfozi.com

# EXHIBIT B



www.FreedomXLaw.com

May 23, 2022

Daniel S. Modafferi
MEYERS FOZI & DWORK LLP
5942 Priestly Drive, Suite 100
Carlsbad, CA 92008

    Re:    Mot. To Dismiss/Mot. To Strike Meet And Confer
    Case:  <u>David M. Kissner v. Loma Prieta Joint Union School District, et al</u>. (USDC-ND)
    Case No.:    22-CV-00949-VKD
    Our Client:    David M. Kissner
    Your Clients:  Loma Prieta Joint Union School District, Lisa Fraser, Kevin Grier, Billy Martin, Deana Arnold, Ben Abeln, Ron Bourque, Charlotte Khandelwal, and Erin Asheghian

Dear Danny:

We provide you with our response to your meet and confer email of May 17, 2022 as follows:

### **CAUSE OF ACTION NO. 1: FIRST AMENDMENT RETALIATION**

#### **Your contention:**

Plaintiff's decision not to excuse the absences of students who participated in the anti-gun walkout is not protected under the First Amendment and therefore cannot give rise to a claim for First Amendment retaliation against the individual District defendants. (*See Coszalter v. City of Salem* (9th Cir. 2003) 320 F.3d 968, 973 ("speech that deals with individual personnel disputes and grievances… is generally not of public concern.")

#### **Our Response:**

The first cause of action does not allege that Kissner's constitutional injury was a result of his grading decision. It alleges that Kissner opposed and objected to the walkouts as viewpoint based in violation of the education code and the state and federal constitutions. It additionally alleges that he opposed Measure N and the appointment of a board member. He was subsequently fired (and laid off) based on the District's hostility toward his political speech. "A restriction on speech is viewpoint-based if (1) on its face, it distinguishes between types of speech or speakers based on the viewpoint expressed; or (2) though neutral on its face, the regulation is motivated by the desire to suppress a particular viewpoint." *Cuviello v. City and County of San Francisco*, 940 F. Supp. 2d 1071, 1085 (N.D. Cal. 2013). Plaintiff "may demonstrate viewpoint discrimination based on pretext (*Moss v. U.S. Secret Serv.*, 675 F.3d 1213 (9th Cir. 2012), opinion amended and superseded on denial of reh'g, 711 F.3d 941 (9th Cir. 2013), rev'd sub nom. *Wood v. Moss*, 572 U.S. 744 (2014)

11500 Olympic Blvd., Suite 400, Los Angeles, CA 90064
310 . 636 . 1018     Toll Free 866 . 649 . 6057     Fax 310 . 765 . 6328

FREEDOM X

Daniel S. Modafferi
MEYERS FOZI & DWORK LLP
May 23, 2022
Page 2 of 11

_____

(A restriction on expressive activity is only content-neutral or viewpoint-neutral if it is based on a non-pretextual reason divorced from the content of the message attempted to be conveyed)) or a pattern of enforcement that "evince[s] a governmental policy or custom of intentional discrimination on the basis of viewpoint or content" (*Zukerman v. U.S. Postal Serv.*, 15-CV-2131 (CRC), 2021 WL 4355426, at *10 (D.D.C. Sept. 24, 2021)).

**CAUSE OF ACTION NO. 2: FREE SPEECH UNDER CAL. CONST. ART. 1, § 2**

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, there is no private right of action for damages under the free speech provisions of article 1, section 2 of the California Constitution. (*Julian v. Mission Community Hospital* (2017) 11 Cal.App.5th 360, 391-392.)

**Our Response:**

- Violation of the California Constitution is a state cause of action. Eleventh Amendment immunity doesn't apply.
- We agree to amend the Complaint to allege only equitable relief (e.g., reinstatement) for violation of the California Constitution.

**CAUSE OF ACTION NO. 3: CIVIL RIGHTS DEFAMATION UNDER 42 USC § 1983**

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, defamation is not actionable under section 1983. (*Gini v. Las Vegas Metropolitan Police Department* (9th Cir. 1994) 40 F.3d 1041, 1045.)

**Our Response:**

- Naming the District was an oversight. We agree to dismiss this cause of action against the District.
- You have incompletely stated the rule in *Gini*. "[A]n act of defamation by government officials [is] insufficient to create a right to a remedy under the First Amendment **in the absence of "state action affecting [a plaintiff's] rights, benefits, relationship or status with the state**." *Mulligan v. Nichols*, 835 F.3d 983, 989 (9th Cir. 2016). (Emphasis added.) We have adequately alleged facts demonstrating state action affecting Kissner's rights, etc.

**FREEDOM X**

Daniel S. Modafferi
MEYERS FOZI & DWORK LLP
May 23, 2022
Page 3 of 11

_____

### CAUSE OF ACTION NO. 4: DEFAMATION PER SE

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, the individual defendants are entitled to absolute privilege for publications made in the proper discharge of an official duty (i.e., producing records in response to a public records request). (Civ. Code, § 47, subd. (a).)

**Our Response:**

- Defamation per se is a state cause of action.  Eleventh Amendment immunity doesn't apply.
- The individual Defendants are not immune under Civ. Code §  47(a). *See*, *e.g.*, *Frisk v. Merrihew*, 42 Cal. App. 3d 319, 323 (Cal. App. 1st Dist. 1974) ("absolute privilege is extended only to high ranking federal and state officials"); school superintendent or secretary of a school board clearly outside cabinet level state officials); *see also Burgess v. Coronado Unified Sch. Dist*., D076417, 2020 WL 7654236, at *6 (Cal. App. 4th Dist. Dec. 24, 2020), as modified on denial of reh'g (Jan. 11, 2021), review denied (Apr. 14, 2021) ("The California Supreme Court has yet to address whether the official duty privilege applies to lower-ranking government officials."); and *Lum v. County of San Joaquin*, CIV. S-10-1807 LKK, 2012 WL 1027667, at *11 (E.D. Cal. Mar. 23, 2012) (District courts are not bound by decisions of state intermediate courts … where " the plain language of the statute simply does not support the intermediate court opinion.").

### CAUSE OF ACTION NO. 5: FALSE LIGHT INVASION OF PRIVACY

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, the individual defendants are entitled to absolute privilege for publications made in the proper discharge of an official duty (i.e., producing records in response to a public records request). (Civ. Code, § 47, subd. (a).)

**Our Response:**

- False Light Invasion of Privacy is a state cause of action.  Eleventh Amendment immunity doesn't apply.
- The individual Defendants are not immune under Civ. Code §  47(a). *See*, *e.g.*, *Frisk v. Merrihew*, 42 Cal. App. 3d 319, 323 (Cal. App. 1st Dist. 1974) ("absolute privilege is

FREEDOM X

Daniel S. Modafferi
MEYERS FOZI & DWORK LLP
May 23, 2022
Page 4 of 11

_____

extended only to high ranking federal and state officials"); school superintendent or secretary of a school board clearly outside cabinet level state officials); *see also Burgess v. Coronado Unified Sch. Dist.*, D076417, 2020 WL 7654236, at *6 (Cal. App. 4th Dist. Dec. 24, 2020), as modified on denial of reh'g (Jan. 11, 2021), review denied (Apr. 14, 2021) ("The California Supreme Court has yet to address whether the official duty privilege applies to lower-ranking government officials."); and *Lum v. County of San Joaquin*, CIV. S-10-1807 LKK, 2012 WL 1027667, at *11 (E.D. Cal. Mar. 23, 2012) (District courts are not bound by decisions of state intermediate courts … where " the plain language of the statute simply does not support the intermediate court opinion.").

## CAUSE OF ACTION NO. 6: PUBLIC DISCLOSURE OF PRIVATE FACTS

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, the individual defendants are entitled to absolute privilege for publications made in the proper discharge of an official duty (i.e., producing records in response to a public records request). (Civ. Code, § 47, subd. (a).)

**Our Response:**

- Public Disclosure of Private Facts is a state cause of action.  Eleventh Amendment immunity doesn't apply.
- The individual Defendants are not immune under Civ. Code §  47(a). *See*, *e.g*., *Frisk v. Merrihew*, 42 Cal. App. 3d 319, 323 (Cal. App. 1st Dist. 1974) ("absolute privilege is extended only to high ranking federal and state officials"); school superintendent or secretary of a school board clearly outside cabinet level state officials); *see also Burgess v. Coronado Unified Sch. Dist.*, D076417, 2020 WL 7654236, at *6 (Cal. App. 4th Dist. Dec. 24, 2020), as modified on denial of reh'g (Jan. 11, 2021), review denied (Apr. 14, 2021) ("The California Supreme Court has yet to address whether the official duty privilege applies to lower-ranking government officials."); and *Lum v. County of San Joaquin*, CIV. S-10-1807 LKK, 2012 WL 1027667, at *11 (E.D. Cal. Mar. 23, 2012) (District courts are not bound by decisions of state intermediate courts … where " the plain language of the statute simply does not support the intermediate court opinion.").

## CAUSE OF ACTION NO. 7: RETALIATION UNDER LABOR CODE §§ 98.6 & 1101

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, Labor Code, section 1101, on its

**FREEDOM X**

Daniel S. Modafferi
MEYERS FOZI & DWORK LLP
May 23, 2022
Page 5 of 11

_____

face, applies to an employer, not to individual non-employers such as the individual defendants. Finally, there is no individual liability under Labor Code, section 98.6. (*See U.S. ex rel. Lupo v. Quality Assurance Services, Inc.* (S.D. Cal. 2017) 242 F.Supp.3d 1020, 1030.)

**Our Response:**

- Violation of Labor Code sections is a state cause of action. Eleventh Amendment immunity doesn't apply.
- We agree to dismiss the individual Defendants from this cause of action.

**CAUSE OF ACTION NO. 8: RETALIATION UNDER LABOR CODE §§ 98.6 & 1102**

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, Labor Code, section 1102, on its face, applies to an employer, not to individual non-employers such as the individual defendants. Finally, there is no individual liability under Labor Code, section 98.6. (*See U.S. ex rel. Lupo v. Quality Assurance Services, Inc.* (S.D. Cal. 2017) 242 F.Supp.3d 1020, 1030.)

**Our Response:**

- Violation of Labor Code sections is a state cause of action. Eleventh Amendment immunity doesn't apply.
- We agree to dismiss the individual Defendants from this cause of action.

**CAUSE OF ACTION NO. 9: WRONGFUL TERMINATION**

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, as a matter of law, there can be no individual liability for wrongful termination. (*Miklosy v. Regents of Univ. of Cal.* (2008) 44 Cal.4th 876, 900-901.)

**Our Response:**

- Wrongful Termination is a state cause of action. Eleventh Amendment immunity doesn't apply.
- We agree to dismiss the individual Defendants from this cause of action.

FREEDOM X

Daniel S. Modafferi
MEYERS FOZI & DWORK LLP
May 23, 2022
Page 6 of 11

_____

### CAUSE OF ACTION NO. 10: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, as a matter of law, there can be no individual liability for wrongful termination. (*Miklosy v. Regents of Univ. of Cal.* (2008) 44 Cal.4th 876, 900-901.)

**Our Response:**

- Wrongful Termination in Violation of Public Policy is a state cause of action. Eleventh Amendment immunity doesn't apply.
- We agree to dismiss the individual Defendants from this cause of action.

### CAUSE OF ACTION NO. 11: RETALIATION UNDER LABOR CODE § 1102.5

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, there is no individual liability under Labor Code, section 1102.5. (*U.S. ex rel. Lupo v. Quality Assurance Services, Inc.* (S.D. Cal. 2017) 242 F.Supp.3d 1020, 1030.)

**Our Response:**

- Retaliation under Labor Code § 1102.5 is a state cause of action. Eleventh Amendment immunity doesn't apply.
- We agree to dismiss the individual Defendants from this cause of action.

### CAUSE OF ACTION NO. 12: CIVIL HARASSMENT UNDER CODE OF CIVIL PROCEDURE § 527.6

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, section 527.6 provides only for injunctive relief to prevent threatened future harm. (*Olson v. Doe* (2022) 12 Cal.5th 669, 673.) The courts have no authority under section 527.6 to redress past wrongs through damages or otherwise.

**FREEDOM X**

Daniel S. Modafferi
MEYERS FOZI & DWORK LLP
May 23, 2022
Page 7 of 11

_____

**Our Response:**

- Civil Harassment under Code of Civil Procedure § 527.6 is a state cause of action. Eleventh Amendment immunity doesn't apply.

- We have decided to dismiss this cause of action as to all Defendants.

**CAUSE OF ACTION NO. 13: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (Belanger v. Madera Unified School District (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, personnel decisions do not meet the outrageousness element of the IIED tort without more. "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." (*Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 80.) Finally, all tort claims against plaintiff's former supervisors and coworkers are barred by the exclusive remedy provisions of the Workers' Compensation Act. (Labor Code, § 3602.)

**Our Response:**

- Intentional Infliction of Emotional Distress is a state cause of action. Eleventh Amendment immunity doesn't apply.
- Kissner's reputational injury, his inability to find work, his alienation from his community and other injuries are not workplace injuries subject to the worker's compensation's exclusive remedy doctrine.

**CAUSE OF ACTION NO. 14: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, NIED is actionable only where the breach of an independent duty threatens physical injury to the plaintiff and not merely damage to property or financial interests. (*Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 985.) In addition, an employer's supervisory actions are inherently intentional and cannot support a cause of action for negligent infliction of emotional distress. (*Semore v. Pool* (1990) 217 Cal.App.3d 1087, 1105.) Finally, all tort claims against plaintiff's former supervisors and

FREEDOM X

Daniel S. Modafferi
MEYERS FOZI & DWORK LLP
May 23, 2022
Page 8 of 11

_____

coworkers are barred by the exclusive remedy provisions of the Workers' Compensation Act. (Labor Code, § 3602.)

**Our Response:**

- Negligent Infliction of Emotional Distress is a state cause of action. Eleventh Amendment immunity doesn't apply.
- In California, damages for negligently inflicted emotional distress may be recovered in the absence of physical injury or impact. The courts have held that "physical injury is not a prerequisite for recovering damages for serious emotional distress," especially where "there exists a 'guarantee of genuineness in the circumstances of the case.' " *Potter v. Firestone Tire & Rubber Co*., 6 Cal. 4th 965, 986 (1993).
- Kissner's reputational injury, his inability to find work, his alienation from his community and other injuries are not workplace injuries subject to the worker's compensation's exclusive remedy doctrine.
- We disagree with your interpretation of the *Semore* case, which cites to the Supreme Court case of *Cole v. Fair Oaks Fire Protec. Dist*., 43 Cal. 3d 148, 160 (1987). In that case, the Supreme Court held, in what sounds in dicta, that "adverse personnel decisions" are inherently intentional. However, it did not hold that all supervisor actions are inherently intentional.

**CAUSE OF ACTION NO. 15: NEGLIGENCE**

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, injuries caused by employment termination are not actionable under a negligence theory. (*Hine v. Dittrich* (1991) 228 Cal.App.3d 59, 65.) Finally, all tort claims against plaintiff's former supervisors and coworkers are barred by the exclusive remedy provisions of the Workers' Compensation Act. (Labor Code, § 3602.)

**Our Response:**

- Negligence is a state cause of action. Eleventh Amendment immunity doesn't apply.
- The Complaint does not allege Kissner's injuries were caused by his termination but by a series of acts.
- Kissner's reputational injury, his inability to find work, his alienation from his community and other injuries are not workplace injuries subject to the worker's compensation's exclusive remedy doctrine.

**FREEDOM X**

Daniel S. Modafferi
MEYERS FOZI & DWORK LLP
May 23, 2022
Page 9 of 11

_____

### CAUSE OF ACTION NO. 16: DUE PROCESS UNDER 42 USC § 1983 & CAL. CONST. ART. 1, § 7

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, there is no private right of action for damages under the due process provisions of article 1, section 7 of the California Constitution. (*Julian v. Mission Community Hospital* (2017) 11 Cal.App.5th 360, 391-392.) Finally, plaintiff cannot state a claim under the due process clause, because he received notice, a hearing, and the right to appeal.

**Our Response:**

- The District was not sued under the federal due process clause.
- Violation of the California Constitution is a state cause of action. Eleventh Amendment immunity doesn't apply to it.
- A cause of action for damages for alleged violations of California Constitution exists when such an action is tied to an established common law or statutory action. *Julian v. Mission Community Hosp.*, 11 Cal. App. 5th 360, 391 (Cal. App. 2d Dist. 2017), as modified on denial of reh'g (May 23, 2017). Kissner has tied his constitutional claims to common law and statutory actions.

### CAUSE OF ACTION NO. 17: EQUAL PROTECTION UNDER 42 USC § 1983 & CAL. CONST. ART. 1, § 7

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, there is no private right of action for damages under the equal protection provisions of article 1, section 7 of the California Constitution. (*Julian v. Mission Community Hospital* (2017) 11 Cal.App.5th 360, 391-392.)

**Our Response:**

- The District was not sued under the federal equal protection clause.
- Violation of the California Constitution is a state cause of action. Eleventh Amendment immunity doesn't apply to it.
- A cause of action for damages for alleged violations of California Constitution exists when such an action is tied to an established common law or statutory action. *Julian v. Mission Community Hosp.*, 11 Cal. App. 5th 360, 391 (Cal. App. 2d Dist. 2017), as modified on

**FREEDOM X**

Daniel S. Modafferi
MEYERS FOZI & DWORK LLP
May 23, 2022
Page 10 of 11

_____

> denial of reh'g (May 23, 2017). Kissner has tied his constitutional claims to common law and statutory actions.

## **CAUSE OF ACTION NO. 18: CIVIL RIGHTS CONSPIRACY UNDER 42 USC § 1983**

### **Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.) Furthermore, this claim is inappropriate against the individual District defendants, as they are alleged to have acted under color of state law and within the course and scope of their duties as school district officials. Conspiracy is a means for alleging section 1983 claims against non-state actors. "A private individual may be liable under § 1983 if she conspired or entered joint action with a state actor." (*Franklin v. Fox* (9th Cir. 2002) 312 F.3d 423, 441.) However, because all of the individual District defendants are alleged to have been state actors, the conspiracy claim is improper as against them.

### **Our Response:**

- Naming the District was an oversight. We agree to dismiss this cause of action against the District.
- Your citation to *Franklin* does not stand for the proposition that a 1983 civil conspiracy requires a non-state actor conspirator Defendant; it states only that a private individual "may be liable under § 1983." There is no requirement there be a private individual involved in the conspiracy. "State actors, acting in concert to deprive an individual of constitutional rights, may be held liable for conspiracy under § 1983." *Knapp v. Hickman*, CIV S05-2520 FCDCMKP, 2006 WL 2054060, at *3 (E.D. Cal. July 21, 2006); *Hoffman v. Halden*, 268 F.2d 280, 293 (9th Cir.1959) rev'd on other grounds, 300 F.2d 24, 30 (9th Cir.1962). "To establish liability for a conspiracy in a § 1983 case, a plaintiff must demonstrate the existence of an agreement or meeting of the minds" to violate constitutional rights. *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (cleaned up; citation omitted). "Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." *Id*. "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir.1989) (en banc).

**FREEDOM X**

Daniel S. Modafferi
MEYERS FOZI & DWORK LLP
May 23, 2022
Page 11 of 11

_____

### CAUSE OF ACTION NO. 19: BREACH OF CONTRACT

**Your contention:**

The District is immune from suit under the Eleventh Amendment. (*Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 254.)

**Our Response:**

Breach of contract is a state cause of action.  Eleventh Amendment immunity doesn't apply.

        **FREEDOM X**

        Sincerely,

        William J. Becker, Jr., Esq.