**P O R T E R | S C O T T**
A PROFESSIONAL CORPORATION
Lindsay A. Goulding, SBN 227195
Tatiana M. Bush, SBN 343503
350 University Avenue, Suite 200
Sacramento, California 95825
lgoulding@porterscott.com
tbush@porterscott.com
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
LAWRENCE MCVOY

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER, an individual, | CASE NO. 22-CV-00949-VKD |
| Plaintiff, | |
| v. | **DEFENDANT'S NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV. PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |
| LOMA PRIETA JOINT UNION SCHOOL DISTRICT, a California public agency; LISA FRASER, former superintendent at Loma Prieta Joint Union School District, in her official and individual capacities; COREY KIDWELL, former superintendent at Loma Prieta Joint School District, in her official and individual capacities; KEVIN GRIER, successor superintendent at Loma Prieta Joint School District, in his official capacity; BILLY MARTIN, principal of CT English Middle School, in his official and individual capacities; DEANA A. ARNOLD, Loma Prieta Joint Union School District trustee, in her official and individual capacities; BEN ABELN, Loma Prieta Joint Union School District trustee, in his official and individual capacities; RON BOURQUE, Loma Prieta Joint Union School District trustee, in his official and individual capacities; CHARLOTTE KHANDELWAL, Loma Prieta Joint Union School District trustee, in her official and individual capacities; ERIN | **Date:** July 26, 2022<br>**Time:** 10:00 a.m.<br>**Ctrm:** 2<br>**Judge:** Magistrate Virginia K. Demarchi<br><br>Complaint Filed: 3/20/2022 |

{02712029.DOCX}

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

ASHEGHIAN, Loma Prieta Joint Union School District trustee, in her official and individual capacities; PATRICIA ELLIOT, an individual; JOIE GRIMMET, an individual; LAWRENCE MCVOY, and individual, and DOES 1 through 50, inclusive,

Defendants.

_____/

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

{02712029.DOCX}

**DEFENDANT'S NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV. PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

## <u>TABLE OF CONTENTS</u>

NOTICE OF MOTION AND MOTION ..................................................................1

ISSUES TO BE DECIDED.................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................1

INTRODUCTION.................................................................................................1

EXTRINSIC DOCUMENTS ...............................................................................2

  A. Anti-SLAPP ..................................................................................................2

  B. Motion to Dismiss .........................................................................................3

  C. Application....................................................................................................3

RELEVANT FACTS ...........................................................................................4

ANTI-SLAPP SPECIAL MOTION TO STRIKE ...............................................8

LEGAL STANDARD ..........................................................................................8

  A. The Court Engages in A Two-Step Analysis To Determine Whether Plaintiff's
State Law Claims Are Subject to Dismissal Under Section 425.16 ...................10

    1. Step One: Plaintiff's state law claims arise from activity protected by
CCP Section 425.16..........................................................................................10

      a. Plaintiff's claims arise from acts in furtherance of the right of free
speech in connection with a public issue.............................................................11

        i. Plaintiff's claims arise from conduct in furtherance of speech .........................11

        ii. The challenged conduct is in connection with an issue of public interest.........12

    2. Step Two: Plaintiff's state law claims have no possibility of success on the merits........14

      a. Plaintiff cannot demonstrate a probability of prevailing on any of his claims ........14

        i. Plaintiff's defamation claim fails because McVoy's statement is a
nonactionable opinion...........................................................................................14

        ii. Plaintiff's false light invasion of privacy claim fails because read in
context with the McVoy's entire statement, McVoy outlines the basis of and
for his opinion and allows the reader to draw their own conclusions ...............17

        iii. Plaintiff's negligence claim fails because McVoy did not owe

i

Plaintiff a duty ............................................................................... 19

    iv. Plaintiff's intentional infliction of emotional distress claim

       fails because McVoy's statement was not extreme and outrageous ................ 20

    v. Plaintiff cannot plausibly allege McVoy caused Plaintiff's harm .................... 22

B. McVoy is Entitled to Attorneys' Fees for the Time Spent Preparing and Arguing

    This Special Motion to Strike ............................................................ 23

MOTION TO DISMISS ................................................................................ 24

LEGAL STANDARD .................................................................................... 24

A. Plaintiff Fails to State A Viable Defamation Claim Upon Which Relief Can

    be Granted Because McVoy's Statement Is A Nonactionable Opinion Shared Amidst

    Ongoing Public Debate .................................................................... 25

B. Plaintiff Fails to State A Viable False Light Invasion of Privacy Claim Upon

    Which Relief Can Be Granted Because McVoy Outlines The Basis For His Opinion

    To The Audience Thus Achieving First Amendment Protection ......................... 25

C. Plaintiff Fails to State A Viable IIED Claim Upon Which Relief Can Be

    Granted Because McVoy's Statement Is Not Extreme And Outrageous And

    Plaintiff Lacks Causation ................................................................. 26

D. Plaintiff Fails to State A Viable Negligence Claim Upon Which Relief Can Be

    Granted Because McVoy Owed No Duty to Plaintiff ................................... 26

CONCLUSION .......................................................................................... 26

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX: 916.927.3706

**DEFENDANT'S NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE
PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV.
PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

# <u>TABLE OF AUTHORITIES</u>

Cases

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................ 24

*Baker v. Los Angeles Herald Examiner,*
   42 Cal. 3d 254 (1986) ............................................................. 15

*Belen v. Ryan Seacrest Productions, LLC,*
   65 Cal. App. 5th 1145 (2021) ................................................. 13

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ................................................. 23, 24, 25

*Bernardo v. Planned Parenthood Fed. of Am.,*
   115 Cal. App. 4th 332 (2004) ................................................ 24

*Bill v. Superior Court (Vargas),*
   137 Cal. App. 3d 1003 (1982) ......................................... 19, 20

*Bock v. Hansen,*
   225 Cal. App. 4th 215 (2014) ................................................ 21

*Brass v. Am. Film Techs., Inc.,*
   987 F. 2d 142 (2d Cir. 1993) ................................................... 3

*Briggs v. Eden Council for Hope & Opportunity,*
   19 Cal. 4th 1106 (1999) ...................................................... 9, 10

*Brill Media Co., LLC v. TCW Group, Inc.,*
   132 Cal. App. 4th 324 (2005) ................................................ 10

*Campanelli v. Regents of Univ. of Cal.,*
   44 Cal. App. 4th 572 (1996) .................................................. 20

*Chambers v. Time Warner, Inc.,*
   282 F. 3d 147 (2d Cir. 2002) ................................................... 3

*Chapin v. Knight-Ridder, Inc.,*

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL. 916.929.1481
FAX. 916.927.3706

{02712029.DOCX}

iii

**DEFENDANT'S NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV. PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

993 F. 2d 1087 (4th Cir. 1993.)..................................................................... 25

*Cochran v. Cochran*,

   65 Cal. App. 4th 488 (1988).................................................................. 22

*Cortec Indus., Inc. v. Sum Holding L.P.*,

   949 F. 2d 42 (2d Cir. 1991) ..................................................................... 3

*Crouch v. Trinity Christian Center of Santa Ana, Inc.*,

   39 Cal. App. 5th 995 ............................................................................ 21

*Daniel v. Wayans*,

   8 Cal. App. 5th 367 (2017) .................................................................. 12

*Davidson v. City of Westminster*,

   32 Cal. 3d 197 (1982) .......................................................................... 22

*Dickens v. Provident Life & Accident Ins. Co.*,

   117 Cal. App. 4th 705 (2004) ................................................................ 9

*Doe v. GanglandProds., Inc.*,

   730 F. 3d 946 (9th Cir. 2013) .............................................................. 12

*Dove Audio, Inc., v. Rosenfeld, Meyer & Susman*,

   47 Cal. App. 4th 777 (1996) .................................................................. 8

*Dowling v. Zimmerman*,

   85 Cal. App. 4th 1400 (2001) ................................................................ 9

*Durning v. First Boston Corp.*,

   815 F. 2d 1265 (9th Cir. 1987)........................................................ 3, 4, 6

*Equilon Enterprises, LLC v. Consumer Cause, Inc.*,

   29 Cal. 4th 53 (2002)................................................................... 8, 9, 10

*Exline v. Gillmor*,

   67 Cal. App. 5th 129 (2021)................................................................ 13

*Ferlauto v. Hamsher*,

   74 Cal. App. 4th 1394 (1999)............................................................... 15

*Fields v. Legacy Health Sys.*,

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL. 916.929.1481
FAX: 916.927.3706

{02712029.DOCX}

iv

413 F. 3d 943 fn.5 (9th Cir. 2005) ............................................................................ 24

*Film On Inc. v. Double Verify Inc.*,

7 Cal. 5th 133 (2019)............................................................................................... 12

*Fox Searchlight Pictures, Inc. v. Paladino*,

89 Cal. App. 4th 294 (2001)..................................................................................... 12

*GLAAD*,

742 F. 3d............................................................................................................... 14

*Gregorian v. Nat'l Convenience Stores, Inc.*,

174 Cal. App. 3d 944 (1985)............................................................................ 19, 20

*Hilton v. Hallmark Cards*,

599 F. 3d 894 (9th Cir. 2010) ................................................................................. 11

*Hughes v. Pair*,

46 Cal. 4th 1035(2009)........................................................................................... 21

*Hunter v. CBS Broadcasting, Inc.*,

221 Cal. App. 4th 1510 (2013) ............................................................................... 12

*Jackson v. Mayweather*,

10 Cal. App. 5th 1240 (2017).......................................................................... 17, 18

*James v. Meow Media, Inc.*,

300 F. 3d 683 (6th Cir. 2002) ................................................................................. 19

*Jeppson v. Ley*,

44 Cal. App. 5th 845 (2020).................................................................................... 14

*Kahn v. Bower*,

232 Cal. App. 3d 1599 (1991).................................................................................. 15

*Kieu Hoang v. Phong Minh Tran*,

60 Cal. App. 5th 513 (2021).................................................................................... 13

*Koch v. Goldway*,

817 F. 2d 507 (9th Cir. 1987) ................................................................................. 20

*KOVR-TV, Inc. v. Superior Court*,

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL. 916.929.1481
FAX: 916.927.3706

{02712029.DOCX}

v

**DEFENDANT'S NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE
PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV.
PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

31 Cal. App. 4th 1023 (1995) ............................................................................... 21

*Martinez v. Metabolife Int'l, Inc.,*

   113 Cal. App. 4th 181 (2003) ............................................................................. 12

*McCollum v. CBS, Inc.,*

   202 Cal. App. 3d 989 (1988) ....................................................................... 19, 20

*Modisette v. Apple Inc.,*

   30 Cal. App. 5th 136 (2018) ............................................................................... 23

*Moldea v. New York Times Co.,*

   22 F. 3d 310 (D.C. Cir. 1994) ............................................................................ 18

*Molko v. Holy Spirit Ass'n,*

   46 Cal. 3d 1092 (1988) ....................................................................................... 22

*Moyer Amador Valley Joint Union High School Distr.,*

   *et al.,* 225 Cal. App. 3d 720 (1990) ..................................................................... 15

*N.Y. Times,*

   376 U.S. ............................................................................................................... 20

*Navellier v. Sletten,*

   29 Cal. 4th 82 (2002) .................................................................................... 10, 12

*Nygard, Inc. v. Uusi-Kerttula,*

   159 Cal. App. 4th 1027 (2008) .......................................................................... 12

*Okun v. Superior Court,*

   29 Cal. 3d 442, (1981) ....................................................................................... 15

*Ollman,*

   750 F. 2d ............................................................................................................. 20

*Park v. Bd. Of Trustees of California State University,*

   2 Cal. 5th 1057 (2017) ....................................................................................... 10

*Parrino v. FHP, Inc.,*

   146 F. 3d 699 (9th Cir. 1998) ............................................................................... 3

*Partington v. Bugliosi,*

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

{02712029.DOCX}

vi

56 F. 3d 1147 (9th Cir. 1995) ................................................................. 18, 25

*People ex rel. Fire Ins. Exchange v. Anapol*,

211 Cal. App. 4th 809 (2012) ........................................................................ 10

*PLCM Group, Inc. v. Drexler*,

22 Cal. 4th 1084 (2000) ................................................................................ 24

*Plotnik v. Meihaus*,

208 Cal. App. 4th 1590 (2012) ..................................................................... 21

*Polygram Records, Inc. v. Superior Court*,

170 Cal. App. 3d 543 (1985) ......................................................................... 15

*Potomac Valve & Fitting, Inc. v. Crawford Co.*,

829 F. 2d 1280 (4th Cir. 1987) ..................................................................... 25

*Raney v. Federal Bureau of Prisons*,

222 F. 3d 927 (Fed. Cir. 2000) ..................................................................... 24

*Ringler Assocs. Inc. v. Md. Cas. Co.*,

80 Cal. App. 4th 1165 (2000) ....................................................................... 15

*Rosenthal v. Great Western Fin. Securities*,

14 Cal. 4th 394 (1996) .................................................................................. 10

*Rowland v. Christian*,

69 Cal. 2d 108 (1968) ................................................................................... 19

*Sakiyama v. AMF Bowling Centers, Inc.*,

110 Cal. App. 4th 398 (2003) ....................................................................... 19

*Shekhter v. Financial Indem. Co.*,

89 Cal. App. 4th 141 (2001) ........................................................................... 9

*Sprewell v. Golden State Warriors*,

266 F. 3d 979 (9th Cir. 2001) ....................................................................... 24

*Sumner Peck Ranch v. Bureau of Reclamation*,

823 F. Supp. 715 (E.D. Cal. 1993) .................................................................. 3

*Sweetwater Union School Dist. v. Gilbane Building Co.*,

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

{02712029.DOCX}

**DEFENDANT'S NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE
PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV.
PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

6 Cal. 5th 931 (2019)................................................................................................ 3, 6

*Symonds v. Mercury Sav. & Loan Ass'n,*

(1990) 225 CA3d 1458, 275 CR 871 ......................................................................... 21

*Todd v. Lovecruft,*

2020 WL 60199 (N.D. Cal. Jan. 6, 2020) ................................................................. 11

*Tuchscher Dev. Enter. v. San Diego Unified Port Dist.,*

106 Cal. App. 4th 1219 (2003).................................................................................... 9

*United States v. Big D. Enterprises,*

184 F. 3d 924 (8th Cir. 1999)..................................................................................... 24

*United States v. Ritchie,*

342 F. 3d 903 (9th Cir. 2003)....................................................................................... 3

*Vernon v. City of L.A.,*

27 F. 3d 1385 (9th Cir. 1994).................................................................................... 14

*Vogel v. Felice,*

127 Cal. App. 4th 1006 (2005).................................................................................... 9

*Watters ex rel. Estate of Burnett v. TSR, Inc.,*

904 F. 2d 378 (6th Cir. 1990).................................................................................... 20

*Watts v. United States,*

394 U.S. 705 (1969) ................................................................................................... 20

*Wilcox v. Superior Court,*

27 Cal. App. 4th 809 fn. 2 (1994) ............................................................................... 8

*Williams ex rel. Tabiu v. Gerber Prods. Co,*

523 F. 3d 934 (9th Cir. 2008).................................................................................... 24

*Wilson v. Parker, Covert & Chidster,*

28 Cal. 4th 811 (2002)............................................................................................... 10

*Workman v. Colichman,*

33 Cal. App. 5th 1039 (2019)...................................................................................... 9

*Yurick v. Superior Court,*

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL. 916.929.1481
FAX: 916.927.3706

**DEFENDANT'S NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE
PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV.
PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

209 Cal. App. 3d 1116 (1989) ....................................................................... 21

*ZL Technologies, Inc. v. Does 1–7,*

    13 Cal. App. 5th 603 (2017) ..................................................................... 15

Statutes

Cal. Code Civ. Proc. § 425.16(e)(4) ............................................................. 12

California Code of Civil Procedure ("CCP") Section 425.16(b)(1)................ 2, 9, 10, 11

CCP § 425.16(a),(b)(2),(c),(e)(2),(3),(4)............................... 2, 8, 9, 10, 11, 24

Rules

FED. R. CIV. 12(b)(6) .......................................................................... passim

Federal Rule of Evidence ("FRE") 201(b)(2) .................................................. 3

Other Authorities

Rest. 2d Torts § 46 ......................................................................................... 29

Restatement Second, Torts § 625(E)(b) ........................................................ 23

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL. 916.929.1481
FAX: 916.927.3706

DEFENDANT'S NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE
PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV.
PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

## NOTICE OF MOTIONS AND MOTIONS

TO THE COURT, ALL COUNSEL AND PLAINTIFF DAVID KISSNER:

PLEASE TAKE NOTICE that, on July 26, 2022, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 2 of the San Jose Courthouse, 5th Floor, 280 South 1st Street, San Jose, California 95113, Defendant Lawrence McVoy will move this Court for an order dismissing Plaintiff David Kissner's claims as alleged against McVoy.

This motion is made on the grounds that Plaintiff fails to state viable claims for relief for two independent reasons: (1) the Second Amended Complaint ("SAC") targets activity protected under California's anti-SLAPP statute, and Plaintiff cannot meet his burden of establishing a probability of success as to any of his claims; and (2) Plaintiff in all events has failed to state any claim upon which relief can be granted.

These motions are based upon this Notice of Motions and Motions, the attached Memorandum of Points and Authorities, Declaration of Lindsay A. Goulding, Declaration of Larry McVoy, any papers filed in reply, all other papers and records on file in this matter, extrinsic documents relied upon by Plaintiff in his SAC and any other materials or arguments the Court may receive at or before the hearing on these Motions.

## ISSUES TO BE DECIDED

1. Whether Plaintiff's SAC should be stricken under California's Anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, *et seq*.

2. Whether all of Plaintiff's claims should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff's SAC alleges nineteen causes of action against fourteen separate defendants. Applicable causes of action against McVoy include defamation per se, false light invasion of privacy, civil harassment, intentional infliction of emotional distress and negligence. McVoy moves to strike Plaintiff's SAC pursuant to California Code of Civil Procedure ("CCP") Section 425.16(b)(1), on the ground that this is a SLAPP suit arising from McVoy's protected statements

{02712029.DOCX}

made in a public forum relating to a matter of public interest and an issue of public concern. Additionally, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6), McVoy moves to dismiss Plaintiff's SAC against him on the ground that it fails to state any claim upon which relief can be granted.

Moreover, CCP Section 425.l6(b)(1) presumptively applies to McVoy's alleged defamatory statements which directly relate to an ongoing matter of public interest and an issue of public concern, and under Section 425.16(b)(2), the burden shifts to Plaintiff to establish a substantial probability he will prevail on all of his causes of action against McVoy. Based upon the evidence, it is clear that Plaintiff is unable to meet his burden of establishing a *prima facie* case supporting his claims against McVoy because all of McVoy 's allegedly wrongful conduct arise from his statement of opinion in a public forum and was made in furtherance of ongoing public debate relating to a matter of public concern. Plaintiff's suit is a misguided attempt to quell McVoy's statutorily protected right to make statements in a public forum in connection with an issue of public interest, specifically the alleged ongoing inappropriate conduct of a trusted educator with children in the community pederasty: this is *exactly* the type of activity the California Supreme Court has held the Anti-SLAPP statute is meant to protect.

It is clear from the face of Plaintiff's SAC, the nature of the claims against McVoy and the applicable legal defenses that it cannot be saved by any amendment thus dismissal with prejudice and without leave to amend is appropriate. Accordingly, this Court should strike Plaintiff's SAC in its entirety as to causes of action alleged against McVoy without leave to amend pursuant to CCP Section § 425.l6(b)(l) and or FRCP 12(b)(6), and award mandatory attorney's fees and costs to McVoy under CCP Section 425.16(c).

## EXTRINSIC DOCUMENTS

### A. Anti-SLAPP

The California Supreme Court has held that California courts should accept the opponent's documentary evidence in an anti-SLAPP motion even if it would not be admissible at trial in the form offered so long as it is "reasonably possible that the evidence set out in those statements will be admissible at trial." *Sweetwater Union School Dist. v. Gilbane Building Co.*, 6 Cal. 5th 931, 949

{02712029.DOCX}

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

(2019).

**B. Motion to Dismiss**

There are three categories of extrinsic documents that can be considered on a 12(b)(6) motion. *First*, a court may consider documents that are either attached to the complaint or incorporated into it by reference. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F. 2d 42, 46-48 (2d Cir. 1991). *Second*, a court may consider extrinsic documents if they are integral to the complaint. *Id.* A document is integral to the complaint if the plaintiff relies on the document's terms and effect when drafting the complaint. *Chambers v. Time Warner, Inc.*, 282 F. 3d 147, 153 (2d Cir. 2002). The rationale underlying these exceptions is that a plaintiff cannot claim to lack notice of a document if it used the document when crafting the complaint. Accordingly, if a plaintiff relies upon an extrinsic document, but presents the document's facts in a misleading fashion, a defendant is free to rely upon that document in its 12(b)(6) motion. *Third*, a court may consider "matters of which judicial notice may be taken" pursuant to Federal Rule of Evidence ("FRE") 201(b). *Id.* (quoting *Brass v. Am. Film Techs., Inc.*, 987 F. 2d 142, 150 (2d Cir. 1993)). This exception allows a court to consider facts that are either generally known, or facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b)(2). Such facts can be considered on a motion to dismiss, just as they can be considered at any stage of the litigation.

A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F. 3d 903, 908 (9th Cir. 2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F. 3d 699, 706 (9th Cir. 1998). A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F. Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F. 2d 1265, 1267 (9th Cir. 1987)).

**C. Application**

Here, Plaintiff makes numerous references to the Commission on Professional Competence, Loma Prieta Joint Union School District's ("Commission") Amended Notice Of Intent To Dismiss;

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

1  Amended Statement of Charges ("Notice to Dismiss"), as well as the Commission's subsequent

2  Decision In the Matter of the Dismissal of: David Kissner, A Permanent Certified Employee,

3  Respondent; OAH No. 2021050291 ("Decision") throughout the SAC. See, generally, SAC §§ VI,

4  VII and Claims For Relief. Unfortunately, Plaintiff's references to these documents are often

5  mischaracterized.  Because these documents are integral to Plaintiff's SAC and Plaintiff relies on

6  these documents' terms and effect in drafting his SAC, these extrinsic documents are attached hereto

7  and cited when necessary.

8      Plaintiff also makes numerous references to the allegedly defamatory statement published

9  by McVoy but only includes a redacted version of that statement, rather than the statement in its

10 entirety. California courts have long held that alleged defamatory statements <u>must</u> be analyzed in

11 their entirety to determine whether the statement is a statement of fact or one of opinion.  See, infra,

12 § A(2)(a)(i). Because McVoy's statement is integral to Plaintiff's SAC and Plaintiff relies on this

13 statement in drafting his SAC, this extrinsic document is attached hereto and cited when necessary.

14 For transparency and completeness, the entire thread in which the subject statement was made is

15 included.

16                                   **<u>RELEVANT FACTS</u>**

17     Plaintiff was hired in 2012 by the Loma Prieta School District ("District") to teach math and

18 science at CT English Middle School. SAC ¶ 36. He remained employed in this position until the

19 District moved to dismiss him in February 2021. *Id.*

20     During his employment, Plaintiff became a very controversial and infamous figure within

21 the small community of Los Gatos ("Community"), particularly among those whose children

22 attended or were affected by District schools.  For example, Plaintiff became a household name in

23 the Community when students who decided to walkout from school on March 14, 2018, for a protest

24 on gun-rights were subject to—what many in the Community considered to be—inappropriate

25 discipline by Plaintiff in the form of receiving an 'F' grade for a quiz administered that day. See,

26 SAC § IV, The 2018 National School Walkout Controversy.

27     "It was not just angry parents who complained about Kissner's decision; staff, faculty and

28 District board members were also unhappy about it. With an April 20, 2018, additional nationwide

{02712029.DOCX}
                                        4

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL. 916.929.1481
FAX: 916.927.3706

walkout planned, Kissner took part in contentious discussions with the District over whether students would be allowed to participate." SAC ¶ 68. Controversy, public discourse, Community debate and public District Board of Trustees ("Board") meetings only grew more contentious from there.

"In late March or early April 2018, the Board received an anonymous letter making several serious allegations about Plaintiff's behavior outside the school setting." See, Decision ¶ 14. "Regardless of the author's motive, the allegations stated in the anonymous letter warranted investigation by the District." *Id.* at ¶ 15.

In November 2020 the Board approved a ballot initiative seeking to continue public funding via a parcel tax known as Measure N. SAC ¶ 159; see, also, *Id.* § V(A), Kissner Successfully Led Opposition To A District-Funding Tax Measure. "Respondent's advocacy against Measure N drew negative reactions from some community members, including from at least one member of the Board. Respondent experienced these reactions chiefly through social media and through gossip." Decision ¶ 22.

"In fall 2020, respondent recorded and released on social media a 37-minute video urging viewers to vote against Measure N. He spent much if not most of the video's duration explaining his continuing unhappiness about the spring 2018 political controversy, the anonymous letter, and the resulting investigations, and reiterating his unwillingness to put those conflicts to rest." Decision ¶ 74.

"In January 2021, after Measure N had been defeated and the District had lost its hoped-for public source of revenue, Kissner poked the bear again by leading an effort calling for a special election to fill a board vacancy." SAC ¶ 172. "Kissner's wife, Stacy, sought an elected position to fill the vacancy. The board moved instead to fill the position by appointment." SAC ¶ 173.

"On January 6, 2021, during a public board meeting, Kissner presented the trustees with a letter co-signed by other members of the community urging them not to fill the vacant position with an appointed figure but to approve a special election." SAC ¶ 174. The push for a special election caused greater animus and further debate within the Community once again. The Board eventually voted to appoint a replacement rather than holding a special election as Plaintiff and his supporters

desired. Decision ¶ 24.

"On or about February 12, 2021, Defendant District and Individual District Defendants served Kissner with a Notice [to Dismiss]." SAC ¶ 183. "On February 22, 2021, because the Board had voted to seek [Plaintiff]'s dismissal from employment, District administrators notified [Plaintiff]'s students' families that [Plaintiff] would be on leave for the rest of the 2020–2021 school year." Decision ¶ 25. This disclosure further fueled the public interest circulating about Plaintiff's controversial activities solidifying his infamy.

On October 4-28, 2021, the Commission held hearings on the matter of Plaintiff's dismissal. See, generally, Decision. The subsequent decision by the Commission to dismiss Plaintiff was effective December 7, 2021. *Id.* The Commission heard and considered evidence on the following allegations:[1]

i)      "Furnishing Alcohol To Teens". Decision at p. 7, Furnishing Alcohol To Teens; see, also, *Id.* ¶¶ 87, 91-93, 98, 9 fn.5, 100-102;

ii)     Traveling across state lines from California to Las Vegas, Nevada with children absent parental consent or notification. *Id.* ¶¶ 35-37;

iii)    Permitting children to wander the Las Vegas Strip without any supervision into the wee hours of the morning. *Id.* ¶¶ 37-45;

iv)     Conducting in-person teaching for District students at one or more locations outside District schools absent and in contrast to District approval. *Id.* ¶¶ 61-70;

v)      Contacting District students via their personal email accounts rather than using the approved school emails accounts as required by the District. *Id.* ¶ 58;

vi)     "[L]ack of professional boundaries or questionable teaching practices." *Id.* ¶ 71; see, also, *Id.* at fn. 4 (Plaintiff "admitted, for example, having offered a 'binder clip' to a middle school boy who had asked permission to leave class to use the restroom. [Plaintiff] did not say that he had told the boy directly to put the clip on his penis, but acknowledged that he had intended 'subtle innuendo.'")

Ultimately the Commission moved forward with dismissal of Plaintiff on the ground of

---

[1] Only allegations related to the current issues discussed in these motions are included here. For a complete listing of all allegations and evidence considered, please refer to the Decision.

{02712029.DOCX}                                    6

Plaintiff's "Evident Unfitness for Service." *Id.* at p. 30, ¶ 10 ("In light of the matters stated [ ] in Legal Conclusions [¶¶] 11 through 19, the conduct described in Findings [¶¶] 30 through 44 (taking four teens to Las Vegas and failing to supervise them properly), [¶¶] 51 through 69 (refusing to follow his superior]'s directives, and teaching a course that was not in the District's curriculum), [¶¶] 71 - 75 (resisting both supervision and cooperation), and [¶] 78 (communicating unprofessionally with parents) establishes [Plaintiff]'s evident unfitness for service.")

"On or about April 16, 2021, Defendant District and Individual District Defendants received a request for a copy of the [Commission's Notice to Dismiss] from an anonymous, fictitiously-named individual pursuant to the California Public Records Act. The request was served by email at or about 9:49 a.m. SAC ¶ 188.

On January 11, 2022, Allan Hessenflow published an initial post in the online "95033 Talk" Yahoo community forum ("online community forum"). The initial post included a copy of the Commission's Decision. McVoy, along with at least forty other Community members, all weighed in with their thoughts, opinions, allegations and defenses regarding Plaintiff's inappropriate behavior with children. See, *Kissner Dismissal*, "95033 Talk" Yahoo community forum, https://95033talk.groups.io/g/main/topic/88363249#122656 (last visited May 26, 2022) ("Community Forum Thread"). In its entirety, McVoy's statement reads:

> "Summary because I read it all looking for this:
> Respondent David Kissner is dismissed from his position as a permanent certificated employee ... due to evident unfitness for service.
>
> Finally, seems like what should have happened. And I say this as a dude that thought he was wrongly accused, then I learned more, and yeah, f*ck that guy, he's someone who was grooming kids.
> I can't prove that, but all the evidence points that way.
>
> The vast majority of teachers are awesome, they love their kids, they spend their own money on class supplys [sic], they protect those kids from crazy helicopter parents, or abusive parents, teachers rock. And should get paid more.
> Kissner guy was a train wreck waiting to happen."

See, Community Forum Thread, Reply No. 121751.

On March 20, 2022, Plaintiff filed his SAC.

On May 16, 2022, and May 23, 2022, Plaintiff and McVoy met and conferred regarding the

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

applicable causes of action. Plaintiff agreed to dismiss with prejudice the civil harassment, intentional infliction of emotional distress and civil rights conspiracy causes of action. This leaves the defamation per se, false light invasion of privacy and negligence causes of action against McVoy.

On May 26, 2022, at 10:09 a.m. Plaintiff's counsel informed defense counsel that dismissal of the intentional infliction of emotional distress claim was inadvertent. The same day he filed Notice of Voluntary Dismissal of Twelfth and Eighteenth Claims for Relief Against Lawrence McVoy Only dismissing civil harassment and civil conspiracy.

## ANTI-SLAPP SPECIAL MOTION TO STRIKE

## LEGAL STANDARD

A defendant may file a special motion to strike, where, as here, a plaintiff has filed a "meritless suit filed primarily to chill the defendant's exercise of First Amendment rights." *Dove Audio, Inc., v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 783 (1996) (quoting *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 815 fn. 2 (1994)) (disapproved on other grounds in *Equilon Enterprises, LLC v. Consumer Cause, Inc*., 29 Cal. 4th 53, 68 n.5 (2002)). CCP Section 425.16 authorizes a court to summarily dismiss such meritless suits.

The purpose of the statute is clear:

> The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process[.]

CCP § 425.16(a).

Under Section 425.16, any claim "arising from any act . . . in furtherance of the . . . right of petition or free speech . . ." in connection with a public issue <u>must</u> be stricken unless the court finds a "probability" that the plaintiff will prevail on the particular claim alleged. CCP § 425.16(b); *Equilon*, 29 Cal. 4th at 65; *Dowling v. Zimmerman*, 85 Cal. App. 4th 1400, 1415 (2001); see, also, *Workman v. Colichman*, 33 Cal. App. 5th 1039, 1048 (2019) ("To be considered an issue of public

interest, the communication must 'go beyond the parochial particulars of the given parties'"). Section 425.16 also provides:

> As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

CCP § 425.16(b).

Courts construe Section 425.16 broadly to protect the constitutional rights of free speech and petition. CCP § 425.16(a); *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1119-1121 (1999). Section 425.16 applies to all "causes of action, regardless of the underlying theories of recovery, insofar as they are 'based on an act in furtherance of the defendant's right of petition or free speech.'" *Vogel v. Felice*, 127 Cal. App. 4th 1006, 1016 (2005) (striking claims for libel, false light invasion of privacy, intentional and negligent infliction of emotional distress and negligent damage to reputation); *Dickens v. Provident Life & Accident Ins. Co.*, 117 Cal. App. 4th 705, 716 (2004) (striking malicious prosecution action based on underlying participation in procuring criminal prosecution); *Tuchscher Dev. Enter. v. San Diego Unified Port Dist.*, 106 Cal. App. 4th 1219, 1232 (2003) ("The statute's definitional focus is not on the form of the plaintiff's cause of action but rather the defendant's activity giving rise to his or her asserted liability and whether that activity constitutes protected speech or petitioning"). Finally, the statute allows a court to strike one or more of multiple causes of action. CCP § 425.16(b)(1); *Shekhter v. Financial Indem. Co.*, 89 Cal. App. 4th 141, 150 (2001).

"[T]he focus [of an anti-SLAPP motion] is on determining what 'the defendant's activity [is] that gives rise to his or her asserted liability – and whether that activity constitutes protected speech or petitioning.'" *Park v. Bd. Of Trustees of California State University*, 2 Cal. 5th 1057, 1063

{02712029.DOCX}

9

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL. 916.929.1481
FAX: 916.927.3706

1   (2017), quoting *Navellier v. Sletten*, 29 Cal. 4th 82, 92 (2002). The Anti-SLAPP statute applies to

2   any claim. See, *People ex rel. Fire Ins. Exchange v. Anapol*, 211 Cal. App. 4th 809, 823 (2012)

3   ("There is simply no authority for creating a categorical exception [from the Anti-SLAPP law] for

4   any particular type of claim…").

5   **A. The Court Engages In A Two-Step Analysis To Determine Whether Plaintiff's State Law**

6   **Claims Are Subject to Dismissal Under Section 425.16.**

7        Once a special motion to strike is filed, the Court must perform a two-part analysis. *First*,

8   the Court must determine whether the defendant has sustained its burden of showing that the lawsuit

9   arises from protected activity under Section 425.16. The defendant has the initial burden of making

10  a *prima facie* showing that the plaintiff's cause of action arises out of "an act in furtherance of a

11  person's right of petition or free speech under the United States or California Constitution in

12  connection with a public issue." CCP § 425.16(b)(1); *Equilon*, 29 Cal. 4th at 67; *Briggs*, 19 Cal. 4th

13  at 1115. The statute explicitly covers, *inter alia*, "any . . . oral statement made in connection with

14  an issue under consideration of review by a . . . judicial body, or any other official proceeding

15  authorized by law." CCP § 425.16(e)(2). "In determining whether a defendant sustained its initial

16  burden of proof, the court relies on the pleadings and declarations or affidavits." *Brill Media Co.,*

17  *LLC v. TCW Group, Inc.*, 132 Cal. App. 4th 324, 330 (2005); CCP § 425.16(b)(2).

18       *Second*, once the defendant makes its *prima facie* showing, the burden then shifts to the

19  plaintiff to establish a probability of success on the merits. Cal. Code Civ. Proc. § 425.16(b)(1);

20  *Equilon*, 29 Cal. 4th at 67; *Briggs*, 19 Cal. 4th at 1115. To meet this burden, the plaintiff must state

21  and substantiate a legally sufficient claim. *Rosenthal v. Great Western Fin. Securities*, 14 Cal. 4th

22  394, 412 (1996). "Put another way, the plaintiff 'must demonstrate that the complaint is both legally

23  sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment

24  if the evidence submitted by the plaintiff is credited.'" *Wilson v. Parker, Covert & Chidster*, 28 Cal.

25  4th 811, 821 (2002).

26       **1. Step One: Plaintiff's state law claims arise from activity protected by CCP Section**

27  **425.16.**

28       All of Plaintiff's state law claims against McVoy—defamation per se, false light invasion

of privacy and negligence—arise out of the statement made by McVoy on January 11, 2022. In its entirety the post reads:

> "Summary because I read it all looking for this:
> Respondent David Kissner is dismissed from his position as a permanent certificated employee ... due to evident unfitness for service.
>
> Finally, seems like what should have happened happened [sic]. And I say this as a dude that thought he was wrongly accused, then I learned more, and yeah, f*ck that guy, he's someone who was grooming kids.
> I can't prove that, but all the evidence points that way.
>
> The vast majority of teachers are awesome, they love their kids, they spend their own money on class supplys [sic], they protect those kids from crazy helicopter parents, or abusive parents, teachers rock. And should get paid more.
> Kissner guy was a train wreck waiting to happen."

See, Community Forum Thread, Reply No. 121751. McVoy's statement, shared in the online Community forum in response to the disclosure of the Commission's Decision, falls squarely within Section 425.16(e)(3) and (4). McVoy, along with many other Community members, shared his statement in the midst of an ongoing public debate concerning a public interest: the various allegations of Plaintiff's misconduct with children and pederasty.

### a. Plaintiff's claims arise from acts in furtherance of the right of free speech in connection with a public issue.

At step one, the defendant must make a *prima facie* showing that the asserted claims arise from protected activity. The anti-SLAPP statute protects any "act ... [1] in furtherance of [a] person's right of petition or free speech under the United States or California Constitution [2] in connection with a public issue." Cal. Code Civ. Proc. § 425.16(b)(1). Plaintiff's claims satisfy both elements.

#### *i. Plaintiff's claims arise from conduct in furtherance of speech.*

Whether the challenged activity is "in furtherance" of speech has been "interpreted ... rather loosely," *Hilton v. Hallmark Cards*, 599 F. 3d 894, 903-04 (9th Cir. 2010), and "[t]he defendant's burden on this step 'is not a particularly demanding one.'" *Todd v. Lovecruft*, 2020 WL 60199, at *11 (N.D. Cal. Jan. 6, 2020) (quoting *Daniel v. Wayans*, 8 Cal. App. 5th 367, 387 (2017)). The first prong sweeps broadly to capture more than just speech that is "constitutionally protected under the

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

{02712029.DOCX}

11

DEFENDANT'S NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE
PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV.
PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

of privacy and negligence—arise out of the statement made by McVoy on January 11, 2022. In its entirety the post reads:

> "Summary because I read it all looking for this:
> Respondent David Kissner is dismissed from his position as a permanent certificated employee ... due to evident unfitness for service.
>
> Finally, seems like what should have happened happened [sic]. And I say this as a dude that thought he was wrongly accused, then I learned more, and yeah, f*ck that guy, he's someone who was grooming kids.
> I can't prove that, but all the evidence points that way.
>
> The vast majority of teachers are awesome, they love their kids, they spend their own money on class supplys [sic], they protect those kids from crazy helicopter parents, or abusive parents, teachers rock. And should get paid more.
> Kissner guy was a train wreck waiting to happen."

See, Community Forum Thread, Reply No. 121751. McVoy's statement, shared in the online Community forum in response to the disclosure of the Commission's Decision, falls squarely within Section 425.16(e)(3) and (4). McVoy, along with many other Community members, shared his statement in the midst of an ongoing public debate concerning a public interest: the various allegations of Plaintiff's misconduct with children and pederasty.

### a. Plaintiff's claims arise from acts in furtherance of the right of free speech in connection with a public issue.

At step one, the defendant must make a *prima facie* showing that the asserted claims arise from protected activity. The anti-SLAPP statute protects any "act ... [1] in furtherance of [a] person's right of petition or free speech under the United States or California Constitution [2] in connection with a public issue." Cal. Code Civ. Proc. § 425.16(b)(1). Plaintiff's claims satisfy both elements.

#### *i. Plaintiff's claims arise from conduct in furtherance of speech.*

Whether the challenged activity is "in furtherance" of speech has been "interpreted ... rather loosely," *Hilton v. Hallmark Cards*, 599 F. 3d 894, 903-04 (9th Cir. 2010), and "[t]he defendant's burden on this step 'is not a particularly demanding one.'" *Todd v. Lovecruft*, 2020 WL 60199, at *11 (N.D. Cal. Jan. 6, 2020) (quoting *Daniel v. Wayans*, 8 Cal. App. 5th 367, 387 (2017)). The first prong sweeps broadly to capture more than just speech that is "constitutionally protected under the

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

{02712029.DOCX}

11

DEFENDANT'S NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE
PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV.
PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

First Amendment as a matter of law." *Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294, 305 (2001). Conduct that advance or assists expressive activity also "qualifies as a form of protected activity" under the statute. *Hunter v. CBS Broadcasting, Inc.*, 221 Cal. App. 4th 1510, 1521 (2013).

"[T]he form of the plaintiff's cause of action" does not control. *Navellier v. Sletten*, 29 Cal. 4th 82, 92 (2002). Rather, the analysis on the first step turns on the "activity that gives rise to [the] asserted liability-and whether that activity constitutes protected speech or petitioning." *Id.* Courts therefore look to the "principal thrust or gravamen" of the claim. *Martinez v. Metabolife Int'l, Inc.*, 113 Cal. App. 4th 181, 188 (2003). This standard is generally satisfied where "but for" the defendant's speech-related activity, the claim would have no basis. See, e.g*., Doe v. GanglandProds., Inc.*, 730 F. 3d 946, 955 (9th Cir. 2013) (citing *Navellier*, 29 Cal. 4th at 90) (concluding producers of documentary television series had met their burden under first step because "[b]ut for the [television] broadcast and [their] actions in connection with that broadcast, [p]laintiff would have no reason to sue"). Here, Plaintiffs' theories of liability plainly arise from acts in furtherance of McVoy's right of free speech.

### *ii. The challenged conduct is in connection with an issue of public interest.*

Plaintiff's claims target McVoy's free-speech activities "in connection with a public issue or an issue of public interest." Cal. Code Civ. Proc. § 425.16(e)(4). The public interest requirement is broadly construed. See, *Id.* § 425.16(a). <u>Any issue</u> "in which the public takes an interest" will suffice, *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1042-43 (2008), so long as there is "<u>some</u> degree of closeness" between that public issue and the challenged conduct, *Film On Inc. v. Double Verify Inc.*, 7 Cal. 5th 133, 150 (2019). The speech at issue here easily falls within this broad standard.

The SAC makes clear on its face that Plaintiff has been the subject of widespread public controversy, debate and interest. See, e.g., SAC § II(F), Kissner's Reputation Was Marred By An Incident In 2016 When He Admitted To Sharing A Sip Of Whiskey With A Minor During A Wilderness Camping Excursion"); *Id.* ¶ 110 ("On March 20, 2018 … the District received an anonymous letter falsely accusing Kissner of child 'grooming' behavior."); *Id.* ¶ 112 ("On April 30,

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL. 916.929.1481
FAX: 916.927.3706

350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
PORTER | SCOTT

2018, the District notified Kissner he was being placed on paid administrative leave pending an investigation into 'inappropriate interactions with minors.'"; see, also, *Id.* ¶¶ 122, 138, 140, 144, 149, 151, 153, 222, 223, 225, 226, 227, 230 (describing the <u>plethora</u> of District investigations into the numerous allegations of misconduct with various children spanning many years, how these investigations became public knowledge and the public uproar following); *Id.* ¶ 120 (describing the public uproar during and surrounding the location of a public Board meeting where Plaintiff criticized the Board); *Id.* ¶ 121 (describing arguments on school grounds regarding Plaintiff where Sheriffs were called to respond); and *Id.* § VIII, The District Amended The Statement Of Charges After Receiving An Additional Complaint That He Had Given Alcohol To Two Teenaged Boys Two Years Earlier.

The large number of interested Community members and the public discourse surrounding the long list of allegations against Plaintiff in reference to his inappropriate conduct with children are enough to satisfy the public interest requirement. See, *Exline v. Gillmor*, 67 Cal. App. 5th 129, 138 (2021) review denied (Nov. 17, 2021) ("Whether a lawsuit falls within the public interest exemption of section 425.17(b) is 'a threshold issue, and we address it prior to examining the applicability of section 425.16.'"); *Belen v. Ryan Seacrest Productions, LLC* 65 Cal. App. 5th 1145, 1158 (2021), review denied (Oct. 13, 2021) ("While section 425.16 does not define the term 'public interest,' it does instruct us to construe the statute broadly and provides that 'it is in the public interest to encourage continued participation in matters of public significance.' [Citation.] Further, an issue of public interest is any issue in which the public is interested, and the issue need not be significant to be protected by the anti-SLAPP statute."); *Kieu Hoang v. Phong Minh Tran*, 60 Cal. App. 5th 513, 529 (2021) ("'it is not enough that the statement refer to a subject of widespread public interest'; the statement must in some manner itself contribute to the public debate. In determining whether the statement contributed to the public debate, '[w]e are not concerned with the social utility of the speech at issue, or the degree to which it propelled the conversation in any particular direction; rather, we examine whether a defendant—through public or private speech or conduct—participated in, or furthered, the discourse that makes an issue one of public interest.'"); contra *Jeppson v. Ley*, 44 Cal. App. 5th 845 (2020) ("Neighbor's post about another neighbor on

1   neighborhood website, stating that there was a trespassing and vandalism case against other

2   neighbor and warning readers that other neighbor intended to resolve disputes with gun violence,

3   did not raise an issue of 'public interest' within meaning of anti-SLAPP [ ] statute, where neither

4   neighbor was in the public eye, none of their acts directly affected a large number of people, and

5   post was part of a tiff between neighbors that remained … private.")

6       By Plaintiff's own admission, the uproar surrounding his controversial actions and

7   inappropriate behavior with children naturally created public debate lasting years "with a large

8   segment of the Los Gatos community and created outspoken divisiveness in the small community

9   on social media." SAC ¶ 163. To date, this Community continues to remain heavily engaged in

10  discussions around the safety of its children with regard to Plaintiff. Therefore, Defendants have

11  met their *prima facie* burden under the first prong of the analysis, and the burden now shifts to

12  Plaintiff to try and show a probability of success on the merits.

13      **2. Step Two: Plaintiff's state law claims have no possibility of success on the merits.**

14      Under the second prong of the anti-SLAPP analysis, the burden shifts to Plaintiff to show a

15  probability of success on the merits. Plaintiff cannot do so for multiple reasons.

16      **a. Plaintiff cannot demonstrate a probability of prevailing on any of his claims.**

17      Because step one is satisfied, Plaintiff must "demonstrate a probability of prevailing on the

18  merits" of his defamation *per se*, false light invasion of privacy and negligence claims. *GLAAD*, 742

19  F. 3d at 422. Plaintiff cannot meet this burden for multiple reasons. In addition to being barred by

20  the First Amendment, Plaintiff's claims fail under state law as his claims all fail under substantive

21  principles of California law. Deferring to the principle of constitutional avoidance, we discuss the

22  state law grounds for dismissal before addressing the First Amendment. See, *Vernon v. City of L.A.*,

23  27 F. 3d 1385, 1391-92 (9th Cir. 1994) (under the constitutional avoidance doctrine, courts "avoid

24  adjudication of federal constitutional claims when alternative state grounds are available").

25          *i. Plaintiff's defamation claim fails because McVoy's statement is a*

26          *nonactionable opinion.*

27      "To sustain a cause of action for defamation, a plaintiff must demonstrate the intentional

28  publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure

or which causes special damage." *Ringler Assocs. Inc. v. Md. Cas. Co.,* 80 Cal. App. 4th 1165, 1179 (2000). "The question whether challenged statements convey the requisite factual imputation is ordinarily a question of law for the court." *Kahn v. Bower*, 232 Cal. App. 3d 1599, 1608 (1991), rehearing denied and opinion modified (Sept. 6, 1991); see, also, *Moyer Amador Valley Joint Union High School Distr., et al.,* 225 Cal. App. 3d 720, 724 (1990); *Baker v. Los Angeles Herald Examiner*, 42 Cal. 3d 254, 260 (1986); *Okun v. Superior Court*, 29 Cal. 3d 442, 454, 459, (1981); *Polygram Records, Inc. v. Superior Court*, 170 Cal. App. 3d 543, 551 (1985). "The critical determination of whether an allegedly defamatory statement constitutes fact or opinion is a question of law for the court [citation] and therefore suitable for resolution by demurrer." *Ferlauto v. Hamsher*, 74 Cal. App. 4th 1394, 1401 (1999).

In determining whether the statement is one of opinion or fact, California courts have applied the totality of circumstances test to see if an alleged defamatory statement is actionable. *Ferlauto v. Hamsher*, 74 Cal. App. 4th 1394, 1401 (1999). As part of the totality of circumstances analysis, courts have considered whether the statements were made by participants in the adversarial setting. "'[W]here potentially defamatory statements are published in a … setting in which the audience may anticipate efforts by the parties to persuade others to their positions by use of epithets, fiery rhetoric or hyperbole, language which generally might be considered as statements of fact <u>may well assume the character of statements of opinion</u>.' [Citation.]" *Id.* at p. 1401 (emphasis added).

"For words to be defamatory, they must be understood in a defamatory sense. Where the language of the statement is 'cautiously phrased in terms of apparency,' the statement is less likely to be reasonably understood as a statement of fact rather than opinion." *Baker*, 42 Cal. 3d at p. 260 (1986). "Use of 'hyperbolic, informal' '"crude, [or] ungrammatical" language, satirical tone, [or] vituperative, "juvenile name-calling"' provide support for the conclusion that <u>offensive comments were nonactionable opinion</u>. Similarly, overly vague statements, and '"generalized" comments … "lack[ing] any specificity as to the time or place of" alleged conduct may be a "further signal to the reader there is no factual basis for the accusations."'" *ZL Technologies, Inc. v. Does 1–7*, 13 Cal. App. 5th 603, 624 (2017) (citations omitted) (emphasis added).

Plaintiff alleges "McVoy defamed Kissner by asserting as fact that Kissner is 'someone who

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

1   was grooming kids' and that 'all the evidence points that way.'" FAC ¶ 284. This is not accurate.

2   The redacted version of McVoy's allegedly defamatory statement does not permit the Court to

3   analyze the totality of the circumstances in which McVoy published the statement. Specifically,

4   Plaintiff's redacted version abandons the context in which the statement was published (i.e., an

5   ongoing, heated and adversarial public debate centered around pedastry), the audience absorbing

6   the statement (i.e., Community members with a significant interest in the public matter of concern),

7   the speaker (i.e., same) and the readers (i.e., same).

8       Here, McVoy made his statement in an online Community forum. In said forum, many

9   Community members were reacting to an initial post which made public the Commission's

10  Decision. The online Community forum created an adversarial setting which mirrored the already

11  contentious environment in which the Community had been engaging in public and private debates

12  about Plaintiff, as well as public and private gossip about Plaintiff. McVoy, along with the forty

13  other Community members who responded affirmatively and negatively to the initial post sharing

14  the Commission's Decision, were all simultaneously sharing their opinions in the ongoing debate

15  about Plaintiff's inappropriate behavior with children and pedastry. Some members in the online

16  Community forum publicly voiced their defense for Plaintiff. Others, like McVoy, publicly voiced

17  their disdain for Plaintiff. Many of these posts and statements published potentially defamatory

18  statements as the public debate raged on. There are likely more forum members who read and

19  discussed the thread off-line, further augmenting public interest.

20      As with any other public debate relating to matters of public concern and public interest, this

21  debate involved some hyperbolic and crude language as members, McVoy included, shared their

22  opinions with the Community audience in their efforts to persuade others to their positions. As such,

23  all of the statements made in this public, online Community forum—McVoy's statement included—

24  "well assume the character of statements of opinion" because the "statements [were] published in a

25  setting in which the audience [clearly] anticipate[d] efforts by the [commentors] to persuade others

26  to their positions." *Ferlauto*, 74 Cal. App. 4th at p. 1401. Stated another way, taking into

27  consideration the totality of the circumstances surrounding the ongoing public debates and

28  significant public interest regarding Plaintiff (i.e., the context, the audience, the speakers, the

readers, et cetera), these public statements—including McVoy's—are nonactionable opinions published in the engagement of a heated public debate regarding a matter of public interest: pedastry.

### ii. Plaintiff's false light invasion of privacy claim fails because read in context with the McVoy's entire statement, McVoy outlines the basis of and for his opinion and allows the reader to draw their own conclusions

"'False light' is a species of invasion of privacy, based on publicity that places a plaintiff before the public in a false light that would be highly offensive to a reasonable person, and where the defendant knew or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1264 (2017).

Generally, in order to establish a claim for false light invasion of privacy, the plaintiff must establish that the defendant had knowledge of the falsity of the representation on which the claim is based or acted in reckless disregard as to its truth or falsity. See, Restatement Second, Torts § 625(E)(b). This requires plaintiff to plead facts sufficient to show that defendant had knowledge of the falsity yet published the statement anyway. Plaintiff must make a similar showing to prove the statement to be "highly offensive to a reasonable person."

Here, McVoy's statement was made in response to the initial post sharing the Commission's Decision. Plaintiff fails to any assert facts necessary to show that McVoy had knowledge of the falsity of his statement when McVoy made the statement. Rather, Plaintiff relies on a mere conclusory assertion that stating that "McVoy defamed Kissner by asserting as fact that Kissner is 'someone who was grooming kids' and that 'all of the evidence points that way.'" However, McVoy's statement is more nuanced than Plaintiff's conclusory assertion. In his statement, McVoy informs the audience that he is providing a "[s]ummary of the [Commission's Decision because [he] read it all look for [the conclusion of the hearing]." The conclusion of the hearing informs readers that Plaintiff "is dismissed from his position … due to evident unfitness for service." McVoy then shares his opinion of the result of Plaintiff's dismissal stating: "Finally, seems like what should have happened happened(sic). And I say this as a dude that thought he was wrongly accused, then I learned more, and yeah, f*ck that guy, he's someone who was grooming kids. I can't prove that, but

{02712029.DOCX}

**DEFENDANT'S NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV. PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

all the evidence points that way." See, Community Forum Thread.

"[W]hen a speaker outlines the factual basis for his conclusion, his statement is protected by the First Amendment … [b]ecause the bases for the ... conclusion are fully disclosed, no reasonable reader would consider the term anything but the opinion of the author drawn from the circumstances related." *Partington v. Bugliosi*, 56 F. 3d 1147, 1156 (9th Cir. 1995). Here, McVoy clearly outlines the factual basis for his conclusion by first summarizing the Commission's Decision before providing his opinion. "Read[] … in context [with the Commission's Decision], the statements themselves, as well as the implications that [McVoy] attributes to them, do not represent assertions of objective fact." *Id.*

McVoy goes on to add another opinion about teachers in general, stating: "The vast majority of teachers are awesome, they love their kids, they spend their own money on class supplys [sic], they protect those kids from crazy helicopter parents, or abusive parents, teachers rock. And should get paid more. Kissner guy was a train wreck waiting to happen." See, Community Forum Thread. "Because the reader understands that such supported opinions represent the writer's interpretation of the facts presented, and because the reader is free to draw his or her own conclusions based upon those facts, this type of statement is not actionable in defamation." *Moldea v. New York Times Co.*, 22 F. 3d 310, 317 (D.C. Cir. 1994).

Furthermore, McVoy's use of the word "seems" acknowledges to the audience that he is sharing his understanding of the information he is responding to. This is a mitigating action by McVoy to qualify his statement in a way which suggests McVoy is merely sharing his opinion and not making a statement of fact.

Additionally, "[w]hen a false light claim is coupled with a defamation claim, [as is here,] the false light claim is essentially superfluous and stands or falls on whether it meets the same requirements as the defamation cause of action." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1264 (2017). As explained above, plaintiff is unable to make a sufficient showing of all elements necessary for a defamation cause of action. For these same reasons, plaintiff's claim of false light invasion of privacy claim is equally void of merit. Thus, plaintiff's false light invasion of privacy claim fails again.

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

*iii. Plaintiff's negligence claim fails because McVoy did not owe Plaintiff a duty.*

The "*sine qua non* of any negligence action is, of course, the existence of a duty of care owed by the alleged wrongdoer to the person injured." *Gregorian v. Nat'l Convenience Stores, Inc.*, 174 Cal. App. 3d 944, 948 (1985). Plaintiff's negligence claim falls apart at this threshold element.

Whether a plaintiff is owed a duty is a threshold question that can be decided as a matter of law. See, e.g., *McCollum v. CBS, Inc.,* 202 Cal. App. 3d 989, 1004 (1988); *Bill v. Superior Court (Vargas)*, 137 Cal. App. 3d 1003, 1009 (1982). The imposition of a duty "is the court's expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." *Sakiyama v. AMF Bowling Centers, Inc.*, 110 Cal. App. 4th 398, 405 (2003). Courts use the policy considerations inherent in the duty analysis to serve "as a gatekeeper for the otherwise extremely broad concept of negligence." *James v. Meow Media, Inc.*, 300 F. 3d 683, 692 (6th Cir. 2002). Under California law, duty can be established through either the multi-factor duty analysis set forth in *Rowland v. Christian*, 69 Cal. 2d 108 (1968), or by establishing the existence of a "special relationship." Under either test, McVoy owed no duty to the Plaintiff.

The factors balanced in the *Rowland* analysis include "the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, [and] the extent of the burden to the defendant and consequences to the community of imposing a duty." *Rowland*, 69 Cal. 2d at 112-13. Although foreseeability is a "primary consideration" in this analysis, foreseeability is not "synonymous with duty." *Sakiyama*, 110 Cal. App. 4th at 407 (citation omitted). Rather, "policy considerations may dictate a cause of action should not be sustained no matter how foreseeable the risk." *Id.* (citation omitted). Ultimately, then, foreseeability is "an elastic factor." *McCollum*, 202 Cal. App. 3d at 1004 (citation omitted). "[I]n cases where the burden of preventing future harm is great, a high degree of foreseeability may be required." *Id.* (citation omitted).

The multi-factor *Rowland* analysis, and its underlying foreseeability inquiry, is a pure question of law when "there is no room for a reasonable difference of opinion." *Gregorian*, 174 Cal.

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

App. 3d at 948. There can be no reasonable difference of opinion here. Recognizing a duty on the facts where McVoy was one of the many Community members engaged in ongoing public debate via the online Community forum regarding Plaintiff's misconduct with children would "stretch the concepts of foreseeability and ordinary care to lengths that would deprive them of all normal meaning." *Watters ex rel. Estate of Burnett v. TSR, Inc.*, 904 F. 2d 378, 381 (6th Cir. 1990). This is especially so because of the chilling effects that would ensue from recognizing such a duty. See, *Id.* ("The only practicable way of [e]nsuring [media] could never reach a 'mentally fragile' individual would be to refrain from selling it at all."). Similarly, here the only practicable way of ensuring public debate could never reach a mentally fragile individual like Plaintiff would be to shut down the internet and prohibit all necessary public discussion on issues of public interest which may hurt someone's feelings.

It is beyond cavil that "debate on public issues should be uninhibited, robust, and wide-open," *N.Y. Times*, 376 U.S. at 270, and courts go so far as to say that "the language of the political arena" can even be "vituperative" or "inexact," *Watts v. United States*, 394 U.S. 705, 708 (1969). Thus, accusations made "in the contest of political, social or philosophical debate" are understood to be opinion. *Ollman*, 750 F. 2d at 987 (citation omitted); *Koch v. Goldway*, 817 F. 2d 507, 509 (9th Cir. 1987); *Campanelli v. Regents of Univ. of Cal.*, 44 Cal. App. 4th 572, 578 (1996). The countervailing First Amendment concerns mean a "high degree of foreseeability" is necessary to impose a duty here. *McCollum*, 202 Cal. App. 3d at 1004; accord *Bill*, 137 Cal. App. 3d at 1013. Plaintiff is unable to meet this requisite "high degree of foreseeability" on the face of the deficient SAC.

There is likewise <u>no</u> cognizable "special relationship" that could supply a duty here. Thus, plaintiff is not able to prove all elements necessary to establish a viable negligence cause of action.

### *iv. Plaintiff's intentional infliction of emotional distress claim fails because McVoy's statement was not extreme and outrageous.*

"A cause of action for intentional infliction of emotional distress [IIED] exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.'" *Hughes v. Pair*, 46 Cal. 4th 1035, 1050–1051(2009).

"[T]he trial court initially determines whether a defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1614 (2012). "[M]any cases have dismissed intentional infliction of emotional distress cases on demurrer, concluding that the facts alleged do not amount to outrageous conduct as a matter of law." *Bock v. Hansen*, 225 Cal. App. 4th 215, 235 (2014). "[I]t is generally held that there can be no recovery for mere profanity, obscenity, or abuse, without circumstances of aggravation, or for insults, indignities or threats which are considered to amount to nothing more than mere annoyances." *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1128 (1989) (citations omitted). "Liability for IIED does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.' Malicious or evil purpose is not essential to liability for IIED." *Crouch v. Trinity Christian Center of Santa Ana, Inc.*, 39 Cal. App. 5th 995, 1007 (citations omitted). Stated another way, hurt feelings—which is the only thing Plaintiff may be able to prove with certainty—does not automatically result in Plaintiff being a vulnerable plaintiff for the purpose of IIED . See *KOVR-TV, Inc. v. Superior Court*, 31 Cal. App. 4th 1023, 1031-1032 (1995) (discussing young children as vulnerable plaintiff); *Symonds v. Mercury Sav. & Loan Ass'n* (1990) 225 CA3d 1458, 1469, 275 CR 871, 877 (same for elderly and ill persons); see, also, Rest. 2d Torts § 46, comm. f; Rest. 3d Torts: Liability for Physical and Emotional Harm § 46, comm. A.

Plaintiff's IIED claim is a threadbare recital of the elements of the cause of action absent any facts which establish McVoy <u>specifically</u> is liable to Plaintiff for IIED. See, generally, SAC § Thirteenth Claim For Relief. "By virtue of the conduct discussed above, including, but not limited, the subsequent release of the statement of charges to the public without accommodating Kissner's right to seek a write of mandate prohibiting its release to the public, the false statements to community members, known and unknown, and the myriad of threats made directly and indirectly

1  to Kissner, Defendants, or some of them, acting on behalf of and/or in conspiracy with one another,

2  committed extreme and outrageous conduct." SAC ¶ 390. Here, as well as throughout the SAC,

3  Plaintiff fails to provide any examples of McVoy's statement as extreme and outrageous.

4  "Outrageousness is judged objectively. The test is whether a reasonable community member,

5  hearing what defendant did, would feel resentment and exclaim 'Outrageous!'" Rest. 2d Torts § 46,

6  comm. d; see, *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1988). "'Behavior may be considered

7  outrageous if a defendant (1) abuses a relation or position that gives him power to damage the

8  plaintiff's interests; (2) knows the plaintiff is susceptible to injuries through mental distress; or (3)

9  acts intentionally or unreasonably with the recognition that the acts are likely to result in illness

10  through mental distress.'" *Molko v. Holy Spirit Ass'n*, 46 Cal. 3d 1092, 1122 (1988) (citation

11  omitted.) Taken together with the totality of the circumstances in which McVoy published his

12  statement, no reasonable person would exclaim "Outrageous!" in response. Moreover, (1) McVoy

13  is not abusing a relation or position of power as relates to Plaintiff because none exists; and (2) there

14  is no evidence or proof in the SAC to suggest McVoy knew Plaintiff to be susceptible to injuries

15  through mental distress; (3) nor that McVoy acted in recognition of the same.

16  Moreover, Plaintiff is unable to prove extreme and outrageous conduct here because

17  McVoy's statement clearly did not "exceed all bounds of that usually tolerated in a civilized

18  community." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982). This is not hard to prove

19  because, unfortunately, communities across California and the United States are forced to engage in

20  public debates about pedastry as it is an issue of public interest. The Community here is no different.

21  Similarly Plaintiff is not able to show McVoy intended to cause Plaintiff severe emotional

22  distress. Nor is Plaintiff able to show McVoy "devoted 'little or no thought' to the impact of [his]

23  conduct on the rights and feelings of other." This is true because McVoy first provides a "[s]ummary

24  [to the audience] because [he] read [ ] all [of the Commission's Decision]" before sharing his

25  nonactionable opinions. Community Forum Thread, Reply No. 121751.

26  *v. Plaintiff cannot plausibly allege McVoy caused Plaintiff's harm.*

27  Plaintiff cannot state either a claim for IIED nor a negligence claim for the additional reason

28  that he has not sufficiently alleged the necessary element of causation. "[W]here the facts are such

that the only reasonable conclusion is an absence of causation, the question is one of law, not of fact." *Modisette v. Apple Inc.*, 30 Cal. App. 5th 136, 152 (2018). <u>Plaintiff has failed to plead proximate causation as a matter of law</u>.

Plaintiff mentions emotional harm and economic harm throughout his SAC however all of these allegations relate to his workplace environment, termination, District investigations and his political actions. See, SAC § IV(D)(4), Kissner Took Medical Leave For Emotional Distress Over The Hostile Workplace Environment And Harassment; SAC ¶¶ 396, 397, 399, 403 and 405. Plaintiff provides no examples of any harm experienced as the direct result of McVoy's statement in the online Community forum, relying instead on a mere conclusory assertion that all of the "Defendants breached [their] duty, resulting in compensable harms suffered by Kissner." SAC ¶ 422. Not only is such a conclusory statement of course insufficient to satisfy federal pleading standards, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it confirms Plaintiff is unable to plead the necessary facts to establish proximate causation. The lack of proximate causation provides yet another reason why Plaintiff's claims must be dismissed.

Plaintiff's only harm is the result of the actions of the District, not the result of McVoy's statement: "<u>The charges [in the Commission's Notice to Dismiss]</u> were promptly republished by members of the public and <u>predictably subjected Kissner to shame and humiliation, threats, intimidation, mockery and derision by members of the public throughout the community</u>. In particular, [Community] Defendant Lawrence McVoy wrote on the [online] '95033 Talk' Yahoo community forum: "Fuck that guy. He's someone who was grooming kids. I can't prove that but all the evidence points that way." FAC ¶ 193 (emphasis added). By Plaintiff's own admission in the SAC, <u>McVoy's statement is a result of the District's actions; not the cause of Plaintiff's alleged emotional and economic harm</u>. Thus, Plaintiff's claims for the intentional torts of IIED and negligence fail against for lack of causation.

**B. McVoy Is Entitled To Attorneys' Fees For The Time Spent Preparing And Arguing This Special Motion To Strike**

Section 425.16(c) states that a party who prevails on a special motion to strike under 425.16 "*shall be entitled* to recover his or her attorney's fees and costs." CCP § 425.16(c) (emphasis added).

{02712029.DOCX}

Accordingly, an award of attorneys' fees to a prevailing defendant is "mandatory." See, e.g., *Bernardo v. Planned Parenthood Fed. of Am.*, 115 Cal. App. 4th 332, 360 (2004). To date, McVoy's counsel has logged 49.4 associate hours and 3.5 partner hours to research and draft the motion papers. McVoy's counsel estimates that they will spend an additional 6 associate hours and 1.5 partner hours for their reply brief and 5 partner hours for preparing and appearing at the hearing on the motions. Goulding Decl., ¶ 6. McVoy is entitled to market rate compensation. *PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1096 (2000); see, *Raney v. Federal Bureau of Prisons*, 222 F. 3d 927, 934 (Fed. Cir. 2000); *United States v. Big D. Enterprises*, 184 F. 3d 924, 936 (8th Cir. 1999). The primary attorney responsible for this motion is Lindsay A. Goulding and her reasonable market rate is $250/hr. Tatiana M. Bush is the associate attorney and her reasonably market rate is $200.00/hr. Goulding Decl., ¶ 6. The total fees to date are $10,755.00

## MOTION TO DISMISS

## LEGAL STANDARD

A plaintiff must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." *Id.*; FRCP 12(b)(6). A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Twombly*, 550 U.S. at 561. Rather, the facts alleged in the complaint must be sufficient to "nudge[] [the] claims across the line from conceivable to plausible." *Id.* at 570.

In deciding a motion to dismiss, the Court should first discard conclusory allegations and then determine whether the well-pleaded facts plausibly support the causes of action. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009); see, *Fields v. Legacy Health Sys.,* 413 F. 3d 943, 950 fn.5 (9th Cir. 2005) (holding conclusory allegations of law, unwarranted deductions of fact, or unreasonable inferences are insufficient to defeat a motion to dismiss); *Sprewell v. Golden State Warriors,* 266 F. 3d 979, 988 (9th Cir. 2001) (same). Thus, "[a] district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.' *Williams ex rel. Tabiu v. Gerber Prods. Co,* 523 F. 3d 934, 938 (9th Cir. 2008) (quoting *Twombly,* 550 U.S. at 570).

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

**A. Plaintiff Fails To State A Viable Defamation Claim Upon Which Relief Can Be Granted Because McVoy's Statement Is A Nonactionable Opinion Shared Amidst Ongoing Public Debate.**

Here, plaintiff has not pled sufficient facts to state a plausible claim for relief on a defamation claim. As stated above, McVoy's statement made in a public forum in the midst of an ongoing public debate is clearly a nonactionable opinion. McVoy, and many other Community members engaged in the same debate, used varying levels of language while sharing their opinions on a matter of public interest directly: Plaintiff's longstanding allegations of inappropriate behavior with children and pederasty. Because Plaintiff is not able to state a valid defamation claim upon which relief can be granted, the cause of action for defamation against McVoy should be dismissed with prejudice. There are no plausible amendments Plaintiff can make to his SAC to rectify this deficiency thus his SAC should be dismissed without leave to amend.

**B. Plaintiff Fails To State A Viable False Light Invasion Of Privacy Claim Upon Which Relief Can Be Granted Because McVoy Outlines The Bases For His Opinion To The Audience Thus Achieving First Amendment Protection.**

As stated above, when McVoy made his statement in response to a post making public the Commission's Decision, McVoy first summarized and outlined the bases of his opinions. "The courts of appeals … have consistently held that when a speaker outlines the factual basis for his conclusion, his statement is protected by the First Amendment." *Partington*, 56 F. 3d at 1156; see, also, *Potomac Valve & Fitting, Inc. v. Crawford Co.*, 829 F. 2d 1280, 1288 (4th Cir. 1987). "[E]ven statement[s] capable of being proved false would be understood as author's opinion where it was a conclusory punchline follow fully disclosed facts[.]" *Chapin v. Knight-Ridder, Inc.*, 993 F. 2d 1087, 1093 (4th Cir. 1993.) Because Plaintiff is not able to state a valid false light invasion of privacy claim upon which relief can be granted, the cause of action for false light invasion of privacy against McVoy should be dismissed with prejudice. There are no plausible amendments Plaintiff can make to his SAC to rectify this deficiency thus his SAC should be dismissed without leave to amend.

///

///

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

1 **C. Plaintiff Fails To State A Viable IIED Claim Upon Which Relief Can Be Granted Because**

2 **McVoy's Statement Is Not Extreme And Outrageous And Plaintiff Lacks Causation.**

3      As explained above, Plaintiff cannot meet his burden to show McVoy's statement was

4 extreme and outrageous. Similarly, he cannot show McVoy's exhibited reckless disregard. Perhaps

5 most importantly, Plaintiff cannot prove causation because McVoy's statement is itself a result of

6 the District's actions. Because Plaintiff is not able to state a valid IIED claim upon which relief can

7 be granted, the cause of action for IIED against McVoy should be dismissed with prejudice. There

8 are no plausible amendments Plaintiff can make to his SAC to rectify this deficiency thus his SAC

9 should be dismissed without leave to amend.

10 **D. Plaintiff Fails To State A Viable Negligence Claim Upon Which Relief Can Be Granted**

11 **Because McVoy Owed No Duty To Plaintiff.**

12      As explained above, McVoy owed no duty to Plaintiff under the multi-factor duty analysis

13 set forth in *Rowland*. Nor did McVoy owe any duty to Plaintiff pursuant to the existence of a "special

14 relationship." Also important is Plaintiff's inability to prove any causation. Because Plaintiff is not

15 able to state a valid negligence claim upon which relief can be granted, the cause of action for

16 negligence against McVoy should be dismissed with prejudice. There are no plausible amendments

17 Plaintiff can make to his SAC to rectify this deficiency thus his SAC should be dismissed without

18 leave to amend.

19                          **CONCLUSION**

20      For the reasons above, Defendant Lawrence McVoy requests this Court grant this Motion to

21 Strike pursuant to California's Anti-SLAPP statute, or in the alternative, grant this Motion to

22 Dismiss all claims with prejudice under FRCP 12(b)(6), and without leave to amend, for failure to

23 state claims upon which relief can be granted.

24 Dated: May 26, 2022                    PORTER SCOTT
                                         A PROFESSIONAL CORPORATION
25

26                              By _____

27                                   Lindsay A. Goulding
                                     Tatiana M. Bush
28                                   Attorneys for Defendant Lawrence McVoy

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. My business address is 350 University Avenue, Suite 200, Sacramento, California 95825.

On the date below, I served the following document:

**DEFENDANT'S NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE
PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV.
PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

| | | |
|---|---|---|
| | **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| | **BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached |
| XX | **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed below. |

Addressed as follows:

William J. Beker, Jr. ESQ
Jeremiah D. Graham, ESQ
FREEDOM X
11500 Olympic Blvd., Suite 400
Los Angeles, CA. 90064
Bill@FreedomXLaw.com
JeremiahDGraham@gmail.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Sacramento, California on May 26, 2022.

_____
VIRGINIA YAO

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

{02712029.DOCX}

27