**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Lindsay A. Goulding, SBN 227195
Tatiana M. Bush, SBN 343503
350 University Avenue, Suite 200
Sacramento, California 95825
lgoulding@porterscott.com
tbush@porterscott.com
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
LAWRENCE MCVOY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER, an individual, | CASE NO. 22-CV-00949-CRB |
| Plaintiff, | **DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF REQUESTING LEAVE FOR PAGE LIMIT INCREASE TO NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV. PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OR POINTS AND AUTHORITIES; ORDER** |
| v. | |
| LOMA PRIETA JOINT UNION SCHOOL DISTRICT, a California public agency; LISA FRASER, former superintendent at Loma Prieta Joint Union School District, in her official and individual capacitites; COREY KIDWELL, former superintendent at Loma Prieta Joint School District, in her official and individual capacities; KEVIN GRIER, successor superintendent at Loma Prieta Joint School District, in his official capacity; BILLY MARTIN, principal of CT English Middle School, in his official and individual capacities; DEANA A. ARNOLD, Loma Prieta Joint Union School District trustee, in her official and individual capacities; BEN ABELN, Loma Prieta Joint Union School District trustee, in his official and individual capacities; RON BOURQUE, Loma Prieta Joint Union School District trustee, in his official and individual capacities; CHARLOTTE KHANDELWAL, Loma Prieta Joint Union School District trustee, in her official and individual | Complaint Filed: 3/20/2022 |

{02714416.DOCX}                                    1

**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF REQUESTING LEAVE FOR PAGE LIMIT INCREASE TO NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV. PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OR POINTS AND AUTHORITIES; [PROPOSED] ORDER**

capacities; ERIN ASHEGHIAN, Loma Prieta Joint Union School District trustee, in her official and individual capacities; PATRICIA ELLIOT, an individual; JOIE GRIMMET, an individual; LAWRENCE MCVOY, and individual, and DOES 1 through 50, inclusive,

          Defendants.

_____/

Defendant LAWRENCE MCVOY ("Defendant") files this motion for administrative relief and seeks leave from the Court to file a five (5) page limit extension to Defendants' Motion for Summary Judgment.

      Northern District Local Rule ("L.R.") 7-11 sets for the procedure for filing a motion for administrative relief:

      (1) may not exceed 5 pages (excluding declarations and exhibits);

      (2) must be labeled as a motion for administrative relief;

      (3) must set forth specifically the action requested, the reasons supporting the request,

      (4) must be accompanied by a proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration explaining why a stipulation could not be obtained; and

      (5) if manually filed, must be delivered with all attachments on all other parties on the same day the motion is filed.

      Furthermore, this Court's Standing Orders set for the requirements for seeking a page limit extension when filing a Briefs or Memoranda of Points and Authorities.

      Defendants seek an eleven (11) page extension to file Defendant's Responsive Pleading, including Anti-SLAPP Motion and Motion to Dismiss, because:

      (a) Defendant's Responsive Pleading includes two (2) motions in one pleading: Anti-SLAP Motion and Motion to Dismiss;

      (b) Defendant's Responsive Pleading responds to Plaintiff's ninety-six (96) page Second Amended Complaint, addressing four (4) different and specific causes of action against Defendant; and

DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF REQUESTING LEAVE FOR PAGE LIMIT INCREASE TO NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV. PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OR POINTS AND AUTHORITIES; [PROPOSED] ORDER

(c) Defendant's Responsive Pleading was prepared for and originally filed in a department with no page limit as Defendant did not receive notice of the Order Reassigning Case.

Defendant's Responsive Pleading needs to address each of the separate claims in relation to each of two Motions combined into one document. To sufficiently address the claims against each Defendant within the Responsive Pleading, Defendant need an additional eleven (11) page extension (for a total of twenty-six [26] pages) to file the Responsive Pleading. This is the first time Defendant has requested such relief.

The parties exchanged Meet and Confer letters on May 16, 2022, and May 23, 2022, resulting in Plaintiff agreeing to dismiss with prejudice three (3) causes of action. On May 26, 2022, the day Defendant's Responsive Pleading was due and ready to be filed, Plaintiff notified defense counsel that he was not going to dismiss one of those three causes of action as he had previously incident. Defendant then updated its Responsive Pleading to reflect the cause of action that was now not going to be dismissed with prejudice and subsequently timely filed in the department Defendant erroneously understood to be the appropriate department. Plaintiff received a timely copy of Defendant's Responsive Pleading and, as such, has suffered no harm or prejudice resulting from this inadvertent delay.

The parties exchanged emails on May 27, 2022, prior to the filing of this Motion for Administrative Leave, beginning at 08:01 a.m. when Plaintiff's counsel informed defense counsel that the case had been reassigned. Plaintiff's counsel then provided the Order Reassigning Case. Plaintiff's counsel suggested he would be filing opposition to Defendant's Responsive Pleading as untimely. For these reasons, defense counsel was not able to obtain a stipulation for its Motion for Administrative Relief and attaches the Declaration of Lindsay A. Goulding, the handling attorney.

Dated: May 27, 2022         PORTER SCOTT
                            A PROFESSIONAL CORPORATION


                            By /s/Lindsay A. Goulding
                                Lindsay A. Goulding
                                Tatiana M. Bush
                                Attorneys for Defendant
                                LAWRENCE MCVOY

{02714416.DOCX}   3

**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF REQUESTING LEAVE FOR PAGE LIMIT INCREASE TO NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV. PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OR POINTS AND AUTHORITIES; [PROPOSED] ORDER**

**ORDER**

This Court hereby grants Defendant LAWRENCE MCVOY's ("Defendant") Motion for Administrative Relief and permits Defendants to file an eleven (11) page limit extension to Defendant's Responsive Pleading which includes Defendant's Anti-SLAPP Motion and Motion to Dismiss. Defendant's Responsive Pleading which includes Anti-SLAPP Motion and Motion to Dismiss shall not exceed twenty-six (26) pages.

Dated: June 3, 2022

By _____
United States District Court Judge

{02714416.DOCX}    4

**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF REQUESTING LEAVE FOR PAGE LIMIT INCREASE TO NOTICE OF MOTIONS AND [1] SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV. PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OR POINTS AND AUTHORITIES; [PROPOSED] ORDER**