1  Golnar J. Fozi (Cal. Bar No. 167674)
   Daniel S. Modafferi (Cal. Bar No. 294510)
2  Meyers Fozi & Dwork, LLP
   5942 Priestly Drive, Suite 100
3  Carlsbad, California 92008
   Tel: (760) 444-0039; Fax: (760) 444-0130
4  Email: gfozi@meyersfozi.com
          dmodafferi@meyersfozi.com
5
   Attorneys for Defendants,
6  Loma Prieta Joint Union School District, Lisa Fraser,
   Kevin Grier, Billy Martin, Deana Arnold,
7  Ben Abeln, Ron Bourque, Charlotte Khandelwal,
   and Erin Asheghian
8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11

12  DAVID M. KISSNER,                    **Case No.: 3:22-cv-00949-CRB**
                                         **Assigned to: Hon. Charles R. Breyer**
13              Plaintiff,
                                         **REPLY IN SUPPORT OF SCHOOL**
14         v.                            **DISTRICT DEFENDANTS' MOTION**
                                         **TO DISMISS PLAINTIFF'S SECOND**
15  LOMA PRIETA JOINT UNION              **AMENDED COMPLAINT**
    SCHOOL DISTRICT, et al.,
16                                       **Date:    August 12, 2022**
               Defendants.               **Time:    10:00 a.m.**
17                                       **Ctrm.:   6**

18                                       **Case Filed: February 16, 2022**
19                                       **Trial Date: None Set**

20

21        Defendants Loma Prieta Joint Union School District, Lisa Fraser, Kevin Grier,

22  Billy Martin, Deana Arnold, Ben Abeln, Ron Bourque, Charlotte Khandelwal, and

23  Erin Asheghian respectfully submit the following reply in support of their Rule

24  12(b)(6) motion for an order dismissing portions of the second amended complaint

25  brought by plaintiff David M. Kissner:

26  **I.    INTRODUCTION**

27        Through voluntary dismissal and non-opposition, all claims against the District

28  have been removed from this case. Furthermore, plaintiff has voluntarily dismissed

                                          1

all of his state law claims as against the individual school district defendants. Therefore, the only claims remaining at issue are: the 1st cause of action against the individual school district defendants for violation of the right to free speech under section 1983; the 3rd cause of action against the individual school district defendants for civil rights defamation under section 1983; the 16th cause of action against the individual school district defendants for violation of the right to due process under section 1983; the 17th cause of action against the individual school district defendants for violation of the right to equal protection under section 1983; and the 18th cause of action against the individual school district defendants for civil rights conspiracy under section 1983.

Defendants did not move to dismiss the section 1983 claims against the individual school district defendants for free speech (1st cause of action), due process (16th cause of action), or equal protection (17th cause of action). Subsumed within these causes of action, however, are the other two claims alleged by plaintiff under section 1983, for defamation (3rd cause of action) and conspiracy (18th cause of action).

Plaintiff argues that defendants are placing "form over substance" in moving to dismiss the defamation and conspiracy causes of action. However, identifying and dismissing duplicative causes of action at the pleadings stage is more than a matter of form over substance. If such claims are not properly and timely addressed at the pleadings stage, it creates more work for the parties and the Court at later stages of the litigation. Discovery, law and motion, and jury instructions are all framed by the causes of action that are at issue in the pleadings. Therefore, it is not only permissible but imperative for the Court to properly address these issues now, regardless of whether or not plaintiff believes defendants will be "prejudiced" by the inclusion of the duplicative causes of action.

Neither defamation nor conspiracy is legally cognizable as a constitutional cause of action independent of the underlying claims for deprivation of the

1   enumerated rights to free speech, due process, and equal protection. Therefore, the
2   Court must dismiss the 3rd and 18th causes of action.

3   ## II.     PLAINTIFF VOLUNTARILY DISMISSED ALL STATE LAW CLAIMS

4          On June 9, 2022, plaintiff filed a notice of voluntary dismissal of all state law
5   claims against the school district defendants, including: the 2nd cause of action for
6   violation of the right to free speech under the California Constitution; the 4th cause of
7   action for defamation per se; the 5th cause of action for false light invasion of privacy;
8   the 6th cause of action for public disclosure of private facts; the 7th cause of action
9   for discrimination and retaliation under Labor Code, sections 98.6 and 1101; the 8th
10  cause of action for discrimination and retaliation under Labor Code, sections 98.6 and
11  1102; the 9th cause of action for wrongful termination; the 10th cause of action for
12  wrongful termination in violation of public policy; the 11th cause of action for
13  whistleblower retaliation under Labor Code, section 1102.5; the 12th cause of action
14  for civil harassment under Code of Civil Procedure, section 527.6; the 13th cause of
15  action for intentional infliction of emotional distress; the 14th cause of action for
16  negligent infliction of emotional distress; the 15th cause of action for negligence; the
17  16th cause of action for violation of the right to due process under the California
18  Constitution (the federal constitutional claim remains); the 17th cause of action for
19  violation of the right to equal protection under the California Constitution (the federal
20  constitutional claim remains); and the 19th cause of action for breach of contract.
21  (ECF No. 50; see also Statement of Non-Opposition, ECF No. 52, p. 4, ln. 16 – p. 5,
22  ln. 2.) Pursuant to FRCP 41(a)(1)(A), this dismissal is effective without the need for
23  further order of the Court. Therefore, the only claims remaining in the operative
24  complaint as against the school district defendants are the federal claims.

25  ## III.    PLAINTIFF DID NOT OPPOSE DISMISSAL OF THE 3RD AND 18TH
26          CAUSES OF ACTION AGAINST THE DISTRICT

27          Plaintiff's 3rd cause of action for civil rights defamation under section 1983
28  and 18th cause of action for civil rights conspiracy under section 1983 are both alleged

against Loma Prieta Joint Union School District, as well as the individual school district defendants. The District moved to dismiss all claims against it, on Eleventh Amendment grounds. In the moving papers, the District indicated that "plaintiff <u>does not oppose</u> dismissal of the 3rd and 18th causes of action, as against the District." (ECF No. 43-1, p. 10, lns. 21-22.) Indeed, in his written opposition, plaintiff did not raise any opposition to an order dismissing the 3rd and 18th causes of action, as against the District. The District therefore respectfully requests that the Court so order.

## IV. PLAINTIFF CANNOT MAINTAIN SEPARATE CLAIMS FOR BOTH DEPRIVATION OF PROCEDURAL DUE PROCESS AND DEFAMATION WITHOUT DUE PROCESS

Plaintiff's 3rd cause of action for civil rights defamation and his 16th cause of action for deprivation of procedural due process are duplicative. Under both causes of action, plaintiff alleges that he was deprived of liberty and/or property without due process of law. If plaintiff can prove the necessary elements of his procedural due process claim, he may be entitled to recover damages for reputational harm caused by the "alteration or extinguishment of a right or status previously recognized by state law." (*Humphries v. County of Los Angeles* (9th Cir. 2009) 554 F.3d 1170, 1185.) However, the availability of a category of damages does not constitute a cause of action distinct from the underlying legal claim. Regardless of what type of remedy plaintiff seeks, both the 3rd and 16th causes of action require that plaintiff prove deprivation of a protected interest without due process.

The due process clause of the Fourteenth Amendment prohibits the government from depriving an individual "of life, liberty, or property, without due process of law." A procedural due process claim consists of two prima facie elements: (1) the plaintiff must prove the government deprived him of a constitutionally-cognizable life, liberty, or property interest; and (2) if protected interests are implicated, then the plaintiff must prove he did not receive adequate procedural protections prior to the deprivation. (*Ingraham v. Wright* (1977) 430 U.S. 651, 672.)

The courts have recognized that constitutionally-protected liberty or property interests may be implicated "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him." (*Wisconsin v. Constantineau* (1971) 400 U.S. 433, 437.) "**However, procedural due process protections apply to reputational harm only when a plaintiff suffers stigma from governmental action plus alteration or extinguishment of a right or status previously recognized by state law**." (*Endy v. County of Los Angeles* (9th Cir. 2020) 975 F.3d 757, 764 (emphasis added) (quotes and cites omitted).) Therefore, even where the plaintiff claims that the deprivation of a protected interest resulted in reputational harm, the crucial element is the deprivation of a constitutionally-cognizable interest – just as it is in any procedural due process cause of action.

In this case, plaintiff alleges that the school district defendants deprived him of protected liberty and property interests by subjecting him to investigations and ultimately terminating his employment at the District. The additional allegation that the investigations and resulting termination harmed plaintiff's reputation in the community is neither necessary nor sufficient for a procedural due process cause of action. While proof of reputational harm resulting from the deprivation may result in additional damages, the alleged harm to plaintiff's reputation is not a separate constitutional tort. Therefore, as a matter of law, plaintiff's 3rd cause of action is duplicative of the 16th cause of action. The 3rd cause of action must be dismissed.

## V. PLAINTIFF CANNOT MAINTAIN A SEPARATE CAUSE OF ACTION FOR CONSPIRACY

The individual school district defendants also request dismissal of the 18th cause of action for civil rights conspiracy, as conspiracy is not a basis for liability independent of the underlying constitutional claims (the 1st, 16th, and 17th causes of action), which defendants have not sought to dismiss. In his opposition, plaintiff cites *Quiroz v. Horel* (N.D. Cal. 2015) 85 F.Supp.3d 1115, which stands for the general proposition that a defendant may be held liable for conspiring to violate a plaintiff's

constitutional rights, even if he does not personally participate in the deprivation. However, defendants have never challenged that proposition. Instead, defendants argue that conspiracy is not a *separate* basis for liability independent of the underlying constitutional claim(s). The court in *Quiroz* acknowledged defendants' point when it held that the plaintiff in that case could not recover for a conspiracy if the plaintiff could not establish an underlying constitutional violation. (*Id.* at p. 1147.) Indeed, if the underlying constitutional claim fails, then, as a matter of law, there can be no claim for conspiracy, either. (See *id.* (citing *Lacey v. Maricopa County* (9th Cir. 2012) 693 F.3d 896, 935 (en banc) (superseded by statute on other grounds)).) Therefore, far from supporting plaintiff's position, *Quiroz* actually reinforces defendants' argument. Conspiracy is not an independent cause of action.

It also appears plaintiff's counsel misread defendants' brief in his attempt to address defendants' arguments regarding conspiracy. Starting on page 11, line 27, and ending on page 12, line 3, defendants quoted the First Circuit's opinion in *Landrigan v. City of Warwick* (1st Cir. 1980) 628 F.2d 736. Plaintiff attempts to quibble with the citation to *Adickes v. Kress & Co.* (1970) 398 U.S. 144, but that citation was the First Circuit's, *not* defendants'. Plaintiff does not address *Landrigan* at all, let alone attempt to dispute its reasoning. Indeed, plaintiff's own citation to American Jurisprudence mirrors the First Circuit's holding in *Landrigan*. Both authorities agree that conspiracy is a mechanism for "broaden[ing] the scope of liability under § 1983 to include persons who were part of such conspiracy but did not act directly to deprive a plaintiff of the plaintiff's rights." (15 Am. Jur. 2d Civil Rights § 145; see also *Landrigan v. City of Warwick*, *supra*, 628 F.2d at p. 742 (conspiracy is a mechanism "to impose liability on one defendant for the acts of the others performed in pursuance of the conspiracy").)

But regardless of whether each of the individual school district defendants personally participated in the alleged deprivation of plaintiff's rights or conspired with others who personally participated in the deprivation, the required elements of the

constitutional causes of action do not change. "Conspiracy is not itself a constitutional tort under § 1983," and it "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." (*Lacey v. Maricopa County*, *supra*, 693 F.3d at p. 935.) For example, under the free speech claim, plaintiff must plead and prove that (1) he engaged in expressive conduct that addressed a matter of public concern, (2) the defendants, either directly or through conspiracy with others, took adverse action against him, and (3) his expressive conduct was a substantial or motivating factor for the adverse action. (*Alpha Energy Savers, Inc. v. Hansen* (9th Cir. 2004) 381 F.3d 917, 923.) While plaintiff may allege, in the alternative, that each of the defendants personally participated in the deprivation of his right to free speech or conspired with those who personally participated, that alternative allegation does not convert one cause of action into two. The conspiracy claim is not cognizable independent of the predicate constitutional claim. Because plaintiff has already alleged predicate constitutional claims for free speech, due process, and equal protection, his separate cause of action for conspiracy is improper and should be dismissed.

///
///
///
///
///
///
///
///
///
///
///
///

# VI. <u>CONCLUSION</u>

For all of the foregoing reasons, defendants respectfully request that the Court dismiss the remaining causes of action against the District. The individual school district defendants further request that the Court dismiss the 3rd and 18th causes of action as duplicative.

Dated: June 16, 2022
Meyers Fozi & Dwork, LLP

By:   /s/ Daniel S. Modafferi

Golnar J. Fozi
Daniel S. Modafferi
Attorney for Defendants,
Loma Prieta Joint Union School District,
Lisa Fraser, Kevin Grier, Billy Martin,
Deana Arnold, Ben Abeln, Ron Bourque,
Charlotte Khandelwal, and Erin
Asheghian