William J. Becker, Jr., Esq. (SBN: 134545)
Bill@FreedomXLaw.com
Jeremiah D. Graham, Esq. (SBN: 313206)
JeremiahDGraham@gmail.com
**FREEDOM X**
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone: (310) 636-1018
Facsímile: (310) 765-6328

Counsel for *David M. Kissner*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID M. KISSNER**, <br><br> Plaintiff, <br><br> vs. <br><br> **LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.,** <br><br> Defendants. | Case No. 22-CV-00949-CRB <br><br> Hon. Charles R. Breyer <br><br> **PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF REQUESTING LEAVE FOR PAGE LIMIT INCREASE TO OPPOSITION TO DEFENDANT LAWRENCE MCVOY'S [1] SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV. PROC. § 425.16, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. § 12(b)(6); MEMORANDUM OR POINTS AND AUTHORITIES IN SUPPORT THEREOF; [~~PROPOSED~~] ORDER** <br><br> SAC Filed:     March 20, 2022 |

## MOTION

Plaintiff David M. Kissner ("Plaintiff" or "Kissner") files this motion for administrative relief and seeks leave from the Court to exceed the Court' Standing Order page limitation for Plaintiff's Opposition to Defendant Lawrence McVoy's ("Defendant" and "McVoy") (1) Special Motion To Strike Pursuant To California Anti-Slapp Statute, Code Civ. Proc. § 425.16, Or, In The Alternative,

[2] Motion To Dismiss Pursuant To Federal. R. Civ. P. § 12(b)(6) filed herein on June 9, 2022. (Dkt. No. 51).

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. GOOD CAUSE EXISTS TO PERMIT PLAINTIFF TO FILE HIS OPPOSITION IN EXCESS OF THE COURT'S PAGE LIMITATION**

    **A.**    <u>**Introduction**</u>

This Court has issued a Standing Order ("SO") requiring that Memoranda of Points and Authorities in support of, or in opposition to, any motions filed in an action must be typed on 28-line, double-spaced pleading paper and, except for summary judgment motions, may not exceed 15 pages in length and that any party wishing to exceed this limit must request leave of the Court and must show good cause.

This lawsuit was originally assigned to the Honorable Virginia DiMarchi and reassigned to this Court on May 19, 2022. (Dkt. No. 39.) The transition resulted in some confusion and Plaintiff's counsel failed to consult the Court's SO and seek leave before filing his Opposition Memorandum on June 9, 2022.[1] (Dkt. No. 51.) The Opposition Memorandum exceeded the Court required limit of 15 pages by nine pages, totaling 24 pages. Counsel for Defendant McVoy noted Plaintiff's error in her Reply Memorandum and has asked the Court to disregard Plaintiff's extra nine pages. (Dkt. No. 53, 1:11-28). Counsel's argument brought the matter to Plaintiff's attention for the first time and no attempt was made by defense counsel to contact Plaintiff's counsel for the purpose of

---

[1] Defense counsel has made the same claim to justify her motion for leave. (Dkt. No. 51, 3:1-2.)

requesting the Opposition Memorandum be withdrawn and filed in compliance with the Court's SO prior to filing her Reply.

Plaintiff now seeks leave to have the Court consider the Opposition Memorandum as filed.

### B. Accidents Will Happen

To quote Elvis Costello, accidents will happen. Defense counsel, who so strenuously objects to Plaintiff having filed a 24-page memorandum, has proven the point by making a series of errors in seeking leave to file her Reply Memorandum in excess of the Court's 15-page limitation. First, counsel apparently copied and pasted an argument from a summary judgment motion and erroneously referred to the instant motion as a summary judgment motion. (Dkt. No. 48, 2:8-3:2.)

Next, Defendant's memorandum appears to have been prepared with 1.5 line spacing in violation of the SO.

Additionally, defense counsel falsely implied and thus misrepresented that she sought a stipulation from Plaintiff's counsel but was unable to obtain one. She has not, fortunately for her, made this false assertion under oath.

Despite this series of missteps, the Court nevertheless signed the Order granting Defendant's motion for leave. So, too, Plaintiff's non-compliance with the SO was not willful but an accidental oversight.

### C. Plaintiff Was Required To Respond To Defendant's Two Motions (Anti-SLAPP And Motion To Dismiss)

Plaintiff's Opposition Memorandum sets forth the relevant facts pertaining to Defendant's motions in the first 10 pages. This was necessary to introduce the Court to facts relevant to Defendant's anti-SLAPP motion and motion to dismiss. Clearly, Defendant required leave to exceed the page limit because counsel combined the argument for two motions in a single memorandum, and Plaintiff requires the same latitude in order to properly respond to both motions.

/ / /

## II. CONCLUSION

This is the first time Plaintiff has made this request to the Court. If granted, Defendant will suffer no prejudice. Plaintiff has shown good cause for the relief requested. Plaintiff therefore respectfully asks that the Court grant leave and consider Plaintiff's Opposition Memorandum in excess of 15 pages, totaling 24 pages.

Date: June 21, 2022                              FREEDOM X

                                   By:   /s/ William J. Becker, Jr.
                                            William J. Becker, Jr.
                                            Attorneys for Plaintiff, David M. Kissner

**ORDER**

The Court hereby grants Plaintiff's request for leave to exceed the Standing Order's 15-page limitation pertaining to his Opposition to Defendant Lawrence McVoy's ("Defendant" and "McVoy")(1) Special Motion To Strike Pursuant To California Anti-SLAPP Statute, Code Civ. Proc. § 425.16, Or, In The Alternative, [2] Motion To Dismiss Pursuant To Federal. R. Civ. P. § 12(b)(6) filed herein on June 9, 2022. (Dkt. No. 51). The Court will consider the 24 pages submitted.

**IT IS SO ORDERED:**

Dated: June 22, 2022

By _____
United States District Court Judge