William J. Becker, Jr., Esq. (SBN: 134545)
Bill@FreedomXLaw.com
Jeremiah D. Graham, Esq. (SBN: 313206)
JeremiahDGraham@gmail.com
**FREEDOM X**
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone: (310) 636-1018
Facsímile: (310) 765-6328

Counsel for *David M. Kissner*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID M. KISSNER**, <br><br> Plaintiff, <br><br> vs. <br><br> **LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.,** <br><br> Defendants. | Case No. 22-CV-00949-CRB <br><br> Hon. Charles R. Breyer <br><br> **PLAINTIFF DAVID M. KISSNER'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANT LAWRENCE MCVOY'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS TO STRIKE AND DISMISS (DKT. NO. 53), OR, IN THE ALTERNATIVE, ALL EVIDENCE PRESENTED FOR THE FIRST TIME IN THE REPLY BRIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF WILLIAM J. BECKER, JR. IN SUPPORT THEREOF; EXHIBITS; [PROPOSED] ORDER** <br><br> [Fed. R. Civ. P. 11(c)] <br><br> **Date:** August 12, 2022 <br> **Time:** 10:00 a.m. <br> **Location:** San Francisco Courthouse, Courtroom 6, 17th Floor <br> 450 Golden Gate Avenue, <br> San Francisco, CA 94102 <br><br> **SAC Filed:** March 20, 2022 |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii
NOTICE OF MOTION AND MOTION ............................................................................................ 1
MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................... 1
I.     INTRODUCTION ................................................................................................................... 1
II.    PROCEDURAL HISTORY .................................................................................................... 2
III.   ARGUMENT .......................................................................................................................... 3
       A.   Legal Standard………………………………………………................................... 3
       B.   McVoy's Has Waived Arguments Raised For The First Time In His Reply ........... 3
       C.   Defendant's Offer To Allow Plaintiff To File A Surrebuttal, If Accepted, Would Result In Plaintiff Conceding The Propriety Of Defendant's Misfeasance……………………………………………………............................... 7
       D.   Good Cause Does Not Exist To Consider The Additional Arguments ................... 7
IV.    CONCLUSION ....................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Am. Indian Model Schools v. Oakland Unified Sch. Dist.* 2
   27 Cal. App. 4th 258 (Cal. App. 1st Dist. 2014) ................................................................ 4

*Ass'n of Irritated Residents v. C & R Vanderham Dairy*
   435 F. Supp. 2d 1078 (E.D. Cal. 2006) ............................................................................ 3

*Bazuaye v. INS*
   79 F.3d 118 (9th Cir. 1996) ............................................................................................. 4

*California Sportfishing Protec. All. v. P. States Industries, Inc.*
   15-CV-01482-JD, 2015 WL 5569073 (N.D. Cal. Sept. 22, 2015) .................................... 4

*Cedano-Viera v. Ashcroft*
   324 F.3d 1062 (9th Cir. 2003) ......................................................................................... 3

*Friends of Yosemite Valley v. Kempthorne*
   520 F.3d 1024 (9th Cir. 2008) ......................................................................................... 4

*Gertz v. Robert Welch, Inc.*
   418 U.S. 323 (1974) ........................................................................................................ 2

*Reichardt v. Hoffman*
   52 Cal.App.4th 754 (1997) .............................................................................................. 4

*Scottsdale Ins. Co. v. Fineman*
   4:20-CV-00368-YGR, 2021 WL 411360 (N.D. Cal. Feb. 5, 2021) ................................. 3

*See McGrane v. Howrey, LLP*
   14-CV-05111-JD, 2015 WL 6126792 (N.D. Cal. Oct. 19, 2015) .................................... 4

*SolarCity Corp. v. Doria*
   16CV3085-JAH (RBB) 2018 WL 4204024 (S.D. Cal. Sept. 4, 2018) ............................. 3

*United States v. Romm*
   455 F.3d 990 (9th Cir. 2006) ........................................................................................... 4

*Usher v. City of Los Angeles*
   828 F.2d 556 (9th Cir. 1987) ........................................................................................... 6

*Zamani v. Carnes*
4  91 F.3d 990 (9th Cir. 2007) .......................................................................................... 3

ii

**Pl.'s Mot. To Strike**                                                       Case No. 22-CV-00949-CRB

**Statutes**

Code Civ. Proc. § 425.16 ................................................................................................................. 3

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 3, 5, 6

NOTICE OF MOTION AND MOTION

TO DEFENDANT LAWFRENCE MCVOY AND TO HIS COUNSEL OF RECORD HEREIN:

PLEASE TAKE NOTICE that on August 12, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard in San Francisco Courthouse, Courtroom 6 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff David M. Kissner ("Plaintiff" or "Kissner"), by and through his undersigned attorneys, will move this Honorable Court for an order striking portions of Defendant Lawrence McVoy's ("Defendant" or "McVoy") Reply to Plaintiff's Opposition to Defendant's Motions to Strike and Dismiss (Dkt. No. 53), or, in the Alternative, All Evidence Presented for The First Time in the Reply Brief ("Motion.")

This Motion is made on the grounds that Defendant presented its Reply to Plaintiff's Opposition to Defendant's Special Motion to Strike and Motion To Dismiss ("Reply") for the improper purpose of raising new arguments not raised in Defendant's moving papers.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of William J. Becker, Jr., in support thereof, and any other materials or arguments the Court may receive at or before the hearing on this Motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION

McVoy has **for the first time** improperly raised four arguments in his Reply memorandum which were not raised in his Opening memorandum, and none of the arguments raised were raised or argued by Plaintiff in his Opposition: (1) Plaintiff meets the criteria to qualify as a limited purpose public figure for the purposes of the instant litigation (Dkt. No. 53, 3:2-5:11); (2) Plaintiff cannot prove actual malice (a subsection of the public figure argument) (*id*., 5:12-18); (3) Plaintiff cannot meet the clear and convincing evidence standard (same) (*id*., 5:19-6:15); and (4) use of hyperlinks decreases the possibility of defamation liability (*id*., 11:6-13:7).

Plaintiff hereby objects to and moves to strike arguments and evidence ("arguments") raised for the first time in conjunction with Defendant's Reply which should have been included in his opening memorandum. The arguments should be stricken because (1) Defendant has waived them, and (2) good cause does not exist to consider them. Although Defendant has offered Plaintiff the opportunity to file a sur-reply, Plaintiff has declined to do so on the ground that a response to arguments raised for the first time in the Reply would constitute a concession by Plaintiff that they have not been waived. Becker Decl., ¶ 10. Nevertheless, should the Court choose to receive the challenged arguments and evidence, Plaintiff requests leave to submit a sur-reply.

## II.  PROCEDURAL HISTORY

The Second Amended Complaint ("SAC") alleges three claims for relief, which Defendant has moved to dismiss: (1) the Fourth Claim For Relief for Defamation Per Se; (2) the Fifth Claim For Relief for False Light Invasion of Privacy; and (3) the Thirteenth Claim For Relief for Intentional Infliction of Emotional Distress. The SAC alleges that McVoy published the false and unprivileged claim that Kissner is "someone who was grooming kids" and that "all the evidence points that way" (SAC, ¶¶ 46:10-13; 62:24-25; 67:9-10), "facts" McVoy purports to have derived from an administrative law decision following Kissner's dismissal proceedings, which Kissner is currently appealing. The SAC further alleges that Kissner is a private figure for purposes of his defamation action (*id*., 63: 17-18), relying principally on the U.S. Supreme Court's seminal decision in *Gertz v. Robert Welch, Inc*., 418 U.S. 323, 352 (1974) ("Absent clear evidence of general fame or notoriety in the community, and pervasive involvement in the affairs of society, an individual should not be deemed a public personality for all aspects of his life. It is preferable to reduce the public-figure question to a more meaningful context by looking to the nature and extent of an individual's participation in the particular controversy giving rise to the defamation.).

Defendant filed a Special Motion to Strike pursuant to California's anti-SLAPP Statute, Code Civ. Proc. § 425.16, or, in the Alternative, Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on May 26, 2022. (Dkt. No. 44.) ("Motions") Plaintiff filed his Response in Opposition to the motions on June 9, 2022. (Dkt. No. 52.) ("Opposition") Defendant filed a Reply to Plaintiff's Opposition on June 16, 2022. (Dkt. No. 53.) ("Reply") A hearing on the matter is set for August 12, 2022.

### III.   ARGUMENT

#### A.   Legal Standard

The Ninth Circuit has consistently refused to recognize arguments raised initially in a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) **("The district court need not consider arguments raised for the first time in a reply brief.")**; *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) **("[W]e decline to consider new issues raised for the first time in a reply brief.")**; *Scottsdale Ins. Co. v. Fineman*, 4:20-CV-00368-YGR, 2021 WL 411360, at *6, n. 4 (N.D. Cal. Feb. 5, 2021) (**arguments disregarded by the Court as only raised for the first time in the reply**); *SolarCity Corp. v. Doria*, 16CV3085-JAH (RBB), 2018 WL 4204024, at *8 (S.D. Cal. Sept. 4, 2018), report and recommendation adopted, 16-CV-3085-JAH-RBB, 2018 WL 4538191 (S.D. Cal. Sept. 20, 2018) ("**Courts generally do not consider arguments that are raised for the first time in a reply brief.**"); *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006) ("**It is inappropriate to consider arguments raised for the first time in a reply brief.**"). (Bold-face emphasis added.)

#### B.   McVoy's Has Waived Arguments Raised For The First Time In His Reply

McVoy has **<u>for the first time</u>** improperly raised four arguments in his Reply memorandum which were not raised in his opening memorandum, and none of the arguments raised were raised or argued by Plaintiff in his Opposition: (1) Plaintiff meets the criteria to qualify as a limited

purpose public figure for the purposes of the instant litigation (Dkt. No. 53, 3:2-5:11); (2) Plaintiff cannot prove actual malice (a subsection of the public figure argument) (*id.*, 5:12-18); (3) Plaintiff cannot meet the clear and convincing evidence standard (same) (*id.*, 5:19-6:15); and (4) use of hyperlinks decreases the possibility of defamation liability (*id.*, 11:6-13:7).

"An issue is new if it does more than elaborate on issues raised in the opening brief or rebut arguments made by the respondent in respondent's brief." *Am. Indian Model Schools v. Oakland Unified Sch. Dist.*, 227 Cal. App. 4th 258, 275–76 (Cal. App. 1st Dist. 2014). "Fairness militates against allowing an appellant to raise an issue for the first time in a reply brief because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments about the new issue." *Id.*, citing *Reichardt v. Hoffman*, 52 Cal.App.4th 754, 764 (1997).

It is well-established in the Ninth Circuit that the failure to raise arguments in the opening memorandum waives the arguments. *Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008) ("**Arguments not raised by a party in its opening brief are deemed waived.**"); *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) **("[A]rguments not raised by a party in its opening brief are deemed waived.**"); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) **("Issues raised for the first time in the reply brief are waived.")**. (Underline and bold emphasis added.)

The Northern District, in particular, has demonstrated its palpable impatience with parties who attempt to "**smuggle**" in new argument into a reply brief, contemptuously dubbing it "**classic sandbagging**" not to be tolerated. *See McGrane v. Howrey, LLP*, 14-CV-05111-JD, 2015 WL 6126792, at *6 (N.D. Cal. Oct. 19, 2015) ("Appellants try to **smuggle** in new arguments in their reply papers….") (emphasis added), citing *California Sportfishing Protec. All. v. P. States Industries, Inc.*, 15-CV-01482-JD, 2015 WL 5569073, at *2 (N.D. Cal. Sept. 22, 2015). ("Raising new arguments in a reply brief is **classic sandbagging**, and **the Court will not tolerate it**.")

(Emphasis added.). Indeed, it so egregiously violates canons of professional responsibility that it "raise[s] a serious question about defense counsel's compliance with the requirements of Rule 11 and other obligations." *Id*.

In the instant case, Kissner is claiming defamation per se because McVoy's statement falsely charging him with a crime he did not commit was defamatory on its face. Arguing that Plaintiff cannot demonstrate a probability of prevailing on any of his claims in support of its anti-SLAPP motion to strike, Defendant reduced his opening brief's legal analysis to a single question: whether McVoy's statement constituted an assertion of fact or an expression of opinion. (Dkt. No. 44, 14:16-17:2.) His Fed. R. Civ. P. 12(b)(6) motion to dismiss argument was drastically more under-developed:

> Here, plaintiff has not pled sufficient facts to state a plausible claim for relief on a defamation claim. As stated above, McVoy's statement made in a public forum in the midst of an ongoing public debate is clearly a nonactionable opinion. McVoy, and many other Community members engaged in the same debate, used varying levels of language while sharing their opinions on a matter of public interest directly: Plaintiff's longstanding allegations of inappropriate behavior with children and pederasty. Because Plaintiff is not able to state a valid defamation claim upon which relief can be granted, the cause of action for defamation against McVoy should be dismissed with prejudice.

(Dkt. No. 44, 25:4-11.)

Defendant was expected to raise the private-public figure status issue, because, in correspondence with Plaintiff's counsel, defense counsel had made a point of raising it. Becker Decl., ¶¶ 3-4. Yet neither the anti-SLAPP nor the motion to dismiss arguments included it. (Dkt. No. 44.) Because Defendant had failed to raise the issue, Plaintiff had no reason to argue it in his Opposition memorandum. Becker Decl., ¶ 5. Nevertheless, in a footnote, Plaintiff appropriately called the Court's attention to the missing argument, a standard observation whenever an element

5

of a claim has been overlooked in a 12(b)(6) motion. Dkt. No. 51, 1:20-22, n. 2.[1] (Emphasis added.) In pointing out the omission, Plaintiff was not introducing argument beyond mentioning the relevant legal standard on motions to dismiss.

If Defendant's exclusion of the private-public figure status argument was an oversight, it was an inexplicable one. Defense counsel had prepared a template for it in their meet and confer letter. Becker Decl., ¶ 4.  Two attorneys (Goulding and Bush) and a legal assistant (Virginia Yao) are assigned to Defendant's legal team; at least one of them should have been expected to have spotted the error. *Id*. Two opportunities (in both an anti-SLAPP motion and a motion to dismiss) to focus the Court's attention on the issue were available. And after Plaintiff's counsel gave notice to the defense team that Plaintiff intended to file a Rule 11 sanctions motion, the defense attorneys stood firm in refusing to withdraw their new arguments, suggesting they are somehow indispensable to their position. *Id*. All of these factors suggest the issue was too oversized to absent-mindedly misplace.

In addition to the private-public figure status argument, Defendant has added three additional arguments not found in the Moving memorandum: actual malice standard for public figures, clear and convincing burden of proof standard,  and use of hyperlinks decreasing the possibility of defamation liability. None of these arguments should be permitted because neither Defendant in his Opening memorandum nor Plaintiff in his Opposition memorandum raised them or anything approximating them.

---

[1] The opposition memorandum stated: "Plaintiff has alleged in the Complaint that he is a 'private figure for the purposes of this defamation action, having lived his entire life out of the public eye.' SAC, ¶ 288. **Defendant has not argued otherwise. Accordingly, the Court must accept the Plaintiff's allegations as true and treat Plaintiff as a private figure for purposes of this Motion**. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)." This is no different than stating that a party has failed to argue the absence of a contract on a breach of contract claim, or a duty on a negligence claim.

### C. Defendant's Offer To Allow Plaintiff To File A Surrebuttal, If Accepted, Would Result In Plaintiff Conceding The Propriety Of Defendant's Misfeasance

In attempting to meet and confer regarding Plaintiff's Rule 11 sanctions motion, Defendant had offered Plaintiff the opportunity to file a sur-rebuttal. Becker Decl., ¶ 12. Plaintiff declined the offer because Defendant had failed to show good cause for adding the arguments and because filing a sur-rebuttal would have legitimized Plaintiff's improper attempt to sandbag Plaintiff. *Id*. Defense counsel had opportunities to obtain Plaintiff counsel's forbearance prior to smuggling in their additional arguments. They could have picked up a telephone and called him. Or e-mailed him. They could have moved for leave to file the additional arguments. Or they could have simply forfeited the arguments. After all, they aren't essential. Instead, defense counsel took a chance by electing the disfavored option courts in this district have declared to be intolerable and deceptively dropping the new arguments into the Reply as though procedural rules don't apply to them. This is the sort of behavior courts should not reward.

### D. Good Cause Does Not Exist To Consider The Additional Arguments

After defense counsel refused to withdraw the additional arguments, Plaintiff's counsel served them with a Rule 11 sanctions motion. Becker Decl., ¶ 11. In correspondence, defense counsel sought, through circular and incoherent logic, to persuade Plaintiff's counsel that good cause exists to permit the additional arguments. *Id*., Exh. 7 (June 24, 2022, correspondence). As Plaintiff's counsel explained in his response letter, good cause does not exist to permit Defendant to raise the additional arguments *Id*., ¶ 14, Exh. 8.

/ / /

/ / /

/ / /

## IV. CONCLUSION

Defendant tried to smuggle in arguments improperly raised for the first time in his Reply memorandum. Defendant tried to sandbag Plaintiff. The Court is urged not to consider Defendant's additional argument. However, should the deny this request, Plaintiff should be permitted to file a sur-rebuttal.

Date: July 11, 2022                    FREEDOM X

                            By:  /s/ William J. Becker, Jr.
                                   William J. Becker, Jr.
                                   Attorneys for Plaintiff, David M. Kissner