WILLIAM J. Becker, Jr., Esq. (SBN: 134545)
Bill@FreedomXLaw.com
Jeremiah D. Graham, Esq. (SBN: 313206)
jeremiahdgraham@gmail.com
**FREEDOM X**
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone: (310) 636-1018
Facsímile: (310) 765-6328

Counsel for Plaintiff, *David M. Kissner*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID M. KISSNER**, <br><br>             Plaintiff, <br><br>     vs. <br><br> **LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.,** <br><br>             Defendants. | Case No. 22-CV-00949-CRB <br><br> Hon. Charles R. Breyer <br><br> **DECLARATION OF WILLIAM J. BECKER, JR., IN SUPPORT OF PLAINTIFF DAVID M. KISSNER'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANT LAWRENCE MCVOY'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS TO STRIKE AND DISMISS (DKT. NO. 53), OR, IN THE ALTERNATIVE, ALL EVIDENCE PRESENTED FOR THE FIRST TIME IN THE REPLY BRIEF** <br><br> Date:     August 12, 2022 <br> Time:    10:00 a.m. <br> Location: Videoconference Only <br><br> SAC Filed:  March 20, 2022 |

I, William J. Becker, Jr., declare as follows:

    1.    I am an attorney admitted to practice before all the courts in the State of California and counsel of record for David M. Kissner, Plaintiff herein ("Kissner"). The following facts and

circumstances are personally known to me, and if called upon to do so, I could and would competently testify as to them.

2.  This declaration is submitted in support of Kissner's Motion To Strike Portions Of Defendant Lawrence McVoy's Reply To Plaintiff's Opposition To Defendant's Motions To Strike And Dismiss (Dkt. No. 53) ("Reply"), Or, In The Alternative, All Evidence Presented For The First Time In The Reply Brief.

3.  Prior to McVoy filing his anti-SLAPP motion and motion to dismiss (Dkt. No. 45), his attorneys and I corresponded with each other as part of a meet and confer process. (A true and correct copy of defense counsel Lindsay Goulding's May 16, 2022, letter is attached hereto as Exh. 1 and incorporated herein by reference in full. A true and correct copy of my May 23, 2022, letter is attached hereto as Exh. 2 and incorporated herein by reference in full.) Part of our discussion regarding Plaintiff's defamation per se allegation in the Second Amended Complaint centered on whether Plaintiff is a private figure required to allege facts showing Defendant's negligence or a limited purpose public figure required to allege facts showing actual malice.

4.  On May 26, 2022, I received McVoy's motion (Dkt. No. 45). I was surprised to see that defense counsel had completely left out argument relating to Plaintiff's status since we had corresponded regarding it and Defendant had appeared to make it an important part of her analysis. Indeed, her argument seemed to be a template for her anticipated motion.

5.  As a result of defense counsel's failure to raise the private-public figure argument in her opening memorandum, I had no reason to argue it in the opposition and deliberately elected not to. Nevertheless, in a footnote, I appropriately called the Court's attention to the missing argument, a standard observation whenever an element of a claim has been overlooked in a 12(b)(6) motion. In pointing out the omission, I was not introducing argument beyond mentioning the relevant legal standard on motions to dismiss.

6. When I received Defendant Lawrence McVoy's ("McVoy") Reply, I immediately noticed that counsel had pounced on my footnote and, without ever contacting me to informally work out an agreement that might have allowed her to raise the issue in the Reply without sandbagging me and my client, she had simply smuggled it into her Reply argument. Later, after reviewing the Reply in detail, I noted she had smuggled in additional arguments concerning issues that were never raised in either Defendant's moving papers or Plaintiff's opposition.

7. I immediately contacted attorney Goulding by email. (A true and correct copy of my June 16, 2022, email is attached hereto as Exh. 3 and incorporated herein by reference in full.) It stated:

> We have just received your reply papers and are disconcerted to see that you have raised the issue of public-private figure status for the first time. As you know, Plaintiff did not argue the point but only referred to the allegations in the complaint, which are facts in the case. We purposefully set forth no argument relating to such status. As a result, your argument is waived and must be stricken.
>
> Pursuant to Rule 11, we will be demanding that you immediately withdraw your reply brief and correct it to remove the offending argument. I will send a meet and confer letter within the next few days.

8. I received no response to my June 16, 2022, email.

9. On June 20, 2022, I contacted McVoy's attorneys a second time for the purpose of avoiding a motion either for sanctions or to strike his Reply. (A true and correct copy of my June 20, 2022, email and pdf letter attachment erroneously dated May 23, 2022, (but not the pdf motion attachment) are collectively attached hereto as Exh. 4 and incorporated herein by reference in full.) In the email, I stated: "Please see the attached time-sensitive letter and draft motion for sanctions. Please contact me after reviewing these documents to arrange a conference call." *Id*.

10. I received no response to my request for a telephone conference and believed I had not received any written response because none was received in my Gmail account, which I had routinely used to communicate with defense counsel.

11. On June 24, 2022, having not heard from defense counsel, I served them with a Rule 11 sanctions motion. (A true and correct copy of my June 24, 2022, email, excluding the attachments, is attached hereto as Exh. 5 and incorporated herein by reference in full.)

12. On July 6, 2022, I received an email from Virginia Yao, defense counsel's legal assistant. Attached to her email was a letter from attorney Lindsay Goulding indicating she had sent a letter on June 24, 2022, and proposing Plaintiff file a sur-rebuttal. (A true and correct copy of the email and letter are collectively attached hereto as Exh. 6 and incorporated herein by reference in full.)

13. I responded that same day stating I had never received the June 24 letter. Ms. Goulding and Ms. Yao produced the letter together with evidence of its transmission to my alternative email address, Bill@FreedomXLaw.com. Ordinarily, emails addressed to that email address are forwarded automatically to my Gmail address. For unknown reasons, counsel's June 24 letter had not been. (A true and correct copy of defense counsel's June 24, 2022, letter responding to service of my Rule 11 sanctions motion is attached hereto as Exh. 7 and incorporated herein by reference in full.)

14. I considered and rejected the proposal to file a sur-reply and explained my reasoning in a July 7, 2022, letter. (A true and correct copy of the July 7 letter is attached hereto as Exh. 8 and incorporated herein by reference in full.) I declined to accept the proposal because a response to arguments raised for the first time in the Reply would constitute a concession by Plaintiff that they have not been waived.

15. In the letter, I gave counsel until Monday, July 11, 2022, to advise whether they would withdraw their additional arguments in order to avoid the Rule 11 motion for sanctions

16. On July 9, 2022, I reviewed the Rule 11 motion for sanctions and noted some issues that convinced me it would not be appropriate to file the motion after the safe harbor period had

ended. I notified defense counsel in an email sent July 9, 2022, that I would not be filing the Rule 11 sanctions motion but unless they notified me by Monday, July 11, 2022, of their intent to withdraw the additional arguments raised in their Reply I would proceed with filing a motion to strike. (A true and correct copy of my July 9, 2022, email is attached hereto as Exh. 9 and incorporated herein by reference in full.)

     I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct. Executed this 11th day of July, 2022, at Scottsdale, Arizona.

                                                                   William J. Becker, Jr., Declarant