# EXHIBIT 1

**PORTER | SCOTT**
ATTORNEYS

May 16, 2022

**VIA E-MAIL**

William J. Beker, Jr.
Jeremiah D. Graham
FREEDOM X
11500 Olympic Blvd., Suite 400
Los Angeles, CA. 90064
Bill@FreedomXLaw.com
JeremiahDGraham@gmail.com

Re:   **David M. Kissner v. Loma Prieta Joint Union School District et al.,**
       **United States District Court Northern District of California**
       **Case No.: 22-CV-00949-VKD**

Dear Messer's:

Please allow this correspondence to serve as an effort to meet and confer regarding plaintiff's Second Amended Complaint ("SAC") as it relates to the causes of action alleged against Lawrence McVoy.  As explained in detail below, plaintiff's SAC fails to plead facts sufficient to establish any of the causes of action against McVoy.

## I.   DEFAMATION PER SE

Plaintiff asserts his fourth cause of action for defamation per se against defendant McVoy.

"To sustain a cause of action for defamation, a plaintiff must demonstrate the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Ringler Assocs. Inc. v. Md. Cas. Co.* (2000) 80 Cal. App. 4th 1165, 1179.  "The question whether a statement is defamatory can be reached on a demurrer as a matter of law." *Polygram Records, Inc. v. Superior Court* (1985) 170 Cal. App. 3d 543, 551.  "The critical determination of whether an allegedly defamatory statement constitutes fact or opinion is a question of law for the court [citation] and therefore suitable for resolution by demurrer." *Ferlauto v. Hamsher* (1999) 74 Cal. App. 4th 1394, 1401.

Here, plaintiff fails to plead facts necessary to show that McVoy's post was a statement of fact rather than opinion.  As quoted, the statement in question is: "… Fuck that guy. He's someone who was grooming kids. I can't prove that, but all the evidence points that way." The words, "I can't prove that" on their face establish that McVoy was not making a statement of fact, but was airing his opinion on the evidence before him. As McVoy's post was nothing more than a statement of opinion, it does not give rise to a defamation claim.  *See Eisenberg v. Alameda Newspapers,*



William J. Beker, Jr.
Jeremiah D. Graham
**Kissner v. Loma Prieta Union School District**
May 16, 2022
Page 2

*Inc.* (1999) 74 Cal. App. 4th 1359, 1383 ("It is an essential element of defamation that the publication be of a false statement of *fact* rather than opinion."). Thus, plaintiff's defamation claim fails.

Furthermore, "[p]ublic figure plaintiffs must also prove that the defendant acted with actual malice, meaning that the defendant uttered the statement with knowledge that it was false or with reckless disregard for whether it was false or not." *See Nguyen-Lam v. Cao* (2009) 171 Cal. App. 4th 858, 867, citing *New York Times Co. v. Sullivan* (1964) 376 U.S. 254, 279-80. Plaintiff qualifies as a limited public figure for the purposes of this claim because of his numerous media interviews, being the subject of various news articles, his persistent, active presence within the community, the small size of the community (about 3,000 people), and more. Consequently, to be successful on a claim of defamation as a limited public figure, plaintiff must prove actual malice.

To prove actual malice, plaintiff must demonstrate that McVoy knew his statements were false or exhibited a reckless disregard for their truth. *Kimoanh Nguyen-Lam v. Sinh CuongaCao* (2009) 171 Cal. App. 4th 858, 867. "Malice requires 'plaintiffs to show that defendant had "a high degree of awareness of probable falsity," and "in fact entertained serious doubts as to the truth of his publication," such that defendant had a "subjective awareness of probable falsity."'" *Barger v. Playboy Enters.* (N.D. Cal. 1983) 564 F. Supp. 1151, 1156, quoting *Garrison v. La.* (1964) 379 U.S. 64, 74-79.

Here, there is absolutely no evidence pled by plaintiff, nor any in existence to suggest that McVoy knew that his statement was false at the time of posting nor made with reckless disregard for its truth; particularly given the fact that McVoy was merely sharing his personal opinion in response to another community member releasing public records obtained pursuant to the California Public Records Act (i.e., the Amended Notice of Intent to Dismiss and the subsequent Board Decision.)

Plaintiff alleges that "McVoy's statement of fact is false, unprivileged, and has a natural tendency to injure Kissner throughout the community…." However, plaintiff has pled no facts even remotely suggesting that McVoy knew his statement was false. Even drawing all reasonable inferences in plaintiff's favor, the absent allegations in his SAC make no suggestion that McVoy had "a high degree of awareness of [any] probable falsity" of plaintiff's grooming behavior. *Garrison v La.* (1964) 379 U.S. 64, 74. Thus plaintiff's defamation claim as a limited public figure also fails.

## II.     FALSE LIGHT INVASION OF PRIVACY

Plaintiff asserts his fifth cause of action for false light invasion of privacy against defendant McVoy.



William J. Beker, Jr.
Jeremiah D. Graham
**Kissner v. Loma Prieta Union School District**
May 16, 2022
Page 3

"'False light' is a species of invasion of privacy, based on publicity that places a plaintiff before the public in a false light that would be highly offensive to a reasonable person, and where the defendant knew or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Jackson v. Mayweather* (2017) 10 Cal. App. 5th 1240, 1264.

Generally, in order to establish a claim for false light invasion of privacy, the plaintiff must establish that the defendant had knowledge of the falsity of the representation on which the claim is based or acted in reckless disregard as to its truth or falsity. *See* Restatement Second, Torts § 625(E)(b). This requires plaintiff to plead facts sufficient to show that defendant had knowledge of the falsity yet published the statement anyway. Plaintiff must make a similar showing to prove the statement to be "highly offensive to a reasonable person."

Here, plaintiff pleads no facts alleging McVoy had knowledge his statement was false or that he acted with reckless disregard as to its falsity. Thus, plaintiff's false light claim fails.

Additionally, "[w]hen a false light claim is coupled with a defamation claim, [as is here,] the false light claim is essentially superfluous and stands or falls on whether it meets the same requirements as the defamation cause of action." *Jackson v. Mayweather* (2017) 10 Cal. App. 5th 1240, 1264. As explained above, plaintiff fails to plead facts sufficient to prove all elements of defamation. For these same reasons, plaintiff's claim of false light is equally deficient. Thus, plaintiff's false light claim fails again.

### III.  **CIVIL HARASSMENT**

Plaintiff asserts his twelfth cause of action for civil harassment against defendant McVoy.

In order to properly plead a civil harassment cause of action "the plaintiff must show by clear and convincing evidence that he has been harassed, which is defined as 'a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, or harasses the person, and which serves no legitimate purpose." *Nebel v. Sulak* (1999) 73 Cal. App. 4th 1363, 1369. To prove harassment, plaintiff must plead facts alleging defendant engaged in continued behavior establishing harassment. Stated another way, plaintiff must plead facts alleging McVoy's course of conduct which show harassment. "The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress and must actually cause substantial emotional distress to the plaintiff. Course of conduct 'is a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose.'" *Ibid*.; *see also* Cal. Code Civ. Proc. § 527.6(b) and (d).

California Code of Civil Procedure section 527.6 "require[s] the applicant to establish a course of conduct giving rise to a threat of future harm necessitating injunctive relief. In other words, the



William J. Beker, Jr.
Jeremiah D. Graham
**Kissner v. Loma Prieta Union School District**
May 16, 2022
Page 4

course of conduct must be ongoing at the time the injunction is sought, as a single incident of harassment does not constitute a course of conduct entitling the applicant to injunctive relief." *Scripps Health v. Marin* (1999) 72 Cal. App. 4th 324, 333.

Here, plaintiff has only pled a single statement made by McVoy as the basis of his civil harassment cause of action. However, a single statement is not a "pattern of conduct composed of a series of acts over a period of time." For this reason, plaintiff's SAC fails to plead facts sufficient to show McVoy engaged in the requisite "course of conduct" necessary to prove civil harassment.

Thus, plaintiff's civil harassment claim fails.

### IV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff asserts his thirteenth cause of action for intentional infliction of emotional distress against defendant McVoy.

"A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.'" *Hughes v. Pair* (2009) 46 Cal. 4th 1035, 1050–51.

"[T]he trial court initially determines whether a defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Plotnik v. Meihaus* (2012) 208 Cal. App. 4th 1590, 1614. "[M]any [courts] have dismissed intentional infliction of emotional distress cases on demurrer, concluding that the facts alleged do not amount to outrageous conduct as a matter of law." *Bock v. Hansen* (2014) 225 Cal. App. 4th 215, 235. This application is appropriate here.

Here, (1) plaintiff fails to state facts alleging McVoy's statement was extreme and outrageous. Plaintiff further fails to plead any facts showing McVoy made his statement with the intent to cause plaintiff emotional distress. (2) Plaintiff also fails to plead any facts as relates to McVoy showing plaintiff's suffering severe or emotional distress. Finally, (3) plaintiff fails to plead any facts showing plaintiff's alleged suffering to be caused by McVoy's statement. Thus, plaintiff's intentional infliction of emotional distress claim fails.

### V. NEGLIGENCE

Plaintiff asserts his fifteenth cause of action for negligence against defendant McVoy.



William J. Beker, Jr.
Jeremiah D. Graham
**Kissner v. Loma Prieta Union School District**
May 16, 2022
Page 5

"The elements of a cause of action for negligence are well established. They are '(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury.'" *Ladd v. County of San Mateo* (1996) 12 Cal. 4th 913, 917.

"The concept of duty of care is still an essential factor in any assessment of liability for negligence. Whether a defendant owes a duty of care in a given factual situation presents a question of law which is to be determined by the courts alone, and the judicial recognition of a duty of care in a defendant, with the consequence of his liability for negligence for its breach, is initially to be directed or precluded by considerations of public policy." *Peter W. v. San Francisco Unified School District* (1976) 60 Cal. App. 3d 814, 815-16. "The existence of a duty to use care is '[t]he threshold element of a cause of action for negligence.'" *Southern California Gas Leak Cases* (2017) 18 Cal. App. 5th 581, 587, *aff'd* (2019) 7 Cal. 5th 391.

Where the pleadings and matters subject to judicial notice establish the defendant owed the plaintiff no duty, a negligence case may properly be disposed of on demurrer, without further waste of judicial resources. *See Avila v. Citrus Community College District* (2006) 38 Cal. 4th 148.

Here, plaintiff pleads no facts specific to McVoy showing McVoy owed him any duty of care under any theory of negligence. Additionally, regarding plaintiff's alleged economic damages, "a defendant [generally] owes no duty to prevent purely economic loss to third parties under any negligence theory." *Southern California Gas Leak Cases* (2017) 18 Cal. App. 5th 581, 587, *aff'd* (2019) 7 Cal. 5th 391. This means that plaintiff has failed to meet even the threshold element of a negligence cause of action against McVoy. Thus, plaintiff's negligence claim fails.

### VI. CIVIL RIGHTS CONSPIRACY

Plaintiff asserts his eighteenth cause of action for civil rights conspiracy against defendant McVoy.

"Every person who, **under color of any statute**, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …." 42 U.S.C. § 1983, emphasis added. Private actors are considered state actors under § 1983 only if their conduct that allegedly gave rise to the deprivation of plaintiffs' constitutional rights may be fairly attributable to the State. *Marie v. American Red Cross* (6th Cir. 2014) 771 F. 3d 344.

Here, plaintiff fails to plead any facts alleging McVoy's action in making an opinion-based statement in a community forum as a private actor was in *any* way "attributable to the State" as is



William J. Beker, Jr.
Jeremiah D. Graham
**Kissner v. Loma Prieta Union School District**
May 16, 2022
Page 6

required to assert a valid claim for civil rights conspiracy. Thus, plaintiff's civil rights conspiracy claim fails.

### VII. ANTI-SLAPP MOTION AND MOTION TO DISMISS

"A special motion to strike under the anti-SLAPP statute, Code of Civil Procedure section 425.16, 'is a procedural remedy to dispose of lawsuits brought to chill the valid exercise of a party's constitutional right of petition or free speech. [Citation.] The purpose of the anti-SLAPP statute is to encourage participation in matters of public significance and prevent meritless litigation designed to chill the exercise of First Amendment rights. [Citation.] The Legislature has declared that the statute must be "construed broadly" to that end.'" [Citation.] [an appellate court, whenever possible, should interpret the First Amendment and section 425.16 in a manner "favorable to the exercise of freedom of speech, not its curtailment"]. This legislative directive "is expressed in unambiguous terms." [Citation.] "[T]he broad construction expressly called for in subdivision (a) of section 425.16 is desirable from the standpoint of judicial efficiency." [Citation.] *De Havilland v. FX Networks, LLC* (2018) 21 Cal. App. 5th 845, 854–855.

Here, McVoy's statement in the community forum discussing the Amended Notice of Intent to Dismiss and the subsequent Board Decision is a conversation among community members on a topic of public significance; specifically, the possibility of an ongoing threat to children manifested in plaintiff's continued behavior. Community members, including McVoy, were sharing statements of public concern. As such, we believe McVoy's statement falls squarely within the intent of the Ant-SLAPP statute: to "prevent the meritless litigation designed to chill the exercise of First Amendment rights."

California Code of Civil Procedure section 425.16 permits a defendant to bring a special motion to strike state law claims based on protected speech. This statute "was enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife Int'l, Inc. v. Wornick* (9th Cir. 2001) 264 F.3d 832, 839. Evaluation of an anti-SLAPP motion entails a burden-shifting approach. First, the burden is on the moving party to make prima facie showing that the statute applies. *See Equilon Enters. v. Consumer Cause, Inc.* (2002) 29 Cal. 4th 53, 67-68. The plaintiff must "demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute." *Ibid.*, quoting Cal. Code Civ. Proc. § 425.16; *see also Dwight R. v. Christy B.* (2013) 212 Cal. App. 4th 697, 710. The anti-SLAPP statute broadly defines what acts are covered, including

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under

Case 3:22-cv-00949-CRB   Document 57-2   Filed 07/11/22   Page 8 of 9



William J. Beker, Jr.
Jeremiah D. Graham
**Kissner v. Loma Prieta Union School District**
May 16, 2022
Page 7

> consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Code Civ. Proc. § 425.16(e). If the court finds the anti-SLAPP movant has established covered conduct, the burden shifts to the plaintiff to demonstrate "a probability of prevailing on the claim." *Equilon Enters. v. Consumer Cause, Inc.* (2002) 29 Cal. 4th 53, 67.

> In order to establish a probability of prevailing on the claim, a plaintiff responding to an anti-SLAPP motion must state *and* substantiate a legally sufficient claim. Put another way, the plaintiff must demonstrate that the complaint is both legally sufficient *and* supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.

*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal. 4th 811, 821, quotation marks, alterations, and citations omitted; emphasis added. Given the current factual situation as pled in plaintiff's SAC and the fact that McVoy's statement clearly falls within subdivision (e) of the anti-SLAPP statute, plaintiff will not be able to establish the requisite probability of success on his claims to survive defendant's demurrer. Plaintiff fails to plead facially sufficient evidence that he will succeed as a matter of law.

Code of Civil Procedure Section 425.16(c)(1) provides, in pertinent part, "a prevailing defendant on a[n anti-SLAPP motion] shall be entitled to recover his or her attorney's fees and costs." The language of Section 425.16(c)(1) is mandatory: "[I]t requires a fee award to a defendant who brings a successful motion to strike. Accordingly, our Supreme Court has held that under this provision, 'any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees.'" *G.R. v. Intelligator* (2010) 185 Cal. App. 4th 606, 620, citations and italics omitted.

If we are forced to bring a Motion to Dismiss and Anti-SLAPP Motion to Strike, we will recover our fees in doing so. However, if you dismiss the Complaint as to McVoy with prejudice now – and before we spend the time preparing said Motions – we will agree to waive fees and costs incurred to date.

Please confirm receipt of this correspondence. Please also provide a substantive response to these issues by or before Monday, May 23, 2022, so we may inform the court or proceed with the aforementioned motions.

{02701507.DOCX}



William J. Beker, Jr.
Jeremiah D. Graham
**Kissner v. Loma Prieta Union School District**
May 16, 2022
Page 8

Thank you for your attention to this matter.  Please do not hesitate to contact my office with any questions or concerns.

        Very truly yours,

        PORTER SCOTT
        A PROFESSIONAL CORPORATION

        By  /s/ Lindsay A. Goulding

        Lindsay A. Goulding

LAG/txb