# EXHIBIT 7



June 24, 2022

**VIA E-MAIL**

William J. Beker, Jr. ESQ
FREEDOM X
11500 Olympic Blvd., Suite 400
Los Angeles, CA. 90064
Bill@FreedomXLaw.com

**Re:     David M. Kissner v. Loma Prieta Joint Union School District et al.,
          United States District Court Northern District of California
          Case No.: 22-CV-00949-VKD**

Dear Mr. Becker:

We have reviewed your recent correspondence erroneously dated May 23, 2022, received June 20, 2022. We respond below concluding we have good cause for our public figure argument, which includes actual malice and clear and convincing standard arguments, to be considered by the Court in our Reply brief. We also believe the issue of hyperlinks is made appropriately because it is an extrapolation of arguments previously asserted.

**Meet and Confer Attempts**

We disagree with your assertion that you have made multiple attempts to meet and confer regarding these issues. Per your initial email, you informed that you "*will be* demanding" and you "*will send* a meet and confer letter within the next few days." As such, we now timely respond to the only meet and confer letter you sent June 20, 2022, via email regarding these issues.

**Public Figure, Actual Malice and Clear and Convincing Standard Arguments**

We included the issues of limited purpose public figure, actual malice and clear and convincing standard in our Reply brief after you presented the issue of private figure status in the Opposition. While it is understood that courts "will not *ordinarily* consider issues raised for the first time in a reply brief[,]" American Indian Model Schools v. Oakland Unified School District (2014) 227 Cal. App. 4th 258, 275-276, it is also true that this general rule is relaxed for a showing of good cause. And, of course, there is nothing to prevent the Court from considering points if it wishes to do so because courts may consider points not raised at all at its discretion. *See* Burns v. Ross (1923) 190 Cal. 269, 275 (where point was considered by the court without *any* excuse found).



William J. Beker, Jr. ESQ
**Kissner v. Loma Prieta Union School District**
June 24, 2022
Page 2

Additionally, this rule is inapplicable where points in the reply brief are made in answer to arguments presented in the opposing brief, as is the case here. Frantessa v. Roffy (1919) 40 Cal. App. 179, 188; *see also* Thompson v. Petaluma Police Department (2014) 231 Cal. App. 4th 101, 109.

The Court may consider new issues for good cause or to prevent manifest injustice. For example, in Ibarra-Flores v. Gonzales (9th Cir. 2006) 439 F. 3d 614, n.4, the court permitted and considered a "new" issue in the reply brief because it was intertwined with other issues. Here, the status of plaintiff as a private figure, which plaintiff asserted in the Opposition, is intertwined with discerning his limited purpose public figure status, as addressed by defendant in the Reply. It is made apparent that plaintiff is also aware of the relatedness of these issues in the Second Amended Complaint ("SAC") where a significant portion of the 96-page SAC detail plaintiff's affirmative, public actions as an activist, community member, church member, educator, camp leader, tutor and very public figure in the Community. *See generally* SAC. The same is equally apparent in the Opposition. *See* pp.1-7.

We also believe our arguments regarding hyperlinks is intertwined with the arguments previously made in the Motions regarding external cues courts consider when determining whether a statement is defamatory. *See infra*, § Hyperlinks Argument Is An Elaboration On Issues Raised In Defendant's Motions.

### Exceptions To The Ordinary Ban On New Arguments

"Three main exceptions to [the ordinary ban on new arguments] exist. First, [courts] will review an issue not present in an opening brief for 'good cause shown', [citation], or 'if a failure to do so would result in manifest injustice.' [Citation]. Second, '[courts] have discretion to review an issue not raised by appellant ... when it is raised in the appellee's brief.' [Citation]. Third, [courts] may review an issue if the failure to raise the issue properly did not prejudice the defense of the opposing party. Each of these three exceptions is applicable here." U.S. v. Ullah (9th Cir. 1992) 976 F. 2d 509, 513.

Specifically here, consideration by the Court regarding the issues discussed above is appropriate because: i) plaintiff faces no possibility of prejudice as these issues have been previously discussed and debated in previously exchanged meet and confer letters; ii) determining plaintiff's status as a limited purpose public figure is purely a legal question for the Court requiring no further factual development; iii) resolution of these issues will expedite litigation, augment judicial efficiency and save the Court time; iv) these issues are of great public concern, both generally and specifically; v) defense counsel was responding to the private figure issue raised in the Opposition; and vi) defendant never waived these issues.



William J. Beker, Jr. ESQ
**Kissner v. Loma Prieta Union School District**
June 24, 2022
Page 3

      **i)      Plaintiff faces no possibility of prejudice as these issues have been previously discussed and debated in previously exchanged meet and confer letters.**

The meet and confer letters exchanged by counsel on May 16 and May 23, 2022, show defense counsel's intention and plan to argue plaintiff is a limited purpose public figure. Thus, these issues were clearly known to all as we discussed and debated the same. As a direct result of these previous exchanges, plaintiff has not and will not be prejudiced by the inclusion of the limited purpose public figure argument, actual malice argument and clear and convincing standard argument. Stump v. Gates (10th Cir. 2000) 211 F. 3d 527, 533. Thus, this factor weighs in favor or the Court considering these issues.

      **ii)     Determining plaintiff's status as a limited purpose public figure is purely a legal question for the Court requiring no further factual development.**

Courts are most willing to except and accept new arguments when pure questions of law are "presented on the facts appearing in the record." Ward v. Taggart (1959) 51 Cal. 2d 736, 742; *see also* Burdette v. Rollefson Construction Co. (1959) 52 Cal. 2d 720, 725-726 (discussing the same).

Here, the arguments regarding plaintiff's limited purpose public figure status, actual malice and clear and convincing standard are made based on the facts as alleged in the SAC and the Opposition. Although the opposing party may be unhappy when the court exercises its discretion to hear a new argument, the court's power to do so follows logically from the fact that courts can raise new issues at its discretion. Burns v. Ross (1923) 190 Cal. 269, 275-276 ("Although … matters first raised in a reply brief may be disregarded, the court is undoubtedly at liberty to decide a case upon any points that its proper disposition may seem to require, whether taken by counsel or not.").

The elements of a limited purpose public figure are clearly established in Copp v. Paxton (1996) 45 Cal. App. 4th 829 and analyzed in Gilbert v. Sykes (2007) 147 Cal. App. 4th 13: "[1] there must be a public controversy, which means the issue was debated publicly and had foreseeable and substantial ramifications for nonparticipants[;] [2] the plaintiff must have undertaken some voluntary act through which [they] sought to influence resolution of the public issue. In this regard it is sufficient that the plaintiff attempts to thrust [them]self into the public eye [;] and [3] the alleged defamation must be germane to the plaintiff's participation in the community." *Id*. at 24.

The facts alleged in the SAC and the Opposition, and as applied in the Motions, are not in dispute. Thus, the determination of whether the Court finds plaintiff meeting the criteria of a limited purpose public figure is purely a question of law to be determined by the Court.



William J. Beker, Jr. ESQ
**Kissner v. Loma Prieta Union School District**
June 24, 2022
Page 4

      **iii)     Resolution of these issues will expedite litigation, augment judicial efficiency and save the Court time**

As explained above, there are no facts presented in the Motions or the Reply which are currently in dispute. Stated another way, whether the Court determines plaintiff to be a private figure, or a limited purpose public figure does not require any further development. Thus, this fact weighs in favor of the Court permitting consideration of these issues. Forshey v. Gober (Fed. Cir. 2000) 226 F. 3d 1299 (where review was permitted because a pure legal issue did not require development of more facts).

Resolution of this issue will expedite litigation in favor of judicial efficiency, saving the Court's time, as parties will not be required to further brief and argue the same. Thus, resolution of this issue will save the Court's time and expedite litigation, a factor weighing in favor of permitting the argument.

      **iv)     These issues are of great public concern, both generally and specifically.**

You have already conceded that "the welfare of children is a matter of serious concern to the public." We agree. We further posit that determining plaintiff's limited purpose public figure status is an issue of great public concern because, if plaintiff is determined to be a private figure even after continually inserting himself into public controversies, this would allow others accused of inappropriate behavior with children to do the same (i.e., admit to their public engagements with regard to public controversies, then refute the same for personal benefit in the midst of litigation). Thus, this issue is of great public importance here, as well as in all future matters involving the same. The welfare of children and how the court handles those accused of possible grooming behavior following substantiated facts and numerous investigations involves an important public issue the Court should consider.

We believe the Court will "recognize that the proceedings before [it] involve important issues which reach far beyond the particular controversy between the parties. The entire school system of the [Los Gatos Community], and the [greater Community, generally, are and will be affected by the Court's determination of plaintiff's status]." National City Bank v. Battisti (6th Cir. 1977) 581 F. 2d 565, 569. Determining whether plaintiff, a trusted educator, and others like him accused of inappropriate behavior with children following substantiated evidence and numerous investigations should not be allowed to discard their public status for the purpose of litigation is a matter of great importance worthy of the Court's consideration.

      **v)     Defense counsel was responding to the private figure issue raised in the Opposition.**

As explained above, we were responding to your argument raised in the Opposition alleging plaintiff is a private figure only. Thus, these issues should be considered by the Court.



William J. Beker, Jr. ESQ
**Kissner v. Loma Prieta Union School District**
June 24, 2022
Page 5

      **vi)      Defendant never waived these issues.**

As you are aware, we were forced to redraft the Motions following your notice at the eleventh hour informing that you would no longer be dismissing the intentional infliction of emotional distress ("IIED") claim after you agreed to do so. *See* plaintiff's Meet and Confer Letter, dated May 23, 2022. Because of this, defense counsel inadvertently failed to include the public figure, actual malice and clear and convincing standard arguments in the Motions. Defendant acted in good faith when it included the limited purpose public figure argument, actual malice argument and clear and convincing standard argument. Defendant did not and does not waive any of these arguments. As such, we believe that this inadvertent absence of the limited public figure, actual malice, and clear and convincing standard arguments amount to excusable neglect by defense counsel. As a result, we believe the Court will find the same and consider these issues.

**The Hyperlinks Argument Is An Elaboration On Issues Raised In The Motions**

"An issue is new if it does more than elaborate on issues raised in the opening brief or rebut arguments made by the respondent in respondent's brief." <u>United Grand Corp. v. Malibu Hillbillies, LLC</u> (2019) 36 Cal. App. 5th 142, 158. In the Motions, defendant discusses external cues which impact the understanding of allegedly defamatory statements; specifically, language, medium, context, and the audience of the posts made to social media sites. Thus, the subsequent argument that the use of hyperlinks decreases the possibility of defamation liability is simply an elaboration on these issues and is not a new argument.

For the reasons explained above, we believe, in good faith, that the issues are appropriately raised in the Reply brief and remain valid arguments for the Court's consideration.

                                          Very truly yours,

                                          PORTER SCOTT
                                          A PROFESSIONAL CORPORATION

                                          By

                                          Lindsay A. Goulding

LAG/txb