# EXHIBIT 8



www.FreedomXLaw.com

July 7, 2022

Lindsay A. Goulding, Esq.
Tatiana Bush, Esq.
PORTER SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825

   Re:  Mot. To Strike/Mot. For Sanctions Meet And Confer
   Case: <u>David M. Kissner v. Loma Prieta Joint Union School District, et al</u>. (USDC-ND)
   Case No.: 22-CV-00949-VKD
   Our Client: David M. Kissner
   Your Client: Lawrence McVoy

Dear Ms. Goulding and Ms. Bush:

**<u>Introduction</u>**

We take the opportunity to respond to your letter of June 24, 2022, and apologize for not responding earlier. You apparently used my alternative email address (Bill@ freedomxlaw.com) rather than my preferred email address, which I have been consistently using with you and your office (freedomxlaw@gmail.com), and for unknown reasons it was not forwarded to the Gmail address. Your email yesterday was the first I had learned of the June 24 letter.

We initially communicated with you and your office on June 16, 2022, and then again on June 20 providing a draft motion indicating our intention to file a motion for sanctions and demanding you withdraw portions of your reply brief containing new argument. We prepared the motion believing there to have been no response to our two emails. Because our interpretation of the law requires that we serve you with the complete motion for purposes of triggering the safe harbor period, we then e-mailed you again on June 27, 2022, serving you with the motion. As you correctly note, our motion must be filed July 15, 2022.

**<u>Summary of Discussion</u>**

You raise the following arguments in your letter: (1) The Court, in its discretion, may consider points not raised at all; (2) the Court may consider "new issues" for good cause or to prevent manifest injustice and that the question of private or public figure status is so "intertwined" with the issue that it would be manifestly unjust for the Court to ignore it; (3) the issue of private/public figure status was "argued" in Kissner's opposition brief, thus opening the door to it being "argued" in the reply; (4) the private/public figure question is purely a legal question; (5) Kissner will not be prejudiced by you raising them in the reply; (6) resolution of the issues is in the interest of justice and judicial efficiency; (7) the issues are of "grave public concern" and therefore must be

**FREEDOM X**

Lindsay A. Goulding, Esq.
Tatiana Bush, Esq.
PORTER SCOTT
July 7, 2022
Page 2 of 6

_____

resolved at the pleading stage; (8) your failure to argue the issues in the opening brief was "inadvertent" because we added a new cause of action when you were drafting the motion and that caused you to forget to include the private/public figure component; and (9) the hyperlink issue was generally addressed in the opening brief and therefore, despite no opposition argument, may be argued specifically because it does not do more than elaborate on issues raised in the opening brief.

You have proposed a stipulation permitting Kissner to file a sur-rebuttal brief. We have given this proposal serious consideration because it would allow us to have the final word on these issues and because we wish to proceed in good faith so as not to needlessly tie up the Court's time and resources over matters that can be efficiently resolved. Nevertheless, we do not find your arguments to be persuasive. In particular, rather than focus on what may constitute good cause for allowing the arguments, your focus is more on procedural loopholes. We address each of your points in no particular order.

**Discussion**

**1.      Court Discretion**

While it is true the Court may consider points never raised, it does so *sua sponte*, not from a party raising it for the first time. If this were not the case, the principle of judicial discretion would collide with and swallow the settled principle that the Court is not required to consider arguments raised for the first time in a reply brief and therefore waived.

The arguments are waived because they represent an attempt to "sandbag" the opposition. Here, you can reasonably be expected to argue, there is no such attempt to sandbag Kissner because you have offered Kissner the chance to file a sur-rebuttal and we therefore have an opportunity to address the issues. But this is disingenuous by half. First, as you have pointed out, you and I specifically addressed the private/public figure status issue in our meet and confer letters relating to your motions. You were plainly aware of the issue at the time your motion was to be filed. Clearly, if you thought it so integral to your argument you could hardly have overlooked it and would not have failed to raise it.

Second, you raised it for the first time in your reply only because we pointed out your waiver in the opposition (see #3, *supra*). Third, without taking the opportunity to telephone or email me to discuss how we might resolve the matter at that time, you furtively snuck it into your reply brief hoping we might overlook it. What else is that but sandbagging, the very thing courts, especially the Northern District, fulminate against? Now, having been caught and facing a motion for sanctions, you predictably have turned even more penitent.

**FREEDOM X**

Lindsay A. Goulding, Esq.
Tatiana Bush, Esq.
PORTER SCOTT
July 7, 2022
Page 3 of 6

_____

The slipperiness doesn't end there. Citing a cropped reference to *Am. Indian Model Schools v. Oakland Unified Sch. Dist.*, 227 Cal. App. 4th 258, 275–76 (Cal. App. 1st Dist. 2014) ("We will not ordinarily consider issues raised for the first time in a reply brief.") you conveniently pruned it of context. The full quotation reads:

> We will not ordinarily consider issues raised for the first time in a reply brief. (*Kovacevic v. Avalon at Eagles' Crossing Homeowners Assn.* (2010) 189 Cal.App.4th 677, 680, fn. 2, 117 Cal.Rptr.3d 53.) **An issue is new if it does more than elaborate on issues raised in the opening brief or rebut arguments made by the respondent in respondent's brief. Fairness militates against allowing an appellant to raise an issue for the first time in a reply brief because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments about the new issue**. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764, 60 Cal.Rptr.2d 770.)

(Emphasis added.)

As you well know, arguing private/public figure status in your reply <u>does more than elaborate on issues raised in the opening brief</u>; it raises the issue anew. And, as argued below, it does <u>not</u> rebut **arguments** made by Kissner, but raises argument where we had only alerted the Court to your waiver of the argument.

In the end, the Court should not raise the issue on its own because precedent shows it to be waived and that your efforts to sandbag Kissner comport with this Court's judicial philosophy.

**2.      Good Cause/Manifest Injustice/Pure Legal Question**

The key question in our consideration of your sur-rebuttal proposal is whether you have shown us that good cause exists to make the private/public figure status argument in the first place. In that regard, your analysis disappoints us with its circular and incoherent reasoning ("Here, the status of plaintiff as a private figure … is intertwined with discerning his limited purpose public figure status…."). It goes without saying that one's status is intertwined with his status. But, more directly, your analysis fails to demonstrate "good cause" or "manifest injustice" to permit your client to raise the issue in its reply, or at all. Resolving Kissner's status does not seem consequential in the least on a special motion to strike, and if it does, we aren't convinced of it because you haven't explained it to us. Nor does it seem to be an indispensable subject of a motion to dismiss. On an anti-SLAPP motion, once the defendant has met his prima facie burden, it is then up to the plaintiff to rebut the presumption of constitutionality by showing a reasonable probability of success on the merits of the challenged claim. Kissner has met this burden by demonstrating that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts

**FREEDOM X**

Lindsay A. Goulding, Esq.
Tatiana Bush, Esq.
PORTER SCOTT
July 7, 2022
Page 4 of 6

_____

to sustain a favorable judgment. The SAC alleges your client defamed him by asserting facts that were false, that your client was both negligent in failing to actually read and understand the dismissal decision where no reference to grooming appears, and that your client should have known better than to make categorical representations of fact after reading the CPC's dismissal decision and acted with reckless disregard for the truth by intentionally misstating the CPC's conclusions. Either way, the alleged facts support either standard. These facts are accepted by the Court as true for purposes of a motion to dismiss.

What, then, demonstrates "good cause"? Elsewhere, you state that "determining plaintiff's status as a limited purpose public figure is purely a legal question for the Court requiring no further factual development." So, what would the result be if the Court answered the legal question one way or the other? It isn't clear to us and you haven't tried to make it clear.

We cannot understand how Kissner's status is determinative of anti-SLAPP liability because a showing of a probability of prevailing on the merits in order to defeat the motion does not require us to show anything more than we already have by alleging facts showing both negligence and actual malice. Similarly, we cannot understand how Kissner's status is determinative of a motion to dismiss because the alleged facts are presumed to be true.

### 3.     Opening The Door

You stubbornly persist in conflating statements that are meant to put the Court on notice that you have waived the private/public figure issue with argument on the issue. To repeat, footnote 2 of the opposition states: "Plaintiff has alleged in the Complaint that he is a 'private figure for the purposes of this defamation action, having lived his entire life out of the public eye.' SAC, ¶ 288. Defendant has not **argued** otherwise. Accordingly, the Court must accept the Plaintiff's allegations as true and treat Plaintiff as a private figure for purposes of this Motion." Here, we are focusing the Court's attention on your waiver. We are not arguing that Plaintiff is a private figure, only that this is what the SAC alleges and that the standard is to accept the allegation as true. Whether Kissner is or isn't a private figure is ripe at summary judgment when evidence of the facts can be relied on. Kissner has made no attempt to present that debate here. Had we actually presented the argument we laid out in our meet and confer letter, we would then have been guilty of opening the door. We deliberately chose not to argue the private/public figure status question precisely because you had waived it. This is not a close call.

### 4.     Prejudice

The new arguments smuggled into the reply were calculated to sandbag us. Your insistence that these arguments are indispensable to the motion is miscalculated; they are not. They do nothing

**FREEDOM X**

Lindsay A. Goulding, Esq.
Tatiana Bush, Esq.
PORTER SCOTT
July 7, 2022
Page 5 of 6

_____

more than distract the Court from the relevant issues. Such a distraction is prejudicial to Kissner's interests.

**5.    Interest Of Justice/Efficiency; Grave Public Concern; Inadvertence**

These subordinate points fail to justify the addition of the new arguments. First, it is in the interest of justice and judicial efficiency and economy not to confuse the issues with periphery. Second, the concern for children's welfare is not a relevant factor on an anti-SLAPP or 12(b)(6) motion and is not resolvable at the pleading stage. Third, blaming us for bringing up something at the 11th hour smells of desperation.

**6.    Hyperlink**

As stated above, an issue is new if it does more than elaborate on issues raised in the opening brief or rebut arguments made by the respondent in respondent's brief. Nothing in the opening brief discussed hyperlinks and we said nothing about hyperlinks in our opposition. The discussion of hyperlinks did more than elaborate on issues raised in the opening brief; it purposefully emphasized a specific argument not raised at all.

**Conclusion**

The gaping absence of any coherent explanation to show good cause justifying new issues being raised makes our decision to reject your proposal and to instead file a motion to strike along with the motion for sanctions easy.

To avoid both motions, we once again demand that you file an amended brief removing the additional arguments prior to July 15. We belatedly point out that the "clear and convincing evidence " arguments on pages 5-6 of your brief are also new and were not addressed in our opposition. The amended brief should remove all argument related to (1) private/public figure status, (2) clear and convincing evidence standard, and (3) hyperlinks. **Unless they are removed and the new brief is filed on or before July 13, 2022**, we will plan to move to strike these arguments and seek sanctions.

**FREEDOM X**

Lindsay A. Goulding, Esq.
Tatiana Bush, Esq.
PORTER SCOTT
July 7, 2022
Page 6 of 6

_____

I will be traveling the remainder of the month and would appreciate not having to prepare another motion. I would therefore request the courtesy of knowing whether you intend to comply with our demand at your earliest convenience.

                        Sincerely,

                        **FREEDOM X**

                        William J. Becker, Jr.,