# EXHIBIT 9



Bill Becker <freedomxlaw@gmail.com>

## Kissner v. Loma Prieta JUSC, et al. 5:22-cv-00949-CRB reconsideration
1 message

**Bill Becker** <freedomxlaw@gmail.com>  Fri, Jul 8, 2022 at 3:52 PM
To: "Lindsay A. Goulding" <lgoulding@porterscott.com>, Tatiana Bush <tbush@porterscott.com>, Virginia Yao <vyao@porterscott.com>
Cc: Jeremiah Graham <jeremiahdgraham@gmail.com>
Bcc: David Kissner <dmkissner@hotmail.com>

Ms. Goulding and Ms. Bush:

While reviewing the motion for sanctions, I stumbled on two deficiencies which render it inadvisable to file. First, the notice of motion indicates the motion is to be heard in San Jose, not San Francisco. That is not something I can, in good conscience, correct simply by amending the notice. Because the notice is defective, the safe harbor period would need to be restarted. But while that error would only lead to delay (in the absence of your willingness to excuse the error), the second deficiency is fatal to the motion's objective because it argues, incorrectly for purposes of this case, that establishing plaintiff's status as a private or public figure is a necessary predicate to justifying failure to state a claim. That would be true if we hadn't alleged facts sufficient to cover both negligence and actual malice standards, but it is incorrectly argued because, as I indicated in my July 7 letter, plaintiff has alleged facts to support both private and public figure defamation and therefore it is unneccessary to argue it at all. As a matter of law, either standard has been alleged (and the complaint therefore states sufficient facts under either theory).

I cannot, in good conscience, proceed with a motion for sanctions under these circumstances. It would be possible for me to correct my argument and file the motion, but our objective on it is the same objective we have on a motion to strike. I remain of the opinion that you improperly added arguments in the reply and that they should be stricken. A sur-rebuttal would only dignify arguments improperly placed before the court. Accordingly, unless you agree to withdraw those portions of the motion, I will proceed with filing a motion to strike.

In the spirit of cooperation, I request you consider the arguments made in my July 7 letter and as a further attempt to meet and confer provide me with your response to them. Primarily, the new arguments are not determinative of anti-SLAPP liability because a showing of a probability of prevailing on the merits in order to defeat the motion does not require us to show anything more than we already have by alleging facts showing both negligence and actual malice. Similarly, new arguments are not determinative of a motion to dismiss because the alleged facts are presumed to be true. The other additional arguments (burden of proof standard and hyperlinks) are equally superfluous and should be withdrawn. I am leaving on a two-week working vacation. Therefore, unless I hear back from you by Monday, I will plan to file a motion to strike.

Bill Becker
President/CEO/Chief Counsel
www.freedomxlaw.com



**Freedom X** is registered with the IRS as a 501(c)(3) charitable non-profit.
Your donations are tax-deductible.

 11500 Olympic Blvd., Suite 400 | Los Angeles, CA 90064 | Tel: (310) 636-1018

Confidentiality Notice: This electronic mail message (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are not the intended recipient, you are hereby  notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited.  Please reply to the  sender that you have received the message in error, or please call the sender at (310) 636-1018 and then delete this email from  your system.  Thank you.