UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID M. KISSNER**, an individual, <br><br> vs. <br><br> **LOMA PRIETA JOINT UNION SCHOOL DISTRICT**, a California public agency; et al. <br><br> Defendants. | Case No. 22-CV-00949-CRB <br><br> Hon. Charles R. Breyer <br><br> **ORDER ON PLAINTIFF DAVID M. KISSNER'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANT LAWRENCE MCVOY'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS TO STRIKE AND DISMISS (DKT. NO. 53), OR, IN THE ALTERNATIVE, ALL EVIDENCE PRESENTED FOR THE FIRST TIME IN THE REPLY BRIEF** |

The motion of Plaintiff David M. Kissner to strike portions of Defendant Lawrence McVoy's Reply to Plaintiff's Opposition to Defendant's Motions to Strike and Dismiss, or, in the Alternative, All Evidence Presented for the First Time in the Reply Brief came on for hearing in this Court on August 12, 2022, at 10:00 a.m.

The Court, having reviewed and considered the moving [and any opposing and reply papers] and supporting papers and having heard oral argument from counsel for the parties finds there is good cause for striking the following issues and arguments from Defendant's Reply memorandum (Dkt. No. 53) related to their Special Motion to Strike and Motion to Dismiss (Dkt. No. 44):

1

(1) Plaintiff meets the criteria to qualify as a limited purpose public figure for the purposes of the instant litigation (Dkt. No. 53, 3:2-5:11);

(2) Plaintiff cannot prove actual malice (a subsection of the public figure argument) (*id*., 5:12-18);

(3) Plaintiff cannot meet the clear and convincing evidence standard (same) (*id*., 5:19-6:15); and

(4) Use of hyperlinks decreases the possibility of defamation liability (*id*., 11:6-13:7).

By failing to raise these arguments in the moving memorandum, Defendant has <u>waived</u> them. *Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008). ("Arguments not raised by a party in its opening brief are deemed <u>waived</u>."); *Scottsdale Ins. Co. v. Fineman*, 4:20-CV-00368-YGR, 2021 WL 411360, at *6, n. 4 (N.D. Cal. Feb. 5, 2021) (arguments disregarded by the Court as only raised for the first time in the reply); *SolarCity Corp. v. Doria*, 16CV3085-JAH (RBB), 2018 WL 4204024, at *8 (S.D. Cal. Sept. 4, 2018), report and recommendation adopted, 16-CV-3085-JAH-RBB, 2018 WL 4538191 (S.D. Cal. Sept. 20, 2018) ("Courts generally do not consider arguments that are raised for the first time in a reply brief."); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) ("[A]rguments not raised by a party in its opening brief are deemed <u>waived</u>."); *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief."); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."). (Underline and bold emphasis added.)

This District, in particular, has exhibited profound impatience with parties who attempt to "smuggle" in new argument into a reply brief. *See McGrane v. Howrey, LLP*, 14-CV-05111-JD,

2015 WL 6126792, at *6 (N.D. Cal. Oct. 19, 2015) (Emphasis added.); *California Sportfishing Protec. All. v. P. States Industries, Inc.*, 15-CV-01482-JD, 2015 WL 5569073, at *2 (N.D. Cal. Sept. 22, 2015). ("Raising new arguments in a reply brief is classic sandbagging, and the Court will not tolerate it.") (Emphasis added.); *Id*. ( This "manifest fault[]" in a party's motion "raise[s] a serious question about defense counsel's compliance with the requirements of Rule 11 and other obligations.").

The Court therefore finds that Defendant's raising these arguments in the Reply was improper and GRANTS Plaintiff's motion to strike. Because Defendant has waived the arguments specified above, those arguments are stricken for purposes of Defendant's Motions.

IT IS SO ORDERED.

Dated:

                                                 _____
                                                 Senior United States District Judge