IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER,<br><br>    Plaintiff,<br><br>    v.<br><br>LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 22-cv-00949-CRB<br><br>**ORDER DENYING MOTION TO STRIKE AND PERMITTING SUR-REPLY** |

Plaintiff David Kissner moves to strike portions of Defendant McVoy's reply brief, arguing that McVoy raised four arguments in his reply that he had not raised in his opening brief. See Kissner's Mot. to Strike (dkt. 57) at 1. Kissner asserts that McVoy waived the following arguments by not making them earlier: (1) that Kissner is a limited purpose public figure for the purpose of this litigation, thus (2) requiring him to prove actual malice (3) by a clear and convicting standard; and (4) that use of hyperlinks decreases the possibility of defamation liability. See id.

Courts in the Ninth Circuit are under no obligation to consider arguments raised for the first time in a reply brief and often decline to hear such arguments. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). A new argument is one that "does more than elaborate on issues raised in the opening brief or rebut arguments made by the respondent in respondent's brief. Fairness militates against allowing an appellant to raise an issue for the first time in a reply brief because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments about the new issue." Am. Indian Model Sch. v. Oakland Unified Sch. Dist., 227 Cal. App. 4th 258,

275–76 (2014)

McVoy's fourth argument concerning hyperlinks merely "elaborate[s] on issues" relating to the totality of circumstances test in determining a non-actionable opinion, and thus does not constitute a new issue or argument. See id. The same is not true of the remaining arguments. McVoy did not make his first argument—that Kissner is a limited purpose public figure—in his opening brief. See McVoy's MTS/MTD (dkt. 44). However, Kissner raised the issue repeatedly in his opposition. See Kissner's Opp'n to McVoy (dkt. 51) at 1, n.2 ("Plaintiff has alleged in the Complaint that he is a 'private figure for the purposes of this defamation action, having lived his entire life out of the public eye.' Defendant has not argued otherwise. Accordingly, the Court must accept the Plaintiff's allegations as true and treat Plaintiff as a private figure for purposes of this motion.") (citations omitted); id. at 8–9 (arguing that Kissner is a private figure). McVoy's second and third arguments arise out of the private/public figure distinction.

Even if McVoy did not properly raise these issues in the reply brief, courts have the discretion to review unraised issues upon a showing of good cause or when failure to properly raise the issue does not prejudice the opposing party. See United States v. Ullah, 976 F.2d 509, 514 (9th Cir. 1992). McVoy's arguments likely survive under both exceptions. The Court has been patient with all parties in this case, and continues to find compelling Kissner's earlier contention, in support of his own previous request for relief, that "accidents will happen." Pl.'s Mot. for Administrative Relief (dkt. 55) at 3. Kissner's last-minute notice to McVoy that he would not be dropping the IIED charge as previously discussed is further good cause to excuse such an accident. Kissner's Mot. to Strike Ex. 7 (dkt. 57-8) at 6. There is also a lack of prejudice here. Kissner and McVoy's counsel have already debated the limited purpose public figure arguments via email in their meet and confer letters. See Kissner's Mot. to Strike, Ex. 2 (dkt. 57-3). In fact, Kissner's counsel admits that "plaintiff has alleged facts to support both private and public figure defamation," and that "the complaint therefore states sufficient facts under either theory." Kissner's Mot. to Strike, Ex. 9 (dkt. 57-10).

2

For the foregoing reasons, the Court DENIES Kissner's Motion to Strike, but GRANTS Kissner <u>seven days from the date of this order</u> to file a sur-reply in response to McVoy's limited purpose public figure arguments.

**IT IS SO ORDERED.**

Dated: July 13, 2022

CHARLES R. BREYER
United States District Judge

3