1  William J. Becker, Jr., Esq. (SBN: 134545)
   Bill@FreedomXLaw.com
2  Jeremiah D. Graham, Esq. (SBN: 313206)
   JeremiahDGraham@gmail.com
3  **FREEDOM X**
   11500 Olympic Blvd., Suite 400
4  Los Angeles, California 90064
   Telephone: (310) 636-1018
5  Facsímile: (310) 765-6328
6

7  Counsel for *David M. Kissner*

8                 **UNITED STATES DISTRICT COURT**
9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11 **DAVID M. KISSNER**,                    Case No. 22-CV-00949-CRB

                        Plaintiff,
12                                          Hon. Charles R. Breyer

13            vs.                           **PLAINTIFF DAVID M. KISSNER'S SUR-
                                            REPLY (I.E., SUPPLEMENTAL
14                                          OPPOSITION) IN OPPOSITION TO
   **LOMA PRIETA JOINT UNION SCHOOL        DEFENDANT LAWRENCE MCVOY'S
15 DISTRICT, et al.,**                      LIMITED PURPOSE PUBLIC FIGURE
                                            ARGUMENTS INITIALLY RAISED IN
16                      Defendants.         HIS REPLY; MEMORANDUM OF
                                            POINTS AND AUTHORITIES IN
17                                          SUPPORT THEREOF**

18
                                            **[Corresponding to Order, Dkt. No. 58]**
19

20                                          **Date:**      August 12, 2022
                                            **Time:**      10:00 a.m.
21                                          **Location:**  San Francisco Courthouse,
                                                           Courtroom 6, 17th Floor
22                                                         450 Golden Gate Avenue,
                                                           San Francisco, CA 94102
23

24                                          **SAC Filed:** March 20, 2022

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES .................................................... 1

I.      ARGUMENT ................................................................................................................ 1

        A.      Introduction .................................................................................................. 1

        B.      Summary of Argument .............................................................................. 2

        C.      Regardless Of Whether Plaintiff Qualifies As A Limited Public Figure (Which He
                Doesn't), Plaintiff Has Sufficiently Pled Facts Establishing Liability Under Either
                A Negligence Or Actual Malice Standard For Defamation Per Se And False Light 2

                1.      Kissner does not qualify as a limited purpose public figure ........................ 3

                2.      Even so, evidence of actual malice has been sufficiently alleged (and that's
                        sufficient to obtain punitive damages) .......................................................... 6

                3.      Accepting as true all evidence favorable to the Plaintiff, Defendant's
                        evidence does not defeat the Plaintiff's submission as a matter of law ........ 7

                4.      Plaintiff has alleged sufficient facts to show he is a private figure ............ 11

II.     CONCLUSION ............................................................................................................ 12

Pl.'s Supp. Opp'n                                                           Case No. 22-CV-00949-CRB

# TABLE OF AUTHORITIES

**Cases**

*Coral Ridge Ministries Media, Inc. v. S. Poverty L. Ctr.*
   142 S. Ct. 2453 (2022)................................................................................3

*Fallay v. San Francisco City and County*
   C 08-2261 CRB, 2015 WL 7874312 (N.D. Cal. I. 4, 2015)........................3

*Franklin v. Benv. etc. Or. of Elks*
   97 Cal. App. 3d 915 (Cal. App. 1st Dist. 1979) ........................................5

*Gallagher v. Connell*
   123 Cal. App. 4th 1260 (Cal. App. 2d Dist. 2004) ...............................11, 12

*Gertz v.* Robert *Welch, Inc.*
   418 U.S. 323 (1974)........................................................................4, 5, 10, 11

*Murray v.* Bailey
   613 F. Supp. 1276 (N.D. Cal. 1985) ...........................................................3

*New York Times Co. v. Sullivan*
   376 U.S. 254, 276 (1964)..............................................................................3

*Overstock.com, Inc. v. Gradient Analytics, Inc.*
   151 Cal. App. 4th 688 (Cal. App. 1st Dist. 2007.........................................2

*Time, Inc. v. Pape*
   401 U.S. 279 (1971)......................................................................................6

*Wolston v.* Reader's *Dig. Ass'n, Inc.*
   443 U.S. 157 (1979)............................................................................4, 5, 11

**Statutes**

Cal. Civ. Code § 425.16.................................................................................1

Fed. R. Civ. P. 12(b)(6).................................................................................1

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff David M. Kissner ("Plaintiff" or "Kissner"), by and through his undersigned attorneys, submits this Sur-Reply (i.e., Supplemental Opposition) in Opposition to Defendant Lawrence McVoy's ("Defendant" or "McVoy") limited purpose public figure arguments initially raised in his Reply (Dkt. No. 53) ("Reply") to Plaintiff's Opposition (Dkt. No. 51) to Defendant's (1) Special Motion to Strike Pursuant to California anti-SLAPP Statute, Cal. Civ. Code § 425.16, or, in the Alternative, (2) Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 44) ("Motion").

Plaintiff respectfully requests that this Court deny Defendant's motions because (1) the Second Amended Complaint ("SAC") contains sufficient factual matters that, if accepted as true, state claims to relief for defamation, false light invasion of privacy, and intentional infliction of emotional distress against Defendant that are plausible on their face and that (2) Plaintiff can demonstrate a reasonable probability of prevailing on his claims.

**I.     ARGUMENT**

     **A.     Introduction**

Plaintiff Kissner was a 6th-grade school teacher subjected to dismissal proceedings. Defendant McVoy monitored the proceedings and published a false statement that subjected Kissner to hatred, contempt, and ridicule. McVoy is asking this Court to insulate him from his perpetuation of the lie that Kissner is guilty of using methods to build the trust of children in order to break down their resistance to sexual advances and endear himself. McVoy asks this Court to excuse him from culpability for factually communicating a false and defamatory statement accessible everywhere in the world on the internet that Kissner is guilty of "grooming kids" and that "all the evidence" proves it.  McVoy argues that he was just one among many just pitching in his two cents by caricaturing an innocent 6th-grade teacher as a predatory monster threatening the

community. McVoy argues that his communication is mitigated by the public's access to a hyperlink purportedly revealing the "evidence" he relied upon for his public communication, or at least allowing the public to decide for itself by accessing a legal document he had already claimed to have digested for them, regardless of whether the "evidence" was actually there or not or whether his implicit claim of trustworthiness was persuasive or not. McVoy asks this Court to believe that convicting Kissner in the court of public opinion by describing him as a child groomer is just too "conclusory" to be understood as defamatory per se and that, in any event, Kissner can't possibly make the connection between McVoy's public declaration and Kissner's reputational, emotional, and economic injuries. McVoy expects this Court to agree that the defamatory character of his communication is unapparent on its face and that it is not of such a nature that the court can presume as a matter of law that it tends to degrade or disgrace Kissner.

### B.    Summary of Argument

McVoy also insists that Kissner is a limited purpose public figure who must present evidence that McVoy knew his communication was false or acted with reckless disregard for whether it was false. If, as McVoy's logic suggests, Kissner can't show that, then he can't show a probability of prevailing, even under the minimum merits standard, on McVoy's anti-SLAPP motion.

As argued below, accepting as true all evidence favorable to the Plaintiff, Defendant's evidence fails to demonstrate facts showing as a matter of law that Plaintiff injected himself or was drawn into a **<u>particular public controversy giving rise to the defamation</u>**.

### C.    Regardless Of Whether Plaintiff Qualifies As A Limited Public Figure (Which He Doesn't), Plaintiff Has Sufficiently Pled Facts Establishing Liability Under Either A Negligence Or Actual Malice Standard For Defamation Per Se And False Light

In resolving the merits of a section 425.16 motion under the second prong of an anti-SLAPP analysis—whether the plaintiff can establish a probability of prevailing on the merits

1   (*Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 699 (Cal. App. 1st Dist.

2   2007)—the Court does not weigh credibility, nor evaluate the weight of the evidence. *Id.*, at 699–

3   700. Instead, **<u>the Court must accept as true all evidence favorable to the plaintiff</u>** and assess the

4   defendant's evidence only to determine if it defeats the plaintiff's submission as a matter of law.

5   *Id.* (Emphasis added.) Only a cause of action that lacks "even minimal merit" constitutes a SLAPP.

6   *Id.* Indeed, as this Court has previously noted, "The Ninth Circuit has characterized the standard to

7   withstand an anti-SLAPP motion as 'a low bar'." *Fallay v. San Francisco City and County*, C 08-

8   2261 CRB, 2015 WL 7874312, at *3 (N.D. Cal. Dec. 4, 2015) (citations omitted).

9       McVoy has not defeated Kissner's submission of facts as a matter of law. We first consider

10  the law, then the facts.

11          **1.    Kissner does not qualify as a limited purpose public figure**

12      Defendant contends Plaintiff qualifies as a limited purpose public figure for purposes of

13  alleging defamation per se and false light and, accordingly, must allege facts demonstrating actual

14  malice. "While a defamed person must typically prove only 'a false written publication that

15  subjected him to hatred, contempt, or ridicule,' (citation omitted), a 'public figure' laboring under

16  the 'actual malice' standard must prove that a defamatory statement was made 'with knowledge

17  that it was false or with reckless disregard of whether it was false or not.' " *Coral Ridge Ministries*

18  *Media, Inc. v. S. Poverty L. Ctr.*, 142 S. Ct. 2453, 2454 (2022), J. Thomas, dissenting, cert. den; *see*

19  *also Murray v. Bailey*, 613 F. Supp. 1276, 1279–80 (N.D. Cal. 1985); *New York Times Co. v.*

20  *Sullivan*, 376 U.S. 254, 276, 279–80 (1964).

21      McVoy expects the Court to believe that an individual who participates in public life in any

22  way or has answered a reporter's questions at any time or is well known in a community becomes

23  a limited purpose public figure <u>for all purposes and at all times</u>. Such a construction, however,

24  disembowels the "limited purpose" qualifier of a limited purpose public figure's distinctive nature.

3

The limited purpose in this case is Kissner's employment dispute with the Defendant Loma Prieta Joint Union School District ("District"). It is not, as McVoy presses, Kissner's grading decision in 2018, his political activity in 2021, or any other unrelated activity.

Applicable law—law McVoy completely ignores—predictably <u>limits</u> limited purpose public figure status to a <u>particular</u> public controversy. Inexplicably, if not conveniently, McVoy never discusses the Supreme Court's trailblazing *Gertz* decision, the seminal and best authority on this subject (nor responds to Plaintiff counsel's discussion of it from meet and confer correspondence). In *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974), the Supreme Court, rather lucidly, defined a limited purpose public figure as "an individual [who] voluntarily injects himself or is drawn into **a particular public controversy** and thereby becomes a public figure **for a limited range of issues**." (Emphasis added.) "Absent clear evidence of general fame or notoriety in the community, and pervasive involvement in the affairs of society, **an individual should not be deemed a public personality for all aspects of his life**. It is preferable to reduce the public-figure question to a more meaningful context by looking to the nature and extent of an individual's participation **in the particular controversy giving rise to the defamation**." *Id*. at 352. (Emphasis added.) The court later narrowed its definition: "A private individual is not automatically transformed into a public figure just by becoming involved in or associated with a matter that attracts public attention." *Wolston v. Reader's Dig. Ass'n, Inc.*, 443 U.S. 157, 167 (1979).

As alleged in the SAC, Kissner was drawn into controversies involving school district policies. That shouldn't be seen as particularly unusual for a teacher who cares about such things. These public controversies did not confer general fame or notoriety in the community or pervasive involvement in the affairs of society on him. In the <u>particular</u> controversy in issue, Kissner did not seek to be fired and laid off from his teaching position of nine years. He did not seek to be falsely charged with "grooming" children. He did not run to the media to defend himself or mount a public

4

campaign. In short, he did not voluntarily inject himself into a public controversy regarding his relationships with children or teaching position.

But what of Kissner's employment litigation? If he did not inject himself into the particular controversy, was he "drawn" into it? Kissner was laid off and fired. He necessarily litigated both actions to try to keep his job. If he was "drawn" into a controversy, it was because an alliance of belligerents monitored his legal proceedings and publicized them on social media. In *Time, Inc. v. Firestone*, 424 U.S. 448 (1976), and with emphasis in *Wolston*, the Supreme Court clarified its statement in *Gertz* that a person drawn into a legal controversy should not have to contend with proving actual malice for participating in litigation:

> Presumptively erecting the New York Times barrier against all plaintiffs seeking to recover for injuries from **defamatory falsehoods published in what are alleged to be reports of judicial proceedings** would effect substantial depreciation of the individual's interest in protection from such harm, without any convincing assurance that such a sacrifice is required under the First Amendment.

*Id.*, at 456. (Emphasis added.)

> [W]hile participants in some litigation may be legitimate 'public figures,' either generally or for the limited purpose of that litigation, the majority will more likely resemble respondent, **drawn into a public forum largely against their will in order to attempt to obtain the only redress available to them or to defend themselves against actions brought by the State or by others.** There appears little reason why these individuals should substantially forfeit that degree of protection which the law of defamation would otherwise afford them simply by virtue of their being drawn into a courtroom.

*Id.*, at 457; *Wolston* at 168–69. (Emphasis added.)

Teachers, in particular, are not held to be public figures. "The governance or control which a public classroom teacher might be said to exercise over the conduct of government is at most remote and philosophical: Far too much so, in our view, to justify exposing each public classroom teacher to a qualifiedly privileged assault upon his or her reputation." *Franklin v. Benv. Etc. Or. Of Elks*, 97 Cal. App. 3d 915, 924 (Cal. App. 1st Dist. 1979) (holding that public school teachers do not assume the risk of nonmalicious defamation, characterizing such a rule as a "real and intolerable

danger to the freedom of intellect and of expression which the teacher must have to teach effectively.")

From these authorities, it ought to be crystalline that Kissner is not a limited purpose public figure because (1) he did not thrust himself into a public controversy by virtue of his employment litigation, (2) he was drawn into the litigation against his will, (3) being drawn into it does not give license to McVoy to publish defamatory falsehoods made in legal proceedings, and (4) teachers, in particular, are not held to be public figures.

### 2. Even so, evidence of actual malice has been sufficiently alleged (and that's sufficient to obtain punitive damages)

If, *arguendo*, Kissner is deemed a limited public figure, then proof of defamation requires application of the actual malice standard. Reckless conduct in such a context "is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *Id.*, citing *Time, Inc. v. Pape*, 401 U.S. 279, 291–92 (1971). "This standard ensures that publishers are not held liable for unintentional misstatements or implications, which public figures later claim are defamatory." *Id*.

To be sure, McVoy's communication is factually declarative and leaves the reader with no doubt he believes unreservedly that Kissner is a groomer (e.g., "He's someone who was grooming kids."). But McVoy demonstrates in a parenthetical remark ("I can't prove that but…") that he also entertains serious doubts as to the truth of the publication. McVoy knew or should have known that a statement of "charges" is not a summary of "all the evidence." Yet he refers to "all the evidence" pointing to Kissner's guilt for grooming kids. How could that be? The District never prosecuted a charge of grooming and the Commission neither examined evidence of grooming nor reached a decision based on evidence of grooming. It's not there. McVoy read the Decision and knew it didn't reach the conclusion he announced to the public. Under a totality of the circumstances inquiry,

McVoy sought to pass himself off as qualified to interpret a legal opinion in order to appear credible. McVoy's understanding of the facts and the legal circumstances, however, demonstrate a lack of knowledge and sophistication in how to analyze evidence. McVoy knows he's not a lawyer. He knows reading legal decisions is above his pay grade. He knows he isn't qualified to accurately interpret the Decision and therefore manifestly acted with knowledge his statement was false or at minimum with reckless disregard for the truth (he couldn't prove it, but he'll say it anyway).

> **3.    Accepting as true all evidence favorable to the Plaintiff, Defendant's evidence does not defeat the Plaintiff's submission as a matter of law**

As earlier stated, the Court must accept as true all evidence favorable to the Plaintiff. The evidence is:

- McVoy published the following statement:

  Summary because I read it all looking for this: Respondent David Kissner is dismissed from his position as a permanent certificated employee ... due to evident unfitness for service.

  Finally, seems like what should have happened happened. And I say this as a dude that thought he was wrongly accused, then I learned more, and yeah, f*ck that guy, he's someone who was grooming kids. I can't prove that but all the evidence points that way.

  The vast majority of teachers are awesome, they love their kids, they spend their own money on class supplys [sic], they protect those kids from crazy helicopter parents, or abusive parents, teachers rock. And should get paid more.

  Kissner guy was a train wreck waiting to happen.

  Def's Mot., 11:3-11; McVoy Declaration (Dkt. No. 44-2), Unnumbered Exhibit ("COMMUNITY FORUM THREAD") beginning at headnote, p. 44;

- The statements "f*ck that guy, he's someone who was grooming kids. I can't prove that but all the evidence points that way" are false and based on malicious hearsay, rumors and Defendant District's malfeasance in releasing the unfounded charge of grooming to the

public. *Inter alia*, SAC, ¶¶ 31, 32, 110, 113, 117, 119, 142, 177, 184-194, 198, 202, 242, 273-287, 301, 314-317;

- Subsequent to the release of the defamatory charges, Individual District Defendants testified during dismissal proceedings that they had no evidence supporting such charges, and that they were aware of the statutory protections preventing their publication. *Id.*, ¶ 195;

- Subsequent to the release of the defamatory charges, Defendant Lisa Fraser testified during dismissal proceedings that Defendant District had no evidence supporting such charges, and that, as the official author of the letter accompanying the release of the Statement, she was aware of the statutory protections preventing their publication. *Id.*, ¶¶ 287, 309;

- In fact, Defendant McVoy has no evidence that Kissner is "someone who was grooming kids" and that "all the evidence points that way." *Id.*, ¶ 318;

- Kissner is a private figure for the purposes of this defamation action, having lived his entire life out of the public eye. *Id.*, ¶ 288-291;

- The false and defamatory statements against Kissner are defamatory per se, as they are libelous on their face without resort to additional facts, and as clearly demonstrated here, Kissner as subjected to public hatred, contempt, scorn, obloquy, and shame. *Id.*, ¶ 297;

- The Statement of Decision neither mentions a charge of grooming, analyzes facts pertaining to a charge of grooming, nor reaches any factual or legal conclusions relating to a charge of grooming;

- The Statement of Decision specifically states:

  As amended, the District's statement of charges against respondent includes allegations spanning about three years. **The evidence at hearing did not address some allegations at all, and was not conclusive as to others. Any allegations that were in dispute at the hearing but that the Commission has not addressed explicitly in this decision were not proven by a preponderance of evidence, and did not affect the Commission's decision**.

McVoy Declaration (Dkt. No. 44-2), Unnumbered Exhibit ("DECISION") beginning at headnote, p. 5 (Emphasis added.);

- McVoy admits to reading the Statement of Decision and relying on it to support his false assertions of fact. McVoy Declaration, ¶¶ 3-8 (Dkt. No. 53-1);

- Despite the complete absence of any evidence contained in the Statement of Decision pointing to Kissner being guilty of grooming children, McVoy declared under oath he read the decision, and he believed the information contained in the Commission's Decision to be true and a dependable and trustworthy source of information. McVoy Declaration (Dkt. No. 53-1, ¶¶ 3-8);

- McVoy has produced **<u>no evidence</u>** that the Statement of Decision contains a single fact in support of his assertions that Kissner is guilty of grooming kids and that all the evidence points to it. *See* McVoy Declarations (Dkt. Nos. 44-2 & 53-1);

- **<u>McVoy's declaration (Dkt. No. 53-1, ¶¶ 12-19) constitutes inadmissible hearsay and opinion testimony. Plaintiff hereby objects to said evidence on these grounds.</u>**

McVoy hasn't presented evidence that defeats Kissner's submission as a matter of law. It consists of (1) two self-serving declarations containing inadmissible hearsay and opinion testimony (Dkt. Nos. 44-2 & 53-1) (except for referencing the email thread attachment, Defendant never once in its Opening or Reply memoranda discusses McVoy's statements, thus leaving their significance hidden and open to conjecture); (2) the amended Notice of Intent to Dismiss and Statement of Charges (Dkt. No. 44-1) ; and (3) the ALJ dismissal Statement of Decision (Dkt. No. 44-2).

Crucially—and this needs to be read as a large, flashing neon sign—**<u>Defendant never refers to any of the "evidence" purportedly contained in the Statement of Decision demonstrating that Plaintiff is guilty of grooming kids</u>**. It makes <u>no appearance</u>, not even a cameo, in either McVoy's declarations or counsel's points and authorities.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

What does Defendant offer? First, he argues, there is evidence of a public controversy. (Dkt. No. 52, 3:4-10.) Disregarding *Gertz*' requirement the specified public controversy be of a <u>particular</u> nature, he <u>generally</u>, and without citation to evidence, reaches back to Kissner's "political activism, social activism, religious involvement and [unspecified, unarticulated, rumored] inappropriate behavior with children." *Id*. The "particular controversy giving rise to the defamation" here, however, does not involve past acts, no matter how zealously McVoy tries to make it. It involves an employment dispute. And while it would be charitable to suggest that Defendant simply misreads this factor, the legal definition of a limited purpose public interest figure is too settled to misunderstand. Kissner is controversial to McVoy because McVoy hates Kissner's politics. McVoy wants Kissner canceled because Kissner opposed a parcel tax. Or because the school district spread a vicious lie about him. Step outside of McVoy's catty sewing circle and nobody's ever heard of Kissner. McVoy represents the modern embodiment of Gladys Kravitz, the neighborhood snoop and gossip.[1]

16
17
18
19
20
21
22
23
24
25

McVoy repeats the error with his next bit of proffered evidence arguing that Kissner injected himself into a public controversy by voluntarily acting in such a manner so as to "influence resolution of the public issue." (Dkt. No. 52, 3:11-17.) Defendant again reaches into the past to find examples of Kissner's participation in public controversies ("Here, Plaintiff gave media interviews, created and posted a widely-viewed video sharing ongoing District investigations and his vehement displeasure with them, attended and gave speeches at town hall meetings and Board meetings, and undoubtedly more public engagements of which parties remain ignorant."). But Kissner did not seek public attention for his employment troubles and, in fact, demanded the District withhold

26
27
28

[1] "Are you a Gladys Kravitz? If you don't understand something that has been said or posted and you take it upon yourself to make wild assumptions about the posted items, then you could be a suffering from Gladys Kravitz Syndrome." Don Sedberry, "Social Media and the Gladys Kravitz Syndrome" (Aug. 20, 2012); https://www.donsedberry.com/2012/08/20/social-media-and-the-gladys-kravitz-syndrome/.

disclosure to the public of its unfounded and defamatory charge of grooming. In this way, he did not seek to influence resolution of his dismissal from employment with the District but to foreclose the harm to his reputation it inevitably would create and has created.

Finally, Defendant suggests that evidence shows that McVoy's communication was "germane to the plaintiff's participation in the community" where it was "made in a public forum detailing Plaintiff's social, political, religious activism, as well as his [unfounded, rumored, speculated, false] inappropriate behavior with children." (Dkt. No. 52, 3:18-21.) While dignifying the defamatory lie, this "evidence" borders on the absurd, the inappropriate, and the shocking. This motif represents the very image of torch and pitchfork mob action, the New Salem witch trials, the scarlet letter, the bonfire of the vanities, and the Spanish inquisition.

In short, Defendant has produced <u>no evidence</u> to defeat Plaintiff's evidence that Kissner is a private figure. Defendant has <u>failed to show</u> that (1) Plaintiff injected himself into the employment controversy, (2) Plaintiff should be treated as a limited purpose public figure who has been drawn into the employment controversy; and (3) McVoy did not act with reckless disregard for whether his communication to the public was false. Plaintiff's purported "evidence" that Kissner is a limited purpose public figure misapplies *Gertz*, *Wolston*, and other relevant law, butchering the doctrine so completely that through the prism of Defendant's looking glass, "limited" means "unlimited" and "private" means "public."

### 4.   Plaintiff has alleged sufficient facts to show he is a private figure

A defamed private figure typically must prove only "a false written publication that subjected him to hatred, contempt, or ridicule." *Coral Ridge Ministries Media, Inc. v. S. Poverty L. Ctr.*, 142 S. Ct. at 2454. "If the defamatory statement pertains to a matter of public interest involving a private-figure plaintiff that plaintiff, in defending against a SLAPP motion, must show a reasonable probability of proving the statement was false." *Gallagher v. Connell*, 123 Cal. App.

4th 1260, 1274 (Cal. App. 2d Dist. 2004). In revisiting the private-public figure status question, Plaintiff has reconsidered his position regarding Prong 1 of an anti-SLAPP analysis and now submits that Kissner's employment dispute with the District is the "particular public controversy" in issue. It is inarguable that a public teacher's dismissal is generally not a matter of public interest. Kissner has alleged that the allegations of "grooming," which find no place in the dismissal proceedings or the Statement of Decision, are false. McVoy's communication demonstrates plainly that Kissner was subjected to "hatred, contempt, or ridicule." Kissner is a private figure.

## II.    CONCLUSION

Accepting as true all evidence favorable to the Plaintiff, Defendant's evidence fails to demonstrate facts showing as a matter of law that Plaintiff injected himself or was drawn into the particular public controversy (Kissner's employment with the District) giving rise to the defamation. Kissner is not a public figure for all aspects of his life. For the reasons presented herein, Kissner again respectfully asks the Court to DENY both the motion to strike and the motion to dismiss as well as any award for attorney's fees and costs, or, in the alternative, grant Kissner leave to amend the Complaint to assert any additional facts that may be required.

Date: July 17, 2022                          FREEDOM X


                              By:    /s/ William J. Becker, Jr.
                                     William J. Becker, Jr.
                                     Attorneys for Plaintiff, David M. Kissner