1  Golnar J. Fozi (Cal. Bar No. 167674)
   Daniel S. Modafferi (Cal. Bar No. 294510)
2  Fozi Dwork & Modafferi, LLP
   5942 Priestly Drive, Suite 100
3  Carlsbad, California 92008
   Tel: (760) 444-0039; Fax: (760) 444-0130
4  Email:   gfozi@fdmattorneys.com
             dmodafferi@fdmattorneys.com
5
   Attorneys for Defendants,
6  Lisa Fraser, Kevin Grier, Billy Martin, Deana
   Arnold, Ben Abeln, Ron Bourque, Charlotte
7  Khandelwal, and Erin Asheghian

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

11  DAVID M. KISSNER,                    **Case No.: 3:22-cv-00949-CRB**
                                         **Assigned to: Hon. Charles R. Breyer**
12         Plaintiff,
                                         **DEFENDANTS LISA FRASER,**
13      v.                               **KEVIN GRIER, BILLY MARTIN,**
                                         **DEANA ARNOLD, BEN ABELN,**
14  LOMA PRIETA JOINT UNION              **CHARLOTTE KHANDELWAL, AND**
    SCHOOL DISTRICT, et al.,             **ERIN ASHEGHIAN'S ANSWER TO**
15                                       **PLAINTIFF DAVID KISSNER'S**
           Defendants.                   **SECOND AMENDED COMPLAINT**
16
                                         **Case Filed: February 16, 2022**
17                                       **Trial Date: None Set**
18

19        Defendants Lisa Fraser, Kevin Grier, Billy Martin, Deana Arnold, Ben Abeln,

20  Charlotte Khandelwal, and Erin Asheghian hereby answer plaintiff David Kissner's

21  second amended complaint, as follows:

22        1.    Answering paragraph 1 of the second amended complaint, defendants

23  deny the allegations therein.

24        2.    Answering paragraph 2 of the second amended complaint, defendants

25  deny the allegations therein.

26        3.    Answering paragraph 3 of the second amended complaint, defendants

27  admit only that plaintiff was laid off and terminated from employment at Loma Prieta

28  Joint Union School District. Defendants deny all other allegations therein.

4.     Answering paragraph 4 of the second amended complaint, defendants deny the allegations therein.

5.     Answering paragraph 5 of the second amended complaint, defendants deny the allegations therein.

6.     Answering paragraph 6 of the second amended complaint, defendants admit only that plaintiff was employed by Loma Prieta Joint Union School District, from 2012 to 2021, as a teacher at C.T. English Middle School in Los Gatos. Defendants deny all other allegations therein.

7.     Answering paragraph 7 of the second amended complaint, defendants deny the allegations therein.

8.     Answering paragraph 8 of the second amended complaint, defendants deny the allegations therein.

9.     Answering paragraph 9 of the second amended complaint, defendants deny the allegations therein.

10.     Answering paragraph 10 of the second amended complaint, defendants admit only that this Court has subject matter jurisdiction based on federal question. Defendants deny all other allegations therein.

11.     Answering paragraph 11 of the second amended complaint, all state law claims have been dismissed, and therefore, the allegations in this paragraph are moot.

12.     Answering paragraph 12 of the second amended complaint, defendants admit that venue is proper in the United States District Court for the Northern District of California.

13.     Answering paragraph 13 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

14.     Answering paragraph 14 of the second amended complaint, all claims against Loma Prieta Joint Union School District have been dismissed, and therefore, the allegations in this paragraph are moot.

15. Answering paragraph 15 of the second amended complaint, defendants admit only that Lisa Fraser is a resident of Santa Cruz County. Defendants deny all other allegations therein.

16. Answering paragraph 16 of the second amended complaint, all claims against Corey Kidwell have been dismissed, and therefore, the allegations in this paragraph are moot.

17. Answering paragraph 17 of the second amended complaint, defendants admit only that Kevin Grier is the current Superintendent of Loma Prieta Joint Union School District. Defendants deny all other allegations therein.

18. Answering paragraph 18 of the second amended complaint, defendants admit only that Billy Martin is a resident of Santa Clara County. Defendants deny all other allegations therein.

19. Answering paragraph 19 of the second amended complaint, defendants admit only that Deana Arnold is a resident of Santa Cruz County. Defendants deny all other allegations therein.

20. Answering paragraph 20 of the second amended complaint, defendants admit only that Ben Abeln is a member of the Loma Prieta Joint Union School District Board of Trustees, and that he is a resident of Santa Clara County. Defendants deny all other allegations therein.

21. Answering paragraph 21 of the second amended complaint, defendants admit only that Ron Bourque is a member of the Loma Prieta Joint Union School District Board of Trustees, and that he is a resident of Santa Clara County. Defendants deny all other allegations therein.

22. Answering paragraph 22 of the second amended complaint, defendants admit only that Charlotte Khandelwal is a resident of Santa Cruz County. Defendants deny all other allegations therein.

///

///

23.     Answering paragraph 23 of the second amended complaint, defendants admit only that Erin Asheghian is a member of the Loma Prieta Joint Union School District Board of Trustees, and that she is a resident of Santa Clara County. Defendants deny all other allegations therein.

24.     Answering paragraph 24 of the second amended complaint, all claims against Patricia Elliot have been dismissed, and therefore, the allegations in this paragraph are moot.

25.     Answering paragraph 25 of the second amended complaint, all claims against Joie Grimmet have been dismissed, and therefore, the allegations in this paragraph are moot.

26.     Answering paragraph 26 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

27.     Answering paragraph 27 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

28.     Answering paragraph 28 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

29.     Answering paragraph 29 of the second amended complaint, defendants admit only that Loma Prieta Joint Union School District serves more than 400 total students at two schools: Loma Prieta Elementary School, which serves grades TK-5; and C.T. English Middle School, which serves grades 6-8.

30.     Answering paragraph 30 of the second amended complaint, defendants admit only that plaintiff was employed by Loma Prieta Joint Union School District as a certificated teacher at C.T. English Middle School; that, at the relevant times, plaintiff was classified as a permanent employee under the Education Code; that plaintiff primarily taught math, for which he held a credential, and also taught some

science; and that, during a portion of his employment at the District, plaintiff was a wrestling coach.

31.    Answering paragraph 31 of the second amended complaint, defendants admit only that plaintiff was laid off and terminated from employment at Loma Prieta Joint Union School District. Defendants deny all other allegations therein.

32.    Answering paragraph 32 of the second amended complaint, defendants admit only that plaintiff was laid off and terminated from employment at Loma Prieta Joint Union School District. Defendants deny all other allegations therein.

33.    Answering paragraph 33 of the second amended complaint, defendants deny the allegations therein.

34.    Answering paragraph 34 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

35.    Answering paragraph 35 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

36.    Answering paragraph 36 of the second amended complaint, defendants admit only that plaintiff was hired by Loma Prieta Joint Union School District in or about 2012 as a teacher at C.T. English Middle School; that plaintiff primarily taught math, for which he held a credential, and also taught some science; and that plaintiff was laid off and terminated from employment at Loma Prieta Joint Union School District in 2021.

37.    Answering paragraph 37 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

38.    Answering paragraph 38 of the second amended complaint, defendants admit only that, during a portion of his employment at the District, plaintiff was a wrestling coach. Defendants lack sufficient information or belief on which to answer

the other allegations therein, and on that basis, defendants deny them.

39.    Answering paragraph 39 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

40.    Answering paragraph 40 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

41.    Answering paragraph 41 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

42.    Answering paragraph 42 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

43.    Answering paragraph 43 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

44.    Answering paragraph 44 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

45.    Answering paragraph 45 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

46.    Answering paragraph 46 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

47.    Answering paragraph 47 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

48.     Answering paragraph 48 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

49.     Answering paragraph 49 of the second amended complaint, the allegations therein consist entirely of truisms, which cannot be admitted absent specific allegations. On that basis, defendants deny the allegations therein.

50.     Answering paragraph 50 of the second amended complaint, defendants admit, based on information and belief, only that plaintiff provided alcohol to a minor in 2016. Defendants lack sufficient information or belief on which to answer the other allegations therein, and on that basis, defendants deny them.

51.     Answering paragraph 51 of the second amended complaint, defendants deny the allegations therein.

52.     Answering paragraph 52 of the second amended complaint, defendants deny the allegations therein.

53.     Answering paragraph 53 of the second amended complaint, defendants deny the allegations therein.

54.     Answering paragraph 54 of the second amended complaint, defendants deny the allegations therein.

55.     Answering paragraph 55 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

56.     Answering paragraph 56 of the second amended complaint, defendants deny the allegations therein.

57.     Answering paragraph 57 of the second amended complaint, defendants deny the allegations therein.

58.     Answering paragraph 58 of the second amended complaint, defendants admit the allegations therein.

///

59. Answering paragraph 59 of the second amended complaint, this paragraph contains quotations from two different documents, neither of which was prepared by defendants or the District. Defendants therefore lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

60. Answering paragraph 60 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

61. Answering paragraph 61 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

62. Answering paragraph 62 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

63. Answering paragraph 63 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

64. Answering paragraph 64 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

65. Answering paragraph 65 of the second amended complaint, defendants deny the allegations therein.

66. Answering paragraph 66 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

67. Answering paragraph 67 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

68. Answering paragraph 68 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

69. Answering paragraph 69 of the second amended complaint, defendants admit only that the District received a letter from an attorney indicating he represented parents opposed to the walkout. Defendants deny all other allegations therein.

70. Answering paragraph 70 of the second amended complaint, defendants deny the allegations therein.

71. Answering paragraph 71 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

72. Answering paragraph 72 of the second amended complaint, defendants deny the allegations therein.

73. Answering paragraph 73 of the second amended complaint, defendants deny the allegations therein.

74. Answering paragraph 74 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

75. Answering paragraph 75 of the second amended complaint, defendants deny the allegations therein.

76. Answering paragraph 76 of the second amended complaint, defendants deny the allegations therein.

77. Answering paragraph 77 of the second amended complaint, defendants deny the allegations therein.

78. Answering paragraph 78 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

///

79.     Answering paragraph 79 of the second amended complaint, defendants deny the allegations therein.

80.     Answering paragraph 80 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

81.     Answering paragraph 81 of the second amended complaint, defendants deny the allegations therein.

82.     Answering paragraph 82 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

83.     Answering paragraph 83 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

84.     Answering paragraph 84 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

85.     Answering paragraph 85 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

86.     Answering paragraph 86 of the second amended complaint, defendants deny the allegations therein.

87.     Answering paragraph 87 of the second amended complaint, defendants deny the allegations therein.

88.     Answering paragraph 88 of the second amended complaint, defendants deny the allegations therein.

89.     Answering paragraph 89 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

90.     Answering paragraph 90 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

91.     Answering paragraph 91 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

92.     Answering paragraph 92 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

93.     Answering paragraph 93 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

94.     Answering paragraph 94 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

95.     Answering paragraph 95 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

96.     Answering paragraph 96 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

97.     Answering paragraph 97 of the second amended complaint, defendants admit only that Arnold, Kidwell, Kissner, and two others met on or about March 19, 2018. Defendants deny all other allegations therein.

98.     Answering paragraph 98 of the second amended complaint, defendants deny the allegations therein.

99.     Answering paragraph 99 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and

on that basis, defendants deny them.

100.  Answering paragraph 100 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

101.  Answering paragraph 101 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

102.  Answering paragraph 102 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

103.  Answering paragraph 103 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

104.  Answering paragraph 104 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

105.  Answering paragraph 105 of the second amended complaint, defendants deny the allegations therein.

106.  Answering paragraph 106 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

107.  Answering paragraph 107 of the second amended complaint, defendants deny the allegations therein.

108.  Answering paragraph 108 of the second amended complaint, defendants deny the allegations therein.

109.  Answering paragraph 109 of the second amended complaint, defendants deny the allegations therein.

///

110.    Answering paragraph 110 of the second amended complaint, defendants admit only that, on or about March 20, 2018, the District received an anonymous letter accusing plaintiff of behavior which, in the author's opinion, constituted "grooming behavior." Defendants deny all other allegations therein.

111.    Answering paragraph 111 of the second amended complaint, defendants deny the allegations therein.

112.    Answering paragraph 112 of the second amended complaint, defendants admit only that, on April 30, 2018, the District notified plaintiff that he would be placed on administrative leave, effective May 1, 2018, pending criminal investigation of plaintiff's alleged conduct. Defendants deny all other allegations therein.

113.    Answering paragraph 113 of the second amended complaint, defendants deny the allegations therein.

114.    Answering paragraph 114 of the second amended complaint, defendants deny the allegations therein.

115.    Answering paragraph 115 of the second amended complaint, defendants admit, based on information and belief, only that in Summer 2016 plaintiff provided alcohol to a minor. Defendants deny all other allegations therein.

116.    Answering paragraph 116 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

117.    Answering paragraph 117 of the second amended complaint, defendants deny the allegations therein.

118.    Answering paragraph 118 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

119.    Answering paragraph 119 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

120.   Answering paragraph 120 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

121.   Answering paragraph 121 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

122.   Answering paragraph 122 of the second amended complaint, defendants deny the allegations therein.

123.   Answering paragraph 123 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

124.   Answering paragraph 124 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

125.   Answering paragraph 125 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

126.   Answering paragraph 126 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

127.   Answering paragraph 127 of the second amended complaint, defendants deny the allegations therein.

128.   Answering paragraph 128 of the second amended complaint, defendants deny the allegations therein.

129.   Answering paragraph 129 of the second amended complaint, defendants deny the allegations therein.

130.   Answering paragraph 130 of the second amended complaint, defendants deny the allegations therein.

131.   Answering paragraph 131 of the second amended complaint, defendants deny the allegations therein.

132.   Answering paragraph 132 of the second amended complaint, defendants admit only that the District hired an investigator to look into plaintiff's retaliation complaint, and that the investigator concluded that plaintiff's complaints were unsubstantiated. Defendants deny all other allegations therein.

133.   Answering paragraph 133 of the second amended complaint, defendants admit only that, on or about April 19, 2018, the District retained independent legal counsel, Patricia Elliot, to investigate the circumstances of the student walkout. Defendants deny all other allegations therein.

134.   Answering paragraph 134 of the second amended complaint, defendants admit only that the complaint accurately quotes a portion of Patricia Elliot's June 23, 2018, report. Defendants deny plaintiff's characterization of the report or the scope of the investigation.

135.   Answering paragraph 135 of the second amended complaint, defendants deny the allegations therein.

136.   Answering paragraph 136 of the second amended complaint, defendants deny the allegations therein.

137.   Answering paragraph 137 of the second amended complaint, defendants admit only that the complaint accurately quotes a portion of Patricia Elliot's June 23, 2018, report. Defendants deny plaintiff's characterization of the report or the scope of the investigation.

138.   Answering paragraph 138 of the second amended complaint, defendants deny the allegations therein.

139.   Answering paragraph 139 of the second amended complaint, defendants admit only that the District retained Patricia Elliot to investigate the allegations in the anonymous letter. Defendants deny all other allegations therein.

///

140.   Answering paragraph 140 of the second amended complaint, defendants admit only that, on April 30, 2018, the District notified plaintiff that he would be placed on administrative leave, effective May 1, 2018, pending criminal investigation of plaintiff's alleged conduct. Defendants deny all other allegations therein.

141.   Answering paragraph 141 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

142.   Answering paragraph 142 of the second amended complaint, defendants admit only that the complaint accurately quotes a portion of plaintiff's October 28, 2018, statement. Defendants deny all other allegations therein.

143.   Answering paragraph 143 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

144.   Answering paragraph 144 of the second amended complaint, defendants deny the allegations therein.

145.   Answering paragraph 145 of the second amended complaint, defendants deny the allegations therein.

146.   Answering paragraph 146 of the second amended complaint, defendants deny the allegations therein.

147.   Answering paragraph 147 of the second amended complaint, defendants deny the allegations therein.

148.   Answering paragraph 148 of the second amended complaint, defendants deny the allegations therein.

149.   Answering paragraph 149 of the second amended complaint, defendants deny the allegations therein.

150.   Answering paragraph 150 of the second amended complaint, defendants deny the allegations therein.

151.   Answering paragraph 151 of the second amended complaint, defendants

deny the allegations therein.

152. Answering paragraph 152 of the second amended complaint, defendants deny the allegations therein.

153. Answering paragraph 153 of the second amended complaint, defendants deny the allegations therein.

154. Answering paragraph 154 of the second amended complaint, defendants deny the allegations therein.

155. Answering paragraph 155 of the second amended complaint, defendants deny the allegations therein.

156. Answering paragraph 156 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

157. Answering paragraph 157 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

158. Answering paragraph 158 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

159. Answering paragraph 159 of the second amended complaint, defendants admit the allegations therein.

160. Answering paragraph 160 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

161. Answering paragraph 161 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

162. Answering paragraph 162 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and

on that basis, defendants deny them.

163. Answering paragraph 163 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

164. Answering paragraph 164 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

165. Answering paragraph 165 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

166. Answering paragraph 166 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

167. Answering paragraph 167 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

168. Answering paragraph 168 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

169. Answering paragraph 169 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

170. Answering paragraph 170 of the second amended complaint, defendants deny the allegations therein.

171. Answering paragraph 171 of the second amended complaint, defendants admit the allegations therein.

172. Answering paragraph 172 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and

on that basis, defendants deny them.

173.    Answering paragraph 173 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

174.    Answering paragraph 174 of the second amended complaint, defendants deny the allegations therein.

175.    Answering paragraph 175 of the second amended complaint, defendants deny the allegations therein.

176.    Answering paragraph 176 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

177.    Answering paragraph 177 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

178.    Answering paragraph 178 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

179.    Answering paragraph 179 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

180.    Answering paragraph 180 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

181.    Answering paragraph 181 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

182.    Answering paragraph 182 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and

on that basis, defendants deny them.

183. Answering paragraph 183 of the second amended complaint, defendants admit only that, on February 12, 2021, the District issued plaintiff a written Notice of Proposed Intent to Dismiss with Statement of Charges. Defendants deny all other allegations therein.

184. Answering paragraph 184 of the second amended complaint, defendants deny the allegations therein.

185. Answering paragraph 185 of the second amended complaint, defendants deny the allegations therein.

186. Answering paragraph 186 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

187. Answering paragraph 187 of the second amended complaint, defendants deny the allegations therein.

188. Answering paragraph 188 of the second amended complaint, defendants deny the allegations therein.

189. Answering paragraph 189 of the second amended complaint, defendants deny the allegations therein.

190. Answering paragraph 190 of the second amended complaint, defendants deny the allegations therein.

191. Answering paragraph 191 of the second amended complaint, defendants deny the allegations therein.

192. Answering paragraph 192 of the second amended complaint, defendants deny the allegations therein.

193. Answering paragraph 193 of the second amended complaint, defendants deny the allegations therein.

194. Answering paragraph 194 of the second amended complaint, defendants admit only that, on or about June 11, 2021, the District filed an Amended Notice of

Intent to Dismiss; Amended Statement of Charges. Defendants deny all other allegations therein.

195.  Answering paragraph 195 of the second amended complaint, defendants deny the allegations therein.

196.  Answering paragraph 196 of the second amended complaint, defendants admit only that, on February 12, 2021, the District issued plaintiff a written Notice of Proposed Intent to Dismiss with Statement of Charges, and that plaintiff requested a hearing on or about April 22, 2021. Defendants deny all other allegations therein.

197.  Answering paragraph 197 of the second amended complaint, defendants admit the allegations therein.

198.  Answering paragraph 198 of the second amended complaint, defendants deny the allegations therein.

199.  Answering paragraph 199 of the second amended complaint, defendants deny the allegations therein.

200.  Answering paragraph 200 of the second amended complaint, defendants deny the allegations therein.

201.  Answering paragraph 201 of the second amended complaint, defendants deny the allegations therein.

202.  Answering paragraph 202 of the second amended complaint, defendants deny the allegations therein.

203.  Answering paragraph 203 of the second amended complaint, defendants deny the allegations therein.

204.  Answering paragraph 204 of the second amended complaint, defendants deny the allegations therein.

205.  Answering paragraph 205 of the second amended complaint, defendants deny the allegations therein.

206.  Answering paragraph 206 of the second amended complaint, defendants deny the allegations therein.

207.   Answering paragraph 207 of the second amended complaint, defendants deny the allegations therein.

208.   Answering paragraph 208 of the second amended complaint, defendants deny the allegations therein.

209.   Answering paragraph 209 of the second amended complaint, defendants deny the allegations therein.

210.   Answering paragraph 210 of the second amended complaint, defendants deny the allegations therein.

211.   Answering paragraph 211 of the second amended complaint, defendants deny the allegations therein.

212.   Answering paragraph 212 of the second amended complaint, defendants deny the allegations therein.

213.   Answering paragraph 213 of the second amended complaint, defendants deny the allegations therein.

214.   Answering paragraph 214 of the second amended complaint, defendants deny the allegations therein.

215.   Answering paragraph 215 of the second amended complaint, defendants deny the allegations therein.

216.   Answering paragraph 216 of the second amended complaint, defendants deny the allegations therein.

217.   Answering paragraph 217 of the second amended complaint, defendants deny the allegations therein.

218.   Answering paragraph 218 of the second amended complaint, defendants deny the allegations therein.

219.   Answering paragraph 219 of the second amended complaint, defendants deny the allegations therein.

220.   Answering paragraph 220 of the second amended complaint, defendants deny the allegations therein.

221. Answering paragraph 221 of the second amended complaint, defendants admit only that, on or about April 16, 2021, the District received a public records request seeking "the charges for Mr. Kissner's dismissal," and that the District produced certain responsive records in response to that request. Defendants deny all other allegations therein.

222. Answering paragraph 222 of the second amended complaint, defendants deny the allegations therein.

223. Answering paragraph 223 of the second amended complaint, defendants admit only that, in 2021, the District retained independent counsel to investigate allegations that plaintiff had provided alcohol to minors in April 2019, after he had been warned by the District not to engage in such conduct. Defendants deny all other allegations therein.

224. Answering paragraph 224 of the second amended complaint, defendants deny the allegations therein.

225. Answering paragraph 225 of the second amended complaint, defendants admit only that, in 2021, the District retained independent counsel to investigate allegations that plaintiff had provided alcohol to minors in April 2019, after he had been warned by the District not to engage in such conduct. Defendants deny all other allegations therein.

226. Answering paragraph 226 of the second amended complaint, defendants admit, based on information and belief, only that plaintiff had provided alcohol to Ms. O'Dea's son in 2016 and that Ms. O'Dea was one of several reporting parties in 2021. Defendants deny all other allegations therein.

227. Answering paragraph 227 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

228. Answering paragraph 228 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and

on that basis, defendants deny them.

229. Answering paragraph 229 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

230. Answering paragraph 230 of the second amended complaint, defendants admit only that, in 2021, the District retained independent counsel to investigate allegations that plaintiff had provided alcohol to minors in April 2019, after he had been warned by the District not to engage in such conduct. Defendants deny all other allegations therein.

231. Answering paragraph 231 of the second amended complaint, defendants deny the allegations therein.

232. Answering paragraph 232 of the second amended complaint, defendants hereby incorporate and restate their answers to all preceding and succeeding paragraphs of the second amended complaint.

233. Answering paragraph 233 of the second amended complaint, defendants deny the allegations therein.

234. Answering paragraph 234 of the second amended complaint, defendants deny the allegations therein.

235. Answering paragraph 235 of the second amended complaint, defendants deny the allegations therein.

236. Answering paragraph 236 of the second amended complaint, defendants deny the allegations therein.

237. Answering paragraph 237 of the second amended complaint, defendants deny the allegations therein.

238. Answering paragraph 238 of the second amended complaint, defendants deny the allegations therein.

239. Answering paragraph 239 of the second amended complaint, defendants deny the allegations therein.

240. Answering paragraph 240 of the second amended complaint, defendants deny the allegations therein.

241. Answering paragraph 241 of the second amended complaint, defendants deny the allegations therein.

242. Answering paragraph 242 of the second amended complaint, defendants deny the allegations therein.

243. Answering paragraph 243 of the second amended complaint, defendants deny the allegations therein.

244. Answering paragraph 244 of the second amended complaint, defendants deny the allegations therein.

245. Answering paragraph 245 of the second amended complaint, defendants deny the allegations therein.

246. Answering paragraph 246 of the second amended complaint, defendants deny the allegations therein.

247. Answering paragraph 247 of the second amended complaint, defendants deny the allegations therein.

248. Answering paragraph 248 of the second amended complaint, defendants deny the allegations therein.

249. Answering paragraph 249 of the second amended complaint, the second cause of action, for violation of the California Constitutional right to free speech, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

250. Answering paragraph 250 of the second amended complaint, the second cause of action, for violation of the California Constitutional right to free speech, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

251. Answering paragraph 251 of the second amended complaint, the second cause of action, for violation of the California Constitutional right to free speech, has

been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

252.   Answering paragraph 252 of the second amended complaint, the second cause of action, for violation of the California Constitutional right to free speech, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

253.   Answering paragraph 253 of the second amended complaint, the second cause of action, for violation of the California Constitutional right to free speech, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

254.   Answering paragraph 254 of the second amended complaint, the second cause of action, for violation of the California Constitutional right to free speech, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

255.   Answering paragraph 255 of the second amended complaint, the second cause of action, for violation of the California Constitutional right to free speech, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

256.   Answering paragraph 256 of the second amended complaint, defendants hereby incorporate and restate their answers to all preceding and succeeding paragraphs of the second amended complaint.

257.   Answering paragraph 257 of the second amended complaint, defendants deny the allegations therein.

258.   Answering paragraph 258 of the second amended complaint, defendants deny the allegations therein.

259.   Answering paragraph 259 of the second amended complaint, defendants deny the allegations therein.

///

260. Answering paragraph 260 of the second amended complaint, defendants deny the allegations therein.

261. Answering paragraph 261 of the second amended complaint, defendants deny the allegations therein.

262. Answering paragraph 262 of the second amended complaint, defendants deny the allegations therein.

263. Answering paragraph 263 of the second amended complaint, defendants deny the allegations therein.

264. Answering paragraph 264 of the second amended complaint, defendants deny the allegations therein.

265. Answering paragraph 265 of the second amended complaint, defendants deny the allegations therein.

266. Answering paragraph 266 of the second amended complaint, defendants deny the allegations therein.

267. Answering paragraph 267 of the second amended complaint, defendants deny the allegations therein.

268. Answering paragraph 268 of the second amended complaint, defendants deny the allegations therein.

269. Answering paragraph 269 of the second amended complaint, defendants deny the allegations therein.

270. Answering paragraph 270 of the second amended complaint, defendants deny the allegations therein.

271. Answering paragraph 271 of the second amended complaint, defendants deny the allegations therein.

272. Answering paragraph 272 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

///

273.   Answering paragraph 273 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

274.   Answering paragraph 274 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

275.   Answering paragraph 275 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

276.   Answering paragraph 276 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

277.   Answering paragraph 277 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

278.   Answering paragraph 278 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

279.   Answering paragraph 279 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

280.   Answering paragraph 280 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

281.   Answering paragraph 281 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

///

1
2
3
282.  Answering paragraph 282 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

4
5
6
283.  Answering paragraph 283 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

7
8
9
284.  Answering paragraph 284 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

10
11
12
285.  Answering paragraph 285 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

13
14
15
286.  Answering paragraph 286 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

16
17
18
287.  Answering paragraph 287 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

19
20
21
288.  Answering paragraph 288 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

22
23
24
289.  Answering paragraph 289 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

25
26
27
290.  Answering paragraph 290 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

28
///

291.   Answering paragraph 291 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

292.   Answering paragraph 292 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

293.   Answering paragraph 293 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

294.   Answering paragraph 294 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

295.   Answering paragraph 295 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

296.   Answering paragraph 296 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

297.   Answering paragraph 297 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

298.   Answering paragraph 298 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

299.   Answering paragraph 299 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

///

300.   Answering paragraph 300 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

301.   Answering paragraph 301 of the second amended complaint, the fourth cause of action, for defamation per se, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

302.   Answering paragraph 302 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

303.   Answering paragraph 303 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

304.   Answering paragraph 304 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

305.   Answering paragraph 305 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

306.   Answering paragraph 306 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

307.   Answering paragraph 307 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

308.   Answering paragraph 308 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

///

309.   Answering paragraph 309 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

310.   Answering paragraph 310 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

311.   Answering paragraph 311 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

312.   Answering paragraph 312 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

313.   Answering paragraph 313 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

314.   Answering paragraph 314 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

315.   Answering paragraph 315 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

316.   Answering paragraph 316 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

317.   Answering paragraph 317 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

///

318.   Answering paragraph 318 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

319.   Answering paragraph 319 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

320.   Answering paragraph 320 of the second amended complaint, the fifth cause of action, for false light invasion of privacy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

321.   Answering paragraph 321 of the second amended complaint, the sixth cause of action, for public disclosure of private facts, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

322.   Answering paragraph 322 of the second amended complaint, the sixth cause of action, for public disclosure of private facts, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

323.   Answering paragraph 323 of the second amended complaint, the sixth cause of action, for public disclosure of private facts, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

324.   Answering paragraph 324 of the second amended complaint, the sixth cause of action, for public disclosure of private facts, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

325.   Answering paragraph 325 of the second amended complaint, the sixth cause of action, for public disclosure of private facts, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

326.   Answering paragraph 326 of the second amended complaint, the sixth cause of action, for public disclosure of private facts, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

///

327. Answering paragraph 327 of the second amended complaint, the sixth cause of action, for public disclosure of private facts, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

328. Answering paragraph 328 of the second amended complaint, the sixth cause of action, for public disclosure of private facts, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

329. Answering paragraph 329 of the second amended complaint, the sixth cause of action, for public disclosure of private facts, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

330. Answering paragraph 330 of the second amended complaint, the sixth cause of action, for public disclosure of private facts, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

331. Answering paragraph 331 of the second amended complaint, the seventh cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1101, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

332. Answering paragraph 332 of the second amended complaint, the seventh cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1101, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

333. Answering paragraph 333 of the second amended complaint, the seventh cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1101, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

334. Answering paragraph 334 of the second amended complaint, the seventh cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1101, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

335.   Answering paragraph 335 of the second amended complaint, the seventh cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1101, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

336.   Answering paragraph 336 of the second amended complaint, the seventh cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1101, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

337.   Answering paragraph 337 of the second amended complaint, the seventh cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1101, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

338.   Answering paragraph 338 of the second amended complaint, the seventh cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1101, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

339.   Answering paragraph 339 of the second amended complaint, the eighth cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1102, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

340.   Answering paragraph 340 of the second amended complaint, the eighth cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1102, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

341.   Answering paragraph 341 of the second amended complaint, the eighth cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1102, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

342.   Answering paragraph 342 of the second amended complaint, the eighth cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1102, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

343.   Answering paragraph 343 of the second amended complaint, the eighth cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1102, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

344.   Answering paragraph 344 of the second amended complaint, the eighth cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1102, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

345.   Answering paragraph 345 of the second amended complaint, the eighth cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1102, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

346.   Answering paragraph 346 of the second amended complaint, the eighth cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1102, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

347.   Answering paragraph 347 of the second amended complaint, the eighth cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1102, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

348.   Answering paragraph 348 of the second amended complaint, the eighth cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1102, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

349.   Answering paragraph 349 of the second amended complaint, the eighth cause of action, for discrimination and retaliation for engaging in protected activity under Labor Code, sections 98.6 and 1102, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

350.   Answering paragraph 350 of the second amended complaint, the ninth cause of action, for wrongful termination, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

351.   Answering paragraph 351 of the second amended complaint, the ninth cause of action, for wrongful termination, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

352.   Answering paragraph 352 of the second amended complaint, the ninth cause of action, for wrongful termination, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

353.   Answering paragraph 353 of the second amended complaint, the ninth cause of action, for wrongful termination, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

354.   Answering paragraph 354 of the second amended complaint, the ninth cause of action, for wrongful termination, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

355.   Answering paragraph 155 of the second amended complaint, the ninth cause of action, for wrongful termination, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

356.   Answering paragraph 356 of the second amended complaint, the ninth cause of action, for wrongful termination, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

357.   Answering paragraph 357 of the second amended complaint, the ninth cause of action, for wrongful termination, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

358.   Answering paragraph 358 of the second amended complaint, the ninth cause of action, for wrongful termination, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

359.   Answering paragraph 359 of the second amended complaint, the ninth cause of action, for wrongful termination, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

360.   Answering paragraph 360 of the second amended complaint, the ninth cause of action, for wrongful termination, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

361.   Answering paragraph 361 of the second amended complaint, the ninth cause of action, for wrongful termination, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

362.   Answering paragraph 362 of the second amended complaint, the ninth cause of action, for wrongful termination, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

363.   Answering paragraph 363 of the second amended complaint, the tenth cause of action, for wrongful termination in violation of public policy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

364.   Answering paragraph 364 of the second amended complaint, the tenth cause of action, for wrongful termination in violation of public policy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

365.   Answering paragraph 365 of the second amended complaint, the tenth cause of action, for wrongful termination in violation of public policy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

366.   Answering paragraph 366 of the second amended complaint, the tenth cause of action, for wrongful termination in violation of public policy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

///

367. Answering paragraph 367 of the second amended complaint, the tenth cause of action, for wrongful termination in violation of public policy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

368. Answering paragraph 368 of the second amended complaint, the tenth cause of action, for wrongful termination in violation of public policy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

369. Answering paragraph 369 of the second amended complaint, the tenth cause of action, for wrongful termination in violation of public policy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

370. Answering paragraph 370 of the second amended complaint, the tenth cause of action, for wrongful termination in violation of public policy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

371. Answering paragraph 371 of the second amended complaint, the tenth cause of action, for wrongful termination in violation of public policy, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

372. Answering paragraph 372 of the second amended complaint, the eleventh cause of action, for whistleblower retaliation under Labor Code, section 1102.5, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

373. Answering paragraph 373 of the second amended complaint, the eleventh cause of action, for whistleblower retaliation under Labor Code, section 1102.5, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

374. Answering paragraph 374 of the second amended complaint, the eleventh cause of action, for whistleblower retaliation under Labor Code, section 1102.5, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

///

375. Answering paragraph 375 of the second amended complaint, the eleventh cause of action, for whistleblower retaliation under Labor Code, section 1102.5, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

376. Answering paragraph 376 of the second amended complaint, the eleventh cause of action, for whistleblower retaliation under Labor Code, section 1102.5, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

377. Answering paragraph 377 of the second amended complaint, the eleventh cause of action, for whistleblower retaliation under Labor Code, section 1102.5, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

378. Answering paragraph 378 of the second amended complaint, the eleventh cause of action, for whistleblower retaliation under Labor Code, section 1102.5, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

379. Answering paragraph 379 of the second amended complaint, the eleventh cause of action, for whistleblower retaliation under Labor Code, section 1102.5, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

380. Answering paragraph 380 of the second amended complaint, the twelfth cause of action, for civil harassment, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

381. Answering paragraph 381 of the second amended complaint, the twelfth cause of action, for civil harassment, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

382. Answering paragraph 382 of the second amended complaint, the twelfth cause of action, for civil harassment, has been dismissed, in its entirety, and therefore,

the allegations in this paragraph are moot.

383. Answering paragraph 383 of the second amended complaint, the twelfth cause of action, for civil harassment, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

384. Answering paragraph 384 of the second amended complaint, the twelfth cause of action, for civil harassment, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

385. Answering paragraph 385 of the second amended complaint, the twelfth cause of action, for civil harassment, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

386. Answering paragraph 386 of the second amended complaint, the twelfth cause of action, for civil harassment, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

387. Answering paragraph 387 of the second amended complaint, the twelfth cause of action, for civil harassment, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

388. Answering paragraph 388 of the second amended complaint, the twelfth cause of action, for civil harassment, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

389. Answering paragraph 389 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

390. Answering paragraph 390 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

391. Answering paragraph 391 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

392. Answering paragraph 392 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

393. Answering paragraph 393 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

394. Answering paragraph 394 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

395. Answering paragraph 395 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

396. Answering paragraph 396 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

397. Answering paragraph 397 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

398. Answering paragraph 398 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

399. Answering paragraph 399 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

400. Answering paragraph 400 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

///

401. Answering paragraph 401 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

402. Answering paragraph 402 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

403. Answering paragraph 403 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

404. Answering paragraph 404 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

405. Answering paragraph 405 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

406. Answering paragraph 406 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

407. Answering paragraph 407 of the second amended complaint, the thirteenth cause of action, for intention infliction of emotional distress, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

408. Answering paragraph 408 of the second amended complaint, the fourteenth cause of action, for negligence (emotional distress), has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

409. Answering paragraph 409 of the second amended complaint, the fourteenth cause of action, for negligence (emotional distress), has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

///

410. Answering paragraph 410 of the second amended complaint, the fourteenth cause of action, for negligence (emotional distress), has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

411. Answering paragraph 411 of the second amended complaint, the fourteenth cause of action, for negligence (emotional distress), has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

412. Answering paragraph 412 of the second amended complaint, the fourteenth cause of action, for negligence (emotional distress), has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

413. Answering paragraph 413 of the second amended complaint, the fourteenth cause of action, for negligence (emotional distress), has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

414. Answering paragraph 414 of the second amended complaint, the fourteenth cause of action, for negligence (emotional distress), has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

415. Answering paragraph 415 of the second amended complaint, the fourteenth cause of action, for negligence (emotional distress), has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

416. Answering paragraph 416 of the second amended complaint, the fourteenth cause of action, for negligence (emotional distress), has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

417. Answering paragraph 417 of the second amended complaint, the fourteenth cause of action, for negligence (emotional distress), has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

418. Answering paragraph 418 of the second amended complaint, the fourteenth cause of action, for negligence (emotional distress), has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

///

419. Answering paragraph 419 of the second amended complaint, the fourteenth cause of action, for negligence (emotional distress), has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

420. Answering paragraph 420 of the second amended complaint, the fifteenth cause of action, for negligence, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

421. Answering paragraph 421 of the second amended complaint, the fifteenth cause of action, for negligence, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

422. Answering paragraph 422 of the second amended complaint, the fifteenth cause of action, for negligence, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

423. Answering paragraph 423 of the second amended complaint, the fifteenth cause of action, for negligence, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

424. Answering paragraph 424 of the second amended complaint, the fifteenth cause of action, for negligence, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

425. Answering paragraph 425 of the second amended complaint, the fifteenth cause of action, for negligence, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

426. Answering paragraph 426 of the second amended complaint, defendants hereby incorporate and restate their answers to all preceding and succeeding paragraphs of the second amended complaint.

427. Answering paragraph 427 of the second amended complaint, defendants admit only that plaintiff accurately quoted the cited opinion of the California Court of Appeal. Defendants deny violating plaintiff's right to due process, or any other right.

///

428. Answering paragraph 428 of the second amended complaint, defendants deny the allegations therein.

429. Answering paragraph 429 of the second amended complaint, defendants deny the allegations therein.

430. Answering paragraph 430 of the second amended complaint, defendants admit that, at the relevant times, plaintiff was classified as a permanent employee under the Education Code. Defendants deny all other allegations therein.

431. Answering paragraph 431 of the second amended complaint, defendants lack sufficient information or belief on which to answer the allegations therein, and on that basis, defendants deny them.

432. Answering paragraph 432 of the second amended complaint, defendants deny the allegations therein.

433. Answering paragraph 433 of the second amended complaint, defendants deny the allegations therein.

434. Answering paragraph 434 of the second amended complaint, defendants deny the allegations therein.

435. Answering paragraph 435 of the second amended complaint, defendants deny the allegations therein.

436. Answering paragraph 436 of the second amended complaint, defendants deny the allegations therein.

437. Answering paragraph 437 of the second amended complaint, defendants hereby incorporate and restate their answers to all preceding and succeeding paragraphs of the second amended complaint.

438. Answering paragraph 438 of the second amended complaint, defendants admit that, at the relevant times, plaintiff was classified as a permanent employee under the Education Code. Defendants deny all other allegations therein.

439. Answering paragraph 439 of the second amended complaint, defendants deny the allegations therein.

440.   Answering paragraph 440 of the second amended complaint, defendants deny the allegations therein.

441.   Answering paragraph 441 of the second amended complaint, defendants deny the allegations therein.

442.   Answering paragraph 442 of the second amended complaint, defendants deny the allegations therein.

443.   Answering paragraph 443 of the second amended complaint, defendants deny the allegations therein.

444.   Answering paragraph 444 of the second amended complaint, defendants deny the allegations therein.

445.   Answering paragraph 445 of the second amended complaint, defendants deny the allegations therein.

446.   Answering paragraph 446 of the second amended complaint, defendants deny the allegations therein.

447.   Answering paragraph 447 of the second amended complaint, defendants deny the allegations therein.

448.   Answering paragraph 448 of the second amended complaint, defendants deny the allegations therein.

449.   Answering paragraph 449 of the second amended complaint, defendants deny the allegations therein.

450.   Answering paragraph 450 of the second amended complaint, defendants deny the allegations therein.

451.   Answering paragraph 451 of the second amended complaint, defendants deny the allegations therein.

452.   Answering paragraph 452 of the second amended complaint, defendants hereby incorporate and restate their answers to all preceding and succeeding paragraphs of the second amended complaint.

///

453.    Answering paragraph 453 of the second amended complaint, defendants deny the allegations therein.

454.    Answering paragraph 454 of the second amended complaint, defendants deny the allegations therein.

455.    Answering paragraph 455 of the second amended complaint, defendants deny the allegations therein.

456.    Answering paragraph 456 of the second amended complaint, defendants deny the allegations therein.

457.    Answering paragraph 457 of the second amended complaint, defendants deny the allegations therein.

458.    Answering paragraph 458 of the second amended complaint, defendants deny the allegations therein.

459.    Answering paragraph 459 of the second amended complaint, defendants deny the allegations therein.

460.    Answering paragraph 460 of the second amended complaint, defendants deny the allegations therein.

461.    Answering paragraph 461 of the second amended complaint, defendants deny the allegations therein.

462.    Answering paragraph 462 of the second amended complaint, defendants deny the allegations therein.

463.    Answering paragraph 463 of the second amended complaint, defendants deny the allegations therein.

464.    Answering paragraph 464 of the second amended complaint, defendants deny the allegations therein.

465.    Answering paragraph 465 of the second amended complaint, the nineteenth cause of action, for breach of contract, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

///

466. Answering paragraph 466 of the second amended complaint, the nineteenth cause of action, for breach of contract, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

467. Answering paragraph 467 of the second amended complaint, the nineteenth cause of action, for breach of contract, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

468. Answering paragraph 468 of the second amended complaint, the nineteenth cause of action, for breach of contract, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

469. Answering paragraph 469 of the second amended complaint, the nineteenth cause of action, for breach of contract, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

470. Answering paragraph 470 of the second amended complaint, the nineteenth cause of action, for breach of contract, has been dismissed, in its entirety, and therefore, the allegations in this paragraph are moot.

471. Defendants deny all allegations in plaintiff's prayer for relief.

AND NOW, by way of affirmative and other defenses, defendants allege as follows:

FIRST AFFIRMATIVE DEFENSE

The second amended complaint fails to state any claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

A reasonable official, confronting the circumstances as they appeared to defendants at the time of the challenged conduct and in light of then-established law, could have believed his or her conduct was constitutional, and therefore, defendants are entitled to qualified immunity.

///

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to bring this action in a timely manner and has otherwise failed to maintain this action within any applicable statute of limitations period, including, but not limited to, that set forth in California Code of Civil Procedure, section 335.1.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable steps to mitigate, alter, reduce, or otherwise diminish his alleged damages. If plaintiff is entitled to any recovery, which defendants deny, such recovery must be reduced by the amount attributable to the failure of plaintiff to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendants are not legally responsible for any damages claimed by plaintiff. If, however, defendants are found to be legally responsible, their legal responsibility is not the sole and proximate cause of any injury, and the damages awarded to plaintiff, if any, should be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities, and/or the agents, servants, and employees who contributed to and/or caused said incidents according to proof presented at the time of trial.

## SIXTH AFFIRMATIVE DEFENSE

If any damages were sustained by plaintiff, which defendants deny, then the damages were proximately caused by the acts and/or omissions of third parties over whom defendants exercise no control and for whose acts defendants are not responsible.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's lawsuit is barred by the doctrine of res judicata.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's lawsuit is barred by the doctrine of collateral estoppel.

///

///

## NINTH AFFIRMATIVE DEFENSE

The causes of action set forth in the second amended complaint, and each of them, are barred by the equitable doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

The causes of action set forth in the second amended complaint, and each of them, are barred by the equitable doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

The causes of action set forth in the second amended complaint, and each of them, are barred by the equitable doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

The causes of action set forth in the second amended complaint, and each of them, are barred by the equitable doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

The causes of action set forth in the second amended complaint, and each of them, are barred by the equitable doctrine of consent.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for injunctive relief is barred on the grounds of mootness.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert his request for injunctive relief.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for injunctive relief is barred on the grounds of impossibility or lack of redressability.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent the individually-named defendants are sued in their official capacities, plaintiff's claims are barred on the grounds that any alleged unlawful actions were not taken pursuant to any custom, practice, or policy of the Loma Prieta Joint Union School District.

///

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's second amended complaint, and each of its causes of action, is barred by virtue of defendants' privilege in exercising appropriate business and policy judgment and, as applicable, exercising managerial discretion.

## NINETEENTH AFFIRMATIVE DEFENSE

The challenged employment practices were job related, consistent with business necessity, and therefore privileged.

## TWENTIETH AFFIRMATIVE DEFENSE

Any and all adverse employment actions were taken for valid business reasons, were not retaliatory, and were unrelated to any discriminatory or retaliatory motive or animus.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the so-called "same decision" defense. Even if discrimination and/or retaliation was a reason for any adverse employment action, which defendants deny, defendants would have made the same decision for legitimate business reasons at the time they made the decision related to plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

In the event defendants discover any after-acquired evidence, plaintiff's claims, and/or the relief sought by plaintiff, will be barred and/or reduced by the after-acquired evidence doctrine.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants are entitled to absolute legislative or executive immunity.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The disclosures which plaintiff claims were defamatory were privileged.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent the individually-named defendants are sued in their official capacities, defendants are entitled to Eleventh Amendment immunity.

///

3:22-cv-00949-CRB

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

Defendants currently have insufficient knowledge or information upon which to determine whether additional affirmative defenses may be available to them which have not yet been asserted in this answer, and, therefore, they reserve the right to assert additional affirmative defenses based upon subsequent discovery, investigation, and analysis.

WHEREFORE, defendants pray as follows:

1. That plaintiff take nothing by his complaint;

2. That defendants be awarded their costs of suit;

3. For such further relief as the Court deems proper; and

4. That the sole liability of each of the defendants, if any, be limited in proportion to the degree of fault attributable to each of the defendants.

Dated: September 20, 2022            Fozi Dwork & Modafferi, LLP


By:      /s/ Daniel S. Modafferi
         Golnar J. Fozi
         Daniel S. Modafferi
         Attorney for Defendants,
         Lisa Fraser, Kevin Grier, Billy Martin,
         Deana Arnold, Ben Abeln, Ron Bourque,
         Charlotte Khandelwal, and Erin
         Asheghian

///

///

///

///

///

///

<u>DEMAND FOR JURY TRIAL</u>

Defendants hereby demand a trial by jury.

Dated: September 20, 2022    Fozi Dwork & Modafferi, LLP

         By: /s/ Daniel S. Modafferi
             Golnar J. Fozi
             Daniel S. Modafferi
             Attorney for Defendants,
             Lisa Fraser, Kevin Grier, Billy Martin,
             Deana Arnold, Ben Abeln, Ron Bourque,
             Charlotte Khandelwal, and Erin
             Asheghian