1  William J. Becker, Jr., Esq. (SBN: 134545)
   Bill@FreedomXLaw.com
2  **FREEDOM X**
3  11500 Olympic Blvd., Suite 400
   Los Angeles, California 90064
4  Telephone: (310) 636-1018
   Facsímile: (310) 765-6328
5
6  Counsel for *David M. Kissner*

7

8  **UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA**
9

10 | **DAVID M. KISSNER**, | Case No. 22-CV-00949-CRB |

11 | Plaintiff, | Hon. Charles R. Breyer |

12 | vs. | **PLAINTIFF DAVID M. KISSNER'S**
13 |  | **RESPONSE IN OPPOSITION TO**
14 | **LOMA PRIETA JOINT UNION SCHOOL** | **DEFENDANT LAWRENCE MCVOY'S**
   | **DISTRICT, et al.,** | **NOTICE AND APPLICATION FOR**
15 |  | **ENTRY OF JUDGMENT BY COURT**
   | Defendants. | **PURSUANT TO COURT ORDER;**
16 |  | **MEMORANDUM OF POINTS AND**
17 |  | **AUTHORITIES IN SUPPORT THEREOF**

18 | Date: | October 14, 2022
   | Time: | 10:00 a.m.
19 | Location: | San Francisco Courthouse,
   |  | Courtroom 6, 17th Floor
20 |  | 450 Golden Gate Avenue,
   |  | San Francisco, CA 94102
21
22 | SAC Filed: | March 20, 2022

23  Plaintiff David M. Kissner ("Plaintiff" or "Kissner"), by and through his undersigned
24 attorneys, submits this Response in Opposition to Defendant Lawrence McVoy's ("Defendant" or
25 "McVoy") Notice And Application For Entry Of Judgment By Court Pursuant To Court Order (the
26 "Application").
27
28

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

I.   INTRODUCTION ........................................................................................................... 1

II.  MCVOY HAS NOT FILED A NOTICED MOTION FOR ATTORNEY'S FEES ............ 1

III. MCVOY HAS NOT MET HIS BURDEN OF ESTABLISHING THE
     REASONABLENESS OF THE AMOUNT OF ATTORNEY'S FEES ............................. 3

IV.  DEPENDING ON WHETHER THE ORDER WAS A FINAL JUDGMENT
     OR NOT, MCVOY IS EITHER TIME-BARRED FROM SEEKING ATTORNEY'S
     FEES OR MUST DOCUMENT THEIR REASONABLENESS IN A SEPARATE
     MOTION FOR ATTORNEY'S FEES FOLLOWING ENTRY OF JUDGMENT ............. 5

V.   CONCLUSION ............................................................................................................... 6

ii

Pl.'s Opp'n To Def.'s Appl. For Entry of J.                                    Case No. 22-CV-00949-CRB

# TABLE OF AUTHORITIES

**Cases**

*612 South LLC v. Laconic Limited Partnership*
  184 Cal. App. 4th 1270 (4th Dist. 2010) ................................................................. 2

*Active Properties, LLC v. Cabrera*
  6 Cal. App. 5th Supp. 6 (Cal. Super. App. Dept. 2016) .......................................... 2

*American Humane Ass'n v. Los Angeles Times Communications*
  92 Cal.App.4th 1095 (2001) ................................................................................ 2, 3

*Bender v. County of Los Angeles*
  217 Cal. App. 4th 968 (2d Dist. 2013) .................................................................... 4

*Chinn v. KMR Property Management*
  166 Cal.App.4th 175 (2008) .................................................................................... 2

*Christian Research Institute v. Alnor*
  165 Cal.App.4th 1315 (2008) .................................................................................. 5

*City of Colton v. Singletary*
  206 Cal. App. 4th 751 (4th Dist. 2012) ................................................................... 4

*Ketchum v. Moses*
  24 Cal.4th 1122 (2001) ............................................................................................ 4

*Lockheed Minority Solidarity Coalition v. Lockheed Missiles & Space Co., Inc.*
  406 F. Supp. 828 (N.D. Cal. 1976) .......................................................................... 4

*Lunada Biomedical v. Nunez*
  230 Cal. App. 4th 459 (2d Dist. 2014) .................................................................... 4

*Melbostad v. Fisher*
  165 Cal.App.4th 987 (2008) .................................................................................... 5

*Passavanti v. Williams*
  225 Cal.App.3d 1602 (1990) ................................................................................... 5

*Pasternack v. McCullough*
  65 Cal.App.5th 1050 (2021) .................................................................................... 4

**(Table of Authorities continued on next page)**

iii

**Pl.'s Opp'n To Def.'s Appl. For Entry of J.**                               Case No. 22-CV-00949-CRB

**Statutes**

Cal. Code of Civ. Proc. § 425.16 ........................................................................................... 1, 3, 4

Code Civ. Proc. § 577 ................................................................................................................. 6

Code Civ. Proc. section 1033.5 ............................................................................................... 3, 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1

Fed. R. Civ. P. 54(d)(2)(i) ........................................................................................................... 7

Fed. R. Civ. P. Rule 5(E) ............................................................................................................. 1

**Rules**

Cal. Rules of Court 870.2(a) & (b)(1) ......................................................................................... 3

Cal. Rules of Court 3.1110 .......................................................................................................... 1

Cal. Rules of Court 3.1702 .......................................................................................................... 2

Cal. Rules of Court 311(a) ........................................................................................................... 2

Civ. L.R. 54-5 .............................................................................................................................. 6

**Other Authorities**

Cal. Civ. Ctrm. Hbook. & Desktop Ref. (2022 ed.) Procedure For
    Obtaining Statutory Attorney Fees, § 41:29 ......................................................................... 1

iv

Pl.'s Opp'n To Def.'s Appl. For Entry of J.                         Case No. 22-CV-00949-CRB

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Defendant Lawrence McVoy seeks by way of application and a hearing entry of judgment, including an award of attorney's fees. Although McVoy is entitled to fees as the prevailing party on his anti-SLAPP motion, he failed to (1) file a noticed motion seeking attorney's fees, and (2) demonstrate the reasonable amount of any fees sought. Because the issue of the reasonableness of McVoy's attorney's fees was left for the court's consideration requiring further judicial action on the part of the court and is essential to a final determination of the rights of the parties, Plaintiff opposes entry of judgment <u>as to the amount of fees</u>.

## II.    MCVOY HAS NOT FILED A NOTICED MOTION FOR ATTORNEY'S FEES

McVoy seeks a judgment awarding attorney's fees based on the court's order from a motion titled "Defendant's Amended Notice Of Motions And [1] Special Motion To Strike Pursuant To California Anti-SLAPP Statute, Cal. Code of Civ. Proc. § 425.16, Or, In The Alternative, [2] Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6); Memorandum Of Points And Authorities." The papers contained no notice of a request for attorney's fees.

A noticed motion is required whenever the court is required to determine entitlement to fees or the reasonable amount of fees. Cal. Civ. Ctrm. Hbook. & Desktop Ref. (2022 ed.) Procedure For Obtaining Statutory Attorney Fees, § 41:29. Fed. R. Civ. P. Rule 5(E) makes a written notice mandatory: "Unless these rules provide otherwise, each of the following papers must be served on every party … a written notice, appearance, demand, or offer of judgment, or any similar paper." California rules are similar: "A notice of motion must state in the opening paragraph the nature of the order being sought and the grounds for issuance of the order." Cal. Civ. Rules of Court 3.1110.

L.R. 7-2 (Notice and Supporting Papers) requires a motion contain a caption and a notice identifying the relief sought. It provides in relevant part:

1

Pl.'s Opp'n To Def.'s Appl. For Entry of J.                                                                Case No. 22-CV-00949-CRB

  (a) … Except as otherwise ordered or permitted by the assigned Judge or these Local Rules, and except for motions made during the course of a trial or hearing, all motions must be filed, served and noticed in writing….  (b) … [A] motion must contain: … (2) In the first paragraph, notice of the motion including date and time of hearing; [and] (3) In the second paragraph, a concise statement of what relief or Court action the movant seeks….

"There are three ways the special motion to strike attorney fee issue can be raised. The successful defendant can: [(1)] make a subsequent noticed motion…; [(2)] seek an attorney fee and cost award at the same time as the special motion to strike is litigated…; or [(3)] as part of a cost memorandum." *American Humane Ass'n v. Los Angeles Times Communications,* 92 Cal.App.4th 1095, 1103 (2001). Although Defendant elected the second option, he failed to specify a request for attorney's fees either in the caption or in a notice in this motion. (Dkt. No. 45); *see*, *id*. at 1102 ("As required by rule 311(a) of the California Rules of Court, the notice portion of the special motion to strike stated that defendant was seeking an award of attorney fees. The notice of motion stated in pertinent part, 'In addition, [defendant] requests that it recover from plaintiff its attorneys' fees and costs incurred in defending this action.' ").

Notwithstanding the option of seeking fees at the same time as the special motion to strike, a noticed motion is required whenever the court is required to determine entitlement to fees **or the reasonable amount of fees**. *Id*.; Cal. Rules of Court 3.1702; *612 South LLC v. Laconic Limited Partnership,* 184 Cal. App. 4th 1270, 1284 (4th Dist. 2010). (Emphasis added.) "Due process is satisfied by a **noticed motion for attorney fees**, duly served on the opposing party." *Active Properties, LLC v. Cabrera*, 6 Cal. App. 5th Supp. 6, 14 (Cal. Super. App. Dept. 2016), citing *Chinn v. KMR Property Management*, 166 Cal.App.4th 175, 194, (2008). (Emphasis added.) "It is ... well-settled that attorney fees, whether authorized by contract or statute, are recoverable under [Code Civ. Proc.] section 1033.5, subdivision (a)(10) as an element of costs, and ... the proper method to recover attorney fees is as an item of costs awarded **upon noticed motion**." *Id*. (Citations omitted; emphasis added.)

2

Pl.'s Opp'n To Def.'s Appl. For Entry of J.                 Case No. 22-CV-00949-CRB

### III. MCVOY HAS NOT MET HIS BURDEN OF ESTABLISHING THE REASONABLENESS OF THE AMOUNT OF ATTORNEY'S FEES

It is true that neither § 425.16 nor other applicable fee-shifting statutes requires that the documentation of the amount of attorney fees and costs incurred be filed at the same time as the special motion to strike. *American Humane Ass'n v. Los Angeles Times Communications,* 92 Cal.App.4th at 1103. The rationale for this rule derives from the defendant's right to subsequently document the reasonableness of the fees. *See id.* ("In fact, the time for making the attorney fee motion is extended to the time frames for filing a notice of appeal set forth in rules 2 and 3 of the California Rules of Court. Further, rule 870.2(b)(1) of the California Rules of Court states that the motion "shall" be filed within the time frames in rules 2 and 3, which presupposes this occurs after the filing of an appealable order.).

"[While] [i]t is not mandatory the attorney fee request be documented at the time the special motion to strike is filed … [i]n the event the trial court grants the special motion to strike, the moving defendant will be able to more accurately document the fees and costs actually incurred if the amount is fixed at a later date as permitted by rule 870.2(b)(1) of the California Rules of Court." *Id.* at 1103–1104.  This stands to reason because

> [g]iven the early time frames in the litigation process that a special motion to strike must be filed (§ 425.16, subd. (f)), a moving defendant may have little firm knowledge of what a plaintiff will present when the factual showing of the probability of success is made in the opposition. In other words, the total cost of the special motion to strike and any related discovery permitted by the court can be more accurately computed if a section 425.16, subdivision (c) motion for fees is filed after the request is granted. Given the express language of sections 425.16, 1033.5, and 1034, subdivision (a), as well as rule 870.2(a) and (b)(1) of the California Rules of Court, the attorney fee and cost request in the present case should not have been denied because defendant reserved its right to litigate the issue until after entry of the special motion to strike ruling.

*Id*.

Indeed, regardless of whether a prevailing defendant on a § 425.16 motion to strike seeks attorney's fees as part of the underlying motion or in a subsequent motion, due process requires that

3

Pl.'s Opp'n To Def.'s Appl. For Entry of J.                                                                Case No. 22-CV-00949-CRB

he justify the reasonableness of the amount sought to be awarded to him. The party seeking attorney's fees has the burden of establishing entitlement to an award **and of documenting the appropriate hours expended and hourly rates**. *Id*., *Lunada Biomedical v. Nunez*, 230 Cal. App. 4th 459, 486 (2d Dist. 2014) ("[A defendant has] the burden of establishing [an] entitlement to attorney fees in connection with an anti-SLAPP motion, including the reasonable amount of those fees."). Consequently, competent evidence as to the nature and value of the attorney's services must be presented. *Id*.; *Lockheed Minority Solidarity Coalition v. Lockheed Missiles & Space Co., Inc.*, 406 F. Supp. 828, 832 (N.D. Cal. 1976) ("*Lockheed*") ("Incredibly enough, there were no breakdowns submitted to the Court as to the time expended by each of the two claimants."); *City of Colton v. Singletary*, 206 Cal. App. 4th 751, 784 (4th Dist. 2012) ("The evidence should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended."); *see also*, *Bender v. County of Los Angeles*, 217 Cal. App. 4th 968, 986–987 (2d Dist. 2013) (judge requested both sides submit supplemental briefing and documentation on attorney's fees when plaintiff's request for fees and defendants' opposition to request were insufficient to enable judge to accurately calculate fee award).

An attorney fee award must be based on a "careful compilation of the time spent and reasonable hourly compensation of each attorney involved in the presentation of the case." *Lunada Biomedical v. Nunez*, 230 Cal. App. 4th at 486, quoting *Ketchum v. Moses*, 24 Cal.4th 1122, 1131–1132 (2001). (Cleaned up.) "Attaching an appropriate value to the time of an attorney is necessarily a subjective process, requiring the Court to take into account all the intangible factors that go into an attorney's legal reputation." *Lockheed* at 832. To determine the reasonable hourly rate, courts consider the rate prevailing in the community for similar work. *Pasternack v. McCullough*, 65 Cal.App.5th 1050, 1055–1056 (2021), reh'g denied (June 25, 2021), review denied (Sept. 15, 2021).

4

Pl.'s Opp'n To Def.'s Appl. For Entry of J.                                    Case No. 22-CV-00949-CRB

(Citations omitted.) "The court may require a defendant to produce records sufficient to provide a proper basis for determining how much time was spent on particular claims." *Christian Research Institute v. Alnor*, 165 Cal.App.4th 1315, 1320 (2008). (Cleaned up). "The court also may properly reduce compensation on account of any failure to maintain appropriate time records." *Id*. (Cleaned up).

### IV. DEPENDING ON WHETHER THE ORDER WAS A FINAL JUDGMENT OR NOT, MCVOY IS EITHER TIME-BARRED FROM SEEKING ATTORNEYS FEES OR MUST DOCUMENT THEIR REASONABLENESS IN A SEPARATE MOTION FOR ATTORNEY'S FEES FOLLOWING ENTRY OF JUDGMENT

Whether Defendant may yet file a motion documenting the appropriate hours expended and hourly rates depends on whether the order granting his anti-SLAPP motion was a final judgment, which, as defined in Code Civ. Proc. § 577, is "the final determination of the rights of the parties in an action or proceeding." *See*, *Melbostad v. Fisher*, 165 Cal.App.4th 987, 995 (2008) and *Passavanti v. Williams,* 225 Cal.App.3d 1602, 1607 (1990). "As a general test, **which must be adapted to the particular circumstances of the individual case**, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." *Melbostad v. Fisher*, 165 Cal. App. 4th at 996. (Emphasis added.)

In *Melbostad*, the court determined that an order granting defendants' motion to strike was the final determination of the rights of the parties in that action because there was no issue left for future determination, and the order disposed of the entire case against defendants. Unlike here, the *Melbostad* defendants filed a separate motion for attorney's fees. And unlike here, the trial court's order expressly dismissed the Plaintiff's action, stating: "[T]he court GRANTS Defendants' Special Motion to Strike Mr. Melbostad's Complaint in its entirety. Mr. Melbostad's Complaint *is dismissed with prejudice*." *Id*., at 990. (Emphasis in original.) "The trial court's order also stated

5

that defendants were entitled to attorney fees, **and that they were to notice a hearing to determine the amount of fees and costs**." *Id*. (Emphasis added.)

Had McVoy believed the court's order granting his motion was a final judgment, he would not now be seeking entry of judgment and would have filed a motion for attorney's fees within 14 days of the order pursuant to Fed. R. Civ. P. 54(d)(2)(i) and Civ. L.R. 54-5 ("Motions for awards of attorney's fees by the Court must be served and filed within 14 days of entry of judgment by the District Court"). Moreover, McVoy's anti-SLAPP motion contemplated filing a separate motion to account for additional time expended ("**To date**, McVoy's counsel has logged…" (Dkt. No. 45, 24:2-3 ); "McVoy's counsel **estimates that they will spend** [] additional [time] for preparing and appearing at the hearing on the motions." (*id*., 24:4-5); "The total fees **to date** are $10,755.00." *id*., 24:11).

Accordingly, should the Court determine that its order is a final judgment, Defendant has not justified the amount of fees it reasonably is entitled to be awarded and the Court should enter "0" as the proper amount in the final judgment. More realistically perhaps, because the issue of the amount of fees has been left for future consideration by the Court, entry of judgment may be entered but cannot state the amount of fees until the Court has ruled on a motion for attorney's fees.

## V.  CONCLUSION

Plaintiff seeks an order denying the application for entry of judgment only as to the amount of attorney's fees. McVoy has not documented the reasonableness of the attorney's fees he seeks to recover and apparently concedes by his application for entry of judgment that the order granting his anti-SLAPP motion to strike is not a final judgment. Defendant must, therefore, file a motion documenting fees and costs and justifying their amount.

6

Pl.'s Opp'n To Def.'s Appl. For Entry of J.                                    Case No. 22-CV-00949-CRB

Alternatively, should the Court believe its order granting McVoy's motion is a final judgment, Plaintiff requests that McVoy take nothing as a result of failing to meet his burden of documenting the appropriate hours expended and hourly rates within the appropriate time-frame.

Date: September 21, 2022                           Respectfully Submitted,

                                        **FREEDOM X**

By:    /s/ William J. Becker, Jr.
        William J. Becker, Jr.
        Attorneys for Petitioner, David M. Kissner

7

Pl.'s Opp'n To Def.'s Appl. For Entry of J.                                    Case No. 22-CV-00949-CRB