**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Lindsay A. Goulding, SBN 227195
Tatiana Moana Bush, SBN 343503
350 University Avenue, Suite 200
Sacramento, California 95825
lgoulding@porterscott.com
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
LAWRENCE MCVOY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER, an individual, | CASE NO. 22-CV-00949-CRB |
| Plaintiff, | **DEFENDANT LAWRENCE MCVOY'S REPLY TO PLAINTIFF DAVID M. KISSNER'S RESPONSE IN OPPOSITION TO DEFENDANT'S NOTICE AND APPLICATION FOR ENTRY OF JUDGMENT BY COURT PURSUANT TO COURT ORDER** |
| v. | |
| LOMA PRIETA JOINT UNION SCHOOL DISTRICT, a California public agency; LISA FRASER, former superintendent at Loma Prieta Joint Union School District, in her official and individual capacitites; COREY KIDWELL, former superintendent at Loma Prieta Joint School District, in her official and individual capacities; KEVIN GRIER, successor superintendent at Loma Prieta Joint School District, in his official capacity; BILLY MARTIN, principal of CT English Middle School, in his official and individual capacities; DEANA A. ARNOLD, Loma Prieta Joint Union School District trustee, in her official and individual capacities; BEN ABELN, Loma Prieta Joint Union School District trustee, in his official and individual capacities; RON BOURQUE, Loma Prieta Joint Union School District trustee, in his official and individual capacities; CHARLOTTE KHANDELWAL, Loma Prieta Joint Union School District trustee, in her official and individual | Date:     October 14, 2022<br>Time:    10:00 a.m.<br>Ctrm:    6, 17th Floor<br><br>Judge:   Hon. Charles R. Breyer<br><br><br>Complaint Filed: 3/20/2022 |

{02811386.DOCX}                                             1

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S NOTICE AND APPLICATION FOR ENTRY OF JUDGMENT BY COURT PURSUANT TO COURT ORDER**

capacities; ERIN ASHEGHIAN, Loma Prieta Joint Union School District trustee, in her official and individual capacities; PATRICIA ELLIOT, an individual; JOIE GRIMMET, an individual; LAWRENCE MCVOY, and individual, and DOES 1 through 50, inclusive,

            Defendants.

## I.

## INTRODUCTION

On September 7, 2022, DEFENDANT LAWRENCE MCVOY ("Defendant") timely filed and served a Notice And Application For Entry Of Judgment By Court Pursuant To Court Order ("Application for Entry") following the Court's orders designating Defendant as the prevailing party following his Anti-SLAPP motion. ECF No. 67. On September 21, 2022, PLAINTIFF DAVID M. KISSNER ("Plaintiff") filed his Response In Opposition To Defendant's Notice And Application For Entry Of Judgment By Court Pursuant To Court Order ("Plaintiff's Opposition"). ECF No. 70.

Plaintiff's Opposition erroneously argues that Defendant failed to file a required noticed motion for attorney's fees, failed to establish the reasonableness of attorney's fees, and therefore failed to properly request said fees. *Id.* For the reasons explained below, Defendant requests the Court affirm its order granting the award for $10,755.00 in attorney fees and enter Judgment as requested in his Application.

## II.

## ARGUMENT

**A. Defendant Properly Requested Attorney Fees at the Same Time He Filed his Anti-SLAPP Motion.**

"There are three ways the special motion to strike attorney fee issue can be raised[:] [1] make a subsequent noticed motion…; [2] seek an attorney fee and cost award at the same time as the special motion to strike is litigated as is often done; [3] or as part of a cost memorandum."

{02811386.DOCX}    2

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S NOTICE AND APPLICATION FOR ENTRY OF JUDGMENT BY COURT PURSUANT TO COURT ORDER**

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

American Humane Ass'n v. Los Angeles Times Communications (2001) 92 Cal. App. 4th 1095, 1103–1104.

Here, Defendant's Amended Notice of Motions And [1] Special Motion to Strike Pursuant to California's Anti-SLAPP Statute, Cal. Code of Civ. Proc. § 425.16, Or, In the Alternative, [2] Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Defendant's Anti-SLAPP Motion") included a request for attorney's fees. ECF No. 45 at ¶¶ 23:25-24:11. As Plaintiff acknowledged in his Opposition, Defendant detailed having already spent 49.4 associate hours and 3.5 partner hours preparing Defendant's Anti-SLAPP Motion which totaled $10,755.00 in fees accrued. That total was based on the reasonable market rate of $200 per hour for associate Tatiana M. Bush and $250 per hour for partner Lindsay A. Goulding. Id. Defendant then detailed expecting to spend an additional 6 associate hours and 1.5 partner hours preparing the Reply and another 5 partner hours preparing and appearing at the hearing on the motions. Id.

The Court granted Defendant's request for attorney's fees in the amount of $10,755.00 and explained that Defendant "prevails on the motion to strike and has documented his attorneys' fees and costs." ECF No. 65 at ¶¶ 38:6-13, 40:13-15. Thus, Defendant's award for attorneys' fees was properly made and should be entered as part of the Judgment against Plaintiff.

**B. Defendant's Request for Attorney Fees is Reasonable Pursuant to the Court's Broad Discretion to Determine the Reasonableness Of Attorney Fees and the Lodestar Method.**

Plaintiff further argues that Defendant *must* serve a noticed motion for attorney fees to justify the reasonableness of the amount sought, citing multiple cases in which courts reviewed motions for attorney fees. However, Plaintiff ignores the reality that each case is different and courts have "broad discretion in determining the reasonable amount of attorney fees and costs to award to a prevailing defendant." Metabolife Intern., Inc. v. Wornick (S.D. Cal. 2002) 213 F. Supp. 2d 1220, 1222.

"The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved[,]" as well as

{02811386.DOCX}  3

1   "whether the amount requested is based upon unnecessary or duplicative work." <u>Wilkerson v.
2   Sullivan</u> (2002) 99 Cal.App.4th 443, 448.

3   Here, the Court has been able to analyze the nature of the instant litigation (which began
4   from Plaintiff's operative 95-page Complaint) and the complexity of said litigation (which
5   originally included 13 named defendants and 19 causes of action).  See ECF No. 16.  The Court
6   has also been able to gauge the experience of all counsel and the amount of time each has spent
7   litigating the matter to determine the reasonableness of the requested fees.

8   Additionally, Defendant submitted the Declaration of Lindsay A. Goulding in Support of
9   Defendant's Anti-SLAPP Motion ("Goulding Declaration") detailing the time spent preparing,
10  arguing and filing all applicable papers.  ECF No. 44-3.  The Goulding Declaration also explained
11  the reasonable market rate for associate and partner time.  *Id*.  Using this information, Defendant
12  was able to calculate the "lodestar" amount for attorney fees and the Court was able to confirm the
13  same.  <u>Bernardi v. County of Monterey</u> (2008) 167 Cal. App. 4th 1379, 1393–1394.  "The amount
14  of an attorney fee award under the anti-SLAPP statute is computed by the trial court in accordance
15  with the familiar "lodestar" method.  [ ]  Under that method, the court "tabulates the attorney fee
16  touchstone, or lodestar, by multiplying the number of hours reasonably expended by the
17  reasonable hourly rate prevailing in the community for similar work."  <u>Cabral v. Martins</u> (2009)
18  177 Cal. App. 4th 471, 491, citations omitted.

19  Here, similar to the award upheld in <u>Cabral</u>, "the trial court's fee award orders show on
20  their face that [the lodestar] method was the one the court used in calculating the awards."  *Id*.
21  Thus, Defendant has established the reasonableness of the requested attorney fees and that amount
22  should be affirmed.
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

{02811386.DOCX}                                 4

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S NOTICE
AND APPLICATION FOR ENTRY OF JUDGMENT BY COURT PURSUANT TO COURT ORDER**

# III.

# CONCLUSION

For the foregoing reasons, Defendant requests the Court grant his Application for Entry of Judgment, including the award of attorney fees in the amount of $10,755.00 because Defendant properly requested attorney fees when he filed his Anti-SLAPP Motion and established reasonableness for the same.

Dated:  September 28, 2022        PORTER SCOTT
                                  A PROFESSIONAL CORPORATION

                                  By  /s/ Lindsay A. Goulding
                                      Lindsay A. Goulding
                                      Tatiana Moana Bush
                                      Attorneys for Defendant
                                      LAWRENCE MCVOY

{02811386.DOCX}                5

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S NOTICE AND APPLICATION FOR ENTRY OF JUDGMENT BY COURT PURSUANT TO COURT ORDER**