William J. Becker, Jr. (Cal. Bar No. 134545)
Freedom X
11500 Olympic Boulevard, Suite 400
Los Angeles, California 90064
Tel: (310) 636-1018; Fax: (310) 765-6328
Email:  freedomxlaw@gmail.com

Attorneys for Plaintiff,
David M. Kissner

Golnar J. Fozi (Cal. Bar No. 167674)
Daniel S. Modafferi (Cal. Bar No. 294510)
Fozi Dwork & Modafferi, LLP
5942 Priestly Drive, Suite 100
Carlsbad, California  92008
Tel: (760) 444-0039; Fax: (760) 444-0130
Email:  gfozi@fdmattorneys.com
          dmodafferi@fdmattorneys.com

Attorneys for Defendants,
Lisa Fraser, Kevin Grier, Billy Martin, Deana
Arnold, Ben Abeln, Ron Bourque, Charlotte
Khandelwal, and Erin Asheghian

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER,<br><br>Plaintiff,<br><br>v.<br><br>LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No.: **3:22-cv-00949-CRB**<br>**Assigned to: Hon. Charles R. Breyer**<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>**Case Filed:  February 16, 2022**<br>**Trial Date:  None Set** |

The parties to the above-entitled action jointly submit this Joint Case Management Statement & Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9:

**1.   Jurisdiction & Service**

All remaining causes of action arise under the Constitution and laws of the United States, namely 42 U.S.C. section 1983. Therefore, this Court has federal question jurisdiction, pursuant to 28 U.S.C. section 1331.

1    There are no issues regarding personal jurisdiction or venue.

2    All named defendants have been served and have appeared.

**2.    Facts**

Plaintiff is a former employee of Loma Prieta Joint Union School District. In 2021, the District terminated plaintiff's employment and simultaneously laid him off. Plaintiff alleges that his layoff and dismissal were in retaliation for plaintiff's political speech. Defendants deny plaintiff's allegations and affirmatively allege that plaintiff was terminated for legitimate, nonretaliatory reasons, including plaintiff's repeated display of poor judgment with regard to minors in his charge.

**3.    Legal Issues**

**A.    Claim 1: First Amendment Retaliation**

In order to establish a claim for First Amendment retaliation, plaintiff must prove that (1) he engaged in expressive conduct that addressed a matter of public concern; (2) the defendants took adverse action against plaintiff; and (3) plaintiff's expressive conduct was a substantial or motivating factor for the adverse action. (*Alpha Energy Savers, Inc. v. Hansen* (9th Cir. 2004) 381 F.3d 917, 923.) Defendants contend that plaintiff cannot meet his burden of proof as to the third element, as he was terminated for legitimate, nonretaliatory reasons, not because of his political speech.

**B.    Claim 3: Civil Rights Defamation**

Procedural process protections apply to reputational harm "when a plaintiff suffers stigma from governmental action plus alteration or extinguishment of a right or status previously recognized by state law." (*Endy v. County of Los Angeles* (9th Cir. 2020) 975 F.3d 757, 764 (quotes and cites omitted).) Plaintiff alleges, *inter alia*, he was stigmatized by the publication of unfounded defamatory information to the public without due process when the District deprived him of the right to have the information reviewed on a writ of mandate in a "reverse-PRA" lawsuit before the District released unfounded, defamatory information to the public.

Defendants were not aware until reviewing plaintiff's proposed summary of the basis of his civil rights defamation claim for inclusion in this joint report that plaintiff intended to claim that his federal civil rights defamation cause of action arises from defendants' alleged disclosure of public records in response to a Public Records Act request. While the PRA disclosure had been alleged as part of the state law defamation causes of action, those causes of action were voluntarily dismissed. The sole basis alleged for the federal civil rights defamation claim was the alleged termination of plaintiff's employment, which plaintiff alleges stigmatized him. As to this claim as pleaded, defendants contend that plaintiff cannot meet his burden of proof for stigma-plus deprivation of the right to procedural due process, as he was afforded notice of intent to terminate, a pre-termination hearing, and a post-termination appeal.

Plaintiff contends that the allegations pertinent to his due process claim appear in the complaint and are incorporated into the claim by reference, and that, in any event, they are susceptible of conforming to proof at trial.

### C.    Claim 16: Fourteenth Amendment Due Process

A procedural due process claim consists of two prima facie elements: (1) the plaintiff must prove the government deprived him of a constitutionally-cognizable life, liberty, or property interest; and (2) if protected interests are implicated, then the plaintiff must prove he did not receive adequate procedural protections prior to the deprivation. (*Ingraham v. Wright* (1977) 430 U.S. 651, 672.)

Plaintiff contends, *inter alia*, he was denied procedural due process when the District deprived him of the opportunity to petition for a writ of mandate in a "reverse-PRA" lawsuit before the District released unfounded, defamatory information to the public. Plaintiff further contends, *inter alia*, that he was deprived of information developed through a compromised investigation process.

Defendants were not aware until reviewing plaintiff's proposed summary of the basis of his Fourteenth Amendment due process claim for inclusion in this joint report that plaintiff intended to claim that his federal due process cause of action arises from

defendants' alleged disclosure of public records in response to a Public Records Act request. While the PRA disclosure had been alleged as part of the state law defamation causes of action, those causes of action were voluntarily dismissed. The sole basis alleged for the federal due process claim was the alleged termination of plaintiff's employment, which plaintiff alleges was done without due process. As to this claim as pleaded, defendants contend that plaintiff cannot meet his burden of proof as to the second element, as he was afforded notice of intent to terminate, a pre-termination hearing, and a post-termination appeal.

Plaintiff contends that the allegations pertinent to his due process claim appear in the complaint and are incorporated into the claim by reference, and that, in any event, they are susceptible of conforming to proof at trial.

### D.    Claim 17: Fourteenth Amendment Equal Protection

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." (*Furnace v. Sullivan* (9th Cir. 2013) 705 F.3d 1021, 1030 (quotes and cites omitted).) Plaintiff alleges he was terminated in retaliation for his protected political speech and activity. Defendants contend that plaintiff cannot meet his burden of proof, as he was terminated for legitimate, nonretaliatory reasons, not because of his political views.

### E.    Claim 18: Civil Rights Conspiracy

Conspiracy cannot "enlarge the nature of the claims," but it can "enlarge the pool of responsible defendants by demonstrating their causal connections to the violation." (*Lacey v. Maricopa County* (9th Cir. 2012) 693 F.3d 896, 935.) Plaintiff alleges that, even if each of the defendants did not personally participate in the deprivation of his rights, they conspired with others who did. Defendants contend that plaintiff cannot meet his burden of proof to establish either a substantive constitutional violation or a conspiracy by any of the defendants.

**4.    __Motions__**

Defendant Lawrence McVoy previously filed a motion to dismiss/anti-SLAPP motion, which the Court granted on August 24, 2022.

The school district defendants filed a motion to dismiss portions of the second amended complaint. Plaintiff voluntarily dismissed the state causes of action after the motion was filed. The Court then denied the balance of the motion on August 24, 2022. After the Court entered its ruling on the motion to dismiss, plaintiff voluntarily dismissed all remaining causes of action against the Loma Prieta Joint Union School District.

Defendants anticipate filing a motion for summary judgment based on plaintiff's inability to prove the prima facie elements of his claims, collateral estoppel, absolute legislative immunity, and qualified immunity.

**5.    __Amendment of Pleadings__**

The parties do not anticipate any further amendment of the pleadings. The parties request that the Court set a December 6, 2022, deadline to amend the pleadings.

**6.    __Evidence Preservation__**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information (ESI Guidelines) and have met and conferred pursuant to FRCP 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.    __Disclosures__**

Defendants filed their answer to the operative second amended complaint on September 20, 2022. Pursuant to General Order No. 71, the obligations to provide initial disclosures pursuant to FRCP 26(a)(1) are superseded. The parties will exchange the documents and information described in General Order 71 no later than October 20, 2022.

///

///

**8.   <u>Discovery</u>**

The parties anticipate conducting discovery regarding the bases for plaintiff's termination, the procedural rights afforded to plaintiff before and after termination, and the nature and extend of plaintiff's alleged damages. The parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues. The parties do not presently foresee any issues regarding disclosure, discovery, or preservation of ESI. The parties have discussed anticipated claims of privilege, including attorney-client privilege, attorney work product protection, and legislative privilege. These privilege issues will be addressed at the appropriate time(s) during the course of discovery. The parties do not presently anticipate the need to modify the limitations on discovery imposed under the FRCP or the local rules.

**9.   <u>Class Actions</u>**

This is not a class action.

**10.   <u>Related Cases</u>**

There are three related cases currently pending in the Superior Court of California, County of Santa Clara: (1) *Kissner v. Loma Prieta Joint Union School District*, case no. 21CV383749, petition for writ of mandate challenging plaintiff's layoff; (2) *Kissner v. Commission on Professional Competence*, case no. 22CV393046, petition for writ of mandate challenging plaintiff's termination; and (3) *Kissner v. Loma Prieta Joint Union School District, et al.*, case no. 22CV402699, civil complaint for damages alleging causes of action under California state law.

**11.   <u>Relief</u>**

Plaintiff claims money damages, in an amount to be proved at trial. The basis on which plaintiff calculates his claimed damages is as follows: Plaintiff is entitled to general and special damages representing back pay, front pay, and reimbursement for additional lost benefits in an amount subject to proof at trial, with prejudgment interest to the maximum extent permitted by law' damages against Defendants representing harm to Kissner's reputation and loss of standing in the community, emotional distress

damages, and nominal damages for the past loss of Kissner's constitutional rights. In addition, plaintiff seeks prospective injunctive and declaratory relief.

| Present value of Past earnings Lost and Future Earnings, totaling 15 years | $1,473,050.00 | (base salary in 2020-2021*30% fully loaded with benefits*15 years) |
|---|---|---|
| Sick Leave Buy-Out | $13,066.00 | 75,541*1.3*15=$1,473,050 |
| Costs of relocating and new job certification | $50,000.00 | |
| Legal Fees | $200,000.00 | |
| **TOTAL** | $1,736,116.00 | |

Plaintiff anticipates designating an economist or other expert(s) to testify regarding the extent of economic damages and the calculation thereof.

Defendants object to plaintiff's calculation of economic damages. Rather than reducing his projected future earnings to present value, plaintiff increased the future earnings by 30%. Plaintiff's projection of 15 years of lost income is also arbitrary and lacks foundation. Defendants further object to plaintiff's claim for damages arising from a "sick leave buy-out," which defendant contend did not result in damage to plaintiff. Defendants object to plaintiff's claim of $50,000 for "costs of relocating and new job certification." Plaintiff has disclosed no basis for such a claim to date, and the figure is unreasonably high. Defendants further object to plaintiff's claim for legal fees, which is not a recoverable item of damages and cannot be presented to the jury at trial.

Even if plaintiff could establish liability, defendants contend that his damages would need to be mitigated by securing substitute employment. Any loss of earnings would be reduced by the amount plaintiff earns in his new position.

**12.** **Settlement and ADR**

The parties jointly request that the Court order the parties to participate in a settlement conference with a magistrate judge.

///

///

**13.** <u>**Consent to Magistrate Judge for All Purposes**</u>

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.** <u>**Other References**</u>

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.** <u>**Narrowing of Issues**</u>

Defendants anticipate that the issues may be narrowed by a motion for summary judgment, which they anticipate filing after an initial round of discovery.

**16.** <u>**Expedited Trial Procedure**</u>

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17.** <u>**Scheduling**</u>

The parties jointly propose the following dates and deadlines:

| Deadline Description | Proposed Date |
|---|---|
| Completion of initial ADR session | February 17, 2023 |
| Designation of experts | May 5, 2023 |
| Discovery cut-off | June 30, 2023 |
| Hearing of dispositive motions | July 28, 2023, at 10:00 a.m. |
| Pretrial conference | August 25, 2023, at 2:30 p.m. |
| Trial | October 9, 2023, at 9:00 a.m. |

**18.** <u>**Trial**</u>

The damages claims in this case will be tried to a jury, while the equitable claims will be tried to the Court. The parties anticipate that trial will require 15 court days.

**19.** <u>**Disclosure of Non-Party Interested Entities or Persons**</u>

Defendants filed their Certification of Interested Entities or Persons on September 20, 2022. Defendants disclosed the following interested entities:

///

1.    Loma Prieta Joint Union School District: The District is plaintiff's former employer, and defendants are current and former employees and/or elected officials of the District. Plaintiff's claims for prospective relief against defendants in their official capacities would bind the District, if granted.

2.    Alliance of Schools for Cooperative Insurance Programs: ASCIP is a non-profit public entity joint powers risk pool providing defense and indemnity coverage to defendants.

**20.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other**

The parties are not aware of any other issues at this time.

Dated: September 30, 2022          Freedom X


By:    /s/ William J. Becker, Jr.
        William J. Becker, Jr.
        Attorney for Plaintiff,
        David M. Kissner


Dated: September 30, 2022          Fozi Dwork & Modafferi, LLP


By:    /s/ Daniel S. Modafferi
        Golnar J. Fozi
        Daniel S. Modafferi
        Attorney for Defendants,
        Lisa Fraser, Kevin Grier, Billy Martin,
        Deana Arnold, Ben Abeln, Ron Bourque,
        Charlotte Khandelwal, and Erin
        Asheghian

I certify that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Daniel S. Modafferi

## CASE MANAGEMENT ORDER

The above joint case management statement and proposed order is approved as the case management order for this case, and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

The Court adopts the Joint Case Management Statement. Case Management Conference set for October 7, 2022 is vacated. Pretrial and Trial dates to be determined.  A Joint Case Management Statement due by March 3, 2023. Case Management Conference set for March 10, 2023 at 8:30 a.m. Case referred to a Magistrate Judge to conduct a settlement conference.

IT IS SO ORDERED.

Dated:  October 3, 2022

_____

United States District Judge