**P O R T E R | S C O T T**

A PROFESSIONAL CORPORATION
Lindsay A. Goulding, SBN 227195
Tatiana Moana Bush, SBN 343503
350 University Avenue, Suite 200
Sacramento, California 95825
lgoulding@porterscott.com
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
LAWRENCE MCVOY

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER, an individual, | CASE NO. 22-CV-00949-CRB |
| Plaintiff, | **DEFENDANT LAWRENCE MCVOY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT ON COURT'S ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)** |
| v. | |
| LOMA PRIETA JOINT UNION SCHOOL DISTRICT, a California public agency; LISA FRASER, former superintendent at Loma Prieta Joint Union School District, in her official and individual capacitites; COREY KIDWELL, former superintendent at Loma Prieta Joint School District, in her official and individual capacities; KEVIN GRIER, successor superintendent at Loma Prieta Joint School District, in his official capacity; BILLY MARTIN, principal of CT English Middle School, in his official and individual capacities; DEANA A. ARNOLD, Loma Prieta Joint Union School District trustee, in her official and individual capacities; BEN ABELN, Loma Prieta Joint Union School District trustee, in his official and individual capacities; RON BOURQUE, Loma Prieta Joint Union School District trustee, in his official and individual capacities; CHARLOTTE KHANDELWAL, Loma Prieta Joint Union School District trustee, in her official and individual | **Date:  December 2, 2022**<br>**Time: 10:00 a.m.**<br>**Ctrm: 6**<br>**Judge: Charles R. Breyer**<br><br>Complaint Filed: 3/20/2022 |

{02834508.DOCX}                                    1

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

capacities;   ERIN   ASHEGHIAN,   Loma
Prieta Joint Union School District trustee, in
her   official   and   individual   capacities;
PATRICIA ELLIOT, an individual; JOIE
GRIMMET,  an  individual;  LAWRENCE
MCVOY,  and  individual,  and  DOES  1
through 50, inclusive,

          Defendants.

_____/

# I.

# INTRODUCTION

Defendant LAWRENCE MCVOY ("Defendant McVoy" or "Defendant") files this Motion to request entry of a final judgment pursuant to the Federal Rules of Civil Procedure (FRCP) Rule 54(b).[1] Defendant filed his *Special Motion to Strike Pursuant To California Anti-SLAPP Statute, Or, In The Alternative, Motion to Dismiss* on May 27, 2022.  ECF No. 45.  The Court granted Defendant's Motion on August 24, 2022.  ECF No. 65.  As there are other parties named in this action, Defendant cannot enter final judgment until this Court adjudicates all of the claims, rights, and liabilities, or determines that there is no just reason to delay entry of judgment as to Defendant McVoy.  Defendant seeks relief under the latter.

# II.

# ARGUMENT

## THIS COURT SHOULD ENTER FINAL JUDGMENT
## FOR DEFENDANT IN ACCORDANCE WITH RULE 54(b)

This Court should enter a final judgment on claims made against Defendant McVoy pursuant to FRCP Rule 54(b) because: A) the claims against Defendant McVoy are cognizable and final as they are ready for appeal based on the Court's *Order Granting Defendant's Motion to*

---

[1] JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

{02834508.DOCX}

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX. 916.927.3706

*Strike* and B) there is no just reason for delay because judicial administrative interests militate in favor of dismissing Defendant McVoy as the claims and parties are severable and the weight of equities militates in favor of Defendant McVoy who is indeterminately stuck in a holding pattern until claims against Defendant Loma Prieta Joint Union School District, et al., ("Defendant District") are adjudicated.  Rule 54(b) provides that a district court may enter final judgment on a single claim in an action with multiple claims "if the court expressly determines that there is no just reason for delay."  As explained below, the Court's Order satisfies Rule 54(b)'s requirements, and there is no just reason for delay.  Therefore, this Court should enter a final judgment on the claims asserted against Defendant McVoy.

**A. RULE 54 (B) AND FINALITY ARE FOUND IN DEFENDANT'S CASE**

First, under Rule 54(b) a court must determine if there is a final judgment under FRCP Rule 54(b).

> A district court must first determine that it is dealing with a 'final judgment.'  It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956)).  A "cognizable" claim is "something capable of being known or perceived and within the jurisdiction of the court."[2]  Claims that are "final" are "finally decided and are found otherwise to be ready for appeal."  *Sears, Roebuck & Co.*, 351 U.S. at 435.  In *Sears*, the district court determined that two common law claims out of four were cognizable because they were known claims and final because they were ready for appeal.  *Id.* at 429-31.  The Supreme Court agreed with district court determining that the plaintiff-appellant had two identifiable common law claims and that they were separable because the claims could be decided independently of each other.  *Id.* at 436.  The district court also adjudicated the common law claims and provided a final judgment.

Defendant McVoy's case meets FRCP Rule 54(b) finality requirement because the claim against Defendant McVoy is cognizable and this Court's ruling on the matter is final.  Here,

---

[2] West's Ency. of Am. Law, Ed. 2. 2008 (Aug. 18, 2022).

{02834508.DOCX}

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

1   Plaintiff DAVID KISSNER ("Plaintiff") brought suit against a number of parties stemming from
2   his dismissal from his position as a math and science teacher at CT English Middle School, in the
3   Loma Prieta Joint Union School District ("the District"). See Court's *Order Granting Defendant's*
4   *Motion To Strike* (dkt. 65 at 1).  Although the suit began with nineteen claims alleged variously
5   against thirteen named defendants and Does 1 through 50, Plaintiff gradually reduced both the
6   claims and parties.   See Voluntary dismissals (dkts. 33-34, 41-42, 43-2, 46-1, 49-50).   The
7   remaining claims fall broadly into two categories: (1) claims relating to the motivation and manner
8   of Plaintiff's dismissal, which Plaintiff brings against the District's principal and current and
9   former members of its Board of Trustees and Does, and (2) claims relating to online discussion of
10  Plaintiff's dismissal, which Plaintiff brought against Defendant McVoy and Does.   Court's *Order*
11  *Granting Defendant's Motion To Strike* (dkt. 65 at 2). From the Court's own analysis it is clear
12  that the matters already disposed of pursuant to the Court's partial judgment are factually and
13  legally severable from the remaining matters against Defendant District as (1) is based on the
14  motivation and manner of Plaintiff's dismissal whereas (2) relates to a later online discussion of
15  that dismissal. *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.* (9th Cir. 1987) 819 F2d
16  1519, 1525.

17          This Court in its *Order Granting Defendant's Motion to Strike* determined that because
18  Plaintiff could not demonstrate a probability of prevailing on any of his claims (i.e., defamation,
19  false light invasion of privacy and intentional infliction of emotional distress) against Defendant
20  McVoy, and because Defendant McVoy's online statement was an act in furtherance of his right
21  of petition or free speech, Defendant McVoy's anti-SLAPP motion and motion to dismiss was
22  granted. At 37:15-17.   Further, this Court also explained that because the *Order Granting*
23  *Defendant's Motion to Strike* analyzed the anti-SLAPP motion under the FRCP 12(b)(6) standard
24  and the motion to dismiss analysis parallels the anti-SLAPP analysis, Plaintiff had not plead
25  sufficient facts to state claims for relief on defamation, false light invasion of privacy or
26  intentional infliction of emotional distress against Defendant McVoy. Thus, the Court also granted
27  Defendant McVoy's motion to dismiss.   At 40:16-21. These were the Court's "specific findings
28  [which set] forth the reasons for its order" regarding Plaintiff's claims against Defendant McVoy.

*Morrison-Knudsen Co., Inc. v.* Archer (9th Cir. 1981) 655 F2d 962, 965; see *National Ass'n of Home Builders v.* Norton (9th Cir. 2003) 340 F3d 835, 840.  The claims are therefore cognizable and final.

This Court made a final ruling on Plaintiff's claims determining that they failed to demonstrate a probability of prevailing on the merits and failed to plead sufficient facts and therefore granted Defendant McVoy's *Special Motion to Strike Pursuant To California Anti-SLAPP Statute, Or, In The Alternative, Motion to Dismiss*.  The claims against Defendant McVoy are final because there is a final judgment as to all of the claims against Defendant McVoy and those claims are independent of any claims asserted against Defendant District. Therefore, FRCP Rule 54(b) finality requirement is met here because the claims are cognizable and there is a final judgment that provided an ultimate disposition on independent claims against Defendant McVoy in a matter with multiple claims and parties.

**B. There Is No Just Reason For Delay In Defendant's Case**

Second, under FRCP Rule 54(b) a court must determine that there is no just reason to delay appeal of an individual final judgment in a multiclaim and multi-party action which is found in Defendant McVoy's case. In determining if there is no just reason to delay under FRCP Rule 54(b) "a district court must take into account the interests of sound judicial administration as well as the equities involved." *Curtiss-Wright Corp*, 446 U.S. at 5. This determination is "exclusively within the discretion of the district court." *Illinois Tool Works, Inc. v. Brunsing*, 378 F.2d 231, 236 (9th Cir. 1967); *Metal Coating Corp. v. National Steel Const. Co.*, 350 F.2d 521 (9th Cir. 1965); *Miles v. City of Chandler*, 297 F.2d 690 (9th Cir. 1961). When considering sound judicial administration, a court's function is to act as a dispatcher by determining when a case with multiple claims and parties is appealable.  *Curtiss-Wright Corp.* at 8. The dispatching court may consider "such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [were] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*.  Additional miscellaneous factors such as "delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like"

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02834508.DOCX}

1    may also be considered by the district court in determining whether there is a just reason to delay.

2    *General Acquisition, Inc. v. GenCorp, Inc.* (6th Cir. 1994) 23 F.3d 1022, 1030.

3         Furthermore, the equities involved revolve around justice to the litigants. This factor

4    centers on a district court and its assessment of the negative impact litigants will suffer, including

5    prejudice and indeterminate delay from not dispatching parties and claims.[3] *Id*; *Gregorian v.*

6    *Izvestia* (9th Cir. 1989) 871 F2d 1515, 1519.

7         **1.      Judicial Administrative Interests Militate In Defendant's Favor**

8         The judicial administrative interests militate in Defendant McVoy's favor for an entry of

9    final judgment because the claims and parties as severable.  Here, an order granting final judgment

10   was ordered by this Court on the claims made by Plaintiff against Defendant McVoy. While

11   Defendant McVoy does not want an appeal of this Court's order, this Court's order granting final

12   judgment in favor of Defendant McVoy places these claims in a position where they are

13   "appealable" as described by the Supreme Court in *Curtis-Wright*.  *Id.*  Furthermore, all claims

14   asserted against Defendant McVoy were resolved by this Court on a dispositive motion.  There is

15   no genuine dispute as to claims against Defendant McVoy.  Any claims against Defendant District

16   cannot be imputed to Defendant McVoy as Defendant McVoy was not the cause of Plaintiff's

17   termination, nor in any way connected to his termination.  See *Order Granting Defendant's*

18   *Motion To Strike* (dkt. 65 at 2). An appellate court would also not have to decide the same issues

19   more than once even if there were subsequent appeals.  Any future claims would have to be made

20   against another defendant for the alleged causes of action that remain (i.e., First Amendment

21   retaliation, civil rights defamation, Fourteenth Amendment due process, Fourteenth Amendment

22   equal protection and civil rights conspiracy). Therefore, the administrative interests militate in

23   Defendant McVoy's favor and this Court should sever Defendant and enter a final judgment.

24   ///

25

26   [3]  § 2659 When a Judgment Under Rule 54(b) Can Be Entered—Determination That There Is No Just Reason for
     Delay, 10 Fed. Prac. & Proc. Civ. § 2659 (4th ed.); Saran Q. Edwards, *Using Federal Rule of Civil Procedure 54(b)*
27   *During the COVID-19 Pandemic*: *Unsticking the Wheels of Justice*, American Bar Association (Sep. 15, 2020),
     www.americanbar.org/groups/litigation/committees/pretrial-practice-discovery/practice/2020/using-federal-rule-of-
28   civil-procedure-54b-during-the-covid-19-pandemic/.

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ENTRY OF FINAL JUDGMENT ON COURT'S ORDER
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

**2.      The Weight of The Equities Militates In Favor of Defendant McVoy**

The weight of the equities militates in favor of entry of a final judgment on claims against Defendant McVoy because Defendant is otherwise held hostage in this ligation until the claims against Defendant District are determined by this Court.  It is unjust to have Defendant McVoy remain a party to the suit when all claims against Defendant McVoy were adjudicated. Furthermore, Defendant McVoy has already expended valuable time and resources litigating against Plaintiff's frivolous claims here.  Therefore, the weight of the equities militates in favor of Defendant McVoy and this Court should enter a final judgment on claims asserted against Plaintiff.

### III.

### CONCLUSION

This Court should enter a final judgment in favor of Defendant McVoy based on FRCP Rule 54(b) because there is a final judgment and there is no just reason for delay in entry of a final judgment on claims against Defendant.  Defendant had cognizable claims against it that this Court dispensed with on an anti-SLAPP motion.  The cognizable claims had a final disposition in the form of an order granting Defendant's anti-SLAPP motion pursuant to alleged defamation, false light invasion of privacy and intentional infliction of emotional distress and thereby elimination all pending claims against Defendant McVoy in this action.

Further, no just reason for delay exists in preventing Defendant from entry of a final judgment as judicial administrative interests militate in favor of Defendant because an appeals court would not have to decide the same issues twice and the claims are now appealable.

Finally, no just reason for delay exists because Defendant McVoy is harmed by being stuck in an indeterminate holding pattern until the claims against Defendant District are adjudicated.  Any claims against Defendant District can and should be independently resolved. Therefore, this Court should grant Defendant McVoy's motion for an entry of judgment based on FRCP Rule 54(b).

///

///

{02834508.DOCX}                                    7

For the reasons stated above, Defendant respectfully requests that the Court enter final judgment pursuant to Rule 54(b) on Plaintiffs' Second Amended Complaint with regard to Defendant LAWRENCE MCVOY.

Dated:  October 21, 2022

PORTER SCOTT
A PROFESSIONAL CORPORATION

By  */s/Lindsay A. Goulding*
_____

Lindsay A. Goulding
Tatiana Moana Bush
Attorneys for Defendant
LAWRENCE MCVOY

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02834508.DOCX}

8

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ENTRY OF FINAL JUDGMENT ON COURT'S ORDER
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**