**P O R T E R | S C O T T**

A PROFESSIONAL CORPORATION
Lindsay A. Goulding, SBN 227195
Tatiana Moana Bush, SBN 343503
350 University Avenue, Suite 200
Sacramento, California 95825
lgoulding@porterscott.com
tbush@porterscott.com
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
LAWRENCE MCVOY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER, an individual, | CASE NO. 22-CV-00949-CRB |
| Plaintiff, | **DEFENDANT LAWRENCE MCVOY'S AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT ON COURT'S ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)** |
| v. | |
| LOMA PRIETA JOINT UNION SCHOOL DISTRICT, a California public agency; LISA FRASER, former superintendent at Loma Prieta Joint Union School District, in her official and individual capacitites; COREY KIDWELL, former superintendent at Loma Prieta Joint School District, in her official and individual capacities; KEVIN GRIER, successor superintendent at Loma Prieta Joint School District, in his official capacity; BILLY MARTIN, principal of CT English Middle School, in his official and individual capacities; DEANA A. ARNOLD, Loma Prieta Joint Union School District trustee, in her official and individual capacities; BEN ABELN, Loma Prieta Joint Union School District trustee, in his official and individual capacities; RON BOURQUE, Loma Prieta Joint Union School District trustee, in his official and individual capacities; CHARLOTTE KHANDELWAL, Loma Prieta Joint Union School District trustee, in her official and individual capacities; ERIN ASHEGHIAN, Loma | **Date:  December 2, 2022**<br>**Time: 10:00 a.m.**<br>**Ctrm: 6**<br>**Judge: Charles R. Breyer**<br><br>Complaint Filed: 3/20/2022 |

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

Prieta Joint Union School District trustee, in her official and individual capacities; PATRICIA ELLIOT, an individual; JOIE GRIMMET, an individual; LAWRENCE MCVOY, and individual, and DOES 1 through 50, inclusive,

Defendants.

_____/

I.

**INTRODUCTION**

Defendant LAWRENCE MCVOY ("Defendant McVoy" or "Defendant") files this Motion to request entry of a final judgment pursuant to the Federal Rules of Civil Procedure (FRCP) Rule 54(b).[1]  Defendant filed his *Special Motion to Strike Pursuant To California Anti-SLAPP Statute, Or, In The Alternative, Motion to Dismiss* on May 27, 2022.  (dkt. 45).  The Court granted Defendant's Motion on August 24, 2022.  See *Order Granting Defendant's Motion to Strike* (dkt. 65).  As there are other parties named in this action, Defendant cannot enter final judgment until this Court adjudicates all of the claims, rights, and liabilities, or determines that there is no just reason to delay entry of judgment as to Defendant McVoy.  Defendant seeks relief under the latter.

Defendant previously filed an Application for Entry of Judgment which was denied by this Court on the grounds that Defendant had failed to articulate "no just reason for delay."  By way of this Motion, Defendant sets for the basis for a finding of "no just reason for delay" and on that basis again seeks Entry of Judgment.  A federal trial court has inherent power to reconsider and revise any interlocutory order prior to the entry of final judgment.  FRCP 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims … may be revised at any time before the entry of judgment adjudicating all the claims.").

Here, no final judgment has been entered.  Thus, the Court's revision of its previous *Order*

---

[1] JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

{02837837.DOCX}                                    2

**DEFENDANT'S AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT ON COURT'S ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

1  *Denying Application for Entry of Judgment* is appropriate and appropriately requested by

2  Defendant.

3                                          **II.**

4                                  **ARGUMENT**

5       **THIS COURT SHOULD ENTER FINAL JUDGMENT**
6  **FOR DEFENDANT IN ACCORDANCE WITH RULE 54(b)**

7          This Court should enter a final judgment on claims made against Defendant McVoy

8  pursuant to FRCP Rule 54(b) because: A) the claims against Defendant McVoy are cognizable

9  and final as they are ready for appeal based on the Court's *Order Granting Defendant's Motion to*

10 *Strike* and B) there is no just reason for delay because judicial administrative interests militate in

11 favor of dismissing Defendant McVoy as the claims and parties are severable and the weight of

12 equities militates in favor of Defendant McVoy who is indeterminately stuck in a holding pattern

13 until claims against Defendant Loma Prieta Joint Union School District, et al., ("Defendant

14 District") are adjudicated.  Rule 54(b) provides that a district court may enter final judgment on a

15 single claim in an action with multiple claims "if the court expressly determines that there is no

16 just reason for delay."  As explained below, the Court's Order satisfies Rule 54(b)'s requirements,

17 and there is no just reason for delay.  Therefore, this Court should enter a final judgment on the

18 claims asserted against Defendant McVoy.

19 **A. Rule 54 (B) and Finality are Found in Defendant's Case**

20         First, under Rule 54(b) a court must determine if there is a final judgment under FRCP

21 Rule 54(b).

22         A district court must first determine that it is dealing with a 'final judgment.'  It
         must be a "judgment" in the sense that it is a decision upon a cognizable claim for
23       relief, and it must be "final" in the sense that it is 'an ultimate disposition of an
         individual claim entered in the course of a multiple claims action."

24

25 *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v.*

26 *Mackey*, 351 U.S. 427 (1956).  A "cognizable" claim is "something capable of being known or

27 perceived and within the jurisdiction of the court."[2]  Claims that are "final" are "finally decided

28 and are found otherwise to be ready for appeal."  *Sears, Roebuck & Co.*, 351 U.S. at 435.  In

---

[2] West's Ency. of Am. Law, Ed. 2. 2008 (Aug. 18, 2022).
{02837837.DOCX}                                    3

PORTER │ SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

1   *Sears*, the district court determined that two common law claims out of four were cognizable

2   because they were known claims and final because they were ready for appeal. *Id.* at 429-31. The

3   Supreme Court agreed with district court determining that the plaintiff-appellant had two

4   identifiable common law claims and that they were separable because the claims could be decided

5   independently of each other. *Id.* at 436. The district court also adjudicated the common law

6   claims and provided a final judgment.

7          Defendant McVoy's case meets FRCP Rule 54(b) finality requirement because the claim

8   against Defendant McVoy is cognizable and this Court's ruling on the matter is final. Here,

9   Plaintiff DAVID KISSNER ("Plaintiff") brought suit against a number of parties stemming from

10  his dismissal from his position as a math and science teacher at CT English Middle School, in the

11  Loma Prieta Joint Union School District ("the District"). See Court's *Order Granting Defendant's*

12  *Motion To Strike* (dkt. 65 at 1). Although the suit began with nineteen claims alleged variously

13  against thirteen named defendants and Does 1 through 50, Plaintiff gradually reduced both the

14  claims and parties. See Plaintiff's voluntary dismissals (dkts. 33-34, 41-42, 43-2, 46-1, 49-50).

15  The remaining claims fall broadly into two categories: (1) claims relating to the motivation and

16  manner of Plaintiff's dismissal, which Plaintiff brings against the District's principal and current

17  and former members of its Board of Trustees and Does, and (2) claims relating to online

18  discussion of Plaintiff's dismissal, which Plaintiff brought against Defendant McVoy and Does.

19  Court's *Order Granting Defendant's Motion To Strike* (dkt. 65 at 2). From the Court's own

20  analysis it is clear that the matters already disposed of pursuant to the Court's partial judgment are

21  factually and legally severable from the remaining matters against Defendant District as (1) is

22  based on the motivation and manner of Plaintiff's dismissal whereas (2) relates to a later online

23  discussion of that dismissal. *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.* (9th Cir.

24  1987) 819 F2d 1519, 1525.

25         This Court in its *Order Granting Defendant's Motion to Strike* determined that because

26  Plaintiff could not demonstrate a probability of prevailing on any of his claims (i.e., defamation,

27  false light invasion of privacy and intentional infliction of emotional distress) against Defendant

28  McVoy, and because Defendant McVoy's online statement was an act in furtherance of his right

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

**DEFENDANT'S AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ENTRY OF FINAL JUDGMENT ON COURT'S ORDER
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

of petition or free speech, Defendant McVoy's anti-SLAPP motion and motion to dismiss was granted.   At 37:15-17.   Further, this Court also explained that because the *Order Granting Defendant's Motion to Strike* analyzed the anti-SLAPP motion under the FRCP 12(b)(6) standard and the motion to dismiss analysis parallels the anti-SLAPP analysis, Plaintiff had not plead sufficient facts to state claims for relief on defamation, false light invasion of privacy or intentional infliction of emotional distress against Defendant McVoy.   Thus, the Court also granted Defendant McVoy's motion to dismiss.   At 40:16-21.   These were the Court's "specific findings [which set] forth the reasons for its order" regarding Plaintiff's claims against Defendant McVoy.   *Morrison-Knudsen Co., Inc. v.* Archer (9th Cir. 1981) 655 F2d 962, 965; see *National Ass'n of Home Builders v.* Norton (9th Cir. 2003) 340 F3d 835, 840.   The claims are therefore cognizable and final.

This Court made a final ruling on Plaintiff's claims determining that they failed to demonstrate a probability of prevailing on the merits and failed to plead sufficient facts and therefore granted Defendant McVoy's *Special Motion to Strike Pursuant To California Anti-SLAPP Statute, Or, In The Alternative, Motion to Dismiss*.   The claims against Defendant McVoy are final because there is a final judgment as to all of the claims against Defendant McVoy and those claims are independent of any claims asserted against Defendant District.   Therefore, FRCP Rule 54(b) finality requirement is met here because the claims are cognizable and there is a final judgment that provided an ultimate disposition on independent claims against Defendant McVoy in a matter with multiple claims and parties.

**B. There is No Just Reason for Delay in Defendant's Case**

Second, under FRCP Rule 54(b) a court must determine that there is no just reason to delay appeal of an individual final judgment in a multiclaim and multi-party action which is found in Defendant McVoy's case.   In determining if there is no just reason to delay under FRCP Rule 54(b) "a district court must take into account the interests of sound judicial administration as well as the equities involved."   *Curtiss-Wright Corp*, 446 U.S. at 5.   This determination is "exclusively within the discretion of the district court."   *Illinois Tool Works, Inc. v. Brunsing* (9th Cir. 1967) 378 F.2d 231, 236; *Metal Coating Corp. v. National Steel Const. Co.* (9th Cir. 1965) 350 F.2d

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA   95825
TEL: 916.929.1481
FAX: 916.927.3706

521; *Miles v. City of Chandler* (9th Cir. 1961) 297 F.2d 690. When considering sound judicial administration, a court's function is to act as a dispatcher by determining when a case with multiple claims and parties is appealable. *Curtiss-Wright Corp.*, 446 U.S. at 8. The dispatching court may consider "such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [were] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*. Additional miscellaneous factors such as "delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like" may also be considered by the district court in determining whether there is a just reason to delay. *General Acquisition, Inc. v. GenCorp, Inc.* (6th Cir. 1994) 23 F.3d 1022, 1030.

Furthermore, the equities involved revolve around justice to the litigants. This factor centers on a district court and its assessment of the negative impact litigants will suffer, including prejudice and indeterminate delay from not dispatching parties and claims.[3] *Id.*; *Gregorian v. Izvestia* (9th Cir. 1989) 871 F2d 1515, 1519.

### 1.    Judicial Administrative Interests Militate In Defendant's Favor

The judicial administrative interests militate in Defendant McVoy's favor for an entry of final judgment because the claims and parties as severable. Here, an order granting final judgment was ordered by this Court on the claims made by Plaintiff against Defendant McVoy. While Defendant McVoy does not want an appeal of this Court's order, this Court's order granting final judgment in favor of Defendant McVoy places these claims in a position where they are "appealable" as described by the Supreme Court in *Curtis-Wright*. *Id*. Furthermore, all claims asserted against Defendant McVoy were resolved by this Court on a dispositive motion. There is no genuine dispute as to claims against Defendant McVoy. Any claims against Defendant District cannot be imputed to Defendant McVoy as Defendant McVoy was not the cause of Plaintiff's termination, nor in any way connected to his termination. See *Order Granting Defendant's*

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

---

[3] § 2659 When a Judgment Under Rule 54(b) Can Be Entered—Determination That There Is No Just Reason for Delay, 10 Fed. Prac. & Proc. Civ. § 2659 (4th ed.); Saran Q. Edwards, *Using Federal Rule of Civil Procedure 54(b) During the COVID-19 Pandemic: Unsticking the Wheels of Justice*, American Bar Association (Sep. 15, 2020), www.americanbar.org/groups/litigation/committees/pretrial-practice-discovery/practice/2020/using-federal-rule-of-civil-procedure-54b-during-the-covid-19-pandemic/.

**DEFENDANT'S AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ENTRY OF FINAL JUDGMENT ON COURT'S ORDER
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

*Motion To Strike* (dkt. 65 at 2).  An appellate court would also not have to decide the same issues more than once even if there were subsequent appeals.  Any future claims would have to be made against another defendant for the alleged causes of action that remain (i.e., First Amendment retaliation, civil rights defamation, Fourteenth Amendment due process, Fourteenth Amendment equal protection and civil rights conspiracy).  Therefore, the administrative interests militate in Defendant McVoy's favor and this Court should sever Defendant and enter a final judgment.

**2.      The Weight of the Equities Militates in Favor of Defendant McVoy**

The weight of the equities militates in favor of entry of a final judgment on claims against Defendant McVoy because Defendant is otherwise held hostage in this ligation until the claims against Defendant District are determined by this Court.  It is unjust to have Defendant McVoy remain a party to the suit when all claims against Defendant McVoy were adjudicated.  Furthermore, Defendant McVoy has already expended valuable time and resources litigating against Plaintiff's frivolous claims here.

Furthermore, Defendant McVoy needs a final judgment in order to shield himself from further litigation by plaintiff brought on the same grounds.  To be clear, plaintiff is *already* trying to pursue nearly the exact same Complaint and the very same causes of action against Defendant McVoy in State Court.  Specifically, plaintiff filed a nearly identical lawsuit in Santa Clara County, Case No. 22CV402699.  See **Exhibit A**.  On receipt of this Court's Order on Defendant's Motion to Strike and Motion to Dismiss, Defendant's counsel asked Plaintiff's counsel to dismiss the State Court action.  Plaintiff's counsel refused, citing to the absence of a final judgment in this matter.   See **Exhibit B**. Without a final judgment in this matter, Defendant McVoy cannot use the Court's ruling on his Motion to Strike and Motion to Dismiss to bar plaintiff from proceeding against him again in Santa Clara County or any other jurisdiction.

"Res judicata, or claim preclusion, provides that a ***final judgment*** on the merits of an action precludes the parties from relitigating all issues connected with the action that were or could have been raised in that action."  *Rein v. Providian Fin'l Corp.* (9th Cir. 2001) 270 F.3d 895, 898-99 *emphasis added*.  This includes defenses, whether they were asserted or not.  *American Fabrics, Inc. v. L&L Textiles, Inc.* (9th Cir. 1985) 754 F.2d 1524, 1529.  It consists of

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX: 916.927.3706

**DEFENDANT'S AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ENTRY OF FINAL JUDGMENT ON COURT'S ORDER
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

1    four elements:  (1) the parties are identical or in privity; (2) the judgment in the previous action

2    was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits;

3    and (4) the same claim or cause of action was involved in both suits.  *Rein,* 270 F.3d at 899.

4         Thus, Defendant McVoy needs a final judgment from this Court in order to assert res

5    judicata in any other court to prevent Plaintiff from relitigating his claims against Defendant.  As

6    such, the weight of the equities militates in favor of Defendant McVoy and this Court should enter

7    a final judgment on claims asserted against Plaintiff.

8                                    **III.**

9                               **<u>CONCLUSION</u>**

10        This Court should enter a final judgment in favor of Defendant McVoy based on FRCP

11   Rule 54(b) because there is a final judgment and there is no just reason for delay in entry of a final

12   judgment on claims against Defendant.  Defendant had cognizable claims against it that this Court

13   dispensed with on an anti-SLAPP motion.  The cognizable claims had a final disposition in the

14   form of an order granting Defendant's anti-SLAPP motion pursuant to alleged defamation, false

15   light invasion of privacy and intentional infliction of emotional distress and thereby elimination all

16   pending claims against Defendant McVoy in this action.

17        Further, no just reason for delay exists in preventing Defendant from entry of a final

18   judgment as judicial administrative interests militate in favor of Defendant because an appeals

19   court would not have to decide the same issues twice and the claims are now appealable.

20        Moreover, no just reason for delay exists because Defendant McVoy is harmed by being

21   stuck in an indeterminate holding pattern until the claims against Defendant District are

22   adjudicated.  Any claims against Defendant District can and should be independently resolved.

23   Therefore, this Court should grant Defendant McVoy's motion for an entry of judgment based on

24   FRCP Rule 54(b).

25        Finally, entry of final judgment would have *res judicata* effect and thus prevent further

26   litigation based on the same facts and theories.

27        For the reasons stated above, Defendant respectfully requests that the Court enter final

28   judgment pursuant to Rule 54(b) on Plaintiffs' Second Amended Complaint with regard to

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02837837.DOCX}                               8

Defendant LAWRENCE MCVOY.


Dated:  October 26, 2022                    PORTER SCOTT
                                            A PROFESSIONAL CORPORATION


                                                */s/Lindsay A. Goulding*
                                        By _____
                                                Lindsay A. Goulding
                                                Tatiana Moana Bush
                                                Attorneys for Defendant
                                                LAWRENCE MCVOY

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

**DEFENDANT'S AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ENTRY OF FINAL JUDGMENT ON COURT'S ORDER
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**