William J. Becker, Jr., Esq. (SBN: 134545)
Bill@FreedomXLaw.com
**FREEDOM X**
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone: (310) 636-1018
Facsímile: (310) 765-6328

Counsel for *David M. Kissner*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID M. KISSNER**, <br><br> Plaintiff, <br><br> vs. <br><br> **LOMA PRIETA JOINT UNION SCHOOL DISTRICT, ET AL.,** <br><br> Defendants. | Case No. 22-CV-00949-CRB <br><br> Hon. Charles R. Breyer <br><br> **PLAINTIFF DAVID M. KISSNER'S RESPONSE IN OPPOSITION TO DEFENDANT LAWRENCE MCVOY'S MOTION FOR ENTRY OF FINAL JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **Date:** December 2, 2022 <br> **Time:** 10:00 a.m. <br> **Location:** San Francisco Courthouse, Courtroom 6, 17th Floor <br> 450 Golden Gate Avenue, <br> San Francisco, CA 94102 <br><br> **SAC Filed:** March 20, 2022 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

I.     INTRODUCTION ........................................................................................................... 1

II.    ARGUMENT .................................................................................................................... 1

       A.     McVoy Seeks The Same Relief In His Motion As He Sought In His Application For Entry Of Judgment ........................................................................ 1

       B.     McVoy's Motion For Entry Of Judgment Is Nothing More Than A Thinly Disguised Motion For Reconsideration And "Procedurally Improper" ................... 3

       C.     McVoy Incorrectly Argues A Final Judgment Exists In This Case ........................ 5

III.   CONCLUSION ................................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*389 Orange St. Partners v. Arnold*
    179 F.3d 656 (9th Cir. 1999) ................................................................................... 4

*Carroll v. Nakatani*
    342 F.3d 934, (9th Cir. 2003) ................................................................................... 4

*Earl v. Conejo Capital Partners LLC*
    CV109317GHKJCGX, 2011 WL 13217783 (C.D. Cal. Feb. 17, 2011) ............................... 3

*Kona Enters., Inc. v. Estate of Bishop*
    229 F.3d 877 (9th Cir. 2000) .................................................................................... 4

*McDowell v. Calderon*
    197 F.3d 1253 (9th Cir. 1999) .................................................................................. 4

*Melbostad v. Fisher*
    165 Cal.App.4th 987 (2008 ..................................................................................... 2

*Ngoc Lam Che v. Boatman-Jacklin, Inc.*
    18-CV-02060-NC, 2019 WL 3767451 (N.D. Cal. Aug. 9, 2019) ...................................... 3

*Raiser v. City of Murrieta*
    EDCV171824RGKRAO, 2017 WL 10541008 (C.D. Cal. Dec. 19, 2017) ...................... 3, 4

**Statutes**

Fed. R. Civ. P. 7(b) ................................................................................................... 1

Fed. R. Civ. P. 54(b) ................................................................................................. 2

Fed. R. Civ. P. 60(b) ................................................................................................. 6

**Rules**

L.R. 7-9(b) ................................................................................................................ 4

Plaintiff David M. Kissner ("Plaintiff" or "Kissner") hereby responds in opposition to Defendant Lawrence McVoy's ("Defendant" or "McVoy") Motion for Entry of Judgment as follows.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Restyling his prior "Application" for entry of judgment (Dkt. No. 67) as a "Motion" for entry of judgment (Dkt. Nos. 76 & 77 (amended)), McVoy has unilaterally taken a mulligan. McVoy makes the argument for unjust delay the Court has already declared he failed to make in his Application briefing ("McVoy has not demonstrated that there is 'no just reason for delay' in entering judgment"). (Dkt. No. 75.) And McVoy does so under the guise of a "motion," pretending as though relabeling his Application is acceptable practice.

But, to paraphrase William Shakespeare, a motion by any other name is still a motion. The "Motion" for entry of judgment is nothing more than a thinly disguised motion for reconsideration by another name. Both sides have already briefed the issue (Dkt. Nos. 70 (Plaintiff) & 71 (Defendant)) and the Court has already issued its ruling denying McVoy's "Application" (i.e., motion) (Dkt. No. 75). Course rules do not permit mulligans, and courts' rules do not permit thinly disguised motions for reconsideration. For the reasons argued hereinbelow, McVoy's motion should be denied.

**II.   ARGUMENT**

   **A.   McVoy Seeks The Same Relief In His Motion As He Sought In His Application For Entry Of Judgment**

Motion practice is fundamental to litigation and McVoy's attorneys are held to understand it. "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b). McVoy's Application for Entry of Judgment ("Application") was, by any other name, a motion placing Plaintiff on notice

of a hearing date for oral argument and thereby conceding the potentially contested nature of the relief sought.

Plaintiff timely responded to McVoy's motion with an opposition brief containing a memorandum of points and authorities. In it, Plaintiff set forth arguments explaining why judgment may or may not be appropriately entered, even citing law showing that the anti-SLAPP Order under certain circumstances might be deemed a final judgment and querying why McVoy would seek entry of judgment if that were the case here. Plaintiff additionally argued that where no issue is left for future consideration by the Court except the fact of compliance or noncompliance with the terms of the Order, the Order is final, but where anything further in the nature of judicial action on the part of the Court is essential to a final determination of the rights of the parties, the decree is interlocutory. (Dkt. No. 70, page 9, lines 14-20), citing *Melbostad v. Fisher*, 165 Cal.App.4th 987, 996 (2008).

McVoy's "reply" brief in response to Plaintiff's opposition ignored these arguments and failed to argue, much less demonstrate, why delaying entry of judgment would be unjust. This glaring oversight did not go unnoticed by the Court. As McVoy now concedes, the Court's Order explicitly states that "McVoy **has not demonstrated** that there is 'no just reason for delay' in entering judgment," and that "[t]he Court anticipates entering a single judgment at the conclusion of the case." (Emphasis added.)

Fed. R. Civ. P. 54(b), upon which the Court relied, states in relevant part:

> [ ] [W]hen multiple parties are involved in an action, the court may direct entry of a final judgment as to one or more, but fewer than all, [ ] parties **only if the court expressly determines that there is no just reason for delay**.

(Emphasis added.)

The Court correctly respected the statute's mandatory curb on its power, having never determined there to be no just reason for delay where McVoy surrendered the issue. Nor did McVoy

argue in his earlier motion that nothing further remains to be done by the Court essential to a final determination of the rights of the parties even though Plaintiff raised the issue in his opposition. Only now, long after the opportunity to make such an argument has passed, does he bring it up.[1] There must be some finality to proceedings to avoid subjecting an opposing party to needless do-overs. McVoy deliberately and deceptively filed this "Motion" seeking the identical relief sought earlier because nothing justifies his failure to have argued unjust delay before. That is also why he could not file a motion for reconsideration, because he knows that neither the law nor the facts have changed; anything he could have argued was known to his attorneys when they filed their Application.

The Court's Order denying McVoy's Application was not an invitation to argue unjust delay anew. It was a final determination.

### B. McVoy's Motion For Entry Of Judgment Is Nothing More Than A Thinly Disguised Motion For Reconsideration And "Procedurally Improper"

McVoy inadvertently reveals this motion to be a motion for reconsideration when he argues that the Court has "inherent power to reconsider and revise any interlocutory order prior to the entry of final judgment." (Def.'s Mot., 2:20-23.) While that is true, procedural rules apply.

Courts reject "thinly disguised motions for reconsideration." *See*, *e.g.*, *Ngoc Lam Che v. Boatman-Jacklin, Inc.*, 18-CV-02060-NC, 2019 WL 3767451, at *2 (N.D. Cal. Aug. 9, 2019); *Raiser v. City of Murrieta*, EDCV171824RGKRAO, 2017 WL 10541008, at *2 (C.D. Cal. Dec. 19, 2017). Indeed, they are "procedurally improper." *Earl v. Conejo Capital Partners LLC*, CV109317GHKJCGX, 2011 WL 13217783, at *2 (C.D. Cal. Feb. 17, 2011).

L.R. 7-9 (a) provides:

---

[1] McVoy's attorneys have a history of waiting until after being reminded of an essential argument before raising it in a subsequent brief. *See* Plaintiff's Mot. To Strike (Dkt. No. 57).

Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9

L.R. 7-9 (b) provides:

No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

"Reconsideration is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Raiser v. City of Murrieta* at *2, citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (cleaned up). A "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.*, quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); and citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). A motion to reconsider "may not be used to raise arguments or present evidence for the first time when they reasonably could have been raised earlier in the litigation." *Id.*, quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Under L.R. 7-9(b), a motion to reconsider may only be brought if the moving party demonstrates:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Here, McVoy has failed to seek leave of court, a complete bar to this motion. Even if he had done so, there is no change in the facts or law that existed at the time he filed his Application or now, and McVoy has not shown that the Court failed to consider material facts. McVoy tries to

introduce arguments he never made but had the opportunity to make in responding to Plaintiff's Application opposition. All of the facts and law he introduces for the first time existed at the time of the Court's Order and his attorneys were well aware of them. (Goulding Decl., ¶¶ 3-4) McVoy's attorneys well know they cannot overcome their dereliction by introducing new arguments—previously orphaned—in a motion for reconsideration.

### C. McVoy Incorrectly Argues A Final Judgment Exists In This Case

McVoy erroneously and inconsistently claims a final judgment exists. *See*, *e.g.*, Def.'s Mot., 6:17-21 ("Here, an order granting final judgment was ordered by this Court on the claims made by Plaintiff against Defendant McVoy.… [T]his Court's order granting final judgment in favor of Defendant McVoy places these claims in a position where they are appealable'…."). Nothing in the Court's anti-SLAPP/12(b)(6) Order (Dkt. No. 65) states that final judgment was ordered. Indeed, the Court's own Order denying the Application explicitly states the contrary ("The Court anticipates entering a single judgment at the conclusion of the case.").

## III. CONCLUSION

All of McVoy's arguments, no matter how forceful they might have been had they been raised in his "Application," come up a day late and a dollar short. McVoy's attorneys were invited to brief them then. Why didn't they? What's their excuse? They offer none. The record demonstrates that attorney Lindsay A. Goulding filed the Application specifically in response to Plaintiff's state action being filed on July 29, 2022 (Goulding Decl., ¶ 3), and Plaintiff's counsel declining on September 6, 2022, to dismiss it (*id.*, ¶ 4).[2] Nothing prevented her from raising the arguments on September 7, 2022, when she filed her client's "Application," or on September 28, 2022, when she filed his reply brief.

---

[2] Plaintiff has not served McVoy with the state action and has made no determination whether to serve or dismiss him.

5

Pl.'s Opp. To Mot. For Entry Of Final J.                                           Case No. 22-CV-00949-CRB

Neither explaining her dereliction, nor seeking relief from it under Fed. R. Civ. P. 60(b) on the grounds of mistake, inadvertence or excusable neglect, counsel maladroitly attempts to conceal her real purpose of seeking reconsideration of the Court's Order. This is deceptive and this motion therefore has been brought for an improper purpose.

For these reasons and those argued hereinabove, Plaintiff respectfully requests that McVoy's motion be denied.

Date: November 4, 2022                                FREEDOM X

                                    By:  /s/ *William J. Becker, Jr.*
                                         William J. Becker, Jr., Esq.