**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Lindsay A. Goulding, SBN 227195
Tatiana Moana Bush, SBN 343503
350 University Avenue, Suite 200
Sacramento, California 95825
lgoulding@porterscott.com
tbush@porterscott.com
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
LAWRENCE MCVOY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER, an individual, | CASE NO. 22-CV-00949-CRB |
| Plaintiff, | **DEFENDANT LAWRENCE MCVOY'S REPLY TO PLAINTIFF DAVID M. KISSNER'S OPPOSITION TO DEFENDANT'S AMENDED MOTION FOR ENTRY OF FINAL JUDGMENT ON COURT'S ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)** |
| v. | |
| LOMA PRIETA JOINT UNION SCHOOL DISTRICT, a California public agency; LISA FRASER, former superintendent at Loma Prieta Joint Union School District, in her official and individual capacitites; COREY KIDWELL, former superintendent at Loma Prieta Joint School District, in her official and individual capacities; KEVIN GRIER, successor superintendent at Loma Prieta Joint School District, in his official capacity; BILLY MARTIN, principal of CT English Middle School, in his official and individual capacities; DEANA A. ARNOLD, Loma Prieta Joint Union School District trustee, in her official and individual capacities; BEN ABELN, Loma Prieta Joint Union School District trustee, in his official and individual capacities; RON BOURQUE, Loma Prieta Joint Union School District trustee, in his official and individual capacities; CHARLOTTE KHANDELWAL, Loma Prieta Joint Union School District trustee, in her official and individual capacities; ERIN ASHEGHIAN, Loma | **Date:** December 2, 2022<br>**Time:** 10:00 a.m.<br>**Ctrm:** 6<br>**Judge:** Charles R. Breyer<br><br>SAC Filed: 3/20/2022 |

{02852137.DOCX}                                           1
**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION**

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

1  Prieta Joint Union School District trustee, in her official and individual capacities; PATRICIA ELLIOT, an individual; JOIE GRIMMET, an individual; LAWRENCE MCVOY, and individual, and DOES 1 through 50, inclusive,

        Defendants.
        _____/

# I.

## THIS COURT SHOULD ENTER FINAL JUDGMENT FOR DEFENDANT ON THE COURT'S ORDER IN ACCORDANCE WITH RULE 54(b)

Defendant's Amended Motion For Entry of Final Judgment ("Motion for Judgment") outlined why final judgment is appropriate. Plaintiff has failed to argue any reason why final judgment is not appropriate. As detailed in Defendant's Motion for Judgment, reiterated below and affirmed by law, the Court's *Order Granting Defendant's Motion to Strike* satisfies Rule 54(b)'s requirements for final judgment. Therefore, for these reasons, this Court should enter a final judgment on the claims asserted against Defendant McVoy only.

# II.

## LEGAL ARGUMENT

**A. No Final Judgment Exists Regarding Plaintiff's Claims Against Defendant McVoy**

Thus, the Court's *Order Granting Defendant's Motion to Strike* is <u>not</u> a final order. Plaintiff has failed to cite any law disputing this. Therefore, Defendant's Motion for Judgment should be granted.

**B. Entering Final Judgment Is Appropriate Because There Is No Reason For Delay and It Is In the Interest of Justice**

The claims against Defendant McVoy are severable from the remaining claims against District Defendants and the Court's Order is final as to Defendant McVoy only. Plaintiff has failed to cite any law disputing this. Therefore, Defendant's Motion for Entry Judgment should be granted.

////

{02852137.DOCX}   2
**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION**

### 1. There is No Just Reason for Delay

Defendant cites multiple reasons in his moving papers demonstrating that no just reason for delay exists. Plaintiff has failed to cite any law disputing this. Therefore, Defendant's Motion Judgment should be granted.

### 2. Judicial Administrative Interests and The Weight of the Equities Militate In Defendant's Favor

The judicial administrative interests militate in Defendant McVoy's favor for an entry of final judgment. The weight of the equities also militates in favor of entry of a final judgment on claims against Defendant McVoy. Plaintiff has failed to cite any law disputing this. Therefore, Defendant's Motion for Entry Judgment should be granted.

### 3. The Interest of Justice Militates in Defendant's Favor

Without a final judgment in this matter, Defendant McVoy cannot use the Court's *Order Granting Defendant's Motion to Strike* to bar Plaintiff from proceeding against him again in Santa Clara County or any other jurisdiction. Therefore, in the interest of justice, Defendant's Motion For Entry of Final Judgment should be granted.

## III.
## CONCLUSION

For the reasons stated above and detailed in Defendant LAWRENCE MCVOY's moving papers, the Court should grant Defendant's Motion and enter final judgment in Defendant McVoy's favor pursuant to Federal Rule of Civil Procedure 54(b).

Dated: November 14, 2022                PORTER SCOTT
                                        A PROFESSIONAL CORPORATION

                                        By  */s/Lindsay A. Goulding*
                                        _____
                                        Lindsay A. Goulding
                                        Tatiana Moana Bush
                                        Attorneys for Defendant
                                        LAWRENCE MCVOY

{02852137.DOCX}                         3

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION**