William J. Becker, Jr. (Cal. Bar No. 134545)
Freedom X
11500 Olympic Boulevard, Suite 400
Los Angeles, California 90064
Tel: (310) 636-1018; Fax: (310) 765-6328
Email:  freedomxlaw@gmail.com

Attorneys for Plaintiff,
David M. Kissner

Golnar J. Fozi (Cal. Bar No. 167674)
Daniel S. Modafferi (Cal. Bar No. 294510)
Fozi Dwork & Modafferi, LLP
5942 Priestly Drive, Suite 100
Carlsbad, California  92008
Tel: (760) 444-0039; Fax: (760) 444-0130
Email:  gfozi@fdmattorneys.com
             dmodafferi@fdmattorneys.com

Attorneys for Defendants,
Lisa Fraser, Kevin Grier, Billy Martin, Deana
Arnold, Ben Abeln, Ron Bourque, Charlotte
Khandelwal, and Erin Asheghian

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER,<br><br>Plaintiff,<br><br>v.<br><br>LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No.: **3:22-cv-00949-CRB**<br>**Assigned to: Hon. Charles R. Breyer**<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>**Case Filed:  February 16, 2022**<br>**Trial Date:  None Set** |

The parties to the above-entitled action jointly submit this Joint Case Management Statement & [Proposed] Order pursuant to the Court's March 13, 2023, order (ECF No. 92):

## 1.    Jurisdiction & Service

All remaining causes of action arise under the Constitution and laws of the United States, namely 42 U.S.C. section 1983. Therefore, this Court has federal question jurisdiction, pursuant to 28 U.S.C. section 1331.

1   There are no issues regarding personal jurisdiction or venue.

2   All named defendants have been served and have appeared.

**2.   Facts**

Plaintiff is a former employee of Loma Prieta Joint Union School District. In 2021, the District terminated plaintiff's employment and simultaneously laid him off. Plaintiff alleges that his layoff and dismissal were in retaliation for plaintiff's political speech. Defendants deny plaintiff's allegations and affirmatively allege that plaintiff was terminated for legitimate, nonretaliatory reasons, including plaintiff's repeated display of poor judgment with regard to minors in his charge. Plaintiff alleges a discriminatory reason more likely motivated defendants or defendants' proffered explanation is unworthy of credence.

**3.   Legal Issues**

    **A.   Claim 1: First Amendment Retaliation**

In order to establish a claim for First Amendment retaliation, plaintiff must prove that (1) he engaged in expressive conduct that addressed a matter of public concern; (2) the defendants took adverse action against plaintiff; and (3) plaintiff's expressive conduct was a substantial or motivating factor for the adverse action. (*Alpha Energy Savers, Inc. v. Hansen* (9th Cir. 2004) 381 F.3d 917, 923.) Defendants contend that plaintiff cannot meet his burden of proof as to the third element, as he was terminated for legitimate, nonretaliatory reasons, not because of his political speech. Plaintiff alleges a discriminatory reason more likely motivated defendants or defendants' proffered explanation is unworthy of credence.

    **B.   Claim 3: Civil Rights Defamation**

Plaintiff's Statement

"A [substantive due process] liberty interest may be implicated "where a person's good name, reputation, honor, or integrity is at state because of what the government is doing to him." (*Endy v. County of Los Angeles*, 975 F.3d 757, 764 (9th Cir. 2020), citing *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971).

Procedural process protections apply to reputational harm "when a plaintiff suffers stigma from governmental action plus alteration or extinguishment of a right or status previously recognized by state law." (*Id.* (quotes and cites omitted).) Plaintiff alleges, *inter alia*, he was deprived of his substantive due process liberty interest in having his good name, reputation, honor, or integrity falsely characterized to the public and was stigmatized by the publication of unfounded defamatory information to the public without procedural due process when the District deprived him of the right to have the information reviewed on a writ of mandate in a "reverse-PRA" lawsuit before the District released unfounded, defamatory information to the public.

Plaintiff contends records of complaints or investigations against a public employee can be disclosed only if "the complaint is of a substantial nature and there is reasonable cause to believe the complaint or charge of misconduct is well founded." (*See*, *Bakersfield City School Dist. v. Superior Court*, 118 Cal.App.4th 104, 1044 (2004); *see also*, *ERV, Inc. v. Superior Ct.*, 143 Cal.App.4th 742 (2006).) However, in such instances, a public agency's decision to release confidential documents under the PRA is reviewable by petition for writ of mandate in a "reverse-PRA" lawsuit. (*See*, *Marken v. Santa Monica-Malibu Unified School Dist.*, 202 Cal.App.4th 250 (2012).)

Defendants' Statement

To the extent plaintiff's civil rights defamation cause of action arises from defendants' alleged disclosure of public records in response to a Public Records Act request, that claim is the subject of parallel litigation in state court. In the state court action, defendants have filed an anti-SLAPP motion as to the defamation claims, which was heard May 25, 2023, and taken under submission. As defendants argued in the anti-SLAPP motion, disclosure of public records in response to a request is statutorily mandated under California law, and therefore, there can be no liability for the disclosure. Plaintiff is simply incorrect in his understanding of the CPRA. As to the claim that plaintiff was stigmatized due to his termination, defendants contend that

1  plaintiff cannot meet his burden of proof for stigma-plus deprivation of the right to

2  procedural due process, as he was afforded notice of intent to terminate, a pre-

3  termination hearing, and a post-termination appeal. Substantive due process is

4  inapplicable in this case.

5      **C.      Claim 16: Fourteenth Amendment Due Process**

6  Plaintiff's Statement

7      A liberty interest supporting a substantive due process claim may be implicated

8  "where a person's good name, reputation, honor, or integrity is at stake because of

9  what the government is doing to him." (*Endy v. County of Los Angeles*, *supra*, 764.)

10  A procedural due process claim consists of two prima facie elements: (1) the plaintiff

11  must prove the government deprived him of a constitutionally-cognizable life, liberty,

12  or property interest; and (2) if protected interests are implicated, then the plaintiff must

13  prove he did not receive adequate procedural protections prior to the deprivation.

14  (*Ingraham v. Wright* (1977) 430 U.S. 651, 672.)

15      Plaintiff contends, *inter alia*, he was deprived of his substantive due process

16  liberty interest when his good name, reputation, honor, and integrity were  implicated

17  because of what the defendants did to him. Plaintiff additionally contends he was

18  denied his procedural due process rights when the District deprived him of the

19  opportunity to petition for a writ of mandate in a "reverse-PRA" lawsuit before the

20  District released unfounded, defamatory information to the public. Plaintiff further

21  contends, *inter alia*, that he was deprived of information developed through a

22  compromised investigation process.

23      Plaintiff contends records of complaints or investigations against a public

24  employee can be disclosed only if "the complaint is of a substantial nature and there

25  is reasonable cause to believe the complaint or charge of misconduct is well founded."

26  (*See*, *Bakersfield City School Dist. v. Superior Court*, 118 Cal.App.4th 104, 1044

27  (2004); *see also*, *ERV, Inc. v. Superior Ct.*, 143 Cal.App.4th 742 (2006).) However,

28  in such instances, a public agency's decision to release confidential documents under

the PRA is reviewable by petition for writ of mandate in a "reverse-PRA" lawsuit. (*See*, *Marken v. Santa Monica-Malibu Unified School Dist.*, 202 Cal.App.4th 250 (2012).)

Defendant's Statement

To the extent plaintiff's due process cause of action arises from defendants' alleged disclosure of public records in response to a Public Records Act request, disclosure of public records in response to a request is statutorily mandated under California law. The California Public Records Act does not include any requirement that an employee be notified prior to disclosure of public records. Plaintiff is simply incorrect in his understanding of the CPRA. To the extent the claim arises from plaintiff's termination, defendants contend that plaintiff cannot meet his burden of proof for deprivation of the right to procedural due process, as he was afforded notice of intent to terminate, a pre-termination hearing, and a post-termination appeal. Substantive due process is inapplicable in this case.

### D.   Claim 17: Fourteenth Amendment Equal Protection

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." (*Furnace v. Sullivan* (9th Cir. 2013) 705 F.3d 1021, 1030 (quotes and cites omitted).) Plaintiff alleges he was terminated in retaliation for his protected political speech and activity. Defendants contend that plaintiff cannot meet his burden of proof, as he was terminated for legitimate, nonretaliatory reasons, not because of his political views. Plaintiff alleges a discriminatory reason more likely motivated the defendants or defendants' proffered explanation is unworthy of credence.

### E.   Claim 18: Civil Rights Conspiracy

Conspiracy cannot "enlarge the nature of the claims," but it can "enlarge the pool of responsible defendants by demonstrating their causal connections to the violation." (*Lacey v. Maricopa County* (9th Cir. 2012) 693 F.3d 896, 935.) Plaintiff

alleges that, even if each of the defendants did not personally participate in the deprivation of his rights, they conspired with others who did. Defendants contend that plaintiff cannot meet his burden of proof to establish either a substantive constitutional violation or a conspiracy by any of the defendants.

**4.**     **Motions**

Defendant Lawrence McVoy previously filed a motion to dismiss/anti-SLAPP motion, which the Court granted on August 24, 2022.

The school district defendants filed a motion to dismiss portions of the second amended complaint. Plaintiff voluntarily dismissed the state causes of action after the motion was filed. The Court then denied the balance of the motion on August 24, 2022. After the Court entered its ruling on the motion to dismiss, plaintiff voluntarily dismissed all remaining causes of action against the Loma Prieta Joint Union School District.

Defendants anticipate filing a motion for summary judgment based on plaintiff's inability to prove the prima facie elements of his claims, res judicata, collateral estoppel, absolute legislative immunity, and qualified immunity.

**5.**     **Amendment of Pleadings**

The December 6, 2022, deadline to amend the pleadings has now expired.

**6.**     **Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information (ESI Guidelines) and have met and conferred pursuant to FRCP 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.**     **Disclosures**

The parties have exchanged the documents and information described in General Order 71.

///

///

**8.**   <u>**Discovery**</u>

Written discovery is underway. The parties anticipate conducting discovery regarding the bases for plaintiff's termination, the procedural rights afforded to plaintiff before and after termination, and the nature and extent of plaintiff's alleged damages. The parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues. The parties do not presently foresee any issues regarding disclosure, discovery, or preservation of ESI. The parties have discussed anticipated claims of privilege, including attorney-client privilege, attorney work product protection, and legislative privilege. These privilege issues will be addressed at the appropriate time(s) during the course of discovery. The parties do not presently anticipate the need to modify the limitations on discovery imposed under the FRCP or the local rules.

The deadline for designating expert witnesses has elapsed, and neither side elected to make any designation.

**9.**   <u>**Class Actions**</u>

This is not a class action.

**10.**   <u>**Related Cases**</u>

There are four related cases currently pending in the Superior Court of California, County of Santa Clara, and/or the California Court of Appeal: (1) *Kissner v. Loma Prieta Joint Union School District*, case no. H050873, Petitioner's appeal to the Sixth District Court of Appeal of statement of decision re: petition for writ of mandate challenging plaintiff's layoff; (2) *Kissner v. Loma Prieta Joint Union School District*, case no. H050947, Petitioner's appeal to the Sixth District Court of Appeal of post-judgment order re: petition for writ of mandate challenging plaintiff's layoff; (3) *Kissner v. Commission on Professional Competence*, case no. 22CV393046, petition for writ of mandate challenging plaintiff's termination; and (4) *Kissner v. Loma Prieta Joint Union School District, et al.*, case no. 22CV402699, civil complaint for damages alleging causes of action under California state law.

**11.** <u>**Relief**</u>

Plaintiff claims money damages, in an amount to be proved at trial. The current basis on which plaintiff calculates his claimed damages is as follows: Plaintiff is entitled to general and special damages representing back pay, front pay, and reimbursement for additional lost benefits in an amount subject to proof at trial, with prejudgment interest to the maximum extent permitted by law' damages against Defendants representing harm to Kissner's reputation and loss of standing in the community, emotional distress damages, and nominal damages for the past loss of Kissner's constitutional rights. In addition, plaintiff seeks prospective injunctive and declaratory relief.

| | | |
|---|---|---|
| Present value of Past earnings Lost and Future Earnings, totaling 15 years | $1,473,050.00 | (base salary in 2020-2021*30% fully loaded with benefits*15 years) |
| Sick Leave Buy-Out | $13,066.00 | 75,541*1.3*15=$1,473,050 |
| Costs of relocating and new job certification | $50,000.00 | |
| Legal Fees | $200,000.00 | |
| **TOTAL** | $1,736,116.00 | |

Defendants object to plaintiff's calculation of economic damages. Rather than reducing his projected future earnings to present value, plaintiff increased the future earnings by 30%. Plaintiff's projection of 15 years of lost income is also arbitrary and lacks foundation. Defendants further object to plaintiff's claim for damages arising from a "sick leave buy-out," which defendants contend did not result in damage to plaintiff. Defendants object to plaintiff's claim of $50,000 for "costs of relocating and new job certification." Plaintiff has disclosed no basis for such a claim to date, and the figure is unreasonably high. Defendants further object to plaintiff's claim for legal fees, which is not a recoverable item of damages and cannot be presented to the jury at trial.

Even if plaintiff could establish liability, defendants contend that his damages would need to be mitigated by securing substitute employment. Any loss of earnings

1  would be reduced by the amount plaintiff earns in his new position.

2  Plaintiff's Statement

3       Plaintiff has and will continue to mitigate his damages by accepting

4  employment involving comparable work. His damages are subject to change prior to

5  trial. Any objections to the amount of damages at this stage is premature. Defendant

6  has noticed Plaintiff's deposition for June 9, 2023, at which time damages are likely

7  to be explored through his examination.

8  **12.   Settlement and ADR**

9       The Court ordered the parties to participate in a settlement conference with a

10  Magistrate Judge Donna M. Ryu. On November 2, 2022, counsel participated in a

11  settlement planning call with Judge Ryu. Judge Ryu concluded that ADR would not

12  be productive at that time, and therefore, she continued the settlement planning call to

13  May 12, 2023. (ECF No. 79.)

14  **13.   Consent to Magistrate Judge for All Purposes**

15       The parties do not consent to have a magistrate judge conduct all further

16  proceedings including trial and entry of judgment.

17  **14.   Other References**

18       The case is not suitable for reference to binding arbitration, a special master, or

19  the Judicial Panel on Multidistrict Litigation.

20  **15.   Narrowing of Issues**

21       Defendants anticipate that the issues may be narrowed by a motion for summary

22  judgment, which they anticipate filing after an initial round of discovery.

23  **16.   Expedited Trial Procedure**

24       This is not the type of case that can be handled under the Expedited Trial

25  Procedure of General Order No. 64, Attachment A.

26  **17.   Scheduling**

27       The Court previously set the dates for designation of experts, discovery cut-off,

28  and last day to hear dispositive motions.

**18.** <u>**Trial**</u>

The damages claims in this case will be tried to a jury, while the equitable claims will be tried to the Court. The parties anticipate that trial will require 15 court days. The parties propose that the Court set the following pretrial and trial dates:

Pretrial Conference: ~~January 30, 2024, at 2:30 p.m.~~ TBD

Jury Trial: ~~March 11, 2024, at 9:00 a.m.~~ TBD

**19.** <u>**Disclosure of Non-Party Interested Entities or Persons**</u>

Defendants filed their Certification of Interested Entities or Persons on September 20, 2022. Defendants disclosed the following interested entities:

1. Loma Prieta Joint Union School District: The District is plaintiff's former employer, and defendants are current and former employees and/or elected officials of the District. Plaintiff's claims for prospective relief against defendants in their official capacities would bind the District, if granted.

2. Alliance of Schools for Cooperative Insurance Programs: ASCIP is a non-profit public entity joint powers risk pool providing defense and indemnity coverage to defendants.

**20.** <u>**Professional Conduct**</u>

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.** <u>**Other**</u>

The parties are not aware of any other issues at this time.


Dated: May 26, 2023                          Freedom X


                              By:    /s/ William J. Becker, Jr.
                                     William J. Becker, Jr.
                                     Attorney for Plaintiff,
                                     David M. Kissner

1    Dated: May 26, 2023            Fozi Dwork & Modafferi, LLP

2

3                           By:     /s/ Daniel S. Modafferi

4                                     Golnar J. Fozi
                                    Daniel S. Modafferi

5                                     Attorney for Defendants,
                                    Lisa Fraser, Kevin Grier, Billy Martin,

6                                     Deana Arnold, Ben Abeln, Ron Bourque,
                                    Charlotte Khandelwal, and Erin

7                                     Asheghian

8

9       I certify that all other signatories listed, and on whose behalf the filing is

10 submitted, concur in the filing's content and have authorized the filing.

11                                    /s/ Daniel S. Modafferi

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CASE MANAGEMENT ORDER

The above joint case management statement and proposed order is approved as the case management order for this case, and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

The Court adopts the Joint Case Management Statement. Case Management Conference set for June 2, 2023 is vacated. A Joint Case Management Statement with deadlines set for October 20, 2023. Case Management Conference set for October 27, 2023 at 8:30 a.m.

IT IS SO ORDERED.

Dated:  May 30, 2023

_____

United States District Judge