William J. Becker, Jr., Esq. (SBN: 134545)
Bill@FreedomXLaw.com
Freedom X
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone: (310) 636-1018

Counsel for *David M. Kissner*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID M. KISSNER**,<br><br>Plaintiff,<br><br>vs.<br><br>**LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.**,<br><br>Defendants. | Case No. 22-CV-00949-CRB<br><br>Hon. Charles R. Breyer<br><br>**PLAINTIFF DAVID M. KISSNER'S RESPONSE TO DEFENDANT KEVIN GRIER'S REQUESTS FOR ADMISSION, SET ONE**<br><br>Case Filed: February 16, 2022<br>Trial Date: None Set |

PROPOUNDING PARTY:		Defendant, Kevin Grier

RESPONDING PARTY:		Plaintiff, David M. Kissner

SET NO.:				One

## RESPONSES TO REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Admit that Kevin Grier was not the Superintendent of Loma Prieta Joint Union School District at the time that your employment at Loma Prieta Joint Union School District was terminated.

/ / /

1                                                                                        Case No. 22-CV-00949-CRB

**Pl.'s Response To Req. For Admiss. Set One,**
**Propounded By Def. Kevin Grier**

**Response to Request for Admission No. 1:**

Deny. Responding Party's termination was not effective until the OAH decision was issued on December 7, 2021. Grier became Superintendent in June of 2021.

**Request for Admission No. 2:**

Admit that Kevin Grier was not employed at Loma Prieta Joint Union School District at the time that your employment at Loma Prieta Joint Union School District was terminated.

**Response to Request for Admission No. 2:**

Deny. Responding Party's termination was not effective until the OAH decision was issued on December 7, 2021. Grier became Superintendent in June of 2021.

**Request for Admission No. 3:**

Admit that Kevin Grier played no role in the decision to terminate your employment at Loma Prieta Joint Union School District.

**Response to Request for Admission No. 3:**

Deny. Responding Party's termination was not effective until the OAH decision was issued on December 7, 2021. OAH hearing had not begun when Grier became superintendent. Grier participated in board discussions about the dismissal proceedings including settlement offer negotiations related to Responding Party's termination.

**Request for Admission No. 4:**

Admit that Kevin Grier was not the Superintendent of Loma Prieta Joint Union School District at any time between the date you were hired by Loma Prieta Joint Union School District and the date your employment at Loma Prieta Joint Union School District was terminated.

**Response to Request for Admission No. 4:**

Deny. Responding Party's termination was not effective until the OAH decision was issued on December 7, 2021. Grier became Superintendent in June of 2021.

**Pl.'s Response To Req. For Admiss. Set One,**
**Propounded By Def. Kevin Grier**

**Request for Admission No. 5:**

Admit that Kevin Grier was not employed at Loma Prieta Joint Union School District at any time between the date you were hired by Loma Prieta Joint Union School District and the date your employment at Loma Prieta Joint Union School District was terminated.

**Response to Request for Admission No. 5:**

Deny. Responding Party's termination was not effective until the OAH decision was issued on December 7, 2021. Grier became Superintendent in June of 2021.

**Request for Admission No. 6:**

Admit that Kevin Grier played no role in any adverse employment action against you, at any time.

**Response to Request for Admission No. 6:**

Deny. Propounding Party supervised over the accepting of the OAH dismissal hearing decision and finalizing Responding Party's termination. Additionally, Propounding Party supervised over two consecutive years in which he did not rescind the layoff, having replaced Responding Party in his position with junior, less experienced teachers.

**Request for Admission No. 7:**

Admit that Kevin Grier was not the Superintendent of Loma Prieta Joint Union School District at the time that you were laid off from your employment at Loma Prieta Joint Union School District.

**Response to Request for Admission No. 7:**

Admit.

**Request for Admission No. 8:**

Admit that Kevin Grier was not employed at Loma Prieta Joint Union School District at the time that you were laid off from your employment at Loma Prieta Joint Union School District.

3                                                  Case No. 22-CV-00949-CRB

**Pl.'s Response To Req. For Admiss. Set One,**
**Propounded By Def. Kevin Grier**

**Response to Request for Admission No. 8:**

Admit.

**Request for Admission No. 9:**

Admit that Kevin Grier was not employed at Loma Prieta Joint Union School District at any time between the date you were hired by Loma Prieta Joint Union School District and the date that you were laid off from your employment at Loma Prieta Joint Union School District.

**Response to Request for Admission No. 9:**

Admit.

**Request for Admission No. 10:**

Admit that Kevin Grier played no role in the decision to lay you off from your employment at Loma Prieta Joint Union School District.

**Response to Request for Admission No. 10:**

Deny. Propounding Party is obligated under Educ. Code § 45298 to give priority rehire rights to Responding Party for his position for 39 months after a layoff. Because the purported budget cuts and reduction in staff which were claimed to be the reasons supporting Responding Party's layoff never took place, Propounding Party was obligated to rescind the layoff and pay Responding Party's full salary and benefits during the pendency of the dismissal process. Propounding Party failed to rescind the layoff despite Responding Party's priority rehire status in two years of hiring teachers who are junior to and less experienced than Responding Party, violating the Education Code.

Date: March 15, 2023                            FREEDOM X

                                By:   /s/ William J. Becker, Jr.
                                      William J. Becker, Jr.
                                      Attorneys for Plaintiff, David M. Kissner

# VERIFICATION

STATE OF CALIFORNIA  )
COUNTY OF SAN            )  ss.
FRANCISCO                   )

I, David M. Kissner, declare:

I am the Plaintiff in the above-entitled action. I have read the foregoing **PLAINTIFF DAVID M. KISSNER'S RESPONSE TO DEFENDANT KEVIN GRIER'S REQUESTS FOR ADMISSION, SET ONE** and know its contents. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I am informed and believe that they are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 14th day of March, 2023, at Rapid City, South Dakota.

_____
David M. Kissner