```
 1                   UNITED STATES DISTRICT COURT

 2                  NORTHERN DISTRICT OF CALIFORNIA

 3    _____

 4    DAVID M. KISSNER,

 5                          Plaintiff,

 6        vs.                           No.  3:22-cv-00949-CRB

 7    LOMA PRIETA JOINT UNION
      SCHOOL DISTRICT, et al.,
 8
                          Defendants.
 9    _____

10                 DEPOSITION OF DAVID M. KISSNER

      _____
11

12               BE IT REMEMBERED that on the 9th day of

13    June, 2023, at the hour of 10:00 a.m. the deposition of

14    DAVID M. KISSNER, via Zoom video conference, was taken at

15    the request of the Defendants, before Caryn E. Winters

16    Keller, CRR, RPR, Washington CCR No. 2496, California CSR

17    No. 14512, No. Idaho CSR No. SRL-718, at (city confidential)

18    Wyoming, pursuant to the Federal Rules of Civil Procedure.

19

20

21

22

23

24

25
```

DAVID M. KISSNER - 06/09/2023

Page 49

1   received the Notice of Proposed Intent to Dismiss, there

2   were only four members of the board of trustees for the

3   school district, correct?

4       A   I believe that's correct.

5       Q   As of February of 2021, Charlotte Khandelwal was not

6   on the board, correct?

7       A   That's correct.

8       Q   Is it also correct that Miss Khandelwal was not on

9   the board at the time that the board voted to approve your

10  layoff in March of 2021?

11      A   That's correct.

12      Q   Prior to that in November of 2020, in addition to

13  Measure N there was a board election that was on the ballot,

14  correct?

15      A   That's correct.

16      Q   And there were two open seats on the board that were

17  up for election in November of 2020, correct?

18      A   Correct.

19      Q   And your wife, Stacy Kissner, ran for one of those

20  seats, correct?

21      A   That's correct.

22      Q   The individuals who were elected in November of 2020

23  for those two seats were Erin Ashegian and Alexandra Hall,

24  correct?

25      A   Correct.

DAVID M. KISSNER - 06/09/2023

Page 64

1    for speculation, and in some respect also calls for

2    knowledge beyond the witness' personal knowledge.

3        Q    (By Mr. Modafferi)  Is it your understanding, Mr.

4    Kissner, that at the time resolution number 21-XII was

5    adopted in February of 2021 that Miss Khandelwal was not on

6    the board?

7        A    Correct.

8        Q    Similarly, when the board adopted resolution 21-XIV

9    in March of 2021, Miss Khandelwal was not on the board,

10   correct?

11       A    Correct.

12              MR. BECKER:  Danny, do we have an individual

13   capacity claim against her?

14              MR. MODAFFERI:  As far as I know, yeah.

15              MR. BECKER:  Just to be clear on your

16   questions, you're asking whether when the resolutions were

17   officially adopted whether she was on the board, correct?

18              MR. MODAFFERI:  Correct.

19              MR. BECKER:  Okay.

20       Q    (By Mr. Modafferi)  I'm looking, Mr. Kissner, at the

21   page that starts with Z11.  It's part of Exhibit 12.  Are

22   you with me?

23       A    I am.

24       Q    And this two-paged document that spans from Z11 to

25   Z12, is this a letter that you received from Superintendent

DAVID M. KISSNER - 06/09/2023

Page 65

1    Fraser in March of 2021?

2        A    Yes.

3        Q    And this letter provided you notice of the district's

4    intent to lay you off, correct?

5        A    Correct.

6        Q    You received this notice before the layoff had

7    actually been effected, correct?

8        A    Correct.

9        Q    And upon receiving the notice from Miss Fraser of the

10   district's intent to lay you off, you requested a hearing

11   with the board, correct?

12       A    I believe the hearing that I requested is with an

13   administrative law judge.

14       Q    Was there a hearing with the board that you attended

15   at any point between when you received the notice from Miss

16   Fraser of the intent to lay you off and when you went before

17   the administrative law judge regarding the layoff?

18       A    No.

19       Q    I'm still in Exhibit 12, looking at page Z72.  Is

20   that your signature on this page, sir?

21       A    Yes.

22       Q    And did you write that date, 12 March 2021?

23       A    Yes.

24       Q    This was your acknowledgement that you had received

25   the notice of intent to lay you off from Miss Fraser,

DAVID M. KISSNER - 06/09/2023

Page 67

1      Q    (By Mr. Modafferi)  Do you have a response, sir?

2               REPORTER:  Mr. Kissner, you're muted.  So if

3   you answered, we didn't get it.

4      A    Is there a question specific for me?

5      Q    (By Mr. Modafferi)  Sure, I'll repeat it.  The

6   question was, this notification in March of 2021 that you

7   would, in fact, be laid off also notified you that you had

8   the right to request a hearing regarding the layoff,

9   correct?

10     A    Correct.

11     Q    And you did, in fact, request a hearing regarding the

12   layoff, correct?

13     A    Correct.

14     Q    And you had a hearing before an administrative law

15   judge regarding the layoff?

16     A    Yes.

17     Q    You were represented by counsel during that hearing?

18     A    Yes.

19     Q    And the administrative law judge ultimately upheld

20   your layoff, correct?

21     A    Correct.

22     Q    And then you had the right to appeal the

23   administrative law judge's decision to the Superior Court,

24   correct?

25     A    Correct.

DAVID M. KISSNER - 06/09/2023

Page 68

1      Q    And you did, in fact, file an appeal from the ALJ's

2    decision regarding your layoff, correct?

3      A    Correct.

4      Q    And you were represented by counsel during the

5    Superior Court proceedings regarding your layoff?

6      A    Yes.

7      Q    And then the Superior Court upheld your layoff,

8    correct?

9      A    Correct.

10     Q    I'm sharing my screen again with you, and I'm showing

11   you what I've marked as Exhibit 13, which starts on

12   Plaintiff's Bates number 778.  Do you see that, sir?

13     A    Yes.

14     Q    And do you recognize this to be the Notice of

15   Proposed Intent to Dismiss with Statement of Charges that

16   Superintendent Fraser issued to you on February 12, 2021?

17     A    Yes.

18     Q    Your termination from Loma did not become effective

19   until the Commission on Professional Competence made its

20   decision in December of 2021, correct?

21          MR. BECKER:  Object.  Vague as to the meaning

22   of termination.

23     A    That is my understanding of when I ceased to be

24   employed by the Loma Prieta, would be -- well, that's not

25   quite true because of the layoff.  But I guess my

DAVID M. KISSNER - 06/09/2023

Page 69

1    understanding is that my termination was complete

2    in December, yes.

3        Q    (By Mr. Modafferi)   Prior to your termination

4    actually being legally effective, you received written

5    notice from the school district of its intent to terminate

6    you, correct?

7        A    Correct.

8        Q    And they provided you with a written explanation of

9    the causes for which they proposed to terminate you,

10   correct?

11       A    Correct.

12       Q    And you had the right to request a hearing before

13   your termination became effective, correct?

14       A    Correct.

15       Q    And you did, in fact, request a hearing?

16       A    Yes.

17       Q    That hearing was before a three-judge panel of the

18   Commission on Professional Competence?

19       A    It wasn't three judges, but it was with an

20   administrative panel, yes.

21       Q    Was there a hearing with the board at any time

22   regarding your termination?

23       A    There were a couple of things with the board

24   regarding my termination.

25       Q    When you say "a couple of things," was there actually

DAVID M. KISSNER - 06/09/2023

Page 70

1    a hearing regarding your termination where you were

2    presented with charges and/or you presented defenses to

3    charges?

4        A    No.  No, nothing -- nothing evidentiary.  But I

5    believe it's a required hearing -- after I request a -- a

6    hearing, then the district -- the board then has to decide

7    whether or not they're going to go forward with dismissal

8    charges.  I know Mr. Becker and myself were there remotely

9    for it.  Mr. Becker spoke with the board.  So there was

10   that.

11              And then at some point prior to the long --

12              MR. BECKER:  By the way, we weren't there

13   physically.  We were there appearing remotely, just as we

14   are right now.

15       A    And then some time prior to the commencement of the

16   dismissal hearing the Loma board convened an emergency

17   closed-session hearing, I guess, a meeting to discuss a

18   potential for settlement.

19       Q    (By Mr. Modafferi)  The meeting with the board that

20   you described where you and Mr. Becker appeared remotely,

21   was that in closed session?

22       A    Yes.

23       Q    And I assume you must have received notice ahead of

24   time since you were able to plan to have your counsel there,

25   correct?

DAVID M. KISSNER - 06/09/2023

Page 71

1      A    Yes.

2      Q    At the time of the meeting where you and Mr. Becker

3    appeared remotely in closed session with the board, was Miss

4    Khandelwal on the board?

5      A    I believe so, but I'm not a hundred percent sure.

6      Q    And then ultimately you -- once -- once -- sorry, let

7    me start that all over.  Once the school district decided to

8    move forward with your termination, you had the right to

9    conduct discovery, correct?

10     A    Yes.

11     Q    You had the right to subpoena witnesses?

12     A    Yes.

13     Q    You had the right to depose witnesses?

14     A    Yes.

15     Q    You had the right to request documents from the

16   school district?

17     A    Yes.

18     Q    And you had the right to be represented by counsel

19   throughout that discovery process, correct?

20     A    Correct.

21     Q    And then when you went in front of the three member

22   administrative panel, you had the right to call witnesses to

23   testify at that proceeding, correct?

24     A    Correct.

25     Q    And you had the right to present evidence in your

DAVID M. KISSNER - 06/09/2023

Page 72

1    defense?

2        A    Yes.

3        Q    You had the right to be represented by counsel at

4    that proceeding in front of the three member administrative

5    panel?

6        A    Yes.

7        Q    Ultimately, the three member administrative panel

8    upheld your termination -- well, upheld isn't the right

9    word.  Let me start that over.

10                   Ultimately the three member administrative

11   panel found that the evidence was sufficient to recommend

12   your termination from the district in December of 2021,

13   correct?

14       A    Yes.

15       Q    And then you had the right to appeal that decision to

16   the Superior Court, correct?

17       A    Correct.

18       Q    And you did, in fact, appeal the administrative

19   panel's decision on your termination to the Superior Court,

20   correct?

21       A    Correct.

22       Q    And you were permitted to be represented by counsel

23   in the Superior Court proceedings regarding the termination,

24   correct?

25       A    Correct.

DAVID M. KISSNER - 06/09/2023

```
 1                  C O R R E C T I O N S

 2    Page        Line

 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21         I have read the foregoing _____ pages of my

22    testimony and believe the same to be true except for

23    correction(s) noted above.

24                                   _____

25    DATED:_____        DAVID M. KISSNER
```

DAVID M. KISSNER - 06/09/2023

Page 106
```
 1  UNITED STATES DISTRICT COURT)
                                      ss:   REPORTER'S CERTIFICATE
 2  NORTHERN DISTRICT OF CALIFORNIA)

 3              I, Caryn E. Winters Keller, a certified court

 4  reporter in and for the states of Washington, California,

 5  and Idaho, do hereby certify:

 6              That the foregoing deposition of DAVID M.

 7  KISSNER, via Zoom video conference, was taken on the date

 8  and at the time and place as shown on Page 1 hereto;

 9              That the witness was sworn upon their oath to

10  tell the truth, the whole truth and nothing but the

11  truth, and did thereafter make answers as appear herein.

12              That the foregoing is a true and correct

13  transcription of my shorthand notes of the requested

14  deposition transcribed by me or under my direction;

15              That the witness reserved reading and

16  signing.

17              WITNESS my hand this 21st day of June, 2023.

18              _____

19              CARYN E. WINTERS KELLER, CRR, RPR
                CA CSR 14512
20
    (This transcript and billing have been prepared/submitted
21  for final preparation and delivery in accordance with all
    California state laws, rules, regulations, and applicable
22  court rules regulating formatting and equal-terms
    requirements.  Alterations, changes, fees, or charges that
23  violate any of these provisions are not authorized by me and
    are not at my direction or with my knowledge.)
24

25
```