Golnar J. Fozi (Cal. Bar No. 167674)
Daniel S. Modafferi (Cal. Bar No. 294510)
Fozi Dwork & Modafferi, LLP
5942 Priestly Drive, Suite 100
Carlsbad, California 92008
Tel: (760) 444-0039; Fax: (760) 444-0130
Email:  gfozi@fdmattorneys.com
           dmodafferi@fdmattorneys.com

Attorneys for Defendants,
Lisa Fraser, Kevin Grier, Billy Martin, Deana Arnold, Ben Abeln, Ron Bourque, Charlotte Khandelwal, and Erin Asheghian

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER,<br><br>Plaintiff,<br><br>v.<br><br>LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No.: 3:22-cv-00949-CRB<br>Assigned to: Hon. Charles R. Breyer<br><br>**DEFENDANT BILLY MARTIN'S SUPPLEMENTAL RESPONSES TO PLAINTIFF DAVID KISSNER'S INTERROGATORIES, SET ONE**<br><br>Case Filed: February 16, 2022<br>Trial Date: None Set |

PROPOUNDING PARTY:     Plaintiff, David Kissner

RESPONDING PARTY:     Defendant, Billy Martin

SET NUMBER:     One

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**Interrogatory No. 4:**

Explain what you were informed and believe to be the basis for Propounding Party's layoff.

**Response to Interrogatory No. 4:**

Objection. Legislative privilege. Closed session privilege. This interrogatory is not relevant to any party's claim or defense in this case. (FRCP 26(b)(1).) Lack of personal knowledge. Privacy. Third party privacy. Attorney-client privilege.

///

1

**Supplemental Response to Interrogatory No. 4:**

Objection. Legislative privilege. Closed session privilege. This interrogatory is not relevant to any party's claim or defense in this case. (FRCP 26(b)(1).) Lack of personal knowledge. Privacy. Third party privacy. Attorney-client privilege. Subject to, and without waiving, the foregoing objections, responding party responds as follows:

Responding party cannot speak for the mental processes or motivations of Board members, as to do so would require speculation and could violate the legislative privilege and/or closed session privilege. To the extent responding party has his own understanding as to the reasons plaintiff was laid off, responding party is informed and believes that the reduction in force was recommended by the Budget Advisory Committee, following extensive review and consideration of input.

**Interrogatory No. 5:**

Explain why the District subjected Kelli Cole to a Reduction in Force and hired Nick Morris for the 2021-2022 school year.

**Response to Interrogatory No. 5:**

Objection. Compound. Legislative privilege. Closed session privilege. This interrogatory is not relevant to any party's claim or defense in this case. (FRCP 26(b)(1).) Lack of personal knowledge. Privacy. Third party privacy. Assumes facts.

**Supplemental Response to Interrogatory No. 5:**

Objection. Compound. Legislative privilege. Closed session privilege. This interrogatory is not relevant to any party's claim or defense in this case. (FRCP 26(b)(1).) Lack of personal knowledge. Privacy. Third party privacy. Assumes facts. Subject to, and without waiving, the foregoing objections, responding party responds as follows:

Ms. Cole ultimately was not subjected to a reduction in force. Ms. Cole voluntarily separated from the school district for personal reasons. Mr. Morris had previously served as a long-term substitute teacher for the elementary school, and

when a position became available for a full-time elementary school teacher, Mr. Morris was hired for that position.

**Interrogatory No. 6:**

Explain the criteria you used to select Annie Van Zante to teach 6th grade math and science for the 2021-2022 school year.

**Response to Interrogatory No. 6:**

Objection. Legislative privilege. Closed session privilege. This interrogatory is not relevant to any party's claim or defense in this case. (FRCP 26(b)(1).) Lack of personal knowledge. Privacy. Third party privacy. Assumes facts.

**Supplemental Response to Interrogatory No. 6:**

Objection. Legislative privilege. Closed session privilege. This interrogatory is not relevant to any party's claim or defense in this case. (FRCP 26(b)(1).) Lack of personal knowledge. Privacy. Third party privacy. Assumes facts. Subject to, and without waiving, the foregoing objections, responding party responds as follows:

Responding party cannot reasonably recall every criterion used to select a given teacher for a given position. Generally, responding party recalls that Ms. Van Zante requested that she be assigned to teach 6th grade math and science for the 2021-2022 school year, and she had a multi-subject credential, which permitted her to do so.

**Interrogatory No. 7:**

Explain the criteria you used to select Adelia Rowland and Michelle Ignoffo to teach 6th grade math and science for the 2022-2023 school year.

**Response to Interrogatory No. 7:**

Objection. Compound. Legislative privilege. Closed session privilege. This interrogatory is not relevant to any party's claim or defense in this case. (FRCP 26(b)(1).) Lack of personal knowledge. Privacy. Third party privacy. Assumes facts.

**Supplemental Response to Interrogatory No. 7:**

Objection. Compound. Legislative privilege. Closed session privilege. This interrogatory is not relevant to any party's claim or defense in this case. (FRCP

26(b)(1).) Lack of personal knowledge. Privacy. Third party privacy. Assumes facts. Subject to, and without waiving, the foregoing objections, responding party responds as follows:

Responding party has made a good faith and reasonable inquiry in an effort to obtain responsive information, however, the information known or reasonably obtainable by responding party is insufficient to permit responding party to respond to the interrogatory, as responding party was no longer serving as Principal in the 2022-2023 school year.

**Interrogatory No. 8:**

Explain why the District hired an intern to teach 6th grade math and science for the 2022-2023 school year.

**Response to Interrogatory No. 8:**

Objection. Legislative privilege. Closed session privilege. This interrogatory is not relevant to any party's claim or defense in this case. (FRCP 26(b)(1).) Lack of personal knowledge. Privacy. Third party privacy. Assumes facts.

**Supplemental Response to Interrogatory No. 8:**

Objection. Legislative privilege. Closed session privilege. This interrogatory is not relevant to any party's claim or defense in this case. (FRCP 26(b)(1).) Lack of personal knowledge. Privacy. Third party privacy. Assumes facts. Subject to, and without waiving, the foregoing objections, responding party responds as follows:

Responding party has made a good faith and reasonable inquiry in an effort to obtain responsive information, however, the information known or reasonably obtainable by responding party is insufficient to permit responding party to respond to the interrogatory, as responding party was no longer serving as Principal in the 2022-2023 school year.

**Interrogatory No. 9:**

Do you contend that all 6th grade students remained with the same section of fellow students throughout their core classes (math, science, language arts, and social

4

3:22-cv-00949-CRB

studies) in 2021-2022?

**Response to Interrogatory No. 9:**

Objection. This interrogatory is not relevant to any party's claim or defense in this case. (FRCP 26(b)(1).) Lack of personal knowledge. Privacy. Third party privacy.

**Supplemental Response to Interrogatory No. 9:**

Objection. This interrogatory is not relevant to any party's claim or defense in this case. (FRCP 26(b)(1).) Lack of personal knowledge. Privacy. Third party privacy. Subject to, and without waiving, the foregoing objections, responding party responds as follows:

The interrogatory mischaracterizes the nature of the core classroom model the school district used at the 6th grade level for the 2021-2022 school year. The school district did, in fact, use a core classroom model for that school year. It involved one teacher teaching 6th grade math and science classes and a second teacher teaching language arts and social studies classes.

**Interrogatory No. 10:**

Do you contend that all 6th grade students remained with the same section of fellow students throughout their core classes (math, science, language arts, and social studies) in 2022-2023?

**Response to Interrogatory No. 10:**

Objection. This interrogatory is not relevant to any party's claim or defense in this case. (FRCP 26(b)(1).) Lack of personal knowledge. Privacy. Third party privacy.

**Supplemental Response to Interrogatory No. 10:**

Objection. This interrogatory is not relevant to any party's claim or defense in this case. (FRCP 26(b)(1).) Lack of personal knowledge. Privacy. Third party privacy. Subject to, and without waiving, the foregoing objections, responding party responds as follows:

Responding party has made a good faith and reasonable inquiry in an effort to obtain responsive information, however, the information known or reasonably

obtainable by responding party is insufficient to permit responding party to respond to the interrogatory, as responding party was no longer serving as Principal in the 2022-2023 school year.

Dated: June 26, 2023						Fozi Dwork & Modafferi, LLP

							By:	/s/ Daniel S. Modafferi
								Golnar J. Fozi
								Daniel S. Modafferi
								Attorney for Defendants,
								Lisa Fraser, Kevin Grier, Billy Martin, Deana Arnold, Ben Abeln, Ron Bourque, Charlotte Khandelwal, and Erin Asheghian

Re: *David M. Kissner v. Loma Prieta Joint Union School District, et al.*
U.S. District Court Case No. 3:22-cv-00949-CRB

### **VERIFICATION**

I, Billy Martin, declare that:

I am a defendant in the above-entitled matter;

I have read the foregoing Defendant Billy Martin's Supplemental Responses to Plaintiff David Kissner's Interrogatories, Set One;

The responses contained in these documents are based upon my own personal knowledge and/or information that has been supplied by my counsel or other agents and/or compiled from available documents and is therefore provided as required by law;

The responses in said documents are true, except as to the matters which were provided by my attorneys or other agents or compiled from available documents, including all contentions and opinions, and, as to those matters, I am informed and believe that the responses based upon such information are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed June 26, 2023, in Santa Clara, California.

_____
Billy Martin, Defendant

7

3:22-cv-00949-CRB

Declaration of Service

   I, the undersigned, declare: That I am over the age of eighteen years and not a party to the case; I am employed in, and am a resident of, the County of San Diego, California, where the service occurred; and my business address is: 5942 Priestly Drive, Suite 100, Carlsbad, California 92008.

   On June 26, 2023, I served the following documents: **DEFENDANT BILLY MARTIN'S SUPPLEMENTAL RESPONSES TO PLAINTIFF DAVID KISSNER'S INTERROGATORIES, SET ONE; DECLARATION OF SERVICE**, in the following manner:

☐  By personally delivering copies to the person served.

☐  By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each in the U.S. Mail at Carlsbad, California.

☒  By electronic service, in accordance with the Federal Rules of Civil Procedure and the rules governing the electronic service of documents in the United States District Court for the Northern District of California, as to the following parties:

William J. Becker, Jr.
Freedom X
11500 Olympic Boulevard, Suite 400
Los Angeles, California 90064
Email: freedomxlaw@gmail.com
Counsel for Plaintiff, David M. Kissner

   I declare under penalty of perjury, pursuant to the laws of the United States of America and the State of California, that the foregoing is true and correct. Executed June 26, 2023, in Carlsbad, California.

            By: /s/ Daniel S. Modafferi
            Email: *dmodafferi@fdmattorneys.com*