1 | Golnar J. Fozi (SBN 167674)
2 | Daniel S. Modafferi (SBN 294510)
  | Fozi Dwork & Modafferi, LLP
3 | 5942 Priestly Drive, Suite 100
  | Carlsbad, California 92008
4 | Tel: (760) 444-0039; Fax: (760) 444-0130
  | Email: gfozi@fdmattorneys.com
5 |        dmodafferi@fdmattorneys.com

6 | Attorneys for Defendants,
  | Lisa Fraser, et al.
7 | *Exempt from filing fees (Gov. Code, § 6103)*

**SUPERIOR COURT, STATE OF CALIFORNIA**

**COUNTY OF SANTA CLARA**

| | |
|---|---|
| DAVID M. KISSNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LISA FRASER, et al.,<br><br>　　　　　Defendants. | **Case No.: 22CV402699**<br>**Assigned to: Hon. Socrates P. Manoukian**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**<br><br>**Date:**<br>**Time:** 9:00 a.m.<br>**Dept.:** D-20<br><br>**Case Filed:** July 29, 2022<br>**Trial Date:** None Set |

Defendants respectfully submit the following points and authorities in support of their special motion to strike portions of plaintiff's complaint:

## I. INTRODUCTION

Plaintiff is a former middle school math teacher at the District. In 2018, plaintiff was accused of inappropriate conduct involving minors, including providing alcohol to minors, singling boys out and taking them somewhere alone away from the group, talking to minors about sex, and texting minors late at night. The District hired outside legal counsel to investigate the allegations.

During the investigation, plaintiff admitted that he had furnished alcohol to at least one minor, and the investigator also discovered evidence that plaintiff more likely than not furnished alcohol to more than one minor. Indeed, plaintiff's complaint in this matter admits that he furnished alcohol to at least one minor. Plaintiff also admitted to the investigator that he sometimes texted minors late at night on their personal phones and that he sometimes talked to minors about sex and sexual encounters. However, plaintiff always maintained that he had no sexual interest in any minor.

The District did not terminate plaintiff as a result of the 2018 allegations. Instead, the District issued plaintiff a formal letter of reprimand. In the letter, the District Superintendent instructed plaintiff that his conduct had shown poor judgment and had negatively impacted the school and its students. The Superintendent further warned plaintiff that any further instances of inappropriate behavior involving minors, including furnishing alcohol to minors, would result in termination.

In 2021, the District was informed of new allegations that plaintiff had furnished alcohol to minors in 2019 – *after he had been warned in 2018*. In light of these allegations, the District initiated termination proceedings against plaintiff. On February 12, 2021, the Superintendent issued plaintiff a notice of proposed intent to dismiss with statement of charges. The statement of charges was formally amended on June 11, 2021. Both the original and amended statements of charges include references to the 2018 investigation and plaintiff's admitted conduct involving minors in his charge, which the reporting party had characterized as potential "grooming" behavior.

==During the pendency of the termination proceedings (which lasted nearly a year), the District received two separate public records requests, in which members of the public requested copies of the statements of charges against plaintiff. Because both the original and amended statements of==

==charges constituted public records, as defined by the Public Records Act, the District had an affirmative statutory obligation to "make the records promptly available" upon request. (Gov. Code, § 6253, subd. (b).) Accordingly, the Superintendent's office disclosed the original and amended statements of charges, in response to the respective PRA requests.==

In this lawsuit, plaintiff has alleged causes of action for defamation per se and false light invasion of privacy, both of which arise from the disclosure of the original and amended statements of charges in response to the PRA requests. As demonstrated herein, however, those disclosures were protected under the anti-SLAPP statute, because they constituted conduct in furtherance of the right to free speech. Furthermore, as detailed herein, plaintiff cannot demonstrate a probability of success on the merits of his challenged claims. Therefore, both claims should be stricken.

## II. SUMMARY OF RELEVANT FACTS

In 2018, an anonymous parent submitted a letter to the District's Board of Education, alleging that plaintiff had engaged in inappropriate behavior with minors, including (1) singling out boys and taking them somewhere alone away from the group, (2) providing alcohol to minors, (3) asking minors about sex, and (4) texting minors on their personal phones, late at night. (Exh. A to Elliott Report (Elliott Depo., Exh. 8).) The parent conceded that she had "never heard of Kissner physically touching a boy" inappropriately, but she nevertheless indicated her belief that plaintiff's acts were "clearly 'grooming.'" (*Ibid*.)

After receiving the anonymous letter, the District retained outside counsel, Patricia Elliott, to investigate the parent's allegations. (Complaint, ¶ 136; Elliott Depo., 133:14-23.) Elliott met with plaintiff, the reporting parent, and numerous others. (Elliott Depo, Exh. 8.) During the investigation, plaintiff admitted the truth of many of the factual allegations in the letter, including having provided alcohol to minors, texting minors late at night, and discussing sex with minors. (Elliott Depo., 163:10-164:2, Exh. 8.) However, plaintiff maintained that there was no inappropriate intent behind any of these actions.

On August 13, 2018, Elliott presented her investigation report to the Board regarding the allegations of inappropriate behavior on the part of plaintiff. (Elliott Depo., Exh. 8.) In the report, Elliott quoted the anonymous letter in its entirety, including the characterization of plaintiff's