Brian Bock, Esq. (SBN 189936)
brian@proactiveBLG.com
Mary Ellyn Gormley, Esq. (SBN 154327)
maryellyn@proactiveBLG.com
Proactive Legal-The Bock Law Group, P.C.
31610 Railroad Canyon Road, Suite 2
Canyon Lake, California 92587-9454
Telephone: (951) 261-5333
Facsimile: (951) 261-5345

Counsel for Real Party in Interest
Loma Prieta Joint Unified School District

# SUPERIOR COURT OF CALIFORNIA

# FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| **DAVID M. KISSNER**, <br><br> Petitioner, <br><br> vs. <br><br> **COMMISSION ON PROFESSIONAL COMPETENCE**, <br><br> Respondent <br><br> **LOMA PRIETA JOINT UNION SCHOOL DISTRICT**, <br><br> Real Party in Interest. | CASE NO.: 22cv393046 <br><br> [*Hon. Thomas Kuhnle, Dept. 18*] <br><br> **OPPOSITION TO MOTION FOR ORDER GRANTING WRIT OF ADMINISTRATIVE MANDATE** <br><br> Date: June 26, 2023 <br> Time: 9:00 a.m. <br> Dept.: D-18 |

1

**REAL PARTY IN INTEREST'S OPPOSITION TO PETITION FOR WRIT OF MANDATE**

N and his support for his wife's candidacy throughout the entire 12-month period between his notification to Fraser and the November 2020 election. The District knew of his political activities throughout this entire period, and took no adverse employment action against him. Indeed, the District knew of his political activity as early as April 2018, and took no adverse employment action against him. To argue that the District took no action against Kissner because of his political speech for almost three years, but suddenly acted against him months after the November 2020 election results became final, is to fall victim to the logical fallacy *post hoc ergo propter hoc* (after this, therefore because of this). Kissner simply cannot establish temporal proximity based on the District's knowledge of his political speech; he has failed to make his *prima facie* case.

**Board Policy**. Nor can Kissner establish temporal proximity in the timing of the revisions to Board Policy 4119.21 ("the Policy). One of Superintendent Fraser's ongoing projects throughout her tenure was to update and amend many of the Board's outdated policies to ensure that they reflected current professional norms. [Finding 103; AR 008622]. One of the many revisions she brought before the Board was to the Policy, which the Board had last reviewed on May 9, 2012. The February 12, 2021 revisions to the Policy cited several specific examples of inappropriate conduct by teachers; *e.g.*, engaging in harassing or discriminatory behavior and furnishing tobacco, alcohol or other illegal or unauthorized substances to a student. [Finding 104; AR 008623]. At the same February 12, 2021 meeting the Board also adopted and revised several other policies including a Code of Ethics, Firearms on School Grounds, Employee Security and Bullying. [Finding 106; AR 008623].

As the Commission's Findings make clear, the revisions to the Policy were brought forward as part of a larger, ongoing, years-long effort to bring Board policies up to date with current standards. Revisions to the Policy were brought to the Board on February 12, 2021 as part of a larger package of proposed revisions to several policies. One simply cannot draw the inference, as