Golnar J. Fozi (Cal. Bar No. 167674)
Daniel S. Modafferi (Cal. Bar No. 294510)
Fozi Dwork & Modafferi, LLP
5942 Priestly Drive, Suite 100
Carlsbad, California 92008
Tel: (760) 444-0039; Fax: (760) 444-0130
Email:  gfozi@fdmattorneys.com
        dmodafferi@fdmattorneys.com

Attorneys for Defendants,
Lisa Fraser, Kevin Grier, Billy Martin, Deana Arnold, Ben Abeln, Ron Bourque, Charlotte Khandelwal, and Erin Asheghian

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER,<br><br>Plaintiff,<br><br>v.<br><br>LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.,<br><br>Defendants. | **Case No.: 3:22-cv-00949-CRB**<br>Assigned to: Hon. Charles R. Breyer<br><br>**REPLY IN SUPPORT OF DEFENDANTS LISA FRASER, KEVIN GRIER, BILLY MARTIN, DEANA ARNOLD, BEN ABELN, RON BOURQUE, CHARLOTTE KHANDELWAL, AND ERIN ASHEGHIAN'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:  July 28, 2023<br>Time:  10:00 a.m.<br>Ctrm:  6<br><br>Case Filed:  February 16, 2022<br>Trial Date:  None Set |

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... 3

SUMMARY OF ARGUMENT ................................................................................................. 4

REPLY BRIEF ........................................................................................................................... 5

    I.    INTRODUCTION ................................................................................................ 5

    II.    PLAINTIFF DOES NOT OPPOSE SUMMARY JUDGMENT IN FAVOR OF ALL DEFENDANTS AS TO THE EQUAL PROTECTION CLAIM .................................................................................. 5

    III.    PLAINTIFF DOES NOT OPPOSE SUMMARY JUDGMENT IN FAVOR OF ALL DEFENDANTS AS TO THE CONSPIRACY CLAIM ............................................................................................. 5

    IV.    PLAINTIFF DOES NOT OPPOSE SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS MARTIN, ARNOLD, ABELN, BOURQUE, KHANDELWAL, AND ASHEGHIAN AS TO THE STIGMA-PLUS DEFAMATION CLAIM .............................. 6

    V.    PLAINTIFF'S OPPOSITION DOES NOT ADDRESS HIS 16TH CAUSE OF ACTION FOR VIOLATION OF THE RIGHT TO DUE PROCESS, AND THEREFORE, DEFENDANTS MUST BE GRANTED SUMMARY JUDGMENT AS TO THIS CLAIM ..................................................... 6

    VI.    FRASER AND GRIER ARE ENTITLED TO SUMMARY JUDGMENT AS TO THE STIGMA-PLUS DEFAMATION CLAIM, AS PLAINTIFF CANNOT REFUTE THAT HE WAS AFFORDED DUE PROCESS ........................................................................ 7

        A.    Substantive Due Process Is Not Applicable to Stigma-Plus Defamation, and Even if It Were, Plaintiff Cannot Maintain a Substantive Due Process Claim in This Case ........ 8

        B.    Regardless of Whether Plaintiff Was Deprived of a Constitutionally Cognizable Liberty or Property Interest, His Due Process Claim Fails, Because He Was Afforded All Process Reasonably Due ..................................................... 9

    VII.    PLAINTIFF HAS NOT PRESENTED EVIDENCE SUFFICIENT TO CREATE A TRIABLE ISSUE OF FACT AS TO WHETHER GRIER, KHANDELWAL, MARTIN, OR FRASER PARTICIPATED IN THE DECISION TO LAY PLAINTIFF OFF .................................................................................................. 10

    IX.    PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM IS BARRED UNDER *MOUNT HEALTHY* ................................... 14

    X.    CONCLUSION ................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Albright v. Oliver* (1994) 510 U.S. 266 .............................................................. 7, 9

*Bd. of Regents v Roth* (1972) 408 U.S. 564 ........................................................... 9

*Doe v. Pasadena Unif. Sch. Dist.* (9th Cir. 2020) 810 F'Appx. 500 ...................... 5

*Fikre v. F.B.I.* (9th Cir. 2022) 35 F.4th 762........................................................... 8

*McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792 ............................. 14, 15

*Mount Healthy Sch. Dist. Bd. of Ed. v. Doyle* (1977) 429 U.S. 274.......... 4, 15, 16

*San Jose Teachers Ass'n v. Allen* (1983) 144 Cal.App.3d 627 ............................ 13

*Segal v. City of N.Y.* (2d Cir. 2006) 459 F.3d 207 .................................................. 8

*Vanelli v. Reynolds Sch. Dist. No. 7* (9th Cir. 1982) 667 F.2d 773 ....................... 9

*Zalac v. Governing Bd. of Ferndale Unified Sch. Dist.* (2002) 98 Cal.App.4th 83813, 14

*Zinermon v. Burch* (1990) 494 U.S. 113................................................................ 8

**Statutes**

Ed. Code, § 44955 ............................................................................................ 4, 13, 14

Ed. Code, § 44956 ................................................................................................. 11

## SUMMARY OF ARGUMENT

Plaintiff concedes that summary judgment should be granted in favor of all defendants as to the 17th and 18th causes of action in the operative complaint. Plaintiff further concedes that summary judgment should be granted in favor of defendants Martin, Arnold, Abeln, Bourque, Khandelwal, and Asheghian, as to the 3rd cause of action in the operative complaint. Therefore, the only claims left for the Court to decide are the 1st and 16th causes of action against all defendants, as well as the 3rd cause of action against defendants Fraser and Grier.

Plaintiff's opposition does not address the 16th cause of action for due process. Instead, plaintiff's due process arguments are limited to the 3rd cause of action, for stigma-plus defamation without procedural due process. By failing to oppose defendants' motion as to the 16th cause of action, plaintiff has conceded that summary judgment should be granted in favor of all defendants as to claim 16.

Plaintiff's stigma-plus defamation claim against defendants Fraser and Grier cannot survive summary judgment, because plaintiff does not – and cannot – dispute that plaintiff was afforded all process reasonably due in the course of his termination and layoff proceedings.

Defendants also seek summary judgment on all claims arising from plaintiff's layoff. Under Education Code, section 44955, the school board has the legislative prerogative to eliminate particular kinds of service, which it did when it voted to eliminate 4.0 FTE of classroom teaching positions. Because this reduction in force was inherently legislative, absolute legislative immunity applies.

Finally, defendants are entitled to summary judgment as to plaintiff's 1st cause of action, for First Amendment retaliation, because the undisputed evidence clearly establishes that the Commission on Professional Competence ordered plaintiff's termination based on unfitness for service. Plaintiff can present no evidence that the Commission's decision was motivated by his First Amendment-protected speech or activity. Therefore, summary judgment must be granted under *Mount Healthy*.

# REPLY BRIEF

Defendants Lisa Fraser, Kevin Grier, Billy Martin, Deana Arnold, Ben Abeln, Ron Bourque, Charlotte Khandelwal, and Erin Asheghian respectfully submit the following reply in support of their motion for summary judgment:

## I. INTRODUCTION

Plaintiff's opposition either concedes or fails to address many of the arguments raised in defendants' motion for summary judgment. Even as to those arguments which plaintiff purports to oppose, plaintiff fails to address the actual arguments raised by defendants and instead mischaracterizes defendants' arguments in an effort to mislead the Court. The Court must see past plaintiff's non sequiturs and focus instead on the actual legal issues raised in defendants' motion. When it does so, it will be clear that defendants are entitled to summary judgment.

## II. PLAINTIFF DOES NOT OPPOSE SUMMARY JUDGMENT IN FAVOR OF ALL DEFENDANTS AS TO THE EQUAL PROTECTION CLAIM

Plaintiff's 17th cause of action alleges that defendants deprived plaintiff of his right to equal protection of law under the Fourteenth Amendment. Defendants moved for summary judgment as to this claim, on the grounds that plaintiff's claim of disparate treatment *because of* his engagement in speech and/or conduct protected under the First Amendment must be "analyzed under the rubric of the First Amendment," not as an equal protection claim. (*Doe v. Pasadena Unif. Sch. Dist.* (9th Cir. 2020) 810 F'Appx. 500, 503.) "Plaintiff does not oppose Defendants' motion as to the Seventeenth Cause of Action for Violation of the Fourteenth Amendment Equal Protection Clause." (ECF No. 99, 32:15-16.) Therefore, summary judgment must be granted in favor of all defendants as to the 17th cause of action.

## III. PLAINTIFF DOES NOT OPPOSE SUMMARY JUDGMENT IN FAVOR OF ALL DEFENDANTS AS TO THE CONSPIRACY CLAIM

Plaintiff's 18th cause of action alleges that defendants conspired to violate plaintiff's constitutional rights. Defendants moved for summary judgment as to this

claim, on the grounds that plaintiff cannot present evidence sufficient to create a triable issue of fact as to whether defendants ever engaged in a conspiracy. "Plaintiff does not oppose Defendants' motion as to… the Eighteenth Cause of Action for Civil Rights Conspiracy." (ECF No. 99, 32:15-17.) Therefore, summary judgment must be granted in favor of all defendants as to the 18th cause of action.

### IV. PLAINTIFF DOES NOT OPPOSE SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS MARTIN, ARNOLD, ABELN, BOURQUE, KHANDELWAL, AND ASHEGHIAN AS TO THE STIGMA-PLUS DEFAMATION CLAIM

Plaintiff's 3rd cause of action alleges stigma-plus defamation without due process of law, in violation of the Fourteenth Amendment. Defendants moved for summary judgment as to this claim on several grounds, including the undisputed fact that defendants Billy Martin, Deana Arnold, Ben Abeln, Ron Bourque, Charlotte Khandelwal, and Erin Asheghian played no role in the disclosure of allegedly defamatory materials. "Plaintiff does not oppose dismissal of Defendants former Principal Billy Martin or Board members Deana Arnold, Ben Abeln, Ron Bourque, Charlotte Khandelwal, or Erin Asheghian as to Plaintiff's Third Cause of Action for Civil Rights Defamation." (ECF No. 99, 32:18-20.) Therefore, summary judgment must be granted in favor of these six defendants, as to the 3rd cause of action.

### V. PLAINTIFF'S OPPOSITION DOES NOT ADDRESS HIS 16TH CAUSE OF ACTION FOR VIOLATION OF THE RIGHT TO DUE PROCESS, AND THEREFORE, DEFENDANTS MUST BE GRANTED SUMMARY JUDGMENT AS TO THIS CLAIM

Plaintiff's operative complaint alleges two separate causes of action, both of which arise under the Due Process Clause of the Fourteenth Amendment: (1) the 3rd cause of action, for stigma-plus defamation; and (2) the 16th cause of action, for violation of the right to due process. At the pleadings stage of this litigation, defendants moved to dismiss the stigma-plus claim, on the grounds that it was

duplicative of the due process cause of action. (ECF No. 43-1, p. 15.) The Court denied defendants' motion as to this issue, holding that the two claims were sufficiently distinct to survive dismissal. (ECF No. 65.)

In the motion for summary judgment, defendants addressed claims 3 and 16 separately. As to claim 16, defendants argued that plaintiff could not maintain a procedural due process claim, because he was afforded all process reasonably due in relation to both his termination and his layoff. Defendants further argued that, to the extent claim 16 alleges a violation of the right to substantive due process, defendants are entitled to summary judgment, because "[w]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of governmental behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing [the plaintiff's] claims." (*Albright v. Oliver* (1994) 510 U.S. 266, 273.)

Plaintiff's opposition does not address claim 16 at all. Instead, plaintiff focuses his due process arguments exclusively on claim 3, the stigma-plus defamation claim. (See ECF No. 99, 24:7-8 (Heading E: "Whether Plaintiff Has Suffered a Stigma-Plus Defamation Injury That Violates Procedural Due Process Presents a Triable Issue of Fact").) By failing to address defendants' arguments as to claim 16, plaintiff has conceded the issues raised in defendants' motion as to that claim. Therefore, summary judgment must be granted in favor of all defendants as to the 16th cause of action.

## VI. FRASER AND GRIER ARE ENTITLED TO SUMMARY JUDGMENT AS TO THE STIGMA-PLUS DEFAMATION CLAIM, AS PLAINTIFF CANNOT REFUTE THAT HE WAS AFFORDED DUE PROCESS

As detailed above, plaintiff concedes that summary judgment should be granted in favor of 6 of the 8 defendants, with regard to the 3rd cause of action for stigma-plus defamation. Additionally, the 2 remaining defendants, Lisa Fraser and Kevin Grier, are entitled to summary judgment on this claim, because plaintiff was afforded all process reasonably due in connection with his termination and layoff.

### A. Substantive Due Process Is Not Applicable to Stigma-Plus Defamation, and Even if It Were, Plaintiff Cannot Maintain a Substantive Due Process Claim in This Case

In his opposition, plaintiff first makes a substantive due process argument in favor of the stigma-plus defamation claim. However, stigma-plus defamation implicates *procedural* due process only – substantive due process is not relevant to the stigma-plus claim. (See, e.g., *Fikre v. F.B.I.* (9th Cir. 2022) 35 F.4th 762, 776 (referring to this type of claim as "stigma-plus procedural due process claim" and explaining that "a plaintiff who has suffered reputational harm at the hands of the government may assert a cognizable liberty interest *for procedural due process purposes*" if the plaintiff satisfies the "stigma-plus" test); see also *Segal v. City of N.Y.* (2d Cir. 2006) 459 F.3d 207, 213 ("the availability of adequate process defeats a stigma-plus claim").)

Moreover, even if the concept of substantive due process were relevant to the stigma-plus claim (which it is not), plaintiff cannot establish that he is entitled to relief under a substantive due process theory. As plaintiff himself concedes, substantive due process does not apply where a particular amendment – in this case, the First Amendment – provides an explicit textual source of constitutional protection. (ECF No. 99, 17:23-25 (citing *Albright*, *supra*).)

Despite this admission, however, plaintiff misconstrues the Supreme Court's opinion in *Zinermon v. Burch* (1990) 494 U.S. 113. The Court in *Zinermon* explained that the Due Process Clause of the Fourteenth Amendment has three distinct functions to protect individual rights. First, the Due Process Clause has been used to incorporate the rights enumerated in the Bill of Rights against state and local government actors. (*Id.* at p. 125.) Second, the Due Process Clause contains a substantive component, commonly referred to as substantive due process. (*Ibid.*) And third, the Due Process Clause prohibits the government from depriving any person of life, liberty, or property, without adequate procedural protections, commonly referred to as

procedural due process. (*Ibid*.)

Plaintiff mistakenly argues that the Supreme Court's holding in *Albright*, *supra*, applies only to the first category of claims – those which arise under the Bill of Rights, as incorporated through the Due Process Clause. Contrary to plaintiff's erroneous conclusion, however, the Supreme Court's holding in *Albright* actually precludes the second category of claims – those which are brought under the substantive component of the Due Process Clause itself. Because the "particular sort of government behavior" at issue in this case, i.e., termination of plaintiff's employment in retaliation for his political speech and activities, arises under the First Amendment, the holding in *Albright* mandates that that claim is not actionable under the theory of substantive due process. (510 U.S. at p. 273.)

### B. Regardless of Whether Plaintiff Was Deprived of a Constitutionally Cognizable Liberty or Property Interest, His Due Process Claim Fails, Because He Was Afforded All Process Reasonably Due

Plaintiff next argues that he was deprived of a constitutionally cognizable liberty or property interest, and therefore, that he had a right to due process. "The fourteenth amendment's guarantee of procedural due process applies when a constitutionally protected liberty or property interest is at stake." (*Vanelli v. Reynolds Sch. Dist. No. 7* (9th Cir. 1982) 667 F.2d 773, 777.) A government employee's liberty interest could be implicated if he were dismissed based on charges that "imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities." (*Bd. of Regents v Roth* (1972) 408 U.S. 564, 573.) A plaintiff's interest in liberty may be "implicated if a charge impairs his reputation for honesty and morality." (*Vanelli v. Reynolds Sch. Dist. No. 7*, *supra*, 667 F.3d at p. 777.) "The procedural protections of due process apply if [1] the accuracy of the charge is contested, [2] there is some public disclosure of the charge, and [3] it is made in connection with the termination of employment or the alteration of some right or status recognized by state law." (*Id.* at pp. 777-778.)

Plaintiff's argument does not respond to defendants' motion, however, as defendants *did not* argue that plaintiff had not been deprived of a protected interest. It is undisputed that plaintiff's employment at the school district was terminated. As a matter of state law, the termination of a tenured public school teacher's employment implicates a constitutionally protected interest, and the teacher is therefore entitled to procedural due process. All of that is presumed in defendants' motion, without the need for plaintiff to spend nearly 6 pages of his opposition to prove it. (See ECF No. 99, pp. 18-23.) Instead, what defendants argued was, *even assuming plaintiff was deprived of a constitutionally protected interest when his employment was terminated*, plaintiff cannot maintain a procedural due process claim, *because he was afforded all process reasonably due*. Plaintiff's opposition fails to address the adequacy of the process afforded to him, and therefore, summary judgment must be granted.

As detailed in the moving papers, plaintiff was afforded notice, multiple hearings, the right to conduct discovery, the right to be represented by counsel, the right to depose witnesses, the right to call witnesses in his defense, the right to cross-examine witnesses, and the right to appeal. Plaintiff had every procedural safeguard required by state law and certainly more than the minimum process reasonably required under the Due Process Clause of the Fourteenth Amendment. By failing to refute these facts in his opposition, plaintiff has conceded the issue. Defendants are entitled to judgment as a matter of law as to plaintiff's stigma-plus procedural due process claim, *even assuming* the accuracy of the charges against plaintiff was contested, the charges were public disclosed, and that plaintiff was terminated.

### VII. PLAINTIFF HAS NOT PRESENTED EVIDENCE SUFFICIENT TO CREATE A TRIABLE ISSUE OF FACT AS TO WHETHER GRIER, KHANDELWAL, MARTIN, OR FRASER PARTICIPATED IN THE DECISION TO LAY PLAINTIFF OFF

Defendants moved for summary judgment as to all claims, or parts of claims, that arise from plaintiff's layoff. Rather than address the layoff issue in isolation, as

defendants did in their motion, plaintiff's opposition attempts to confuse the issues by referencing other matters such as the termination and the PRA disclosures. While defendants recognize that some of plaintiff's claims are based, in whole or in part, on those other alleged wrongs, defendants' arguments in section VII of the motion pertain exclusively to the layoff. As it pertains specifically to the layoff, plaintiff has not presented evidence sufficient to create a triable issue of fact on the issue of whether Grier, Khandelwal, Martin, or Fraser actually participated in the alleged constitutional deprivation. Therefore, these defendants are entitled to summary judgment as to all claims, or parts of claims, that arise from the layoff.

As detailed in the moving papers, Grier was not employed at the District until July 2021 – after the Board had already adopted the reduction in force resolutions, plaintiff had already been given notice that he would be laid off, plaintiff had already requested a hearing to challenge his layoff, and the ALJ had already issued the decision recommending plaintiff's layoff. Nevertheless, plaintiff argues that Grier is liable for the layoff, because his signature was on a cover letter responding to a public records request, and he did not *rehire* plaintiff *after* plaintiff's layoff and termination. Neither of these arguments presents a credible basis on which to hold Grier liable *for the layoff*. The publication of the termination charges in response to the PRA request is a distinct alleged harm – Grier's participation in the PRA response does not make him liable for the layoff. Furthermore, plaintiff was not eligible to be rehired under Education Code, section 44956, because he had been terminated by the District in separate proceedings. Therefore, the failure to rehire plaintiff post-termination does not make Grier liable for the layoff, either.

It is also undisputed that Khandelwal was not on the Board at the time the layoff resolutions were adopted. Nevertheless, plaintiff argues that Khandelwal can be liable *for the layoff* because she subsequently voted to move forward with plaintiff's *termination*. Again, the termination is a distinct alleged harm. Khandelwal's vote to move forward with plaintiff's *termination* does not make her liable for the layoff.

Plaintiff next argues, without support, that then-Principal Martin and then-Superintendent Fraser are liable for *the Board's* layoff resolutions. Plaintiff characterizes Fraser as "the architect[ ] of Kissner's layoff." (ECF No. 99, 25:2-3.) However, the only evidence plaintiff cites in support of this assertion is Fraser's testimony that, as Superintendent, her job was "to make sure that we follow the process." (*Id.* (citing ECF No. 9-9, 16:7-13).) Making sure that the District "follow[s] the process" is a far cry from deciding which particular kinds of service to eliminate. The latter decision was made exclusively by the Board, when it adopted the layoff resolutions. Because there is no evidence that Fraser participated in the adoption of those resolutions or had the authority to override them, she cannot be liable for plaintiff's layoff.

Finally, plaintiff argues Martin is liable for the layoff based on his response to a hypothetical question. During the administrative hearing on plaintiff's challenge to the layoff, plaintiff's counsel asked Martin if plaintiff "could teach 6th grade math and science in that core block," if he were still employed by the District. (ECF No. 99-10, 53:5-6.) Martin responded that plaintiff "could" teach 6th grade math and science, but that "would not support [Martin's] core vision of the 6th grade model." (*Id.*, 53:7-8.) Regardless of how Martin answered this hypothetical question, however, it did not change the fact that *plaintiff was laid off as a result of the Board's adoption of the layoff resolutions*. There is no evidence that the Board adopted the layoff resolutions in order to effectuate Martin's "core vision of the 6th grade model." No reasonable inference can be drawn from this response to a hypothetical question, on which a reasonable fact finder could conclude that Martin personally participated in the layoff decision. Therefore, Martin is entitled to summary judgment, as well.

## VIII. ALL OF THE DEFENDANTS WHO PARTICIPATED IN THE LAYOFF ARE ENTITLED TO ABSOLUTE LEGISLATIVE IMMUNITY

In the moving papers, defendants argued that any of the defendants who participated in the *layoff* are entitled to absolute legislative immunity for any claims

*arising from the layoff*. Plaintiff's opposition again attempts to mislead the Court by broadening the focus from the layoff alone to the layoff and termination together. (ECF No. 99, 9:20-22 ("The question before the Court is whether the school Board Defendants' layoff and dismissal resolutions, when 'stripped of all considerations of intent and motive,' were legislative rather than administrative or executive.").) Again, the defendants never argued that legislative immunity applies to the termination. Only the layoff is at issue with regard to legislative immunity.

Plaintiff argues that the layoff did not truly involve a legislative reduction in force, because the District never sought to eliminate the position of 6th grade math teacher. This argument betrays a fundamental misunderstanding of how reductions in force are effected under the Education Code. The Education Code provides that a school district may reduce its certificated staff because of a decision *by the school board* to reduce or discontinue a particular kind of service ("PKS"). (Ed. Code, § 44955, subd. (b); *San Jose Teachers Ass'n v. Allen* (1983) 144 Cal.App.3d 627, 631.) Classroom teaching *of any subject, regardless of grade level*, is recognized as a particular kind of service which can be reduced to the minimum level required by law. (*San Jose Teachers Ass'n v. Allen*, *supra*, 144 Cal.App.3d at pp. 637-638 ("a particular kind of service includes a service or curricular offering which cannot be eliminated, but can be reduced to the minimum level required by law").) "As long as there is a change in the method of teaching or in the particular kind of service in teaching a subject, a particular kind of service provided in excess of any statutorily mandated minimum can be reduced or eliminated pursuant to section 44955." (*Id.* at p. 637.)

In *Zalac v. Governing Bd. of Ferndale Unified Sch. Dist.* (2002) 98 Cal.App.4th 838, 854, the school board determined that it was necessary to reduce or eliminate certain particular kinds of services and that as a result it was necessary to decrease the number of certificated employees of the district. The petitioner, a kindergarten teacher, challenged her termination arguing, in part, that the district made no reduction in a PKS because at the time of the hearing no determination had been made as to the

number of kindergarten classes that would be taught in the following year, and subsequent developments had shown that there would still be two kindergarten classes, the same number as when the petitioner had been employed. In rejecting her argument, the court held:

> A school district facing an anticipated unbalanced budget has a variety of means of meeting its financial problems: It may, for example, reduce the number of permanent and probationary teachers pursuant to section [44955].... In PKS cases the determination of the amount by which a service is to be reduced is the determination of the number of positions to be eliminated. A school board may reduce services by determining that proffered services shall be reduced in extent because fewer employees are made available to deal with the pupils involved.

(*Id.* at pp. 853-854 (quotes and cites omitted).) Whether by larger classes, regrouping of other classes, or otherwise, where there is a PKS reduction, layoff is authorized under section 44955. (*Id.* at p. 854.)

In this case, the undisputed evidence clearly establishes that the Board adopted Resolution No. 21-XIV, approving the "reduction or elimination of particular kinds of service." (Request for Judicial Notice, Exh. B.) In particular, the Board resolution eliminated 4.0 full-time equivalent ("FTE") positions of grades K-8 classroom teaching, in accordance with Education Code, section 44955. (*Ibid.*) It was not necessary that the District eliminate the position of sixth grade math teacher in order for the layoff to comply with California law. Rather, the Board properly exercised its legislative authority to reduce PKS in the form of 4.0 FTE of classroom teachers. Because this act was purely legislative in nature, any of the defendants who participated in the layoff are entitled to absolute legislative immunity *for the layoff*.

## IX. PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM IS BARRED UNDER *MOUNT HEALTHY*

Finally, defendants moved for summary judgment as to plaintiff's 1st cause of action, for First Amendment retaliation, on the grounds that the District would have terminated plaintiff, even in the absence of any motive to retaliate. Plaintiff once again mischaracterizes defendants' argument by attempting to reframe the analysis using the *McDonnell Douglas* pretext test, rather than addressing defendants' entirely

separate argument under *Mount Healthy*. When defendants' argument is properly considered, it is clear that defendants are entitled to summary judgment.

The *McDonnell Douglas* burden-shifting framework (see 411 U.S. 792) is one way of using circumstantial evidence to analyze whether a plaintiff can establish a prima facie case of retaliation. (See *Ballou v. McElvain* (9th Cir. 2022) 29 F.4th 413, 422.) Plaintiff frames the issue using the *McDonnell Douglas* framework of "pretext." (ECF No. 99, 11:18.) However, defendants never argued whether or not plaintiff could proffer evidence sufficient to create a triable issue of fact as to the prima facie elements of his retaliation claim. Instead, defendants argued, *even assuming plaintiff could establish a prima facie case*, defendants are entitled to summary judgment in accordance with *Mount Healthy*. Plaintiff fails to address this argument.

*Mount Healthy* is essentially a same-decision defense. The Supreme Court held, *even if* the plaintiff teacher satisfied his burden of showing that his conduct was constitutionally protected *and* that protected conduct was a substantial motivating factor in the defendant school board's decision to terminate the plaintiff, the plaintiff's First Amendment retaliation claim is nonetheless defeated if the plaintiff would have been terminated even in the absence of protected conduct. (429 U.S. 274, 285-286.) By focusing entirely on the former questions and ignoring the latter, plaintiff failed to rebut the defense raised in the motion.

As the Supreme Court explained in *Mount Healthy*, "[a] rule of causation which focuses solely on whether protected conduct played a part, 'substantial' or otherwise, in a decision not to rehire, could place an employee in a better position as a result of the exercise of constitutionally protected conduct than he would have occupied had he done nothing." (*Id.* at p. 285.) Instead, the Court held that "[t]he constitutional principle at stake is sufficiently vindicated if such an employee is placed in no worse a position than if he had not engaged in the conduct. A borderline or marginal candidate ought not be able, by engaging in such conduct, to prevent his employer from assessing his performance record and reaching a decision not to rehire on the

basis of that record, simply because the protected conduct makes the employer more certain of the correctness of its decision." (*Id.* at pp. 285-286.)

Plaintiff does not – and cannot – dispute that the ultimate termination decision in this case was made by a disinterested, three-member administrative Commission on Professional Competence. Plaintiff has presented no evidence that any of the Commission members harbored any retaliatory animus toward plaintiff or that the Commission's decision to terminate plaintiff was substantially motivated by plaintiff's First Amendment-protected activity or speech. On the contrary, it is undisputed that the Commission concluded that plaintiff was unfit for service and ordered plaintiff's termination based on that conclusion. As the Supreme Court held in *Mount Healthy*, plaintiff cannot prevent the Commission from assessing his performance record and reaching a decision as to his fitness for service on the basis of that record, simply because plaintiff engaged in activity or speech protected under the First Amendment. Because the undisputed evidence clearly establishes that plaintiff would have been terminated irrespective of his First Amendment speech and activity, defendants are entitled to summary judgment under *Mount Healthy*.

## X.  CONCLUSION

For all of the foregoing reasons, and those further detailed in the moving papers, defendants are entitled to summary judgment or, alternatively, partial summary judgment on individual claims, defenses, and issues.

Dated: July 14, 2023                                Fozi Dwork & Modafferi, LLP

By:  /s/ Daniel S. Modafferi
     Golnar J. Fozi
     Daniel S. Modafferi
     Attorney for Defendants,
     Lisa Fraser, Kevin Grier, Billy Martin,
     Deana Arnold, Ben Abeln, Ron Bourque,
     Charlotte Khandelwal, and Erin
     Asheghian