Golnar J. Fozi (Cal. Bar No. 167674)
Daniel S. Modafferi (Cal. Bar No. 294510)
Fozi Dwork & Modafferi, LLP
5942 Priestly Drive, Suite 100
Carlsbad, California  92008
Tel: (760) 444-0039; Fax: (760) 444-0130
Email:   gfozi@fdmattorneys.com
             dmodafferi@fdmattorneys.com

Attorneys for Defendants,
Lisa Fraser and Kevin Grier

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER,<br><br>Plaintiff,<br><br>v.<br><br>LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No.: 3:22-cv-00949-CRB<br>Assigned to: Hon. Charles R. Breyer<br><br>**DEFENDANTS LISA FRASER AND KEVIN GRIER'S EX PARTE APPLICATION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>Case Filed:  February 16, 2022<br>Trial Date:  None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendants Lisa Fraser and Kevin Grier hereby apply ex parte for leave to file a second summary judgment motion, on the issue of qualified immunity as to plaintiff's stigma-plus defamation cause of action. The ex parte application is made following a good faith effort by defense counsel to meet and confer with plaintiff's counsel. However, the parties were not able to reach an agreement regarding leave to file the second summary judgment motion. This ex parte application will be based on this notice, the points and authorities in support, the declaration of Daniel S. Modafferi, all documentary evidence attached to the foregoing declarations, all matters of which the Court may take judicial notice, all pleadings and papers on file in this action, and any reply or supplemental briefing

1

1 | allowed by the Court.

2 | Dated: October 20, 2023                    Fozi Dwork & Modafferi, LLP

                                    By:    /s/ Daniel S. Modafferi
                                           Golnar J. Fozi
                                           Daniel S. Modafferi
                                           Attorneys for Defendants,
                                           Lisa Fraser and Kevin Grier

Defendants Lisa Fraser and Kevin Grier respectfully submit the following points and authorities in support of their ex parte application for leave to file a second motion for summary judgment, on the issue of qualified immunity:

## I. **INTRODUCTION**

Defendants previously filed a motion for summary judgment on June 23, 2023. (ECF No. 97.) On September 8, 2023, the Court entered an order granting summary judgment in favor of defendants Billy Martin, Deana Arnold, Ben Abeln, Ron Bourque, Charlotte Khandelwal, and Erin Asheghian, as to all claims. (ECF No. 106.) The Court also granted summary judgment in favor of defendants Lisa Fraser and Kevin Grier, as to all claims except claim 3 for civil rights defamation. (*Ibid*.) In denying Fraser and Grier's motion as to the stigma-plus defamation claim, the Court held that defendants did not meet their burden on summary judgment to establish, as a matter of law, that plaintiff was afforded adequate process specific to the disclosure of the statements of charges in response to the public records requests.

The Court's standing order generally limits each party to just one motion for summary judgment per case. In this case, however, there is good cause for the Court to permit Fraser and Grier to file a second motion for summary judgment, on the narrow issue of qualified immunity as to the stigma-plus defamation cause of action. Because this defense would be dispositive of the only remaining claim, the interests of justice and judicial economy support defendants' request for leave.

## II. **THERE IS GOOD CAUSE TO PERMIT DEFENDANTS TO FILE A SECOND SUMMARY JUDGMENT MOTION ON QUALIFIED IMMUNITY**

As the Supreme Court explained in *Paul v. Davis* (1976) 424 U.S. 693, the procedural requirements of the Due Process Clause of the Fourteenth Amendment are not "brought into play" merely because "a government official defames a person, without more." (*Id.* at p. 708.) "[D]efamation, standing alone," does not deprive a plaintiff of any liberty interest which is protected by the procedural guarantees of the

Fourteenth Amendment. (*Id.* at p. 709.) Rather, a constitutional claim for "stigma-plus" defamation requires proof of "governmental action" which "deprived the individual of a right previously held under state law." (*Id.* at p. 708.) It is this "alteration of legal status which, combined with the injury resulting from the defamation, justifie[s] the invocation of procedural safeguards." (*Id.* at pp. 708-709.)

In its ruling denying defendants' first summary judgment motion as to the stigma-plus claim, the Court acknowledged that it was undisputed that "Kissner received a lot of process in connection with his… termination." (ECF No. 106, 23:19-20.) However, the Court held that defendants had not satisfied their burden on summary judgment, because "however much process he got in connection with his layoff and termination, Kissner seems to have gotten no process in connection with the PRA disclosures by Fraser and Grier." (*Id.*, 23:20-22.) Thus, although the undisputed evidence clearly established that procedural due process was afforded in connection with the "plus," the Court held that defendants could not be granted summary judgment unless they could establish that procedural due process was afforded in connection with the "stigma," as well.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" (*Pearson v. Callahan* (2009) 555 U.S. 223, 231 (quoting *Harlow v. Fitzgerald* (1982) 457 U.S. 800, 818.) "In determining whether an officer is entitled to qualified immunity, we consider (1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." (*Lal v. California* (9th Cir. 2014) 746 F.3d 1112, 1116.) As of 2021 (when the PRA disclosures were made), it was not clearly established in the Ninth Circuit that procedural due process guarantees attached to the "stigma" element of a stigma-plus defamation claim, as opposed to the "plus" element. On the contrary, every court to consider the matter has held that the procedural guarantees of the Due

Process Clause are "brough into play" in relation to the deprivation of a constitutionally-protected liberty or property interest – in this case, the termination of plaintiff's employment. Because no reasonable public school superintendent would have known that the Fourteenth Amendment required that an employee be afforded procedural due process before his statement of charges was produced in response to a public records request, defendants are entitled to qualified immunity.

### III. CONCLUSION

Because qualified immunity is "an immunity from suit rather than a mere defense to liability" (*Lombardi v. City of El Cajon* (9th Cir. 1997) 117 F.3d 1117, 1122), there is good cause to permit defendants to raise the qualified immunity defense in a second motion for summary judgment. Defendants respectfully request that the Court grant the requested leave.

Dated: October 20, 2023              Fozi Dwork & Modafferi, LLP


                                     By:   /s/ Daniel S. Modafferi
                                           Golnar J. Fozi
                                           Daniel S. Modafferi
                                           Attorney for Defendants,
                                           Lisa Fraser and Kevin Grier