Golnar J. Fozi (Cal. Bar No. 167674)
Daniel S. Modafferi (Cal. Bar No. 294510)
Fozi Dwork & Modafferi, LLP
5942 Priestly Drive, Suite 100
Carlsbad, California  92008
Tel: (760) 444-0039; Fax: (760) 444-0130
Email:   gfozi@fdmattorneys.com
             dmodafferi@fdmattorneys.com

Attorneys for Defendants,
Lisa Fraser and Kevin Grier

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER,<br><br>Plaintiff,<br><br>v.<br><br>LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No.:  3:22-cv-00949-CRB<br>Assigned to: Hon. Charles R. Breyer<br><br>**DECLARATION OF DANIEL S. MODAFFERI IN SUPPORT OF DEFENDANTS LISA FRASER AND KEVIN GRIER'S EX PARTE APPLICATION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>Case Filed:  February 16, 2022<br>Trial Date:  None Set |

I, Daniel S. Modafferi, declare:

1.  I am an attorney at law, duly admitted to practice in the State of California and in the United States District Court for the Northern District of California. I am a partner at Fozi Dwork & Modafferi, LLP, counsel for record for Lisa Fraser and Kevin Grier, the defendants in the above-entitled matter.

2.  I have personal knowledge of the facts set forth herein, and if I were called to testify thereto, I could and would do so competently.

3.  On September 14, 2023, I sent a letter to plaintiff's counsel, William J. Becker, Jr., setting forth the grounds on which defendants intended to seek leave to file a second summary judgment motion, as well as the issues which the proposed

1

1  summary judgment motion would address, namely qualified immunity as to plaintiff's
2  stigma-plus defamation claim. A true and correct copy of my September 14, 2023,
3  meet and confer letter to Mr. Becker is attached hereto as Exhibit A.

4.  Later on September 14, 2023, Mr. Becker responded to my meet and confer letter by email, stating that plaintiff "would oppose any request for a second summary judgment motion under Breyer's standing order."

5.  Because plaintiff would not stipulate to leave for defendants to file a second summary judgment motion, defendants were required to seek leave from the Court, as contemplated in the Court's standing order, paragraph I.C. ("Any party wishing to exceed this limit must request leave of the Court and must show good cause.").

I declare under penalty of perjury, pursuant to the laws of the United States of America and the State of California, that the foregoing is true and correct. Executed on October 20, 2023, in Carlsbad, California.

/s/ Daniel S. Modafferi
Daniel S. Modafferi

# EXHIBIT A



5942 Priestly Drive, Suite 100
Carlsbad, CA 92008
Tel: (760) 444-0039
Fax: (760) 444-0130
www.FDMattorneys.com

Writer's Direct:
dmodafferi@fdmattorneys.com

September 14, 2023

Via Email Only
*freedomxlaw@gmail.com*

William J. Becker, Jr.
Freedom X
11500 Olympic Boulevard, Suite 400
Los Angeles, California 90064

Re: ***David Kissner v. LPJUSD, et al.***
U.S. Northern District Case No.: 3:22-cv-949

Dear Mr. Becker:

On September 8, 2023, Judge Breyer entered an order granting in part and denying in part defendants' motion for summary judgment. Following that order, the only claim remaining at issue is plaintiff's third cause of action, for stigma-plus defamation, against defendants Lisa Fraser and Kevin Grier. Although Judge Breyer's Standing Orders generally limit each party to one summary judgment motion (see Standing Order I.C.), we believe there is good cause for the Court to permit defendants Fraser and Grier to file a second motion for summary judgment, on the issue of qualified immunity. Therefore, for the reasons set forth below, we intend to request leave of Court to file a second motion for summary judgment.

As the Supreme Court explained in *Paul v. Davis* (1976) 424 U.S. 693, the procedural requirements of the Due Process Clause of the Fourteenth Amendment are not "brought into play" merely because "a government official defames a person, without more." (*Id.* at p. 708.) "[D]efamation, standing alone," does not deprive a plaintiff of any liberty interest which is protected by the procedural guarantees of the Fourteenth Amendment. (*Id.* at p. 709.) Rather, a constitutional claim for "stigma-plus" defamation requires proof of "governmental action" which "deprived the individual of a right previously held under state law." (*Id.* at p. 708.) It is this "alteration of legal status which, combined with the injury resulting from the defamation, justifie[s] the invocation of procedural safeguards." (*Id.* at pp. 708-709.)

In its ruling denying defendants' first summary judgment motion as to the stigma-plus claim, the Court acknowledged that is was undisputed that "Kissner received a lot of process in connection with his… termination." (ECF No. 106, 23:19-20.) However, the Court held that had not satisfied their burden on summary judgment, because "however much process he got in connection with his layoff and termination, Kissner seems to have gotten no process in connection with the PRA disclosures by Fraser and Grier." (*Id.*, 23:20-22.) Thus, although the undisputed evidence clearly established that procedural due process was afforded in connection with the "plus," the Court held that defendants could not be granted summary judgment unless they could establish that procedural due process was afforded in connection with the "stigma," as well.

Mr. Becker
*Kissner v. LPJUSD, et al.*
September 14, 2023
Page 2

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" (*Pearson v. Callahan* (2009) 555 U.S. 223, 231 (quoting *Harlow v. Fitzgerald* (1982) 457 U.S. 800, 818.) "In determining whether an officer is entitled to qualified immunity, we consider (1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." (*Lal v. California* (9th Cir. 2014) 746 F.3d 1112, 1116.) As of 2021 (when the PRA disclosures were made), it was not clearly established in the Ninth Circuit that procedural due process guarantees attached to the "stigma" element of a stigma-plus defamation claim, as opposed to the "plus" element. On the contrary, every court to consider the matter has held that the procedural guarantees of the Due Process Clause are "brough into play" in relation to the deprivation of a constitutionally-protected liberty or property interest – in this case, the termination of plaintiff's employment. Because no reasonable public school superintendent would have known that the Fourteenth Amendment required that an employee be afforded procedural due process before his statement of charges was produced in response to a public records request, defendants are entitled to qualified immunity.

Because qualified immunity is "an immunity from suit rather than a mere defense to liability" (*Lombardi v. City of El Cajon* (9th Cir. 1997) 117 F.3d 1117, 1122), there is good cause to permit defendants to raise the qualified immunity defense in a second motion for summary judgment. Please advise whether plaintiff will oppose defendants' request for leave to file a second motion for summary judgment, on the issue of qualified immunity.

Sincerely,

Daniel S. Modafferi