William J. Becker, Jr. (Cal. Bar No. 134545)
Freedom X
11500 Olympic Boulevard, Suite 400
Los Angeles, California 90064
Tel: (310) 636-1018; Fax: (310) 765-6328
Email:  freedomxlaw@gmail.com

Attorneys for Plaintiff,
David M. Kissner

Golnar J. Fozi (Cal. Bar No. 167674)
Daniel S. Modafferi (Cal. Bar No. 294510)
Fozi Dwork & Modafferi, LLP
5942 Priestly Drive, Suite 100
Carlsbad, California  92008
Tel: (760) 444-0039; Fax: (760) 444-0130
Email:  gfozi@fdmattorneys.com
           dmodafferi@fdmattorneys.com

Attorneys for Defendants,
Lisa Fraser and Kevin Grier

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER,<br><br>   Plaintiff,<br><br>   v.<br><br>LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.,<br><br>   Defendants. | Case No.:  3:22-cv-00949-CRB<br>Assigned to: Hon. Charles R. Breyer<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Case Filed:  February 16, 2022<br>Trial Date:  None Set |

The parties to the above-entitled action jointly submit this Joint Case Management Statement & [Proposed] Order pursuant to the Court's May 30, 2023, order (ECF No. 96):

**1.   Jurisdiction & Service**

The sole remaining cause of action arises under the Constitution and laws of the United States, namely 42 U.S.C. section 1983. Therefore, this Court has federal question jurisdiction, pursuant to 28 U.S.C. section 1331.

There are no issues regarding personal jurisdiction or venue.

All named defendants have been served and have appeared.

## 2. Facts

Plaintiff is a former employee of Loma Prieta Joint Union School District. In 2021, the District terminated plaintiff's employment. Pursuant to the Education Code, the District served plaintiff with a statement of charges, setting forth the bases for plaintiff's termination. Plaintiff alleges that then-Superintendent Fraser disclosed the statement of charges to a member of the public in April 2021, in response to a Public Records Act request. Thereafter, in or about June 2021, the District served plaintiff with an amended statement of charges, in accordance with the Education Code. Plaintiff alleges that Superintendent Kevin Grier disclosed the amended statement of charges to a member of the public in or about July 2021, in response to a Public Records Act request. Plaintiff alleges that both the original and amended statements of charges contained a false statement of fact, and that defendants failed to afford plaintiff adequate procedural protections prior to disclosing the statements of charges in response to the public records requests.

## 3. Legal Issues

### A. Claim 3: Civil Rights Defamation

Plaintiff's Statement

"A [substantive due process] liberty interest may be implicated "where a person's good name, reputation, honor, or integrity is at state because of what the government is doing to him." (*Endy v. County of Los Angeles*, 975 F.3d 757, 764 (9th Cir. 2020), citing *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971).

Procedural process protections apply to reputational harm "when a plaintiff suffers stigma from governmental action plus alteration or extinguishment of a right or status previously recognized by state law." (*Id.* (quotes and cites omitted).) Plaintiff alleges, *inter alia*, he was deprived of his substantive due process liberty interest in having his good name, reputation, honor, or integrity falsely characterized to the public and was stigmatized by the publication of unfounded defamatory information

to the public without procedural due process when the District deprived him of any procedural mechanism, including, *inter alia*, the right to have the information reviewed on a writ of mandate in a "reverse-PRA" lawsuit before the District released unfounded, defamatory information to the public.

Plaintiff contends records of complaints or investigations against a public employee can be disclosed only if "the complaint is of a substantial nature and there is reasonable cause to believe the complaint or charge of misconduct is well founded." (*See*, *Bakersfield City School Dist. v. Superior Court*, 118 Cal.App.4th 104, 1044 (2004); *see also*, *ERV, Inc. v. Superior Ct.*, 143 Cal.App.4th 742 (2006).) However, in such instances, a public agency's decision to release confidential documents under the PRA is reviewable by petition for writ of mandate in a "reverse-PRA" lawsuit. (*See*, *Marken v. Santa Monica-Malibu Unified School Dist.*, 202 Cal.App.4th 250 (2012).)

Plaintiff further contends he received no process in connection with the PRA disclosures by Fraser and Grier. Some process would have been possible. The District could have redacted the grooming allegations from the Statement of Charges, or at the very least it could have notified Plaintiff's counsel of the PRA requests in time for him to file a reverse-PRA lawsuit. Instead, Defendants released the Statement of Charges in their entirety (and, in the first instance, within an hour of the request). Once the Statement of Charges was released to the public, the genie was out of the bottle: the stigmatizing grooming allegations that Plaintiff's counsel had earlier demanded the District remove were public. That satisfies the first requirement of a "stigma-plus" defamation claim. *Chaudhry v. Aragon*, 68 F.4th 116, 1170 (9th Cir. 2023). Plaintiff has contested the accuracy of those allegations (referring to grooming allegations as false and unfounded and as "slanderous" and lacking "any substance"). And Plaintiff was denied some more tangible interest, such as employment.

///

///

Defendants' Statement

It is undisputed that plaintiff was afforded constitutionally adequate process in relation to the termination of his employment. Moreover, all claims arising from plaintiff's layoff have been dismissed. The Court held that defendants did not meet their burden on summary judgment to establish, as a matter of law, that plaintiff was afforded adequate process specific to the disclosure of the statements of charges in response to the public records requests. However, defendants intend to argue that the due process clause required that process be afforded only in connection with the deprivation of a constitutionally cognizable interest, i.e., the termination, as opposed to in connection with the alleged defamatory publication of the records, which is independently cognizable only under state defamation law. Because it was not clearly established that process must be afforded in connection with the "stigma," separate and distinct from the process that was undisputedly afforded in connection with the "plus," defendants are entitled to qualified immunity. Defendants are therefore requesting leave to file a second summary judgment issue on the issue of qualified immunity.

## 4. Motions

Defendant Lawrence McVoy previously filed a motion to dismiss/anti-SLAPP motion, which the Court granted on August 24, 2022.

The school district defendants filed a motion to dismiss portions of the second amended complaint. Plaintiff voluntarily dismissed the state causes of action after the motion was filed. The Court then denied the balance of the motion on August 24, 2022. After the Court entered its ruling on the motion to dismiss, plaintiff voluntarily dismissed all remaining causes of action against the Loma Prieta Joint Union School District.

The individual school district defendants filed a motion for summary judgment on June 23, 2023. (ECF No. 97.) On September 8, 2023, the Court entered an order granting summary judgment in favor of defendants Billy Martin, Deana Arnold,

Ben Abeln, Ron Bourque, Charlotte Khandelwal, and Erin Asheghian, as to all claims. (ECF No. 106.) The Court also granted summary judgment in favor of defendants Lisa Fraser and Kevin Grier, as to all claims except claim 3 for civil rights defamation.

Defendants Fraser and Grier are now requesting leave to file a second summary judgment motion, on the narrow issue of qualified immunity as to the stigma-plus defamation cause of action. Plaintiff will oppose the request.

**5.  Amendment of Pleadings**

The December 6, 2022, deadline to amend the pleadings has now expired.

**6.  Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information (ESI Guidelines) and have met and conferred pursuant to FRCP 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.  Disclosures**

The parties have exchanged the documents and information described in General Order 71.

**8.  Discovery**

All discovery has been completed, and the discovery cut-off has passed. The deadline for designating expert witnesses has elapsed, and neither side elected to make any designation.

**9.  Class Actions**

This is not a class action.

**10.  Related Cases**

There are five related cases currently pending in the Superior Court of California, County of Santa Clara, and/or the California Court of Appeal: (1) *Kissner v. Loma Prieta Joint Union School District*, case no. H050873, Petitioner's appeal to the Sixth District Court of Appeal of statement of decision re: petition for writ of mandate challenging plaintiff's layoff; (2) *Kissner v. Loma Prieta Joint Union School*

*District*, case no. H050947, Petitioner's appeal to the Sixth District Court of Appeal of post-judgment order re: petition for writ of mandate challenging plaintiff's layoff; (3) *Kissner v. Commission on Professional Competence*, case no. 22CV393046, petition for writ of mandate challenging plaintiff's termination; (4) *Kissner v. Loma Prieta Joint Union School District, et al.*, case no. 22CV402699, civil complaint for damages alleging causes of action under California state law; and (5) *Kissner v. Fraser, et al.*, case no. H051430, defendants' appeal from partial denial of anti-SLAPP motion seeking to strike claims in plaintiff's state court civil complaint.

## 11. Relief

Plaintiff's Statement

Plaintiff claims money damages in an amount to be proved at trial. The basis on which Plaintiff calculates his claimed damages is as follows:

Plaintiff is entitled to general and special damages representing back pay, front pay, and reimbursement for additional lost benefits in an amount subject to proof at trial, with prejudgment interest to the maximum extent permitted by law, damages representing harm to Kissner's reputation and loss of standing in the community, emotional distress damages, and nominal damages for the past loss of Kissner's constitutional rights.

Plaintiff presently estimates the following damages, subject to mitigation and proof at trial:

| | | |
|---|---|---|
| Present value of Past earnings Lost and Future Earnings, totaling 15 years | $1,473,050.00 | (base salary in 2020-2021*30% fully loaded with benefits*15 years) |
| Sick Leave Buy-Out | $13,066.00 | 75,541*1.3*15=$1,473,050 |
| Costs of relocating and new job certification | $50,000.00 | |
| | $1,536,116.00 | |

In addition, plaintiff seeks prospective injunctive and declaratory relief. Plaintiff seeks a declaration that the government's action was unlawful, injunctive relief requiring the government to retract the defamatory statement, correct public records, or take other remedial actions, compensatory damages for the harm suffered as a result of the stigmatizing statement and the attendant "plus" harm.

Plaintiff additionally seeks reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

Plaintiff further seeks expungement of any record of the defamatory statements made against him by Defendants Fraser and Grier and correction of the false information.

Plaintiff additionally seeks an order reinstating him to his prior position.

Defendants' Statement

Because plaintiff's layoff and termination have been upheld as lawful, plaintiff is not entitled to reinstatement, back pay, front pay, or benefits. Plaintiff will not be able to prove any amount of damages arising from the alleged publications.

**12. Settlement and ADR**

The Court ordered the parties to participate in a settlement conference with a Magistrate Judge Donna M. Ryu. On August 7, 2023, counsel participated in a settlement planning call with Judge Ryu. Judge Ryu concluded that ADR would not be productive at that time, and therefore, she continued the settlement planning call to November 1, 2023. (ECF No. 104.)

**13. Consent to Magistrate Judge for All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

///

**15. Narrowing of Issues**

Defendants are requesting leave to file a second summary judgment motion, on the narrow issue of qualified immunity as to the stigma-plus defamation claim.

**16. Expedited Trial Procedure**

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17. Scheduling**

The Court previously set the dates for designation of experts, discovery cut-off, and last day to hear dispositive motions.

**18. Trial**

The damages claims in this case will be tried to a jury, while the equitable claims will be tried to the Court. The parties anticipate that trial will require 2 court days. The parties propose that the Court set the following pretrial and trial dates:

Pretrial Conference:  March 5, 2024, at 2:30 p.m.

Jury Trial:  April 15, 2024, at 9:00 a.m.

**19. Disclosure of Non-Party Interested Entities or Persons**

Defendants filed their Certification of Interested Entities or Persons on September 20, 2022. Defendants disclosed the following interested entities:

1. Loma Prieta Joint Union School District: The District is plaintiff's former employer, and defendants are current and former employees of the District. Plaintiff's claims for prospective relief against defendants in their official capacities would bind the District, if granted.

2. Alliance of Schools for Cooperative Insurance Programs: ASCIP is a non-profit public entity joint powers risk pool providing defense and indemnity coverage to defendants.

**20. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. <u>Other</u>**

The parties are not aware of any other issues at this time.

Dated: October 20, 2023               Freedom X

                                By:   /s/ William J. Becker, Jr.
                                      William J. Becker, Jr.
                                      Attorney for Plaintiff,
                                      David M. Kissner

Dated: October 20, 2023               Fozi Dwork & Modafferi, LLP

                                By:   /s/ Daniel S. Modafferi
                                      Golnar J. Fozi
                                      Daniel S. Modafferi
                                      Attorney for Defendants,
                                      Lisa Fraser and Kevin Grier

I certify that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

                                /s/ Daniel S. Modafferi

# **CASE MANAGEMENT ORDER**

The above joint case management statement and proposed order is approved as the case management order for this case, and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____
United States District Judge