William J. Becker, Jr., Esq. (SBN: 134545)
Bill@FreedomXLaw.com
Freedom X
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone: (310) 636-1018

Counsel for *David M. Kissner*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID M. KISSNER**,<br><br>Plaintiff,<br><br>vs.<br><br>**LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.,**<br><br>Defendants. | Case No. 22-CV-00949-CRB<br><br>Hon. Charles R. Breyer<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS LISA FRASER'S AND KEVIN GRIER'S EX PARTE APPLICATION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT;**<br><br>SAC Filed: March 20, 2022 |

Plaintiff, David M. Kissner ("plaintiff" or "Kissner") by and through his counsel, files this response in opposition to defendants Lisa Fraser's and Kevin Grier's ("defendants") Ex Parte Application for Leave to File a Second Motion for Summary Judgment. For the reasons set forth below, Plaintiff respectfully requests that the Court deny defendants' motion.

/ / /

/ / /

/ / /

## I.      SUMMARY OF THE ARGUMENT

In general, federal courts, including those within the Ninth Circuit, frown upon successive or serial motions for summary judgment when the issues raised in the subsequent motion could have been raised in the first motion. The reason is rooted in the principles of judicial economy, efficiency, and finality. Pursuant to the Court's standing order, defendants can file more than one summary judgment motion by demonstrating good cause. Defendants could have addressed the issue of qualified immunity in their initial motion (and did only in connection with plaintiff's retaliation claim). Their failure to address it earlier means that they have waived their right to raise it. Because they have waived that right, they cannot show good cause.

Regardless, the Court's summary judgment order unambiguously confirms that the plaintiff's right to procedural due process protection was clearly established at the time. Thus, a second motion serves no purpose and therefore does not serve the interests of justice.

## II.     ARGUMENT

### A.      **Defendants Cannot Show Good Cause To Argue Qualified Immunity Relating To The Stigma-Plus Defamation Cause Of Action Because They Have Waived That Right By Neglecting To Address It In Their Initial Motion**

The Court's General Standing Order, rule (1)(C) provides: "Each party is limited to filing one summary judgment motion.  Any party wishing to exceed this limit must request leave of the Court and must show good cause."

Defendants seek to file a second motion for summary judgment under the "narrow issue of qualified immunity as to the stigma-plus defamation cause of action [] [b]ecause this defense would be dispositive of the only remaining claim [and] the interests of justice and judicial economy support defendants' request for leave." (Dkt. No. 107, 3:16-20.) They justify moving for summary judgment on the ground that "qualified immunity is an 'immunity from suit rather than a mere defense to liability.'" (*Id.*, 5:8-11.) (Citation omitted.)

Whatever strength this argument may have, it fails to explain defendants' failure to address qualified immunity in relation to stigma-plus defamation in their initial motion. Although defendants raised qualified immunity concerning plaintiff's retaliation claim (Dkt. No. 97, 18:22-19:12), they neglected to similarly raise it concerning plaintiff's stigma-plus defamation claim. Arguments that should have been raised previously and where the party failed to provide a compelling excuse for his failure to raise it earlier are deemed waived. *See Scollard v. State Farm Gen. Ins. Co.*, No. CV2106145PSGPVC, 2023 WL 5543974, at *5 (C.D. Cal. Aug. 11, 2023) (citing *Williams v. Lujan*, No. 16-cv-04290-HSG, 2018 U.S. Dist. LEXIS 137573, at *11, 2018 WL 3861655 (N.D. Cal. Aug. 14, 2018) ("This argument was not raised previously, and Plaintiff has not provided a compelling excuse for his failure to raise it earlier."); *see also Taylor v. Cty. of Calaveras*, No. 1:18-cv-00760-BAM, 2020 U.S. Dist. LEXIS 6477, at *7, 2020 WL 207212 (E.D. Cal. Jan. 14, 2020) ("If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived.").

Here, defendants have provided no excuse, much less a compelling one, for failing to raise the qualified immunity argument in relation to plaintiff's stigma-plus defamation claim earlier. They have thus waived their right to argue it. Defendants' waiver demonstrates insufficient cause to visit the argument in a second summary judgment motion.

### B. Notwithstanding Defendant's Failure To Show Good Cause For A Second Motion, The Court Has Implicitly Ruled That Defendants Do Not Have Qualified Immunity On Plaintiff's Stigma-Plus Defamation Claim

Even if defendants were granted an opportunity to assert qualified immunity, it would be futile. The Court has already addressed and tacitly ruled on the issue. In assessing plaintiff's stigma-plus defamation claim, the Court noted in its summary judgment Order that the defendants' letters responding to PRA requests (Dkt. Nos. 99-7 & 99-8 ) drew on various scenarios requiring the District to withhold or redact information or to provide plaintiff with some kind of process,

Pl.'s Opp'n To Defs.' Mot. For Leave
To File A Second Mot. For Summ. J.

Case No. 22-CV-00949-CRB

1   including the option to file a reverse PRA lawsuit ("Kissner seems to have gotten no process in

2   connection with the PRA disclosures by Fraser and Grier. Some process would have been possible.

3   The District could have redacted the grooming allegations from the Statement of Charges, or at the

4   very least it could have notified Kissner's counsel of the PRA requests in time for him to file a

5   reverse-PRA lawsuit." (Dkt. No. 106, 23:21-25); ("Kissner noted that the District even understood

6   'the danger of releasing unfounded allegations,' because its letters responding to the PRA requests

7   (Opposition Exhibits 6 and 7) stated that certain categories of records were exempt from disclosure,

8   an agency can withhold records if 'the public interest served by withholding the records clearly

9   outweighs the public interest served by disclosure,' the requests themselves did 'not meet the

10  requirement for a proper PRA request,' and 'the California Court of Appeals held that records of

11  complaints or investigations against a public employee can be disclosed only if 'the complaint is of

12  a substantial nature and there is reasonable cause to believe the complaint or charge of misconduct

13  is well-founded.'" (*Id.*, 22:8-23:3.)

14      The Court cited *Chaudhry v. Aragon*, 68 F.4th 1161 (9th Cir. 2023) as clearly established

15  precedent describing three requirements for determining stigma-plus defamation and found that

16  plaintiff had satisfied all three. It reviewed additional clearly established case law—*Marken v.

17  Santa Monica-Malibu Unified School District*, 202 Cal. App. 4th 1250, 1276 (2012) and *American

18  Federation of State, County and Municipal Employees (AFSCME), Local 1650 v. Regents of the

19  University of California*, 80 Cal. App. 3d 913, 918 (1978)—placing school officials on notice of

20  their duty to provide the subjects of PRA requests procedural due process and to protect them from

21  the deprivation of a significant protected interest (e.g., liberty or property interest). And plaintiff

22  cited substantial clearly established case law precedent placing public officials—in some cases

23  specifically, school district officials—on notice of what constitutes stigma-plus injury. (Dkt. No.

24  100, 20:17-22:21, Plt.'s Opp'n, citing *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1185

(9th Cir. 2008), as amended (Jan. 30, 2009), rev'd and remanded sub nom. *Los Angeles County, Cal. v. Humphries*, 562 U.S. 29 (2010); *Endy v. County of Los Angeles*, 975 F.3d 757 (9th Cir. 2020); *Miller v. California*, 355 F.3d 1172, 1178 (9th Cir. 2004); *Hart v. Parks*, 450 F.3d 1059, 1070 (9th Cir. 2006); *Wenger v. Monroe*, 282 F.3d 1068, 1074 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Apr. 17, 2002); *Llamas v. Butte Community College Dist.*, 238 F.3d 1123, 1129 (9th Cir.2001) *Paul v. Davis*, 424 U.S. at 712; *Siegert v. Gilley*, 500 U.S. 226, 234 (1991; and *Peloza v. Capistrano Unif. Sch. Dist.*, 37 F.3d 517, 523 (9th Cir.1994).)

These precedents—cited by both the Court and plaintiff—and especially the District's PRA response letters, which, themselves cite to established precedent, demonstrate that it was clearly established at the time the defamatory material was released to the public that the District was required to afford plaintiff some kind of process to protect himself from stigma-plus defamation injury and deliberately chose not to. Accordingly, even if defendants hadn't waived argument relating to qualified immunity for stigma-plus defamation claims, the Court's Order conclusively establishes that defendants are not entitled to qualified immunity.

## III.   CONCLUSION

Defendants have waived their right to argue qualified immunity in connection with plaintiff's stigma-plus claim and, therefore, have not established good cause for filing a second summary judgment motion. Additionally, the Court has effectively decided the matter, rendering a second summary judgment motion unnecessary. The Court should, therefore, deny defendants' request to file a second summary judgment motion.

Respectfully submitted,

Date: October 22, 2023          Freedom X

By:   /s/ *William J. Becker, Jr.*
       William J. Becker, Jr., Esq.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28