Golnar J. Fozi (Cal. Bar No. 167674)
Daniel S. Modafferi (Cal. Bar No. 294510)
Fozi Dwork & Modafferi, LLP
5942 Priestly Drive, Suite 100
Carlsbad, California 92008
Tel: (760) 444-0039; Fax: (760) 444-0130
Email:  gfozi@fdmattorneys.com
         dmodafferi@fdmattorneys.com

Attorneys for Defendants,
Lisa Fraser and Kevin Grier

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| DAVID M. KISSNER, | Case No.: 3:22-cv-00949-CRB |
|---|---|
| Plaintiff, | Assigned to: Hon. Charles R. Breyer |
| v. | **REPLY IN SUPPORT OF DEFENDANTS LISA FRASER AND KEVIN GRIER'S EX PARTE APPLICATION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT** |
| LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al., | |
| Defendants. | Case Filed: February 16, 2022<br>Trial Date: None Set |

Defendants Lisa Fraser and Kevin Grier respectfully submit the following reply in support of their ex parte application for leave to file a second motion for summary judgment, on the issue of qualified immunity:

## I. THE AFFIRMATIVE DEFENSE OF QUALIFIED IMMUNITY WAS PROPERLY PLEADED AND HAS NOT BEEN WAIVED

Plaintiff argues that qualified immunity has somehow been waived because it was not asserted in defendants' initial motion for summary judgment. This argument misconstrues the cases on which plaintiff relies. In *Scollard v. State Farm General Insurance Company* (C.D. Cal. 2023) 2023 WL 5543974, the court granted summary judgment in favor of the defendant, and the plaintiff subsequently moved for

1

reconsideration of the summary judgment ruling, based on legal arguments not raised in the opposition to the original motion. Because a motion for reconsideration must be supported by *new or different* facts or law, the court held that legal arguments that could have been, but were not, raised in opposition to the original motion were not proper grounds for reconsideration of the summary judgment ruling. (*Id.* at p. *2 ("A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (quotes and cites omitted); see also *id.* at p. *5 ("arguments should have been raised in Plaintiff's opposition to Defendant's motion for summary judgment.").)

The court in *Scollard* relied, in part, on the Northern District's ruling in *Williams v. Lujan* (N.D. Cal. 2018) 2018 WL 3861655. The *Williams* case also involved a motion for reconsideration brought by a plaintiff against whom summary judgment had been granted. In that case, Judge Gilliam similarly explained that motions for reconsideration are not "the place to raise new arguments that could have been raised previously." (*Id.* at p. *2.)

Finally, plaintiff also cites *Taylor v. County of Calaveras* (E.D. Cal. 2020) 2020 WL 207212, which once again involved a motion for reconsideration. Similar to the other rulings discussed above, the court in *Taylor* held that "[a] motion for reconsideration is not a means to reargue the motion or present arguments that could have been raised before." (*Id.* at p. *3.) The court in *Taylor* cited an earlier, published opinion from the Northern District, *Glavor v. Shearson Lehman Hutton, Inc.* (N.D. Cal. 1994) 879 F.Supp. 1028, which also involved a motion for reconsideration. (*Id.* at pp. 1032-1033.)

None of the cases cited by plaintiff supports the proposition that a defendant forfeits a properly pleaded affirmative defense if it does not assert the defense as grounds for summary judgment. Defendants do not seek reconsideration of the Court's partial denial of the prior summary judgment motion. Rather, they request leave to file a different summary judgment motion to adjudicate their affirmative

defense of qualified immunity. It is well-established that district courts have broad discretion to permit parties to file successive summary judgment motions. (*Hoffman v. Tonnemacher* (9th Cir. 2010) 593 F.3d 908, 911.) Successive summary judgment motions are particularly appropriate where, as here, qualified immunity is asserted. (*Knox v. Southwest Airlines* (9th Cir. 1997) 124 F.3d 1103, 1106.) Defendants properly pleaded qualified immunity as an affirmative defense in their answer (ECF No. 68, p. 49), and they have not waived the defense. Defendants respectfully request that the Court grant leave to file a second summary judgment motion based on that defense.

## II. PLAINTIFF IMPROPERLY SEEKS TO LITIGATE THE MERITS OF THE SUMMARY JUDGMENT MOTION BEFORE IT IS FILED

Plaintiff also argues that it would be "futile" for defendants to file a summary judgment motion based on qualified immunity, because plaintiff contends the law on stigma-plus defamation was clearly established at the time of the alleged PRA disclosures. This argument improperly seeks to litigate the merits of the motion before defendants have even had a chance to file it. As defendants stated in the ex parte application, no court has ever held that the procedural guarantees of the Due Process Clause of the Fourteenth Amendment are "brought into play" in connection with the "stigma" element of a stigma-plus claim, as opposed to the "plus" element. This distinction is highlighted in the cases plaintiff himself cites in his opposition. For example, in *Miller v. California* (9th Cir. 2004) 355 F.3d 1172, a plaintiff alleged stigma-plus defamation arising from the County of Yuba's placement of the plaintiff's name on the California Child Abuse Central Index without due process. The Ninth Circuit acknowledged that "being falsely named as a suspected child abuser on an official government index is defamatory." (*Id.* at p. 1178.) Nonetheless, the court held that the procedural protections of the Fourteenth Amendment were not triggered because the plaintiff could not establish that he was deprived of a constitutionally cognizable liberty or property interest. (*Ibid.*)

1  Defendants will, of course, brief the issue in considerably greater detail if and
2  when leave is granted to file the second summary judgment motion. Because
3  defendants have demonstrated that their qualified immunity argument has at least
4  minimal merit, they should be permitted to raise the defense by way of a second
5  motion for summary judgment, as it would be both inefficient and unjust to require
6  that defendants wait until trial to assert the defense.

Dated: October 23, 2023                    Fozi Dwork & Modafferi, LLP


                                           By:   /s/ Daniel S. Modafferi
                                                 Golnar J. Fozi
                                                 Daniel S. Modafferi
                                                 Attorney for Defendants,
                                                 Lisa Fraser and Kevin Grier