IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER,<br><br>    Plaintiff,<br><br>    v.<br><br>LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 22-cv-00949-CRB<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT** |

    The Court has reviewed the parties' briefing on Defendant Lisa Fraser and Defendant Kevin Grier's ex parte application for leave to file a second motion for summary judgment. See App. (dkt. 107); Opp'n (dkt. 109); Reply (dkt. 111). The Court concludes that Defendants did not waive the issue of qualified immunity, see Answer (dkt. 68) at 49, and that the Court did not "unambiguously confirm[] that the plaintiff's right to procedural due process protection was clearly established at the time" of the PRA disclosures, see Opp'n at 2. The Court held in the summary judgment order that "however much process he got in connection with his layoff and termination, Kissner seems to have gotten no process in connection with the PRA disclosures by Fraser and Grier." Order on MSJ (dkt. 106) at 23. However, the Court cautioned that it "does not hereby hold that Kissner has prevailed, or would prevail, on this claim. It holds only that Defendants did not persuade the Court either in their briefing or in their oral argument that they are entitled to summary judgment on this claim." Id. at 27 n.32. Accordingly, the Court will allow Defendants to file a second motion for summary judgment on the limited question of

whether they are entitled to qualified immunity on the "stigma-plus" defamation claim.

The Court notes that the parties argued past each other quite a bit in the previous summary judgment briefing. See, e.g., id. at 23 ("Defendants' reply brief therefore failed to address the argument Kissner actually made in his briefing—that he was denied adequate process when the PRA disclosures took place."). The Court would request that the parties focus on qualified immunity as it pertains to Kissner's claim that he was entitled to due process in connection with, and at the time of, the PRA disclosures. The Court also notes that it is not herein endorsing Defendants' framing of the issues surrounding the "plus" part and the "stigma" part of Kissner's "stigma-plus" defamation claim. See App. at 4 ("although the undisputed evidence clearly established that procedural due process was afforded in connection with the 'plus,' the Court held that defendants could not be granted summary judgment unless they could establish that procedural due process was afforded in connection with the 'stigma,' as well."). The Court desires to hear from the parties whether the PRA disclosures, which took place in April and July of 2021, in advance of the December 2021 termination, could themselves have worked "the denial of some more tangible interest," see Chaudry v. Aragon, 68 F.4th 1161, 1170 (9th Cir. 2023),[1] and if so, whether Defendants are entitled to qualified immunity for causing any such harm. The Court is concerned about any harm to Kissner by the PRA disclosures. It is not clear to the Court why, if Kissner was harmed by the PRA disclosures, process received in connection with a subsequent event alleviates that harm.

Defendants' second motion for summary judgment shall be filed by December 1, 2023. Kissner's opposition shall be filed by December 22, 2023. Defendants' reply shall

//

---

[1] The parties did not really address this issue in the previous motion because Defendants understood Kissner only to be complaining about the process he received in connection with his termination, and not the process he received in connection with the PRA disclosures. See Reply re MSJ (dkt. 102) at 10 ("defendants did not argue that plaintiff had not been deprived of a protected interest. It is undisputed that plaintiff's employment at the school district was terminated.").

1  be filed by January 12, 2024.  The motion shall be heard on January 26, 2024.

2  **IT IS SO ORDERED.**

3  Dated: October 26, 2023



CHARLES R. BREYER
United States District Judge