```
 1                  UNITED STATES DISTRICT COURT

 2                 NORTHERN DISTRICT OF CALIFORNIA

 3   _____

 4   DAVID M. KISSNER,

 5                     Plaintiff,

 6      vs.                             No.  3:22-cv-00949-CRB

 7   LOMA PRIETA JOINT UNION
     SCHOOL DISTRICT, et al.,
 8
                       Defendants.
 9   _____

10              DEPOSITION OF DAVID M. KISSNER
     _____
11

12              BE IT REMEMBERED that on the 9th day of

13   June, 2023, at the hour of 10:00 a.m. the deposition of

14   DAVID M. KISSNER, via Zoom video conference, was taken at

15   the request of the Defendants, before Caryn E. Winters

16   Keller, CRR, RPR, Washington CCR No. 2496, California CSR

17   No. 14512, No. Idaho CSR No. SRL-718, at (city confidential)

18   Wyoming, pursuant to the Federal Rules of Civil Procedure.

19

20

21

22

23

24

25
```

Page 59

```
 1    Q   (By Mr. Modafferi)  And, Mr. Kissner, some time in
 2   June or July of 2021 there was a public records request by
 3   Allen Hessenflow, correct?
 4    A   Correct.
 5    Q   And how did you become aware of Mr. Hessenflow's
 6   public records request?
 7    A   I don't recall exactly.  I'm assuming it was by
 8   social media.  A friend saw it on social media and let me
 9   know, something like that.
10    Q   And did you actually see a document that Mr.
11   Hessenflow had posted online that purported to be a response
12   from the school district to a public records request?
13    A   Yes, I did.
14    Q   And is it your understanding that you saw that right
15   around the time that Mr. Hessenflow received it from the
16   district in approximately July of 2021?
17    A   Yes, that's what I recall.
18    Q   What was it that you saw that Mr. Hessenflow posted
19   regarding a public records request?
20    A   The Amended Statement of Charges.
21    Q   That was an Amended Statement of Charges that the
22   district had issued to you in June of 2021, correct?
23    A   Correct.
24    Q   And your understanding is that the Amended Statement
25   of Charges was produced to Mr. Hessenflow in response to a
```

```
1    public records request?
2       A    Correct.
3       Q    Did you at any time do a reverse PRA action in
4    relation to Mr. Hessenflow's public records request?
5       A    No.
6       Q    At some point during the 2020 Measure N campaign
7    there was a party at Ben Abeln's house, correct?
8       A    That's my understanding.  I wasn't there.
9       Q    So that was going to be my next question, was you
10   weren't present for any party at Ben Abeln's house in the
11   summer or fall of 2020, correct?
12      A    Correct.
13      Q    And were you on the phone with anybody or listening
14   in in any way or observing in any way any party at Ben
15   Abeln's house in the summer or fall of 2020?
16      A    No.
17      Q    So anything that you know, any information you have
18   about what was done or said at a party at Ben Abeln's house
19   is information that you received from someone else, correct?
20      A    Correct.
21      Q    Have you ever spoken directly with Ben Abeln?
22      A    A number of times.
23      Q    Have you ever spoken with Mr. Abeln about the Measure
24   N campaign specifically?
25      A    No.
```

```
1    Q   And you did, in fact, file an appeal from the ALJ's
2    decision regarding your layoff, correct?
3    A   Correct.
4    Q   And you were represented by counsel during the
5    Superior Court proceedings regarding your layoff?
6    A   Yes.
7    Q   And then the Superior Court upheld your layoff,
8    correct?
9    A   Correct.
10   Q   I'm sharing my screen again with you, and I'm showing
11   you what I've marked as Exhibit 13, which starts on
12   Plaintiff's Bates number 778.  Do you see that, sir?
13   A   Yes.
14   Q   And do you recognize this to be the Notice of
15   Proposed Intent to Dismiss with Statement of Charges that
16   Superintendent Fraser issued to you on February 12, 2021?
17   A   Yes.
18   Q   Your termination from Loma did not become effective
19   until the Commission on Professional Competence made its
20   decision in December of 2021, correct?
21           MR. BECKER:  Object.  Vague as to the meaning
22   of termination.
23   A   That is my understanding of when I ceased to be
24   employed by the Loma Prieta, would be -- well, that's not
25   quite true because of the layoff.  But I guess my
```

Page 69

1  understanding is that my termination was complete
2  in December, yes.
3     Q   (By Mr. Modafferi)  Prior to your termination
4  actually being legally effective, you received written
5  notice from the school district of its intent to terminate
6  you, correct?
7     A   Correct.
8     Q   And they provided you with a written explanation of
9  the causes for which they proposed to terminate you,
10 correct?
11    A   Correct.
12    Q   And you had the right to request a hearing before
13 your termination became effective, correct?
14    A   Correct.
15    Q   And you did, in fact, request a hearing?
16    A   Yes.
17    Q   That hearing was before a three-judge panel of the
18 Commission on Professional Competence?
19    A   It wasn't three judges, but it was with an
20 administrative panel, yes.
21    Q   Was there a hearing with the board at any time
22 regarding your termination?
23    A   There were a couple of things with the board
24 regarding my termination.
25    Q   When you say "a couple of things," was there actually

Page 70

1   a hearing regarding your termination where you were
2   presented with charges and/or you presented defenses to
3   charges?
4       A   No.  No, nothing -- nothing evidentiary.  But I
5   believe it's a required hearing -- after I request a -- a
6   hearing, then the district -- the board then has to decide
7   whether or not they're going to go forward with dismissal
8   charges.  I know Mr. Becker and myself were there remotely
9   for it.  Mr. Becker spoke with the board.  So there was
10  that.
11              And then at some point prior to the long --
12              MR. BECKER:  By the way, we weren't there
13  physically.  We were there appearing remotely, just as we
14  are right now.
15      A   And then some time prior to the commencement of the
16  dismissal hearing the Loma board convened an emergency
17  closed-session hearing, I guess, a meeting to discuss a
18  potential for settlement.
19      Q   (By Mr. Modafferi)  The meeting with the board that
20  you described where you and Mr. Becker appeared remotely,
21  was that in closed session?
22      A   Yes.
23      Q   And I assume you must have received notice ahead of
24  time since you were able to plan to have your counsel there,
25  correct?

1    A    Yes.

2    Q    At the time of the meeting where you and Mr. Becker
3    appeared remotely in closed session with the board, was Miss
4    Khandelwal on the board?

5    A    I believe so, but I'm not a hundred percent sure.

6    Q    And then ultimately you -- once -- once -- sorry, let
7    me start that all over.  Once the school district decided to
8    move forward with your termination, you had the right to
9    conduct discovery, correct?

10   A    Yes.

11   Q    You had the right to subpoena witnesses?

12   A    Yes.

13   Q    You had the right to depose witnesses?

14   A    Yes.

15   Q    You had the right to request documents from the
16   school district?

17   A    Yes.

18   Q    And you had the right to be represented by counsel
19   throughout that discovery process, correct?

20   A    Correct.

21   Q    And then when you went in front of the three member
22   administrative panel, you had the right to call witnesses to
23   testify at that proceeding, correct?

24   A    Correct.

25   Q    And you had the right to present evidence in your

Page 72

```
 1   defense?
 2       A   Yes.
 3       Q   You had the right to be represented by counsel at
 4   that proceeding in front of the three member administrative
 5   panel?
 6       A   Yes.
 7       Q   Ultimately, the three member administrative panel
 8   upheld your termination -- well, upheld isn't the right
 9   word.  Let me start that over.
10               Ultimately the three member administrative
11   panel found that the evidence was sufficient to recommend
12   your termination from the district in December of 2021,
13   correct?
14       A   Yes.
15       Q   And then you had the right to appeal that decision to
16   the Superior Court, correct?
17       A   Correct.
18       Q   And you did, in fact, appeal the administrative
19   panel's decision on your termination to the Superior Court,
20   correct?
21       A   Correct.
22       Q   And you were permitted to be represented by counsel
23   in the Superior Court proceedings regarding the termination,
24   correct?
25       A   Correct.
```

DAVID M. KISSNER - 06/09/2023

Page 106

1  UNITED STATES DISTRICT COURT)
                                ss:   REPORTER'S CERTIFICATE
2  NORTHERN DISTRICT OF CALIFORNIA)

3            I, Caryn E. Winters Keller, a certified court

4  reporter in and for the states of Washington, California,

5  and Idaho, do hereby certify:

6            That the foregoing deposition of DAVID M.

7  KISSNER, via Zoom video conference, was taken on the date

8  and at the time and place as shown on Page 1 hereto;

9            That the witness was sworn upon their oath to

10 tell the truth, the whole truth and nothing but the

11 truth, and did thereafter make answers as appear herein.

12           That the foregoing is a true and correct

13 transcription of my shorthand notes of the requested

14 deposition transcribed by me or under my direction;

15           That the witness reserved reading and

16 signing.

17           WITNESS my hand this 21st day of June, 2023.

18           _____

19           CARYN E. WINTERS KELLER, CRR, RPR
             CA CSR 14512

20
   (This transcript and billing have been prepared/submitted
21 for final preparation and delivery in accordance with all
   California state laws, rules, regulations, and applicable
22 court rules regulating formatting and equal-terms
   requirements.  Alterations, changes, fees, or charges that
23 violate any of these provisions are not authorized by me and
   are not at my direction or with my knowledge.)
24

25