Golnar J. Fozi (Cal. Bar No. 167674)
Daniel S. Modafferi (Cal. Bar No. 294510)
Fozi Dwork & Modafferi, LLP
5942 Priestly Drive, Suite 100
Carlsbad, California  92008
Tel: (760) 444-0039; Fax: (760) 444-0130
Email:   gfozi@fdmattorneys.com
         dmodafferi@fdmattorneys.com

Attorneys for Defendants,
Lisa Fraser, Kevin Grier, Billy Martin, Deana Arnold, Ben Abeln, Ron Bourque, Charlotte Khandelwal, and Erin Asheghian

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. KISSNER,<br><br>Plaintiff,<br><br>v.<br><br>LOMA PRIETA JOINT UNION SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No.: 3:22-cv-00949-CRB<br>Assigned to: Hon. Charles R. Breyer<br><br>**REPLY IN SUPPORT OF DEFENDANTS LISA FRASER AND KEVIN GRIER'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  January 26, 2024<br>Time: 10:00 a.m.<br>Ctrm: 6<br><br>Case Filed:  February 16, 2022<br>Trial Date: None Set |

Defendants Lisa Fraser and Kevin Grier respectfully submit the following reply in support of their motion for summary judgment:

## I.  INTRODUCTION

In their moving papers, defendants set forth extensive case law, from the Supreme Court, the Ninth Circuit, and other courts of appeals, all of which support defendants' position that the procedural protections of the Fourteenth Amendment were triggered only in connection with the termination of plaintiff's employment and not also in connection with the disclosure of the statements of charges against plaintiff in response to Public Records Act requests. Out of all of the courts to consider similar

1

issues, not a single court has held that the publication of charges against an employee constitutes a deprivation of a constitutionally protected liberty interest such that process is due separate and apart from the process afforded to the employee in the course of termination. Rather, the case law clearly establishes exactly the opposite.

Plaintiff's opposition largely ignores the authority cited by defendants, blatantly misrepresents defendants' arguments, and ultimately falls far short of demonstrating that plaintiff's right to procedural due process in connection with the PRA disclosures was clearly established. Even if plaintiff was entitled to a name-clearing hearing in connection with the disclosures, he has not demonstrated that it was clearly established that the pre- and post-disclosure hearings he was afforded were constitutionally inadequate. For all of these reasons, and as further detailed herein, Fraser and Grier are entitled to summary judgment.

## II.  DEFENDANTS OBJECT TO PLAINTIFF'S EVIDENCE

Pursuant to Local Civil Rule 7-3(c), defendants hereby set forth their objections to the evidence submitted by plaintiff in opposition to the motion, as follows:

Plaintiff's counsel, Bill Becker, seeks to introduce documentary evidence without proffering the requisite foundational evidence. Counsel lacks sufficient personal knowledge to authenticate records he did not create or even receive in the normal course and that he knows about only in his role as counsel. Therefore, Mr. Becker's declaration is in admissible as to paragraphs 3, 4, 8, 9, 11, 12, 13, and 14, as are Exhibits 1, 2, 6, 7, 9, 10, 11, and 12 to Mr. Becker's declaration. Mr. Becker also speculates in paragraph 13 his declaration that "Hessenflow appears to be the creator of a website featuring a link to the unredacted amended statement of charges," despite the complete lack of any foundational evidence for this statement. Furthermore, there is no evidence as to the date that the amended statement of charges was posted on "a website," the identity of the person(s) who posted it there, or the means by which it was obtained. Therefore, plaintiff has not established the relevance of this evidence to his claim for stigma-plus defamation arising from the alleged PRA disclosures.

Finally, paragraph 14 of Mr. Becker's declaration and the corresponding Exhibit 12 are wholly irrelevant to this motion, as the news article plaintiff purports to proffer as evidence of reputational harm is a report on the proceedings *in this litigation* and appears simply to summarize plaintiff's allegations in the case, rather than constituting substantive evidence in itself. To the extent any substantive evidence is contained in the full article behind the paywall, it is inadmissible hearsay.

Additionally, paragraphs 4, 5, 6, and 8 of David Kissner's declaration, as well as the corresponding Exhibits 3, 4, and 5 thereto, are irrelevant and lack foundation, because plaintiff cannot establish that the termination of his position with Elevate, or his purportedly "limited success" in obtaining employment in the education field was the result of the alleged PRA disclosures. In fact, in his deposition, which plaintiff attached to his declaration as Exhibit 6, plaintiff conceded that he did not know where the negative information about him, on which Elevate relied in terminating his contract, had come from. (ECF No. 117-20, 30:22-31:13, 34:4-23.) Plaintiff acknowledged that his own pleadings in this litigation, which are publicly available online, reference the "grooming" allegations, and he conceded that he does not know whether Elevate was relying on information obtained as a result of something the school district published, as opposed to something plaintiff himself put out. (*Ibid*.) Finally, plaintiff's notes and summaries memorializing conversations contain multiple levels of hearsay and are inadmissible on those grounds, as well.

### III. PLAINTIFF MISSTATES DEFENDANTS' ARGUMENT

Plaintiff asserts that defendants have "limited their argument solely to the scope of Kissner's property interest in his employment with [LPJUSD]." (ECF No. 118, 1:12-13.) Defendants' argument, however, is not so limited. On the contrary, defendants clearly argued in their moving brief that the disclosure of the statements of charges "did not, in and of itself, terminate plaintiff's employment <u>or otherwise alter or extinguish his rights</u>." (ECF No. 115, 11:15-16 (emphasis added).) Defendants further stated, "The specific question in this case is whether, at the time of the public

records disclosures, it was clearly established in the Ninth Circuit that a public employee had a Fourteenth Amendment right to procedural due process before publication of a stigmatizing charge against the employee, independent of the termination of the employee's employment." (ECF No. 115, 13:8-12.) Indeed, defendants argued that the mere disclosure of the statements of charges did not deprive plaintiff of <u>any</u> legally cognizable liberty or property interest, because the disclosure, in and of itself, "did not 'legally disable' plaintiff 'from doing anything [he] otherwise could do.'" (ECF No. 115, 15:27-28 (alteration in brief).) Plaintiff has thus misstated defendants' arguments and failed to address the arguments as presented in the motion. It is already established that plaintiff was afforded constitutionally adequate process in connection with the deprivation of his property right to continued employment at the District. Defendants' motion directly addresses the question of whether plaintiff was deprived of any other clearly established right when the PRA disclosures were made. Because he was not, defendants are entitled to qualified immunity.

## IV.   PLAINTIFF FAILED TO PRESENT ADMISSIBLE EVIDENCE SUFFICIENT TO OVERCOME SUMMARY JUDGMENT

As detailed above, the majority of the evidence proffered by plaintiff in opposition to defendants' motion is not in admissible form. Furthermore, even viewing plaintiff's evidence in the light most favorable to plaintiff, it fails to establish the necessary elements of plaintiff's claims against defendants.

Plaintiff's stigma-plus defamation claim against Grier is based exclusively on the alleged July 2021 disclosure of the amended statement of charges in response to Hessenflow's PRA request. However, as detailed in the moving papers, plaintiff has no evidence as to what, if anything, was disclosed in the July 2021 PRA response. Plaintiff's counsel merely states a conclusion in his declaration that "Hessenflow appears to be the creator of a website featuring a link to the unredacted amended statement of charges," but there is no basis offered for this claim. There certainly is not any evidence of how or when the amended statement of charges was obtained.

Merely including a hyperlink to an anonymous WordPress page does not prove that Grier disclosed stigmatizing statements to anyone.

In addition, plaintiff failed to present any admissible evidence that the PRA disclosures themselves ever caused him to lose any employment opportunity. Plaintiff's deposition testimony is referenced in defendants' evidentiary objections above, but it bears repeating here. Plaintiff was asked directly if he had any evidence that the stigmatizing information that led to his termination from Elevate came from the PRA disclosures, as opposed to from his own publicly available complaint in this case, and he was forced to concede that he has no such information:

> Q: And so are you able to tell me as you sit here today whether the Elevate HR person had reviewed a document that was put out by the school district as opposed to something that you put out or something that anybody else put out?
>
> A: He referenced media coverage, but that could include things the district put out or that I put out, so I can't say.
>
> Q: Fair to say you don't know exactly where this information was coming from that the Elevate HR person was referring to, correct?
>
> A: I cannot say for certain.

(ECF No. 117-20, 34:13-23.) Thus, plaintiff has no evidence that the PRA disclosures cost him even a single job opportunity – let alone that they precluded him from working in public education entirely.

## V. EVEN IF PLAINTIFF HAD INTRODUCED ADMISSIBLE EVIDENCE OF REPUTATIONAL HARM *CAUSED BY THE PRA DISCLOSURES*, HE HAS NOT ESTABLISHED THAT HE WAS LEGALLY BARRED FROM EMPLOYMENT IN HIS CHOSEN FIELD

As demonstrated in the moving papers, in order to overcome qualified immunity, plaintiff must prove that the PRA disclosures deprived him of a clearly established liberty interest such that the procedural protections of the Fourteenth

Amendment would be due. The case law cited in plaintiff's opposition does not support plaintiff's argument that the PRA disclosures effected clearly established constitutional deprivations of liberty, as opposed to mere stigmatization or reputational harm, which are not constitutionally cognizable.

Plaintiff's opposition relies heavily on the Supreme Court's decision in *Board of Regents of State Colleges v. Roth* (1972) 408 U.S. 564. However, *Roth* does not clearly establish a constitutionally cognizable interest such that procedural due process would clearly have been owed to plaintiff in connection with the PRA disclosures. Actually, the Court's reasoning in *Roth* is instructive as to why process was <u>not</u> due to plaintiff in this case, independent of the process that was afforded in relation to the termination.

The Court in *Roth* explained that the employee might have been entitled to procedural protections <u>in connection with his termination</u> if Wisconsin had "base[d] the nonrenewal of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality." (*Id.* at p. 573.) In this case, plaintiff was afforded the very procedural protections that were contemplated in the Court's hypothetical in *Roth*: notice and an opportunity to be heard before he could be <u>terminated</u> based on charges or immoral behavior. Nothing in *Roth* clearly establishes that the disclosure of such charges, in and of itself, would constitute a deprivation of a constitutionally cognizable interest such that process would be due separate and apart from the process afforded in connection with the termination.

Additionally, although *Roth* predated *Paul v. Davis* by four years[1], the Court in *Roth* made an effort to differentiate the complete deprivation of an existing right from mere reputational harm, as detailed in defendants' moving papers. The Court in *Roth* stated that the employee might have been entitled to procedural protections if, for example, in the course of declining to re-employ Roth, Wisconsin had "invoke[d] any

---

[1] The Court in *Paul* explicitly limited the applicability of *Roth*'s reference to government employee stigma. (See 424 U.S. at pp. 708-709.)

regulations" that would "bar the respondent from all other public employment in state universities." (*Id.* at p. 573.) In this case, like in *Roth* and *Paul*, there was no clearly established deprivation of liberty, because plaintiff was not legally foreclosed from exercising an existing right by the mere disclosure of the statements of charges in response to the PRA requests. Plaintiff has not cited, and cannot cite, any statutory or regulatory provision which legally precludes him from working in public education. On the contrary, plaintiff is employed in public education at the present time. Plaintiff's broad, conclusory statement in his declaration that he has had "limited success" obtaining employment in the education field is, at most, evidence of reputational harm, not of the complete foreclosure of a right. Furthermore, as detailed above, plaintiff has presented no evidence whatsoever that such reputational harm was actually caused by the PRA disclosures. Because plaintiff was not legally foreclosed from the teaching profession due to the PRA disclosures, the disclosures did not deprive him of a clearly established liberty interest, and there was no clearly established Fourteenth Amendment right to procedural protections in connection with the disclosures. Defendants must therefore be granted qualified immunity.

Plaintiff also relies on Justice Marshall's[2] <u>dissenting</u> opinion in *Siegert v. Gilley* (1991) 500 U.S. 226. However, a dissenting opinion has no stare decisis effect and therefore does not create clearly established law. The actual opinion of the Court in *Siegert* supports summary judgment in favor of defendants in this case, as the Court in *Siegert* affirmed summary judgment in favor of the defendants on qualified immunity grounds, holding that it was not a clearly established violation of the right to due process for the defendant to maliciously and in bad faith send a disparaging letter to the plaintiff's new employer, causing the plaintiff to lose his job and effectively "render[ing] him unable to obtain other appropriate employment in the field." (*Id.* at p. 229.) Relying on *Paul*, the Court held that, even if the letter was

---

[2] Plaintiff's brief erroneously attributes the dissenting opinion to Justice Kennedy.

malicious and harmed the plaintiff's reputation, there was no clearly established right to due process in connection with its publication. (*Id.* at pp. 233-235.) Similarly, in this case, it was not clearly established that merely disclosing the statements of charges in response to the PRA requests deprived plaintiff of a constitutionally cognizable interest, independent of the termination of plaintiff's employment.

*Taylor v. Resolution Trust Corp.* (D.C. Cir. 1995) 56 F.3d 1497 also does not support plaintiff's case. *Taylor* is a D.C. Circuit case and therefore does not create clearly established law in the Ninth Circuit. And to the extent *Taylor* is persuasive at all, it falls far short of clearly establishing that the mere disclosure of the statements of charges constituted a deprivation of liberty, independent from plaintiff's termination. As the court explained in *Taylor*, "[t]o prove constitutional injury, the plaintiff must show not only that the government has imposed some stigma upon him, but also that it has worked some change in his status under law." (*Id.* at p. 1506.) The court described this standard as "high" (*ibid.*), and it concluded that the plaintiff had failed to meet that burden. (*Id.* at p. 1507.)

Finally, the Northern District's unpublished ruling in *Collier v. Windsor Fire Protection Dist. Bd. of Directors* (N.D. Cal. 2011) 2011 WL 4635036, does not defeat defendants' qualified immunity defense, either. The question in *Collier* was whether the plaintiff firefighter was afforded adequate procedural protections <u>in connection with his termination</u>, when he was terminated based on allegations of violence and sexual battery. (*Id.* at p. 10.) Again, it is well-established in this case that plaintiff was afforded adequate procedural protections in connection with his termination. The unpublished opinion in *Collier* does not even address – let alone clearly establish – that separate procedural protections are due in connection with the mere publication of stigmatizing charges.

///

///

///

## VI. BOTH THE PRE- AND POST-DISCLOSURE HEARINGS SATISFIED THE PROCEDURAL REQUIREMENTS OF THE 14TH AMENDMENT

Plaintiff's opposition completely fails to acknowledge the hearing that he had before the District's Board on March 25, 2021, a month before the original statement of charges was ever disclosed in response to Dale's PRA request. Plaintiff was represented by counsel at the Board meeting, and he and his counsel presented their responses to the charges. (Kissner Depo., 69:12-16, 70:19-71:1; Request for Judicial Notice, Exh. A.) Plaintiff has not presented any argument to establish that, under clearly established law, the March 25, 2021, hearing was insufficient to satisfy the requirement for a name-clearing hearing under the Fourteenth Amendment.

Even if the Board hearing had been insufficient, the full evidentiary hearing before the administrative panel certainly satisfied the constitutional requirement. Plaintiff references his counsel's letter to the District's counsel on May 26, 2021, demanding a name clearing hearing and states that neither the District's counsel nor District officials responded to his demand. However, this claim ignores the fact that, at the time that letter was sent, plaintiff and the District were already actively preparing for a formal, evidentiary hearing before the administrative panel. Plaintiff has cited no law that clearly established that the hearing before the administrative panel was insufficient and that an additional name-clearing hearing was constitutionally mandated.

Instead, plaintiff argues that he was somehow "denied" a name-clearing hearing when the District moved to strike the charges that referenced "potential grooming behavior" prior to the administrative hearing, rather than moving forward with the termination proceedings on those charges. This argument misses the mark for several reasons. First, plaintiff has waived any right to challenge the striking of those charges, because he failed to oppose it at the administrative hearing stage. Indeed, plaintiff actively sought to exclude from the hearing any and all evidence that even referenced the stricken charges. Plaintiff cannot now argue that the District deprived him of his

9

rights by striking the charges that he himself wanted stricken. Second, the removal of the references to "potential grooming behavior" had the same legal effect as an administrative finding in plaintiff's favor on those charges, namely, that plaintiff was cleared of that particular charge, and it could no longer serve as a basis for his termination. Plaintiff has cited no legal authority which clearly establishes that the District was required to go through the motions of a name-clearing hearing as to a charge which it had voluntarily withdrawn. Third, although the reference to "potential grooming behavior" was stricken, the broader charge of immoral conduct – which included certain conduct that the original and amended statements of charges had described as "potential grooming behavior" – did go forward against plaintiff. After hearing all of the evidence, the administrative panel concluded that plaintiff <u>had not</u> engaged in immoral conduct, as defined by the Education Code. Therefore, plaintiff's name was, in fact, cleared with regard to the charge of immoral conduct.

## IX.  CONCLUSION

For all of the foregoing reasons, and those further detailed in the moving papers, defendants are entitled to summary judgment.

Dated: January 12, 2024                                          Fozi Dwork & Modafferi, LLP


By:  /s/ Daniel S. Modafferi
     Golnar J. Fozi
     Daniel S. Modafferi
     Attorney for Defendants,
     Lisa Fraser, Kevin Grier, Billy Martin,
     Deana Arnold, Ben Abeln, Ron Bourque,
     Charlotte Khandelwal, and Erin
     Asheghian